THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | No. CR19-159-RSL <br><br> SUPPLEMENT TO DEFENDANT'S MOTION TO REVIEW AND REVOKE DETENTION ORDER |

Paige Thompson respectfully submits this brief supplement to her motion for review and revocation of the detention order to advise the Court of new information pertinent to the pending motion. (*See* Dkt. 44.)

By way of background and as stated in her motion, prior to her arrest Ms. Thompson received mental health care from uniquely qualified mental health professionals, who are an important part of her community in Seattle. (*Id.* at 3; *see also* Dkt. 46, Exhibit 5 at 1–3.) As previously indicated, Dr. Goldenberg recommends "that Paige be moved as soon as possible to a halfway house that will allow her to access her [clinical] care team...." (*Id.*, Exhibit 4 at 7.) Ms. Thompson has worked with these individuals since May 2018. The government has not disputed the qualifications or opinions of Dr. Goldenberg or the clinical care team.

On September 23, 2019, defense counsel requested that the Bureau of Prisons ("BOP") grant permission to a mental health counselor from Ms. Thompson's clinical

SUPPLEMENT TO DEFENDANT'S MOTION TO
REVIEW AND REVOKE DETENTION ORDER
(*Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

care team to visit her for the purpose of providing ongoing counseling and support. The BOP denied that request in a brief email to counsel:

> So after much discussion and review[,] under national policy, the institution cannot accommodate this request.
>
> FDC SeaTac only permits visits by immediate family members for pretrial inmates. While policy provides staff the discretion to grant an inmate a "special visit," . . . the outside mental health therapist, does not meet the qualifications for such a visit. Specifically pursuant to Bureau of Prisons Program Statement 5267.09, Visiting Regulations, and 28 C.F.R. 540.45(a)-(d), only a business visitor, consular visitor, representative of community groups, or clergy, former or prospective employers, sponsors, and parole advisors qualify as "special visitors." By policy, your request is respectfully denied. Please advise Ms. Thompson that FDC SeaTac has a fully staffed psychology department that can meet with her inside the institution. Ms. Thompson may submit a request for call out to the psychology department through her unit team, and she will be seen at the earliest possible time pursuant to department resources.

The BOP's denial of this request further demonstrates that Ms. Thompson should be released because she is not able to receive adequate care at the FDC. For the reasons stated in her opening motion and reply, Ms. Thompson requests that the Court fashion conditions of release so that she is able to receive appropriate care in the community from qualified mental health therapists.

DATED this 2nd day of October 2019.

Respectfully submitted,

s/ *Mohammad Ali Hamoudi*
s/ *Christopher Sanders*
s/ *Nancy Tenney*
Assistant Federal Public Defenders
s/ *Brian Klein*
Baker Marquart LLP

Attorneys for Paige Thompson

SUPPLEMENT TO DEFENDANT'S MOTION TO
REVIEW AND REVOKE DETENTION ORDER
(*Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all registered parties.

s/ *Suzie Strait*
Paralegal

SUPPLEMENT TO DEFENDANT'S MOTION TO
REVIEW AND REVOKE DETENTION ORDER
(*Paige Thompson*, CR19-159-RSL) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**