Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159-RSL<br><br>**[PROPOSED] PROTECTIVE ORDER** |

This matter, having come before the Court on a Stipulated Motion for Entry of a Protective Order, the Court hereby enters the following order:

**PROTECTIVE ORDER**

1.      Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Protective Order governs all material in any format (written or electronic) that is produced by various Capital One entities (collectively, "Capital One") in the above captioned case.

2.      The "Defense Team" shall be limited to attorneys of record for the defendant and any of the following people working on this matter under the supervision of the attorneys of record: attorneys, investigators, paralegals, law clerks, testifying and consulting computer forensic experts, legal assistants, and administrative staff and contractors.  For purposes of this Order, the "Defense Team" does not include Defendant. Defendant's attorneys shall inform any member of the Defense Team to whom disclosure

of discovery material is made of the existence and terms of this Protective Order. Members of the Defense Team shall not provide copies of any material produced by Capital One to any persons outside of the Defense Team other than the Defendant.

      3.      Any material produced by Capital One shall only be used for the purpose of investigating and preparing a defense to the charges in this action, and not for any literary, commercial, or other purpose. Members of the Defense Team may review discovery material with witnesses for purposes of hearing or trial preparation. The Defense Team is aware that some of the discovery material may contain malware and other pernicious files.

      4.      The material produced may contain (1) personally identifiable information (PII); (2) "electronic contraband" and (3) "confidential material."

      (a)      PII includes, but is not limited to, information such as such as payment card numbers, cell phone IMEI numbers, Social Security numbers, driver's license numbers, dates of birth, addresses, email addresses, mothers' maiden names, passwords, financial lines of credit numbers, bank account numbers, and personal identification numbers.

      (b)      "Electronic contraband" shall mean malware and surveillance files generated by the malware, account numbers and passwords, vulnerabilities, internal network information, and non-public IP addresses of servers which contain, or which there is a reasonable basis to believe contain, any of the information, files or data described above.

      (c)      "Confidential material" shall mean materials that Capital One believes are confidential, proprietary, a trade secret or present a security risk if the information was used for purposes other than this case, or if such designation is otherwise necessary to protect the interests of third parties or is otherwise subject to an obligation by contract or law to be maintained as confidential.

5.	Redacting the material produced by Capital One to delete the above material would be technically difficult and extremely time-consuming and would substantially delay the disclosure to the defendant.

6.	Material produced by Capital One that it designates as "Protected Material" may only be possessed by the Defense Team.  The "Protected Material" designation shall only be used to limit the distribution of discovery containing PII, electronic contraband, or confidential material.  The Defense Team may not provide copies of Protected Material to any other person, including Defendant.  This order, however, does not prohibit the Defense Team from discussing or reviewing Protected Material with Defendant or prospective witnesses.

7.	The Defense may include and discuss materials produced by Capital One in any filing and at any hearing in this action, as well as during trial.  All "Protected Material" that is filed with the Court in connection with any pre-trial, trial, sentencing, or other proceedings, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by the parties.  The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

8.	Capital One shall designate material as "Protected Material" by stamping or otherwise designating the material as "Protected Material", or by providing the Defense Team with written identification of materials that constitute "Protected Material." When possible, this written identification shall include the Bates number or file name for any material being designated as "Protected Material."

9.	If the Defense Team disagrees with the designation of any material as "Protected Material," it shall notify Capital One in writing of the disagreement, identify with particularity each document and file at issue, and state the basis for the challenge.

10.	The Defense Team, at any time after attempting to resolve the matter by agreement with Capital One, may apply by motion to the Court for a ruling that

information designated as "Protected Material" is not entitled to protected treatment under this Order.  This includes challenging, for example, whether such material is a trade secret or presents a security risk if the information was used for purposes other than this case. Any such motion must identify with particularity each document and file at issue, and state the basis for the challenge.

11. This Protective Order shall remain in effect upon conclusion of this action, and any habeas proceeding filed within a year of the conclusion of this action, and any appeal from either.  The Defense Team may thereafter return to Capital One or destroy, and certify the destruction of, all material.  In the event that the Defense Team believes that it needs to maintain the material for a longer period, this Protective Order shall remain in effect until the Defense Team returns, or destroys and certifies the destruction of, the material.  The Defense Team may provide the material to any attorney representing Defendant in a timely habeas action, provided that that attorney first enters into a Protective Order substantially-identical to this Protective Order.

12. This Protective Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

13. Nothing in this Order should be construed as imposing any discovery obligations on Capital One or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

14. In the event that Capital One believes that certain material should be made available for inspection, but should not be actually copied and produced even to the Defense Team (for example, because it contains particularly large volumes of PII or otherwise sensitive information), Capital One reserves the right to request that the

//

//

Defense Team agree to such an arrangement, and, if the Defense Team does not agree, to raise the issue with the Court.

DATED this ___ day of _____, 2019.

ROBERT S. LASNIK
United States District Judge

Presented by:

s/ *Mohammad Ali Hamoudi*
s/ *Christopher Sanders*
s/ *Nancy Tenney*
Assistant Federal Public Defenders
s/ *Brian Klein*
Baker Marquart LLP

Attorneys for Paige Thompson