Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | NO. CR19-159RSL <br><br> *STIPULATED* **MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE** <br><br> Noting date: January 28, 2020 |

Defendant, Paige A. Thompson, and the United States of America, by and through their respective counsel, hereby file this *stipulated* motion for a continuance of the trial date and the pretrial motions deadline.

Trial in this matter currently is scheduled for March 2, 2020. Pretrial motions were due no later than January 13, 2020. For the reasons stated below, the parties jointly request a continuance of the trial date until October or November 2020, and specifically to October 19, 2020, or thereabouts as the court has availability. The parties likewise request that the pretrial motions deadline be extended to July 2, 2020, or otherwise a date no less than two (2) months prior to the trial date. A proposed order prepared and presented by the parties is attached.

*STIPULATED* MOTION TO CONTINUE - 1
*U.S. v. Thompson*, CR19-159RSL

## I. DISCUSSION

The aforementioned parties to this joint motion stipulate and agree as follows:

1. This case relates to an investigation into computer hacking activity. As set forth in the files on record, incorporated herein, Thompson is charged with breaching the computers of various entities, including a federally insured financial institution, and in some cases uploading unauthorized code.

2. On July 29, 2019, federal authorities conducted a search of Thompson's residence, located in Seattle, Washington. Various items, including computers and electronic devices, were seized. The same day, Thompson made her initial appearance in federal court and was charged by Complaint.

3. On August 28, 2019, a Grand Jury sitting in this District returned a two-count Indictment charging Thompson with wire fraud, in violation of 18 U.S.C. § 1343, and computer fraud and abuse, in violation of 18 U.S.C. 1030(a)(2)(A) and (C), and (c)(2)(A) and (B).

4. On September 5, 2019, Thompson was arraigned and entered pleas of not guilty. Pursuant to a stipulated motion of the parties, trial was set for March 2, 2020, with pretrial motions due no later than January 13, 2020. Following an order of this Court, Thompson is currently in the community on a pretrial bond.

5. The parties, by and through counsel, stipulate to and jointly request a continuance of the trial date and motions deadline as set forth herein. For multiple reasons, including, but not limited to, the nature of the charges and prosecution, the potential consequences, the possible questions of law and fact, the size, scope, and technical nature of discovery, and the unusual complexity of the case, this continuance and extension of the pretrial motions deadline are necessary and warranted.

6. This case involves an immense amount of electronic discovery, well beyond the typical matter. The government has produced a significant amount of electronic data, estimated to approach 20 terabytes thus far, including, material obtained from online service providers, investigative reports, and, most recently, images of several

computers and electronic devices recovered from Thompson's residence. Still, certain discovery remains to be produced, including additional electronic evidence, and additional discovery continues to be generated as the investigation and analysis continue.

7. Moreover, this case and the discovery involve sensitive material, beyond the typical matter. For instance, the electronic data contains malware, as well as a large amount of protected information of alleged victims, including personally identifiable information (PII) of individuals, and internal and proprietary company records and information. Recognizing the nature of certain contents of the discovery, at the parties' request, the Court has entered a protective order, dated October 30, 2019. Accordingly, the review and processing of discovery require additional time to comply with the handling and storage of such protected material. Additional sensitive material may be retained by the government but made available to the defense for inspection at the U.S. Attorney's Office or other government office.

8. Undersigned defense counsel requires additional time to review the evidence, including with Thompson, to conduct follow-up investigation, if necessary, and to retain and consult with experts, in order effectively to represent Thompson.

9. The parties further agree that this case involves serious allegations and charges, set forth above. The maximum penalty for wire fraud includes a term of imprisonment of up to 20 years. The government has indicated that it expects to add additional charges in this case, as forensic investigation continues and additional entities it believes are victims are identified.

10. A trial in this case likely would span multiple weeks and include testimony from many fact and expert witnesses and hundreds of exhibits. The United States anticipates the prosecution evidence would include dozens of representatives of companies alleged to be victims, possibly some from overseas, and expert testimony regarding multiple topics, including forensic analyses of computer and other electronic evidence, and malware and computer scripts, among other things. After reviewing

discovery and conducting its own investigation, the defense likewise may present similar evidence at a trial.

11.     Given the circumstances, including the charges, the complexity of the case, the technical nature and size of discovery, the foreseeable trial evidence, and the potential consequences of conviction, a continuance is warranted and necessary in this case.

12.     Undersigned counsel respectfully request a new trial date in October or November 2020, or thereabouts as the Court has availability. The parties, having inquired as to court availability in that time frame, are available to begin trial the week of October 19, 2020. The parties further request a continuance of the pretrial motions deadline to August 7, 2020, or otherwise a date no less than two months prior to the rescheduled trial date.

13.     Undersigned defense counsel have discussed with their client the proposed continuance and her rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. The defendant agrees with this course and has executed a waiver through the proposed trial date.

14.     The parties agree that (a) the failure to grant a continuance in this case will deny defense counsel reasonable time necessary for effective preparation for trial and other pretrial proceedings, taking into account the exercise of due diligence; (b) the ends of justice served by granting this continuance outweigh the interest of the public and the defendant in a speedy trial; and, (c) that failure to grant a continuance in this proceeding could create a risk of a miscarriage of justice; all within the meaning of 18 U.S.C. § 3161(h)(7).

## II.     CONCLUSION

For the above stated reasons, the parties respectfully request that the Court find that the ends of justice served by continuing the trial date outweigh the best interests of the public and the defendant in a speedy trial.

It is further requested that the Court find, for the purpose of computing the time limitations imposed by the Speedy Trial Act, that the period of delay from the date of the

filing of this motion until the new trial date is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(i),(ii), and (iv).

Therefore, the parties ask that the trial date be continued until October or November 2020, and specifically to October 19, 2020, or thereabouts as the court has availability.

The parties further ask that the deadline to file pretrial motions be reset to July 2, 2020, or otherwise to a date no less than two (2) months prior to the rescheduled trial date.

The parties further request and propose that any pretrial motion be noted for consideration on the third Friday thereafter, with responses thereto due on July 16, 2020, or otherwise no later than fourteen (14) days after filing of motions, and replies due July 23, 2020, or otherwise one week after the filing of any response.

DATED this 28th day of January, 2020.

Respectfully submitted,

*// s // (by email authorization)*
MOHAMMAD ALI HAMOUDI
CHRISTOPHER SANDERS
NANCY TENNEY
Assistant Federal Public Defenders

BRIAN KLEIN
Baker Marquart LLP
Attorneys for Paige A. Thompson

BRIAN T. MORAN
United States Attorney

*// s //*
ANDREW C. FRIEDMAN
STEVEN T. MASADA
Assistant United States Attorneys
United States Attorney's Office

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record for the defendant.

/s/ Anna Chang
ANNA CHANG
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-7970

STIPULATED MOTION TO CONTINUE - 6
U.S. v. Thompson, CR19-159RSL