Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | NO. CR19-159-RSL <br><br> **[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER** |

This matter, having come before the Court on a Stipulated Motion for Entry of Amended Protective Order, the Court hereby enters the following order, which replaces and supersedes its previous order entered on December 6, 2019 (Dkt. No. 77):

<u>**AMENDED STIPULATED PROTECTIVE ORDER**</u>

1.	Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Order governs all material in any format (written or electronic) that is produced to defendant Paige Thomspon ("Defendant") in the above-captioned case and made subject to this Order by non-party Capital One entities (collectively, "Capital One"). Any material produced by Capital One shall be used exclusively for the purpose of investigating and preparing a defense to the charges in this action, and not for any literary, commercial, or other purpose.

2.	The **Defense Team**," as used in this Order, shall be limited to attorneys of record for Defendant and any of the following people working on this matter under the direct supervision of the attorneys of record: attorneys, paralegals, law clerks, legal assistants, interns, and administrative staff. For purposes of this Order, the "Defense Team" does not include Defendant. Defendant's attorneys shall inform any member of the Defense Team to whom disclosure of discovery materials produced or provided by Capital One is made of the existence and terms of this Order. Members of the Defense Team shall treat material designated by Capital One as CONFIDENTIAL–COUNSEL ONLY or CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE consistent with the requirements set forth in this Order, and

shall not provide copies of, or access to, such material to any persons outside of the Defense Team other than those persons authorized in this Order to receive access to such materials.

3. **"Protected Material"** means any document or information that has been designated by Capital One as "CONFIDENTIAL— COUNSEL ONLY" or "CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE" pursuant to this Order. Documents that quote, summarize, or contain such Protected Material (e.g., discovery responses, transcripts, correspondence, and court filings) must similarly be accorded status as Protected Material. The Defense Team has been informed by Capital One that some Protected Material may contain malware and other pernicious files.

4. Any person who receives access to any Protected Material shall be bound by this Order. Defense Team shall be responsible for obtaining, prior to disclosure of any Protected Material to persons identified in Paragraphs 5(ii)-(v) and 6(ii) below and as a condition of disclosure, an executed Acknowledgement (attached as Attachment A) signed by such persons to whom counsel desires to disclose the material.

5. **"CONFIDENTIAL—COUNSEL ONLY Information"** means information that, according to Capital One, could cause significant injury or harm, including competitive harm, to Capital One if disclosed to an unauthorized person, including, but not limited to, trade secrets, research and development, financial information, network security details, data security information, personnel files, personally identifiable information, personal health information, and information over which Capital One has a duty or obligation to maintain confidentiality, including but not limited to by operation of contract or of federal, state, or foreign data protection laws. CONFIDENTIAL—COUNSEL ONLY information may be disclosed only to: (i) the Defense Team; (ii) witnesses during interviews, hearings, and trial, but only to the extent such persons are shown on the face of the document, or through other documentary or testimonial evidence, to have authored or previously received it; (iii) persons noticed for hearing or trial testimony, but only to the extent reasonably necessary to prepare such persons to testify and only to the extent such persons are shown on the face of the document, or through other documentary or testimonial evidence, to have authored or previously received it; (iv) consultants or experts retained for the purpose of assisting the Defense Team in this matter who are not currently performing work for Capital One and have not, at the time of retention, agreed to become an employee of Capital One; and (v) third-party providers of document reproduction, electronic

discovery, or other litigation support services retained specifically for this litigation. The Defense Team will ensure that their consultants and/or experts perform an appropriate conflict check prior to their retention by the Defense Team in order to ensure that they are not currently performing work for Capital One and have not, at the time of retention, agreed to become an employee of Capital One.

6. "**CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE Information**" means network diagrams, penetration test results/reports, vulnerability scan results/reports, and documents that, according to Capital One, describe or depict how Capital One's security systems or tools are configured. CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE information may be disclosed only to: (i) the Defense Team; and (ii) consultants or experts designated under paragraph 5(iv) above. The following additional provisions apply to CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE Information:

    a. Access to material designated CONFIDENTIAL–COUNSEL ONLY–SECURITY SENSITIVE shall be provided only in a secure virtual data room ("Virtual Data Room") to persons authorized to view such information under paragraph 6 of this Order. The Virtual Data Room will be hosted by Deloitte Transactions and Business Analytics LLP ("Deloitte") at Capital One's expense. No person receiving access to the Virtual Data Room shall copy, download, print, transmit, duplicate, or record CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE Information by any means. Capital One, including its counsel, shall not have access to or visibility into the materials authorized persons have searched, reviewed, tagged, or annotated in the Virtual Data Room.

    b. No person authorized to view or access CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE Information shall allow (directly or indirectly) any unauthorized person to view or access such information or otherwise facilitate or enable such unauthorized view or access.

    c. With respect to materials designated as CONFIDENTIAL–COUNSEL ONLY–SECURITY SENSITIVE, Capital One may elect to redact portions of such documents in order to produce them outside of the Virtual Data Room. The Defense

Team's receipt of such documents shall in no way prejudice a later application to review the documents in the Virtual Data Room in full without redactions.

