AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| United States of America | ) |
|---|---|
| v. | ) |
| PAIGE A. THOMPSON | ) Case No.  CR19-159RSL |
| *Defendant* | ) |

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To: Capital One Bank (USA), N.A./Capitol One Financial Corp.
Attn: 12070-7000 (Subpoena Dept)
15000 Capital One Drive
Richmond, VA  23238-1119
c/o Debevoise & Plimpton LLP
919 Third Avenue, NY, NY 10022 via jjpastore@debevoise.com

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case.  When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: | United States District Courthouse<br>700 Stewart Street<br>Seattle, WA 98101 | Courtroom No.:  Judge Lasnik, Ct. 15106 |
|---|---|---|
| | | Date and Time:  October 19, 2020 @ 9:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*: SEE ATTACHMENT A

If records are received June 23, 2020, you do NOT need to appear at the above date and time. Thank you

(SEAL)

Date: 5.4.20

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

Issued in Blank

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Paige Thompson
, who requests this subpoena, are:

Nancy Tenney
Assistant Federal Public Defender
1601 5th Avenue, Ste 700
Seattle, WA 98101
Phone: (206) 553.1100
Fax: (206) 553.0120

\* please contact Investigator Stacey Brownstein at 253.593.6710 if you have any questions. Please email the requested records to stacey_brownstein@fd.org

AO 89  (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case (Page 2)

Case No.  CR18-5489BHS

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**ATTACHMENT A**

1. Any documents and communications relating to the Company's knowledge or awareness of any misconfigurations of its cloud infrastructure, including any misconfigurations on any web application firewalls of the Company's AWS infrastructure before March 12, 2019, as referenced on page 4 of the Company's Law Enforcement Referral, dated July 20, 2019 (the "Report"), which is attached for reference as Exhibit 1. That specific page is Bates-stamped USA-00000006, and the term "cloud infrastructure" is used by the Company on Page 2 (USA-00000004), "Key Points."

2. Any documents and communications involving anyone in the Company's Office of the Chief Information Security Officer (as detailed in Exhibit 2) relating to Paige Thompson's alleged exploitation of the Company's misconfiguration of its cloud infrastructure as discussed in the Report (the "Incident") from March 12, 2019 through the present.

3. Any discovery-related correspondence, requests, and responses in Case No.: 19-cv-2947-AJT-JFA, in the Eastern District of Virginia. For example, this would include all of the Company's responses to requests for admissions or interrogatories, as well as letters discussing objections to discovery requests or productions of discovery.

4. Any unsolicited security advice related to reports of vulnerabilities of the Company's website (capitalone.com) and Internet attached server system from March 12, 2019 through the present relating to the Company's misconfiguration of its cloud infrastructure. For example, this would include reports from "white hats" or security researchers to the Company about any type of misconfigurations of its cloud infrastructure.

5. The log files relating to the Incident.

6. The log files related to penetration testing the Company conducted on its servers connected to AWS through March 12, 2019.

7. Any data breach insurance policies and communications with insurance companies relating to the Incident.

8. Any communications involving anyone in the Company's Office of the Chief Information Security Officer or any Executive Officers (e.g., CEO, CFO, GC, and CIO) of the Company with anyone at Amazon Web Services relating to the Incident.

9. Any documents and communications from April 1, 2019 through the present relating to a bug bounty program for the Company tied the Company's misconfiguration of its cloud infrastructure. For example, this would include its Responsible Disclosure Program discussed on hackerone.com.

10. Any contracts between the Company and AWS relating to cloud infrastructure.

11. Any bills and invoices sent from AWS to the Company for providing cloud infrastructure from January 1, 2019 through December 31, 2020.

DEFINITIONS:

1. The term "COMMUNICATION" is used in its broadest sense, and means any disclosure, transfer, exchange, or transmission of fact, information, advice, statement, or opinion by any means whatsoever, including, not limited to, oral, electronic, or written transmissions.

2. The term "DOCUMENT" is used in its broadest sense, and is defined to be synonymous in meaning and equal in scope to the definition in Federal Rule of Civil Procedure 34. A draft or non-identical copy is a separate DOCUMENT within the meaning of this term. Without limiting the generality of the foregoing, the term "DOCUMENT" means, without limitation, the following items, whether printed, or written, produced or reproduced by any other mechanical process, or written or produced by hand, or in electronic format: agreements, communications, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, plans, drawings, sketches, maps, summaries or records of any meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, screenshots, motion picture film, tape recordings, videotapes, computer disks, tapes or hard drives, electronic mail, brochures, pamphlets, advertisements, circulars, newspaper or magazine articles, newsletters, publications, press releases, surveys, judicial records, customer lists, governmental certificates, applications, licenses, registrations, letters, accounts, objects, minutes of meetings, interoffice communications, studies, written forecasts, projections, analyses, contracts, guarantee agreements, ledgers, books of accounts, vouchers, checks, purchase orders, invoices, charge slips, expense account reports, receipts, working papers, drafts, statistical records, cost sheets, calendars, appointment books, time sheets or logs, job or transaction files, computer printouts or papers similar to any of the foregoing, and any marginal comments appearing on any DOCUMENT and other writing.

3. The term "INCLUDING" means including, but not limited to, the referenced items or subject matter.

4. The term "RELATING TO" means reflecting, regarding, concerning, identifying, describing, discussing, summarizing, evidencing, referencing, or commenting on the subject matter of the Subpoena Request.

5. The term "COMPANY" means and refers to Capital One and any of its employees, officers, directors, successors, predecessors, affiliates, divisions, parents, subsidiaries, vendors, contractors, representatives, agents and anyone acting on or for its behalf.

6. The term "ANY" includes the term "all," and vice versa; the singular form of a noun or pronoun shall include the plural form of the noun or pronoun, and vice versa; the neutral form of a pronoun shall include the masculine and feminine forms of the pronoun, and vice versa; and the use of any tense of any verb shall include all other tenses of the verb. In each such instance, the Subpoena Request shall be construed so as to furnish the most complete and inclusive answer.