THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAIGE A. THOMPSON,<br><br>　　　　　Defendant. | No. CR19-159-RSL<br><br>CAPITAL ONE BANK (USA), N.A./CAPITAL ONE FINANCIAL CORP.'S OPPOSITION TO DEFENDANT'S MOTION FOR EARLY RETURN OF TRIAL SUBPOENA TO CAPITAL ONE BANK (USA), N.A./CAPITAL ONE FINANCIAL CORP.<br><br>Note on Motion Calendar: November 19, 2021 |

Capital One Bank (USA), N.A. ("Capital One") respectfully opposes Defendant Paige Thompson's Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp. As alleged in the superseding indictment (Dkt. No. 102), Defendant Paige Thompson hacked Capital One in 2019 and stole the personal information of over one hundred million victims ("the Hack"). On May 4, 2020, Defendant issued a trial subpoena ("the Subpoena") containing eleven requests for production. Between May 4, 2020 and June 11, 2021, Capital One met and conferred with Defendant's counsel, and, pursuant to those discussions, produced several hundred pages of documents in response to nine of the eleven requests. The parties' instant dispute relates to just three of the requests:

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No. CR19-159-RSL

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

- With respect to Request No. 8, Capital One has withheld eleven emails because they are privileged. As set forth in more detail below, every recipient on each of the eleven emails is an attorney either for Amazon or Capital One and the emails involve, among other things, coordinating a response to the Hack. These communications are squarely protected by the common interest privilege.

- The other two requests at issue in Defendant's motion seek contracts between Amazon and Capital One (Request No. 10) and invoices sent from Amazon to Capital One (Request No. 11). Defendant fails to meet her burden to demonstrate why the materials are necessary for the Defendant to prepare for trial, particularly in light of the materials that Capital One already has produced. The request for these commercially highly sensitive materials should be denied.

Accordingly, the motion to compel should be denied in its entirety.

I.  BACKGROUND

On May 4, 2020, Defendant served Capital One with the Subpoena pursuant to Fed. R. Crim. P. 17(c). (Dkt. No. 111, Ex. A). Since then, counsel for Capital One and the Defendant have met and conferred numerous times in writing and telephonically, and were able to agree on the scope of nine of the eleven requests. Pursuant to the terms of a protective order entered by the Court, Dkt. No. 87, Capital One has made five productions totaling more than 360 pages of documents. Those documents included, among other things, the forensic report detailing the root cause of the Hack; correspondence and related materials from Capital One's responsible disclosure program that helped identify the incident; computer logs from the attack; emails about the Hack that certain of Capital One's executive officers exchanged with Amazon; internal "Slack" and email communications about the Hack (including those identified through searches of communications involving Capital One's executive officers); and event summaries prepared by employees of Capital One regarding the Hack.

A.  Request No. 8

Request No. 8 sought certain communications between Capital One and Amazon

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

regarding the Hack. The parties agreed to narrow that request to emails between Amazon on the one hand and, on the other hand, any of Capital One's Chief Executive Officer, General Counsel, Chief Information Security Officer, and Chief Information Officer from on or after July 17, 2019, related to the Hack. (Declaration of James Pastore in Support of Capital One's Opposition ("Pastore Decl."), Exs. A-D (Production or Response Letters dated July 27, 2020, October 23, 2020, October 27, 2020, and December 16, 2020)). Consistent with those limitations, Capital One made productions on July 27, 2020, October 27, 2020, and December 16, 2020. It withheld eleven emails on the grounds that they are privileged and provided Defendant with a privilege log on December 16, 2020. (Pastore Decl., Ex. E). Capital One has otherwise produced all material responsive to the request as narrowed by the parties.

**B.    Request Nos. 10 and 11**

The Defendant also seeks "contracts between [Capital One] and AWS relating to cloud infrastructure" (Request No. 10), and "bills and invoices sent from AWS to [Capital One] for providing cloud infrastructure from January 1, 2019 through December 31, 2020," (Request No. 11). Defendant's motion says little about the relevance of the contracts and invoices. Instead, Defendant sets out the purported relevance of the documents in a sealed, *ex parte* affidavit, stripping Capital One of the ability to review and respond to those arguments. As set forth in more detail below, the motion to compel production of these documents should be denied or, at a minimum, Defendant should be ordered to provide the sealed affidavit to Capital One so that Capital One can review it and, if necessary, supplement its briefing in opposition to Defendant's motion.

