THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR19-159-RSL |
| Plaintiff, | |
| v. | DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR EARLY RETURN OF TRIAL SUBPOENA TO CAPITAL ONE BANK (USA), N.A./CAPITAL ONE FINANCIAL CORP. |
| PAIGE A. THOMPSON, | |
| Defendant. | |

Capital One's opposition repeatedly misses the mark in both its factual and legal analysis. The Court should not be persuaded by any of Capital One's arguments.

Regarding Request No. 8, Capital One contends that it should not be required to disclose the requested documents because it claims they are protected by the common interest privilege and lack relevance to the defense. But Capital One fails to establish that the common interest privilege applies (which is its burden to carry), and similarly fails to undermine Paige Thompson's strong showing of relevancy of the requested documents.

As for Requests Nos. 10 and 11, Capital One is not entitled to the sealed *in camera* defense affidavit, and presents no legal authority to support its claims, among other

REPLY ISO MOTION FOR EARLY RETURN
OF TRIAL SUBPOENA TO CAPITAL ONE
(*Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

defects in its arguments. Also Capital One's contention that the requested documents is irrelevant is wrong and should be rejected.

Capital One should be ordered to produce the materials sought by the subpoena well before trial so that Ms. Thompson has sufficient time to prepare to defend herself against the charges in the Superseding Indictment.[1]

A. Capital One Implicitly Admits that the Documents Sought by Subpoena Request No. 8 are Relevant and Has Failed to Establish the Common Interest Privilege Over Such Documents.

The Court should order Capital One to produce the eleven emails between it and AWS currently withheld on the basis of the common interest privilege. Capital One essentially does not argue those emails are irrelevant to Ms. Thompson's defense. Instead, it relies entirely on the assertion of the common interest privilege to withhold such documents. (*See* Opp. at 3-5.) Capital One, however, fails to meet its burden of establishing the existence of the common interest privilege. *See United States v. Omidi*, No. CR 17-661(A)-DMG, 2020 WL 6600172, at *1 (C.D. Cal. Aug. 12, 2020); *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1069 (N.D. Cal. 2002).

Capital One's statement that all parties on the eleven emails were corporate counsel for their respective companies, (*see* Opp. at 5), is insufficient to invoke the

---

[1] Ms. Thompson notes that her subpoena to Capital One is *far* more limited in scope than the numerous discovery requests propounded by the plaintiffs in *In re Capital One Consumer Data Security Breach Litigation*, Case No. 1:19-md-02915-AJT-JFA (E.D. Va.) A recent filing in that matter indicates that plaintiffs were permitted to propound multiple rounds of interrogatories and take numerous depositions. (*Id.* at Dkt. No. 1913 at 9.) The filing is attached as Exhibit B. It is incongruous that a plaintiff seeking civil damages, when by Capital One's admission there is "*no evidence* that Thompson misused any of the stolen data," (*id.* at 12), would have access to a greater variety of information than a defendant, like Ms. Thompson, who is literally fighting for her life.

REPLY ISO MOTION FOR EARLY RETURN
OF TRIAL SUBPOENA TO CAPITAL ONE
(*Paige Thompson*, CR19-159-RSL) - 2

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

common interest privilege here because it fails to address the fact that in-house counsel often "operate in a purely or primarily business capacity in connection with many corporate endeavors," and thus, "the presumption" that communications between attorneys are privileged does *not* apply to in-house counsel. *ChevronTexaco*, 241 F. Supp. 2d at 1076. Rather, to succeed in its privilege claim, Capital One must "make a 'clear showing' that the 'speaker' made the communications for the purpose of obtaining or providing legal advice." *Id.* (*quoting In re Sealed Case*, 737 F.2d 94 (D.C. Cir. 1984)). To make such a "clear showing," Capital One must demonstrate that the "primary purpose" of the communication was securing legal advice. *Id.* It fails to do so.

