THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-159-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION TO DISMISS COUNTS 1,** |
| v. | ) | **9, AND 10 OF THE SUPERSEDING** |
| | ) | **INDICTMENT** |
| PAIGE A. THOMPSON, | ) | |
| | ) | Noted for December 10, 2021 |
| Defendant. | ) | |
| | ) | |

## I.  INTRODUCTION

Paige Thompson, through counsel, moves the Court to dismiss Count 1 of the superseding indictment because it fails to provide her with fair notice of its wire fraud charge as required by Federal Rules of Criminal Procedure 7(c)(1) and 12. In the alternative, Ms. Thompson moves for an order instructing the government to file a bill of particulars with the Court.

The superseding indictment lacks a basis for Count 1's wire fraud charge, and also lacks the requisite specificity. In Count 1, the government accuses Ms. Thompson of operating a fraudulent scheme to deceive and cheat, but the count fails to describe how Ms. Thompson purportedly intended to cause any amount of loss to *any* of the alleged victims. Count 1 also attempts to criminalize activity that is legal. For example, it attempts to criminalize the use of a proxy scanner, the use of a virtual private network or "VPN", use of The Onion Router ("TOR"), and crypto mining from publicly-available servers. As written, Count 1 does not establish wire fraud.

MOTION TO DISMISS COUNTS 1, 9, 10
(*Paige Thompson*, CR19-159-RSL) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Because Count 1 fails to meet the notice requirements set forth in Ruled 7(c)(1) and 12, the Court should dismiss Count 1 with prejudice, or at the very least require the government to explain its basis for this count in a bill of particulars.

Count 9 (access device fraud) and Count 10 (aggravated identity theft) should also be dismissed with prejudice as a result of the dismissal of Count 1, since Count 1 forms the foundation for those charges. *See* Dkt. No. 102 at 8-9.

On Tuesday, November 23, 2021, the government produced certain grand jury transcripts and exhibits as part of discovery and pursuant to the protective order. The defense is reviewing those materials and may file additional motions based on them, in addition to the three motions that are being filed concurrently today, and reserves its right to do so.

## II.   RELEVANT FACTS

On June 17, 2021, the grand jury returned a ten count superseding indictment ("Indictment").[1] (*Id.* 1-11.).) Count 1 charges Ms. Thompson with wire fraud in violation of 18 U.S.C. § 1343 and claims that "with the intent to defraud, [Ms. Thompson] devised and intended to devise, a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises." (*Id.* at 1).

The Indictment alleges that Ms. Thompson utilized proxy scanners to "scan the public-facing portions" of cloud servers owned and operated by AWS, but rented by Capital One and other entities, and "identify servers for which the web application firewall misconfigurations permitted commands sent from outside the servers." (*Id.* at 3.) The Indictment does not allege how this perfectly legal behavior is deceitful or fraudulent, especially as to the listed victims, which do not include AWS.

---

[1] The original indictment was filed on August 28, 2019, and included two counts charging wire fraud (Count 1) and violation of the CFAA (Count 2). Dkt. No. 33.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

According to the Indictment, once Ms. Thompson identified such misconfigurations, she "transmitted commands to the misconfigured servers that obtained the security credentials" belonging to Capital One and the other entities. (*Id.*) The Indictment does not allege how this behavior was designed (or intended) to deceive and cheat the alleged victims. The Indictment's allegations that Ms. Thompson utilized a VPN and/or TOR, both completely legal methods of accessing the Internet, to access the misconfigured servers is not enough to substantiate a scheme to defraud.

According to the Indictment, after Ms. Thompson had these security credentials, she used them to obtain "lists or directories of folders or, buckets, of data," which she then copied to her own server; this data allegedly included "personal identifying information, from approximately 100,000,000 customers who had applied for credit cards from Capital One." (*Id.* at 4.) The Indictment does not allege with any specificity the data allegedly stolen from the other entities. The Indictment also fails to specify that Ms. Thompson knew the kind of data she is accused of copying, or that she had *any* intent to cause loss to any of the victim entities. (*Id.* at 5.) Instead, the Indictment alleges that Ms. Thompson utilized her access to the entities' servers to "mine cryptocurrency and thereby obtain something of value" as some scant evidence of malfeasance (*Id.* at 3), although Count 1 does not specify which of the entities' rented servers Ms. Thompson allegedly utilized to mine cryptocurrency nor how the alleged mining of cryptocurrency harmed any of the victims' rented servers or otherwise "cheated" the victims.

## III.   ARGUMENT

### A.  The Court Should Dismiss Count 1 For Failure to Plead Wire Fraud With Specificity as Required by Fed. R. Crim. P. 7(c)(1).

