THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAIGE A. THOMPSON,<br><br>    Defendant. | No. CR19-159-RSL<br><br>**MOTION TO COMPEL CAPITAL ONE DATA IN THE POSSESSION OF THE GOVERNMENT**<br><br>Noted: December 31, 2021 |

Defendant Paige Thompson, through counsel, moves to compel disclosure of Capital One Bank (USA), N.A./Capital One Financial Corp. ("Capital One") data in the government's possession pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E).

After extensive discussions between the parties, the government is only willing to let the defense inspect the data at the FBI's offices in Seattle. This is insufficient because this data is an important part of the government's case against Ms. Thompson's at trial. Failure to produce the data now, less than four months before trial significantly prejudices Ms. Thompson's ability to defend herself at such a trial. The government has complained to the Court about Ms. Thompson not providing expert disclosure to the government when she is under no legal obligation to do so, and yet, has failed to provide Ms. Thompson with the very discovery Rule 16 *requires* the government to produce. (*See* Dkt. No. 125 (Gov't Mot.).)

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Any concerns about the security of the data can be addressed by the existing protective order. The defense is also willing to agree to only house and review the data the Federal Public Defender's Office in Seattle on a computer in a secure room that is not connected to the Internet.

The defense needs regular and unfettered access to the data. The Court should order the Capital One data produced forthwith.

## I.     RELEVANT FACTS[1]

On June 17, 2021, the grand jury returned a superseding indictment ("Indictment"), which included ten counts.[2] (Dkt. No. 102.) Count 1 identifies eight alleged victims—Capital One, (Victim 1), an "agency of a state" (Victim 2), an unidentified foreign "telecommunications conglomerate" (Victim 3), an unidentified public research university (Victim 4), an unidentified "technology company that specializes in digital rights management" (Victim 5), an unidentified "technology company that provides data and threat protection services" (Victim 6), an unidentified "technology company that provides interaction-management solutions" (Victim 7), and an unidentified "technology company that provides higher education learning technology" (Victim 8). (*Id.* at 2-3.) As reflected in the Indictment, the government's entire theory of the case relies on data produced by Capital One to the government; the data provided by Capital One to the government is therefore part and parcel of the government's case-in-chief and material to Ms. Thompson's defense. (*Id.* at 1-6.)

In preparing for trial and realizing that significant data was missing from the government's productions, defense counsel met-and-conferred with the government beginning on or about July 1, 2021, to remedy this situation. (8/11/2021 Ltr. from USAO to B. Klein *et al.*, attached as Ex. 1.) Notably, *all* of the data the government

---

[1] Pursuant to Local Rule 16, counsel certifies that he has met and conferred with the government.
[2] The original indictment was filed on August 28, 2019 and included two counts charging wire fraud (Count 1) and violation of the Computer Fraud and Abuse Act (Count 2). (Dkt. No. 33.)

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

alleges Ms. Thompson stole from the various victims outlined in the Indictment was missing from the government's productions. (12/7/2021 Ltr. from USAO to B. Klein *et al.*, attached as Ex. 2.) As of December 7, 2021, the government agreed to produce victim data from every victim identified in the Indictment *except* for Capital One. (*Id.* at 2.) Notably, the government's refusal is based on Capital One's alleged concern that the data taken from its servers contains "personal identifying information" or PII. (*Id.*). The government claims that "creating an additional copy of PII . . . creates an excessive and unnecessary risk that data may be further disseminated," though it does not specify how such further dissemination would occur, and demands that the defense view the data "at the Federal Bureau of Investigation." *Id.*

The government regularly produces PII the Federal Public Defender's office under a protective order. To date, the defense has agreed to two restrictive protective orders to receive information. (*See* Dkt. No. 66 [Gov't Protective Order] and Dkt. No. 87 [Capital One Protective Order].) In the more than two years those protective orders have been in effect, the orders have not been violated and no further dissemination of sensitive data has occurred. Further, in order to allay Capital One's concerns, the defense has offered to place the data on a computer at the Federal Public Defender's ("FPD's") office in Seattle that is not connected to the Internet and located in a secure office on a server that has multiple layers of protection and meets industry standards for hosting PII. As the Court knows, the FPD, as a matter of course, receives and securely stores data on its servers on a variety of cases that involve much more sensitive data than the Capital One data involved in Ms. Thompson's case.

