**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Andrew C. Friedman*
*Assistant United States Attorney*
*Direct Line: (206) 553-2277*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle WA, 98101*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA  98402*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

December 7, 2021

**BY E-MAIL AND FEDERAL EXPRESS**

Brian Klein, Esq.
Melissa Meister, Esq.
Emily Stierwalt, Esq.
Waymaker
777 South Figueroa Street, Suite 2850
Los Angeles, California  90017

Mohammad Hamoudi, Esq.
Christopher Sanders, Esq.
Nancy Tenney, Esq.
Office of the Federal Public Defender
1601 5th Avenue, Suite 700
Seattle, Washington  98101

Re:  *United States v. Paige Thompson,* CR19-0159 RSL

Dear Counsel:

We write, pursuant to your request, to follow up on our conversation of Friday afternoon concerning the production of electronic data from your client's devices.

As set forth in our letter of February 10, 2020, the government previously had produced to you a 20TB hard drive that contained images of various of your client's devices. The devices of which images were provided are listed in that letter and, most notably, include your client's custom-built desktop, her Dell laptop, her Apple iPhone 8, and a Samsung tablet. As also noted in that letter, by agreement, data stolen from the victims in this case was not included on that hard drive. In addition, as discussed at the time, the image of your client's desktop included only data from the two system partitions within the desktop that contained evidence relating to this case. The 20TB hard drive did not include images of other portions of the computer that were not found to have any relation to the case.

The devices of which images were provided on January 8, 2020, include all of the devices (or portions of devices) from which the government ultimately seized any responsive evidence pursuant to the search warrant in this case, except for a single cd from which some evidence was seized (discussed further below).

As you know, we have engaged in discussions concerning victim data in the case, and how to provide you appropriate access.  As you also know, Capitol One has expressed particular concern about the data taken from its servers, given the fact that it contains personal identifying information of more than 100,000,000 people.  Specifically, Capital One has invoked the Crime Victims' Rights Act and the Victims' Rights and Restitution Act, and has objected to our creation and production to you of a copy of the data stolen from it in this case.  None of the other victims have expressed similar objections.

Given this record, and given the substantial risks inherent in creating and producing an additional copy of the data stolen from Capital One, we propose the following:

- first, if you will provide us an 8TB hard drive, we will provide you (1) an image of the remaining data from your client's desktop computer, specifically, (a) the portions of the desktop that did not contain relevant evidence and (b) all victim data except the data stolen from Capitol One, and (2) an image of the single cd from which evidence was seized pursuant to the search warrant.

- second, with respect to the data stolen from Capital One, creating an additional copy of PII of more than 100,000,000 individuals creates an excessive and unnecessary risk that data may be further disseminated.  As we previously have indicated, the data remains available for your, and your expert(s)', inspection at the Federal Bureau of Investigation.  We do not see, and you have not explained, why actually having a complete copy of those 100,000,000 records, as opposed to merely reviewing them, is necessary for your client's defense.  If, after reviewing the data, you conclude you need copies of specific data to prepare your case, we will be happy at that stage to discuss producing some much smaller sample of the data stolen by your client, perhaps in redacted form, depending upon the particular data at issue.

In addition to the images of the devices seized from your client, described above, the FBI seized evidence from certain of those devices pursuant to the search warrant.  These devices include:  the custom-built desktop, the laptop, the Apple iPhone, and a cd.  If you will provide us a 20TB hard drive, we will provide you a copy of that seized data, except the victim data stolen from Capitol One.

Finally, you asked for UFDR reports for your client's iPhone and two Samsung phones. The USB drive enclosed with the copy of this letter sent by Federal Express to the Federal Public Defender contains a UFDR report for the iPhone. It does not contain reports for your client's Samsung phones, since those either lacked an available power source or appeared to have undergone factory resets, with the result that agents did not review, image, or seize data from them. The USB drive also contains a UFDR report for your client's Samsung tablet. (As noted above, full images of the iPhone and tablet previously were produced to you prior to February 10, 2020.)

Please let us know if you have any questions about any of these matters.

>NICHOLAS W. BROWN
>United States Attorney
>
>*s/ Andrew C. Friedman*
>ANDREW C. FRIEDMAN
>JESSICA M. MANCA
>Assistant United States Attorneys

Enclosure (w/ hard copy sent to FPD)