THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | No. CR19-159-RSL <br><br> **DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR A PRETRIAL HEARING REGARDING THE ADMISSIBILITY OF EXPERT TESTIMONY, AND FOR NECESSARY RECESSES** |

The Court should deny the government's motion. Although the government candidly admits, as it must, that it has no legal basis to compel Paige Thompson to produce expert disclosures pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), it improperly seeks exactly that result.

To be able to get access to information to which it is not legally entitled, the government claims erroneously that the Court can order the defense to produce such discovery under Federal Rule of Criminal Procedure 57(b). That rule applies only where "there is no controlling law." Here, however, there is controlling law, Rule 16(b)(1)(C). By the government's own admission, the defense's position is completely within its textual boundaries. The government's inartful attempt to work-around the rule should be rejected.

To the extent Ms. Thompson puts on a defense or calls rebuttal witnesses who need to be qualified under Federal Rule Evidence 702, the defense has no objection to the government conducting the appropriate *voir dire* inquiries to ensure the witness is

OPPOSITION TO GOVERNMENT'S MOTION
FOR A PRETRIAL HEARING RE
ADMISSIBILITY OF EXPERT TESTIMONY
(*Paige Thompson*, CR19-159-RSL) - 1

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

qualified. That is typical trial practice and does not require the kind of relief the government is seeking with its motion. There is no need in advance for the Court to build into the trial schedule recesses to handle these matters.

## I. RELEVANT FACTS

Although the government represents to the Court that is has engaged in "open file" discovery, (Dkt No. 125 at 1, 7), that is not the case. The government has discovery in its possession—since 2019—that it *still* has not produced to the defense. Just this week, Ms. Thompson received a flash drive from the government containing discovery, provided the government with a 10 terabyte hard drive to get additional discovery, and the defense is concurrently moving to compel important additional discovery.

The government's representation to the Court that "[t]he defense has produced nothing[,"] (Dkt. No. 125 at 1), is also wrong. The defense has, in fact, produced discovery to the government. (*See, e.g.,* Dkt. Nos. 15; 19-1 to 19-3; 20; 20-1; 27, and 27-1.) The defense will continue to comply with its discovery obligations and produce any discovery when production is required. As the government acknowledges, the defense has not asked the government to disclose a list of its expert witnesses under Rule 16(a)(1)(G).

The government's motion has nothing to do with any expert witnesses identified under Federal Rule of Criminal Procedure 12.2. After reviewing grand jury transcripts, which were only produced to the defense on November 23, 2021 after repeated requests, the defense filed a Rule 12.2(b) notice. (Dkt. No. 126.) The defense will timely produce expert discovery related to such pursuant to Rule 16(b)(1)(C)(ii).

## II. LEGAL ANALYSIS

The government's motion is without support in the law. The government seeks a remedy to which it is not entitled. The defense's discovery obligations are far different than the government's and more limited overall. Rule 16 requires a defendant to "give

OPPOSITION TO GOVERNMENT'S MOTION
FOR A PRETRIAL HEARING RE
ADMISSIBILITY OF EXPERT TESTIMONY
(*Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial" if, *and only if,* "the defendant requests disclosure" of the government's expert witnesses pursuant to Rule 16(a)(1)(G) and the government complies. Fed. R. Crim. P. 16(b)(1)(C)(i).[1]  As the government acknowledges, the defense has not made any request for disclosure of the government's expert witnesses, and thus the government is forced to admit that there is *no legal basis whatsoever* to grant their request pursuant to Rule 16. (Dkt. No. 125 at 1.)

Instead, the government claims, without any citation to binding authority on the matter, that the Court can order the defense to make the disclosure the government seeks under Rule 57(b). However, Rule 57(b) applies, by its own explicit terms, only where "there is no controlling law." *Id.* Here, Rule 16 is, in fact, controlling law, and the government cannot rewrite the Federal Rules of Criminal Procedure because it does not like their text. *See United States v. Layton*, 90 F.R.D. 520, 523 (N.D. Cal.1981) ("[T]here is no authority for the proposition that a court has inherent authority to compel a defendant to provide pretrial discovery which is not specifically authorized in Rule 16."); *United States v. Dailey*, 155 F.R.D. 18, 21–23 (D.R.I. 1994) (finding that local rule which required defendant to automatically disclose material regardless of whether defendant had made any request for discovery could not be enforced); *see also United States v. George*, 786 F. Supp. 11, 15 (D.D.C.1991) (stating that a discovery order beyond that specified in Rule 16 is "an extraordinary use of the court's discretion"). The Court should therefore deny the government's motion.

Should Ms. Thompson choose to put on a defense, a decision she need not make until trial, and should that defense include affirmative or rebuttal expert testimony, a matter not decided at this juncture, that expert can be properly qualified expeditiously

---

[1]  Rule 16 also requires a defendant to turn over expert witness information if the defense has given notice pursuant to Rule 12.2(b). As mentioned above, the defense has given such notice, (Dkt. No. 126), and will timely provide expert materials to the government relevant to that notice. That expert discovery, however, is not the subject of the government's instant motion.

OPPOSITION TO GOVERNMENT'S MOTION
FOR A PRETRIAL HEARING RE
ADMISSIBILITY OF EXPERT TESTIMONY
(*Paige Thompson*, CR19-159-RSL) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

through a Federal Rule of Evidence 702 hearing. The idea that such a hearing, commonly done, would require a significant mid-trial break is without basis in law or fact. Building recesses in advance, as the government requests, is not necessary to accommodate such. Rule 16 is clear that the government is not entitled to the discovery it seeks, even through the backdoor channel it has suggested; the Court should thus deny the government's motion.

### III.   CONCLUSION

For all of the above-stated reasons, the Court should deny the government's motion for a pretrial hearing regarding the admissibility of expert testimony and for related recesses.

DATED this 17th day of December, 2021.

Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

OPPOSITION TO GOVERNMENT'S MOTION
FOR A PRETRIAL HEARING RE
ADMISSIBILITY OF EXPERT TESTIMONY
(*Paige Thompson*, CR19-159-RSL) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100