# EXHIBIT A



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

<u>BY ECF</u>

December 22, 2021

Hon. Robert S. Lasnik
United States Courthouse
700 Stewart Street
Seattle, WA 98101

<u>*United States v. Paige A. Thompson*, No. CR19-159-RSL</u>

Dear Judge Lasnik:

    We respectfully submit this letter on behalf of Capital One Bank (USA), N.A. ("Capital One"), to request that the Court deny the December 17, 2021 motion to compel filed by Paige Thompson ("Thompson" or the "Defendant") or, in the alternative, set a briefing schedule pursuant to the Crime Victims' Rights Act ("CVRA").

    The Defendant seeks to compel production of a complete copy of the personal information of more than 100 million individuals, which Thompson allegedly stole as part of her cyberattack on Capital One. (Dkt. 127). That information included, among other things, the names, addresses, Social Security numbers, contact details, income amounts, and other personal information of individuals who applied to open accounts with Capital One. The Government seized the information from the Defendant's computer at the time of her arrest on July 29, 2019. Since that time, we understand it has been stored at the Seattle Office of the Federal Bureau of Investigation ("FBI"), and, pursuant to Federal Rule of Criminal Procedure 16, has been available for defense counsel's inspection. In the 28 months since the Defendant's arrest, we understand that defense counsel has yet to inspect the data.

    Nevertheless, the Defendant now claims to need "continuous, uninterrupted, and confidential access to the data," and asks the Court to compel the Government to provide a complete copy of more than 100 million individuals' information. *See* Dkt. 127 at 5. That request should be denied because (1) the Government has fully complied with its discovery obligations under Rule 16 by making the information available for inspection and (2) a wholesale production of the personal information of 106 million individuals to the Defendant fails to protect the "dignity and privacy" of the victims or to reasonably protect them from the defendant, thereby violating the CVRA. *See* 18 U.S.C. § 3771(a)(1), (8) (guaranteeing victims' rights to be reasonably protected from the accused, and to have their "dignity and privacy" respected).

    Pursuant to Rule 16(a)(1)(E), the Government complies with its discovery obligations when it permits the Defendant "to inspect and to copy or photograph

books, papers, documents, data, photographs, [and] tangible objects . . . within the government's possession." Fed R. Crim. P. 16(a)(1)(E). The Government has permitted such inspection and, accordingly, fully discharged its discovery obligations. It is the Defendant who has failed to review the material and identify what data, if any, the Defendant needs to copy. Having had 28 months to do so, the Court should not now entertain the Defendant's motion to compel. At a minimum, defense counsel should be required to inspect the data at the FBI's offices and identify, with specificity, what data counsel seeks to copy. Surely not all 106 million records will be "material to preparing the defense." See Fed. R. Crim. P. 16(1)(a)(E)(i).

The wholesale production of more than 100 million individuals' personal information to the very person who allegedly stole it also violates the CVRA because it neither reasonably protects the victims from the Defendant, nor respects their dignity and privacy. See 18 U.S.C. § 3771(a)(1), (8).

We are loath to burden the Court with unnecessary litigation, and we are confident that the Court's ruling on the Defendant's motion to compel will render unnecessary further submissions seeking to vindicate the rights protected by the CVRA. In the event we are mistaken in that regard, Capital One respectfully requests the Court set the following briefing schedule for such submissions:

- Capital One's Opening Brief due January 7, 2022

- Defendant's Opposition and Government's response, if any, due January 14, 2022.

- Capital One's reply due January 21, 2022.

Respectfully submitted,

John Gleeson
James J. Pastore, Jr.

cc:     All counsel of record (by ECF only)
        Aravind Swaminathan, co-counsel, Capital One (by email)