7.   Receiving parties of Protected Material shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity, storing and maintaining Protected Material in a manner designed to prevent loss, and misuse, and unauthorized access, disclosure, alteration, and destruction.

8.   Capital One may redact or withhold information subject to any legal privilege including, but not limited to, attorney-client, joint defense, common interest, the attorney work-product doctrine, and the bank examiners privilege.  Any production or disclosure of privileged material shall not be deemed to waive—in this matter or in any other federal or state proceeding—any applicable privilege or immunity.  The Defense Team may challenge Capital One's redaction or withholding information, seeking relief from the Court.

9.   If the Defense Team determines it is necessary to the defense of the case to provide Defendant or any other individual with access to CONFIDENTIAL – COUNSEL ONLY or CONFIDENTIAL – COUNSEL ONLY – SECURITY SENSITIVE information, Defense Team shall inform Capital One that it wishes to do so and why.  Defense Team and Capital One shall informally attempt to resolve the matter promptly, but Capital One shall have at least five (5) business days after receipt of the request to investigate the request.  If Defense Team and Capital One are unable to resolve the issue, the information shall be kept confidential under the terms of this Order, and the Defense Team may request relief from the Court.

10.   Capital One shall designate Protected Material as CONFIDENTIAL—COUNSEL ONLY or CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE by affixing a legend or stamp on such document, information, or material or otherwise designating such material in writing.

11.   Nothing in this Order shall preclude or impede the Defense Team's ability to communicate with or advise Defendant in connection with this matter based on such counsel's review and evaluation of Protected Material, provided however, that such communications or advice shall not disclose or reveal the actual substance or content of any Protected Material other than as permitted under this Order.

12. If the Defense Team disagrees with the designation of any Protected Material, it shall notify Capital One in writing of the disagreement, identify with particularity each document and file at issue, and state the basis for the challenge. The Defense Team, at any time after attempting to resolve the matter by agreement with Capital One, may apply to the Court for a ruling that information designated as CONFIDENTIAL–COUNSEL ONLY or CONFIDENTIAL–COUNSEL ONLY–SECURITY SENSITIVE is not entitled to protected treatment under this Order. This includes challenging, for example, whether such material is a trade secret or presents a security risk if the information was used for purposes other than this case. Such documents and files shall be maintained as confidential consistent with the terms of this Protective Order until the Court orders otherwise in response to any such motion.

13. All Protected Material that is filed with the Court in connection with any pre-trial, trial, sentencing, or other proceedings, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by Capital One and the Defense Team.

14. This Order shall remain in effect upon conclusion of this action, and any habeas proceeding filed within a year of the conclusion of this action, and any appeal from either. The Defense Team must thereafter return to Capital One or destroy all Protected Material. In the event that the Defense Team believes that it needs to maintain the material for a longer period, this Protective Order shall remain in effect until the Defense Team returns, or destroys the material. The Defense Team may provide the material to any attorney representing Defendant in a timely habeas action, provided that that attorney first enters into a protective order substantially-identical to this Protective Order and signs the Acknowledgement.

15. This Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court.

//

//

//

16. Nothing in this Order should be construed as imposing any obligations on Capital One or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

DATED this ___ day of _____, 2020.

                                                                         ROBERT S. LASNIK
                                                                         United States District Judge

Presented by:

s/ Mohammad Ali Hamoudi
s/ Christopher Sanders
s/ Nancy Tenney
Assistant Federal Public Defenders
s/ Brian Klein
Baker Marquart LLP

Attorneys for Paige Thompson

# **ATTACHMENT A**

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | NO. CR19-159-RSL |

## **ACKNOWLEDGMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER**

I, _____, declare that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____. I am currently employed by _____, located at _____, and my current job title is _____.

I have read and understand the terms of the Amended Stipulated Protective Order filed in *United States v. Paige Thompson*, No. CR19-159-RSL, currently pending in the United States District Court for the Western District of Washington. I agree to comply with and be bound by the provisions of the Order. I understand that any violation of the Order may subject me to sanctions by the Court.

As soon as practical, but no later than 60 days after final termination of this action, I shall return to the Defense Team any documents in my possession designated "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE" and all copies, excerpts, summaries, notes, digests, abstracts, and indices that contain "CONFIDENTIAL—COUNSEL ONLY" or "CONFIDENTIAL—COUNSEL ONLY—SECURITY SENSITIVE" Information, or I shall destroy them and inform the Defense Team of that fact.

I submit myself to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing or otherwise providing relief relating to the Order.

This \_\_\_\_ day of _____, 2020.

_____
Signature

_____
Printed Name