**II.    ARGUMENT**

**A.    The Common Interest Privilege Protects The Eleven Emails Capital One Has Withheld**

The parties' dispute with respect to Request No. 8 is narrow: Defendant challenges Capital One's assertion of the common interest privilege over eleven withheld emails. The "joint defense" or "common interest" privilege is a well-recognized exception to ordinary waiver rules

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

designed to allow clients who share a common interest and their respective attorneys to communicate "to more effectively prosecute or defend their claims" in matters that are civil or criminal, anticipated or commenced. *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (citing *In re Grand Jury Subpoenas*, 902 F.2d 244, 249 (4th Cir. 1990)); *see also Cont'l Oil Co. v. United States*, 330 F.2d 347, 350 (9th Cir. 1964) (quashing subpoenas upon finding attorney-client privilege was not waived); *Arkema Inc. v. Asarco, Inc*., No. C05-5087 RBL, 2006 WL 1789044, at *2-3 (W.D. Wash. June 27, 2006) (finding joint defense privilege necessitated denying motion to compel). The privilege attaches when, pursuant to an underlying express or implied agreement, *Gonzalez*, 669 F.3d at 979 (quoting *Cont'l Oil Co.*, 330 F.2d at 350), "(1) the communication was made by separate parties in the course of a matter of common interest or joint defense; (2) the communication was designed to further that effort; and (3) the privilege has not been waived." *WatchGuard Techs., Inc. v. iValue Infosolutions Pvt. Ltd*., No. C15-1697-BAT, 2017 WL 3581624, at *3 (W.D. Wash. Aug. 18, 2017) (internal citations omitted). The exception is available regardless of whether litigation has actually commenced. *See Cont'l Oil Co.*, 330 F.2d at 350.

Capital One and Amazon are now co-Defendants in a multi-district consumer litigation that consolidated over 60 consumer complaints brought as a result of the Hack. *See In re Capital One Consumer Data Security Breach Litigation*, MDL No. 1:19md2915 (AJT/JFA) (E.D. Va.). Recognizing the near-certainty of such litigation at the outset of the Hack, Capital One and Amazon embarked on a joint strategy that shared a common interest, and the eleven emails were created in furtherance of that effort. Although the common interest privilege applies even in the absence of a written agreement, Capital One and Amazon reduced their understanding to writing in December 2019. *See Gonzalez*, 669 F.3d at 979 ("no written agreement is required" for common interest privilege to apply); *see also Cont'l Oil Co.*, 330 F.2d at 350 (privilege applies even "without an express understanding that the recipient shall not communicate the contents thereof to others") (quotation omitted). This case presents the paradigmatic scenario for the application of the common interest privilege. *See Arkema Inc.*, 2006 WL 1789044, at *2 ("This

CAPITAL ONE'S OPPOSITION TO DEFENDANT'S MOTION FOR EARLY RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

privilege is meant to recognize the advantage of, or even the necessity for, an exchange or pooling of information between attorneys representing parties sharing a common interest in litigation, actual or prospective.").

Here, the withheld communications are in the heartland of the privilege. All eleven emails are exclusively between attorneys who represent Capital One or Amazon and are made in furtherance of legal advice to their respective clients. Every recipient on each email is either in-house or outside counsel for one of the two entities. The communications were made in pursuit of an acknowledged joint strategy regarding a common interest—the assessment of claims and defenses arising out of Defendant's Hack of Capital One's Amazon Web Services cloud environment—and reveal thoughts and opinions of counsel on topics including, but not limited to, communications strategy and the anticipated litigation stemming from the Hack.[1]

Defendant's only basis for invading the privilege is a conclusory assertion that the privilege log is "absolutely bereft of any information" that would demonstrate that the communications are privileged. Contrary to Defendant's assertion, the log contains the date, subject name, authors, recipients, copyees, and a description of the communications. As the privilege log makes plain, all of the recipients of the privileged communications were attorneys. (Pastore Decl., Ex. E). There is not a single non-lawyer on the emails. Courts routinely refuse to invade the privilege in circumstances such as these. *See e.g.*, *United States v. Tomison*, 969 F. Supp. 587, 597-98 (E.D. Cal. 1997) (quashing subpoenas with respect to privileged attorney notes); *Arkema Inc.*, 2006 WL 1789044, at *3 (denying motion to compel discovery under Fed. R. Civ. P. 45 of documents referenced in privilege log and finding of the existence of joint defense privilege). Accordingly, Defendant's request to compel production of the privileged communications should be denied.