Moreover, the fact that Capital One is asserting the common interest privilege does not alter its burden. *See United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012) (stating that the common interest privilege is merely an extension of the attorney-client privilege); *In re Syncor*, 229 F.R.D. 636, 645 (C.D. Cal. 2005) (stating that the joint defense privilege "presupposes the existence of an otherwise valid underlying privilege, such as the attorney-client privilege"). The common interest privilege only "protects documents shared between parties who have a common *legal* interest; it does not extend to and cannot protect disclosure of communications regarding a common *business* interest." *In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2016 WL 861019, at *4 (N.D. Cal. Mar. 7, 2016) (emphasis in original); *see Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007) ("that legal assistance must pertain to the matter in which the parties have a joint legal interest, and the communication must be designed to further that specific legal interest"); *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("a shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within" the common interest

REPLY ISO MOTION FOR EARLY RETURN
OF TRIAL SUBPOENA TO CAPITAL ONE
(*Paige Thompson*, CR19-159-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  privilege).  At most, Capital One has arguably established a common business interest,
2  which is insufficient for these purposes.

3  The common interest privilege also does not apply to communications made to
4  further a government investigation.  *See In re Syncor*, 229 F.R.D. at 645-647.  To the
5  extent that Capital One and AWS shared a joint interest in diverting blame for essentially
6  allowing the entire Internet-using public to have access to Capital One's information on
7  AWS's servers (*i.e.* by supporting the prosecution of Ms. Thompson), that interest is
8  insufficient to assert the common interest privilege, and the documents must be produced.

9  Here, the emails were exchanged close in time to Capital One's law enforcement
10 referral on July 20, 2019, and the provision of information from Capital One and AWS
11 to the government for the purposes of furthering their investigation into Ms. Thompson.
12 At a minimum, Capital One should turn over the emails for the Court's *in camera*
13 inspection to determine if they fall within the common interest privilege and are relevant
14 only to the civil consumer complaints against Capital One and AWS (Opp. at 5 n.1), or
15 they constitute a business stratagem like blame-shifting or narrative-shaping that should
16 be disclosed to Ms. Thompson.

17      B.    <u>The Court Should Order Capital One to Produce Documents Responsive
18            to Subpoena Requests Nos. 10 and 11.</u>

19  Capital One's response to Requests Nos. 10 and 11, the contracts between Capital
20 One and AWS relating to cloud infrastructure and the bills and invoices sent from AWS
21 to Capital One in 2019 and 2020, is two-fold.  First, Capital One argues—without citation
22 to authority—it should have access to the defense's sealed *in camera* affidavit so that it
23 can better respond to Ms. Thompson's arguments as to these subpoena requests.  (Opp.
24 at 6.)  Second, Capital One urges that Ms. Thompson has failed, on the face of her motion

25
26  REPLY ISO MOTION FOR EARLY RETURN
    OF TRIAL SUBPOENA TO CAPITAL ONE
    (*Paige Thompson*, CR19-159-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

and without the benefit of the defense's affidavit, to demonstrate the relevancy of the documents. (*Id.*)  Both arguments fail.

Capital One offers *no* legal authority for why it would be entitled to the affidavit, which clearly delves into Ms. Thompson's trial strategy.  As one of the alleged victims here, Capital One employees will almost certainly be called as government witnesses in the government's case-in-chief.  Those employees may be prepared by both counsel for Capital One and attorneys for the government.  The same case law that stands for the proposition that a defendant may keep a defense affidavit, like the affidavit requested here, secret, also protects that same affidavit from disclosure Capital One.*See, e.g., United States v. Sleugh*, 896 F.3d 1007, 1015 (9th Cir. 2018); *United States v. Fry*, 2012 WL 117117, at *1 (E.D. Wa. Jan. 13, 2012).