Count 1 lacks the specificity required under Rule 7. An indictment must allege "a plain, concise, and definite written statement of the essential facts constituting the

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

offense charged[.]" Fed. R. Crim. P. 7(c)(1). The purpose of this rule is to enforce "basic principles of fundamental fairness" under both the Fifth and Sixth Amendments to the Constitution. *See Russell v. United States*, 369 U.S. 749, 760, 765-66 (1962). An indictment "must furnish the defendant with a sufficient description of the charges" against her to enable her to (1) "prepare h[er] defense," (2) "ensure that the defendant is prosecuted on the basis of facts presented to the grand jury," (3) "enable h[er] to plead jeopardy against a later prosecution," and (4) "inform the court of the facts alleged so that it can determine the sufficiency of the charge." *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (per curiam); *see Russell*, 369 U.S. at 764 ("The vice of these indictments, rather, is that they failed to satisfy the first essential criterion by which the sufficiency of an indictment is to be tested, *i.e.,* that they failed to sufficiently apprise the defendant of what [s]he must be prepared to meet."). Neither a bill of particulars nor "open file" discovery can cure an otherwise invalid indictment. *Cecil*, 608 F.2d at 1296. A district court should look critically at indictments that are "rather barren" of facts, especially where the timeframes alleged are "open-ended in both directions." *Id.* at 1296-97.

An indictment must adequately allege each element of the offense. *See United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *see also United States v. King*, 587 F.2d 956, 963 (9th Cir. 1978) ("It is of paramount importance to the rights of the accused that the indictment contain an adequate recitation of each component of the crime that the [g]overnment must establish."). The statute's language "may be used in the general description of an offense," but statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Russell*, 369 U.S. at 765 (stating that where the definition of an offense includes "generic terms," the indictment must "state the species,—it must descend to

particulars."); *Cecil*, 608 F.2d at 1297 ("The fact that an indictment may have tracked the language of the statute will not render it valid if it fails to allege an essential element of the offense or the minimum facts required to fulfill the purposes of indictments."). In a wire fraud prosecution, like this one, the government must plead facts sufficient to provide "fair indication of the nature or character of the scheme or artifice relied upon, or the false pretenses, misrepresentations or promises forming a part of it." *United States v. Curtis*, 506 F.2d 985, 992 (10th Cir. 1974); *see United States v. Steffen*, 687 F.3d 1104, 1113 (8th Cir. 2012) (finding that a wire fraud indictment "must specify facts" as "will apprise the defendant, with reasonable certainty, of the nature of the accusation"); *United States v. Keuylian*, 23 F. Supp. 3d 1126, 1129 (C.D. Cal. 2014) (dismissing wire fraud indictment that failed to identify "the false pretenses, misrepresentations or promises forming a part of" the scheme to defraud).

Here, the allegations of wire fraud in Count 1 are impermissibly generic and barren of the requisite facts necessary to adequately allege each element of the offense. To convict Ms. Thompson of wire fraud pursuant to 18 U.S.C. § 1343, the government must establish beyond a reasonable doubt: "(1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). As to the third element, a specific intent to defraud requires the intent to both "deceive *and* cheat – in other words, to deprive the victim of money or property by means of deception." *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020) (emphasis in original). As to the first element, the term "defraud," requires "misrepresentation or concealment of material fact." *Neder v. United States*, 527 U.S. 1, 21-25 (1999) (emphasis omitted); *accord* 9th Cir. Model Crim. Jury Instr. 8.124. Under *Neder*, material falsehoods (or omissions) are part of the crime's definition. *Neder*, 527 U.S. at 20; *accord* 9th Cir. Model Crim. Jury Instr. 8.124.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Count 1 comes nowhere close to describing any misrepresentations or concealments of material fact by Ms. Thompson nor does it allege anywhere how she deceived and cheated any of the victims of money or property. It appears the government may claim that the use of a proxy scanner is a misrepresentation. If this is their theory, however, the government misunderstands proxy scanner technologies and their function. A proxy scanner is essentially software code that scans networks to help find proxy servers.  There is nothing nefarious about a proxy scanner, and they are commonly used for legitimate purposes by "white hat" hackers. Similarly, the legal concealment of one's Internet Protocol or "IP" address through the use of a VPN or by utilizing TOR is not the concealment of a material fact. Indeed, those services are used and supported by the government.  Further, the copying of data, without knowing what those datasets contain cannot establish an intent to deceive and cheat. Likewise, utilizing a public computer server (even one that was made public through the mistake of its owner and/or renter) to mine cryptocurrency cannot constitute an intent to deceive and cheat. Mining cryptocurrency, among other things, is perfectly legal.

Put together, Count 1 attempts to slap together a number of innocuous technical processes (the very same processes used by legitimate "white hat" hackers and remote workers) and references to crypto mining to gin up a wire fraud charge against Ms. Thompson. That is precisely what Rule 7(c)(1) proscribes, and the Court should dismiss Count 1 for failure to abide by its requirements.