//
//
//

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## II.     LEGAL ANALYSIS

The defense should have regular and unfettered access to the Capital One data. The government's position does not permit that, and significantly prejudices the defense's ability to prepare for trial.

Rule 16(a)(1)(E) requires that, upon a defendant's request, "the government must permit the defendant to inspect *and to* copy" "papers, documents, data, photographs, tangible objects, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and the item is "material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(E) (emphasis added). Notably, Rule 16 not only requires inspection by the defense, but the ability to copy the data as well. *See id.* PII is regularly produced to defense counsel pursuant to the government's Rule 16 discovery obligations.

As the government has identified that the requested materials are in the possession of the FBI, the Capital One data is clearly within the government's possession, custody, and/or control. Further, as the Indictment makes patently clear, the government intends to use the Capital One data in its case-in-chief at trial. (*See* Dkt. No. 102 at 3 ["The object was to use the stolen credentials to access and copy other data stored by the customers on Cloud Computing servers, including data containing valuable personal identifying information."].) Thus, pursuant to Rule 16, the government must either produce the data to the defense or permit the defense to both inspect and copy it.

In addition to its production being required because the government intends to use the Capital One data in its case in chief, the material must be disclosed to the defense because it is "material" to preparing her defense. Fed. R. Crim. P. 16(a)(1)(E). "Materiality is a low threshold . . . [i]nformation is material even if it simply causes a

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

defendant to completely abandon a planned defense and take an entirely different path." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). "The test is not whether the discovery is admissible at trial, but whether the discovery *may* assist [Ms. Thompson] in formulating a defense, including leading to admissible defense." *United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2012) (emphasis added). As clearly outlined in Ms. Thompson's multiple pre-trial motions challenging the sufficiency of the indictment, the Capital One data is clearly material to preparing Ms. Thompson's defense in that it may assist her in abandoning certain defenses or adopting others. (*See* Dkt. Nos. 122-124.)

The government's suggestion that Ms. Thompson's defense team only be permitted to access the Capital One data at the FBI is unworkable. Ms. Thompson's legal team needs continuous, uninterrupted, and confidential access to the data that is not logged by the FBI and shared with government attorneys. The FBI's log of who visits and when, and is not open for visits at all hours of the day and on weekends. Regarding the latter, the defense needs to access the Capital One data at times convenient to the defense team considering their own work and personal schedules. As the case gets closer to trial, the defense will need to access the data repeatedly and potentially late into the night. The government's suggestion to have the data housed at the FBI may impermissibly invade Ms. Thompson's defense strategy, and is logistically unfeasible.

Conversely, the defense's proposal to house the data on a secure computer disconnected from the Internet exceeds the requirements of Rule 16, is feasible, and should more than allay Capital One's concerns regarding further dissemination of PII. Indeed, in general, the only requirement for the disclosure of PII to the defense in cases where there are victims, and Victim Witness Act concerns, is a protective order. *See United States v. Herron*, No. 2:18-CR-00058-JAM, 2018 WL 6729953, at *2 (E.D. Cal.

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  Sept. 13, 2018 (noting that a protective order prevents "unauthorized dissemination, distribution, or use of the materials containing the PII . . . to ensure that victims . . . are afforded their statutory right to dignity and privacy, and to protect against further . . . harm") (citing 18 U.S.C. §§ 3771(a)(8), (b)(1), and (c)(1)).

Here, the defense has entered into not one, but two separate protective orders and the government has shown no violation of such orders in more than two years of this case progressing toward trial. The protective orders are enough to cover Capital One's alleged victim witness concerns, but to try to meet in the middle, the defense has offered additional protections to the government and Capital One for the data that exceed the requirements of Rule 16. The Court should thus compel the production of this data to the defense immediately; the government should not be able to withhold relevant and necessary evidence from Ms. Thompson any longer based on unfounded privacy concerns that the defense has made every effort to address.

### III.   CONCLUSION

For all of the above-stated reasons, Ms. Thompson requests that the Court order the government to disclose the Capital One data to the defense immediately and the additional security measures offered by the defense to the government and Capital One.

DATED this 17th day of December, 2021.

Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI

/s/ *Christopher Sanders*
CHRISTOPHER SANDERS

/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

/s/ *Brian Klein*
BRIAN KLEIN

/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

MOTION TO COMPEL CAPITAL ONE DATA
(*Paige Thompson*, CR19-159-RSL) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**