---

[1] The privileged communications took place between July 22, 2019 and July 26, 2019. Pastore Decl., Ex. E. The first consumer complaint regarding the Hack was filed on July 30, 2019. *See In re Capital One Consumer Data Security Breach Litigation*, MDL No. 1:19md2915 (AJT/JFA) (E.D. Va.).

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 5 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

**B.   Defendant Fails To Carry Her Burden With Respect to the Contracts And Invoices**

    **1.   The Court Should Order The Defendant To Provide Capital One With The Sealed Affidavit**

Defendant's motion is almost entirely devoid of any explanation as to why the requested contracts and invoices are relevant to her defense. Instead, Defendant has filed an *ex parte*, sealed affidavit which, according to the Defendant, sets out in detail the relevance of the contracts and invoices. Defendant has refused to share the affidavit with Capital One, claiming that doing so would reveal trial strategy, despite Capital One's offer to enter into an agreement that it will refrain from disclosing the affidavit's contents to any other person or entity, including the Government.

The cases Defendant relies on to justify its position are inapposite. Those cases stand for the proposition that a defendant may keep her affidavit secret when needed to shield trial strategy from another party in the litigation, whether that is the Government, s*ee United States v. Fry*, No. CR–11–79–LRS, 2012 WL 117117, at *1 (E.D. Wash. Jan. 13, 2012) (permitting *ex parte* subpoena submissions to protect defendant's trial strategy from the government); *Tomison*, 969 F. Supp. at 595 (same), or a co-defendant who may seek to exculpate himself by transferring guilt to an alleged co-conspirator. *See United States v. Sleugh*, 896 F.3d 1007, 1016 (9th Cir. 2018) (denying co-defendant's application to unseal co-conspirator's affidavits).

Capital One, of course, is not a party to the criminal case. Furthermore, Capital One's undertaking to refrain from disclosing the contents of the affidavit to anyone (including the Government) would ensure the secrecy of Defendant's trial strategy while permitting Capital One to address the merits of Defendant's position. Accordingly, Capital One has demonstrated a "special need" to access the sealed affidavit. *See Sleugh*, 896 F.3d at 1014 (an affidavit may be unsealed "upon a showing of special need.") (citing *United States v. Kravetz*, 706 F.3d 47, 56 (1st Cir. 2013)). The Court should order it produced to Capital One under an appropriate protective order if necessary, and should permit Capital One to supplement its opposition briefing after reviewing the affidavit.

CAPITAL ONE'S OPPOSITION TO DEFENDANT'S MOTION FOR EARLY RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

**2.     Defendant Fails To Demonstrate The Relevance Of The Documents**

Defendant fails to establish that the contracts and invoices are (1) evidentiary and relevant, (2) not otherwise procurable through due diligence prior to trial, (3) necessary for the Defendant to prepare for trial, and (4) requested in good faith rather than as part of a fishing expedition. *See United States v. Kilgore*, No. CR17-0203-JCC, 2019 WL 6913522, at *1 (W.D. Wash. Dec. 19, 2019) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)).

As an initial matter, Capital One already has produced documents that directly speak to the issues that Defendant identifies as relevant to her defense, including, among other things, the forensic report regarding the Hack; computer logs that capture, in detail, the technical aspects of the Hack; correspondence and related materials from Capital One's responsible disclosure program that helped identify the incident; emails about the Hack that certain of Capital One's executive officers exchanged with Amazon; internal "Slack" and email communications about the Hack; and event summaries prepared by employees of Capital One regarding the Hack. Accordingly, the information Defendant seeks is "likely to be, at best, marginally more valuable" than the information that Capital One has already produced to date, and Defendant says nothing as to why the information already produced and within her possession does not provide the information she seeks or how it is not otherwise procurable through due diligence prior to trial. *In re eBay Seller Antitrust Litig.*, No. C09–735RAJ, 2009 WL 5205961, at *3 (W.D. Wash. Dec. 23, 2009) (quashing subpoena issued to Amazon that sought confidential and sensitive documents). In short, Defendant successfully has procured the relevant information and has it in her possession. *See United States v. Mason*, Nos. CR 05–324–RE, CR 05–326–RE, CR 05–328–RE, CR 05–329–RE, CR 05–330–RE, 2008 WL 1909115, at *3 (D. Or. Apr. 25, 2008) (quashing a subpoena where the issuing party "ha[d] much of this information available to [her] by alternative means").