Ms. Thompson's motion, and Capital One's own knowledge of this case, has provided it with more than enough information about the contours of her defense and need for the documents responsive to Requests Nos. 10 and 11 to make an assessment and respond.  The motion, and affidavit filed in conjunction with it, outline the relevance of the materials to the charges outlined in the Superseding Indictment and Ms. Thompson's defense against such charges.  There is no "special need" to disclose the affidavit, and the Court should deny such a request.  *See Sleugh*, 896 F.3d at 1015-16 (finding no "special need" present to unseal Rule 17 subpoena materials).

Although Capital One attempts to cast Ms. Thompson's requests as a fishing expedition (Opp. at 7, 9), the defense need only demonstrate a "sufficient likelihood," demonstrated through rational inferences that the documents sought "related to the offense charged in the indictment." *United States v. Pacific Gas*, 2016 WL 1212091, at *5 (N.D. Cal. Mar. 28, 2016).  The defense has more than done so.  There is a sufficient likelihood that the contracts between Capital One and AWS relating to cloud

REPLY ISO MOTION FOR EARLY RETURN
OF TRIAL SUBPOENA TO CAPITAL ONE
(*Paige Thompson*, CR19-159-RSL) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

infrastructure will contain information about, among other things, whose responsibility it was to maintain the web application firewalls, IMDS credentials, and S3 buckets; whether there were any warranties or disclaimers about such web application firewalls, IMDS credentials, and S3 buckets; whether the contracts had any warranties, disclaimers, or other requirements in the event of a "hacking" incident, whether by a "White Hat" researcher or a hacker with more nefarious motives. All of those topics are highly relevant to not only the intent elements with which Ms. Thompson is charged, but also to impeach the government's witnesses from Capital One and AWS.

Similarly, there is a sufficient likelihood that the bills and invoices sent from AWS to Capital One for providing cloud infrastructure from January 1, 2019 through December 31, 2020, a very limited time period, will establish what "damage," if any, Ms. Thompson may have caused Capital One and/or AWS by allegedly utilizing their servers for "cryptojacking." While Capital One may be correct that the invoices may vary in amount from month to month based on factors *other* than the alleged hack, it notably does *not* dispute that an alleged hacker utilizing one of their rented AWS servers could cause a variance in invoice price. AWS's pricing structure makes clear that the volume of data transfer and the number of "EC2 instances," among other things, affect invoice pricing. *See AWS Pricing*, *available at* https://aws.amazon.com/pricing/.

Additionally, to date, Ms. Thompson has been wholly unable to obtain the materials requested in Requests Nos. 10 and 11 from the government or any other party. While Ms. Thompson is cognizant of Capital One's commercial interests—and has willingly engaged in a protective order regarding such to protect those interests—there must be a reasonable limit on such protections, especially in the face of the serious criminal charges confronting her. Capital One has not argued that the requests are either unreasonable or oppressive. Should the Court not order the materials produced now, in

REPLY ISO MOTION FOR EARLY RETURN
OF TRIAL SUBPOENA TO CAPITAL ONE
(*Paige Thompson*, CR19-159-RSL) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

advance of trial, then it is likely trial will need to be delayed after witnesses from Capital One and/or AWS are called to the stand so that Ms. Thompson can adequately prepare her cross-examination. The Court should order the early production of the documents responsive to Requests Nos. 10 and 11.

C. Conclusion

For the above stated reasons and those included in the motion, Ms. Thompson respectfully requests that the Court grant her motion and order Capital One to produce the requested materials no later than 21 days after the Court's entry of the proposed order.

DATED: November 19, 2021.

Respectfully submitted,

/s/ Mohammad Ali Hamoudi
MOHAMMAD ALI HAMOUDI

/s/ Christopher Sanders
CHRISTOPHER SANDERS

/s/ Nancy Tenney
NANCY TENNEY
Assistant Federal Public Defenders

/s/ Brian Klein
BRIAN KLEIN

/s/ Melissa Meister
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

REPLY ISO MOTION FOR EARLY RETURN
OF TRIAL SUBPOENA TO CAPITAL ONE
(*Paige Thompson*, CR19-159-RSL) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100