### B.  Alternatively, the Court Should Order the Government to Provide a Bill of Particulars Pursuant to Fed R. Crim. P. 7(f).

If the Court is not inclined to grant Ms. Thompson's motion to dismiss Count 1, it should, at a minimum, order the government to provide Ms. Thompson with a bill of particulars. This document must include the specific facts it intends to present at trial to prove Ms. Thompson committed wire fraud pursuant to Rule 7(f).

MOTION TO DISMISS COUNTS 1, 9, 10
(*Paige Thompson*, CR19-159-RSL) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1    Although a bill of particulars will not cure an otherwise invalid indictment, it is

2    "appropriate where a defendant requires clarification in order to prepare a defense."

3    *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The reason for a bill of

4    particulars is "to apprise the defendant [and the Court] of the specific charges being

5    presented to minimize danger of surprise at trial, to aid in preparation and to protect

6    against double jeopardy." *Id.* For this reason, a district court has "very broad discretion"

7    to order a bill of particulars. *Will v. United States*, 389 U.S. 90, 99 (1967). The Court

8    should exercise its very broad discretion here.

9        Count 1, as alleged, fails to provide sufficient detail to apprise Ms. Thompson of

10   what misrepresentations or concealments of material fact she has made—and as to

11   which victims. It also does not allege how Ms. Thompson cheated any of the victims

12   within the meaning of the wire fraud statute. There are *zero* allegations regarding Ms.

13   Thompson's intent and it is not even clear from the Indictment that she knew what kind

14   of data she was allegedly accessing and copying. Indeed, the only fact that is clear from

15   the Indictment is that Ms. Thompson allegedly knew she was accessing AWS servers

16   through a misconfiguration, but AWS is not an alleged victim. At the very least, Ms.

17   Thompson requires a bill of particulars to ensure that her defense can be targeted to the

18   government's actual allegations, not a sideshow educating the jury on the purpose and

19   use of proxy scanners and VPNs.

20       The government cannot save itself from having to provide Ms. Thompson with a

21   bill of particulars by pointing to the voluminous discovery it has produced. Courts

22   around the recognize that voluminous discovery cuts strongly in favor of

23   particularization. *See, e.g., United States v. Bortonovsky*, 820 F.2d 572, 575 (2d Cir.

24   1987) (per curiam) ("mountains of documents" totaling 4,000); *United States v. Feil*,

25   No. CR 09-00863 JSW, 2010 WL 1525263, at *3 (N.D. Cal. Apr. 15, 2010) ("70,000

26   pages of discovery"); *United States v. Nachamie*, 91 F. Supp. 2d 565, 571 (S.D.N.Y.

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

2000) ("200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims"); *see also United States v. Bazezew*, 783 F. Supp. 2d 160, 168 (D.D.C. 2011) ("[I]t is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided or by relying on a governmental open file policy."). The government cannot send Ms. Thompson to look for a needle in a haystack when it had a duty to make plain in its Indictment, and to the grand jury, the facts establishing that she intended to commit wire fraud against the listed victims.

At a minimum, this bill of particulars should identify with specificity and as to every separate victim entity listed in Count 1 the following:

(a) the particular misrepresentations or concealments of material fact;

(b) who or what made the particular misrepresentations or concealments of material fact;

(c) to whom the particular misrepresentations or concealments of material fact were made;

(d) the date the misrepresentations or concealments of material fact were made; and

(e) the manner in which the representations were false, fraudulent, or fraudulently misleading.

*See United States v. Trumpower*, 546 F. Supp. 2d 849, 852 (E.D. Cal. 2008) (holding that, although the indictment provided descriptions of the "type of misrepresentations" at issue, the government must provide the "the particular false material representations and particular mailings or wire transactions"); *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006) (noting that, "[i]n the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent conduct, the specific fraudulent documents, and the fraudulent statements within the documents" and

MOTION TO DISMISS COUNTS 1, 9, 10
(*Paige Thompson*, CR19-159-RSL) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

ordering bill of particulars setting forth that information); *Nachamie*, 91 F. Supp. 2d at 571 (ordering identification of particular false statements in health care fraud case where indictment generally described "five ways in which claims were falsified" but did not specify false claims "by defendant, type of falsity, claim number and date"). The bill of particulars should also provide specific facts sufficient to evidence Ms. Thompson's intent to both deceive *and* cheat the victims specified in Count 1, that is, facts sufficient to demonstrate that she intended to cause loss to each and every separate victim alleged in Count 1.

## IV.   CONCLUSION

For all of the above-stated reasons, the Court should dismiss Count 1 with prejudice. In the alternative, the Court should order the government to provide Ms. Thompson with a bill of particulars as to Count 1.

DATED: December 2, 2021

Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

MOTION TO DISMISS COUNTS 1, 9, 10
(*Paige Thompson*, CR19-159-RSL) - 9

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**