Rather than articulating how the materials would be additive, the motion asserts in conclusory fashion that the contracts "will help explain, exactly, what kind of cloud infrastructure Capital One was renting from AWS and will inform Ms. Thompson, potentially,

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 7 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

about any limitations or configuration weaknesses AWS advised Capital One about from initiation of the relationship between the two parties." (Dkt. No. 111 at 11). How contracts and/or invoices for services could possibly show "limitations or configuration weaknesses" AWS disclosed to Capital One, Defendant does not say. Defendant also claims the invoices are "directly relevant and admissible to the government's allegations of 'cryptojacking' and concomitant damage to Capital One." *Id*. Yet, she provides no explanation for how invoices for amounts that Capital One paid to AWS would be relevant to "cryptojacking."

Conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982). There must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and the moving party must make a sufficient preliminary showing that the requested material contains admissible evidence regarding the offenses charged. *Nixon*, 418 U.S. at 700. Defendant makes no such showing, demanding instead that Capital One produce highly sensitive commercial information about the core business services it obtains from Amazon, the fees it incurs for those critical services, and other commercially sensitive terms that the parties heavily negotiated. Given the nature of the "competitively sensitive documents," the "court must, in its sound discretion, balance the harm from disclosing the information, the requesting party's need for the information, and the effectiveness of possible safeguards for the information." *See In re eBay Seller Antitrust Litig.*, No. C09-0735RAJ, 2009 WL 10677051, at *4 (W.D. Wash. Aug. 17, 2009) (denying motion to compel production of "competitively sensitive documents"). "[E]ven though the competitively sensitive documents . . . might have some relevance, [Defendant] must do a substantially better job articulating [her] need for them" in light of the other information already in her possession. *Id.* at *5.

Defendant makes no attempt to explain why the information already in her possession does not suffice, and the majority of the information contained in the contracts and invoices undoubtedly will be irrelevant to Defendant's purported theories of defense. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (granting a motion to quash a

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 8 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

subpoena, in part because, "[t]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.") (citation omitted). Defendant's instant assertion that the contracts would provide insight "about any limitations or configuration weaknesses AWS advised Capital One about from initiation of the relationship between the two parties" is nothing more than speculation, and is precisely the type of fishing expedition that is not permitted under Rule 17. *Concord Boat Corp. v. Brunswick Corp.*, No. 96 C 6026, 1996 WL 705260, at *3 (N.D Ill. Dec. 4, 1996) ("Mere assertions of necessity are insufficient to establish" relevance). That is particularly true where, as here, Capital One has offered to supplement its production with a list of the Amazon services that Capital One used during the relevant time period. This information would address Defendant's need to prepare for trial in a much more targeted fashion that addresses the concerns of Defendant and Capital One, and is consistent with the type of compromise that this Court has approved in other cases. *See, e.g.*, *United States v. Guitard*, No. CR06-0069 RSL, 2006 WL 1706041, at *1 (W.D. Wash. June 15, 2006) (Lasnik, J.) (approving production of a redacted contract in connection with a Rule 16 motion).

Defendant's assertion that the invoices would help determine the amount of damage Defendant inflicted on Capital One is similarly speculative. There are any number of reasons why the amounts that Capital One paid for Amazon's services may have fluctuated on a month-to-month basis that have nothing to do with Defendant's alleged Hack of Capital One. Defendant's "mere hope that the documents, if produced, may contain evidence favorable to [her] case is not sufficient." *Mason*, 2008 WL 1909115, at *1 (internal citations omitted). Denial of Defendant's motion is particularly appropriate given that Capital One already has produced highly relevant and tailored information in response to nine of the eleven requests in the Subpoena. If and to the extent the Court disagrees, Capital One respectfully submits that it produce the contracts and invoices in a redacted form to omit all commercially sensitive information.

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion should be denied in its entirety. At a minimum, the Court should order Defendant to produce its sealed affidavit to Capital One and permit Capital One to supplement its opposition briefing after reviewing the affidavit. If the Court grants the motion to compel production of the contracts and invoices, Capital One should be permitted to produce them in a redacted form.

Respectfully submitted this 8th day of November, 2021.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*s/Aravind Swaminathan*
Aravind Swaminathan, WSBA #33883

701 Fifth Avenue
Suite 5600
Seattle, WA  98104-7097
Telephone:  (206) 839-4300

*Attorneys for Capital One*

CAPITAL ONE'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA
Case No.: CR19-159-RSL

- 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300