# EXHIBIT B

**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

James J. Pastore, Jr.
Partner
jjpastore@debevoise.com
Tel +1 212 909 6793
Fax +1 212 909 6836

<u>BY EMAIL</u>

November 30, 2021

AUSA Andrew Friedman
AUSA Jessica Manca
United States Attorneys Office
Western District of Washington
700 Stewart Street
Seattle, WA 98101
Andrew.Friedman@usdoj.gov
Jessica.Manca@usdoj.gov

Dear AUSAs Friedman and Manca,

  As you know, we represent victim Capital One Bank (USA), N.A. ("Capital One") in connection with the above-captioned matter. We understand that Paige Thompson ("Thompson" or "Defendant") has demanded that the United States Government produce to Defendant a complete copy of the personal information of the approximately 106 million individuals (the "Consumer Information") that Defendant stole as part of her cyberattack on Capital One. By way of background, Thompson downloaded the Consumer Information to her computer, which the Government seized from Thompson's residence at the time of her arrest. We understand that the computer and the Consumer Information are now stored securely at the offices of the Federal Bureau of Investigation ("FBI"), and that the Government has complied with its discovery obligations by making a copy of the Consumer Information available for Defendant's inspection at the FBI's offices. *See* Fed. R. Crim. P. 16.

  In light of that, providing Defendant with a complete copy of the Consumer Information is neither necessary nor appropriate. In fact, it creates the untenable risk of perpetrating the very harm that has, to date, been avoided: the dissemination of the data. Accordingly, pursuant to the Crime Victims' Rights Act ("CVRA") and the Victims' Rights and Restitution Act ("VRRA"), Capital One strongly objects to any such production as it neither "reasonably protect[s]" victims "from the accused," nor achieves "respect for the victim[s'] dignity and privacy." *See* 18 U.S.C. § 3771(a)(1), (8); *see also* 42 U.S.C. § 10607 (requiring that a crime victim receive reasonable protection from a suspected offender).

  The Defendant was arrested more than 27 months ago. Since that time, the Consumer Information has been available for inspection in the FBI's secure facilities. The procedure of making the Consumer Information available for inspection within the confines of the FBI's offices appropriately balances the interests of Defendant while respecting the victims' rights, and fully discharges the Government's Rule 16 discovery obligations. In fact, given that the Consumer Information is entirely inculpatory, it will in no way be "material to preparing the defense." Fed. R. Crim. P. 16(a)(1). As we understand it, Defendant's possession of the Consumer Information

is not in any way disputed, nor could it be: the Consumer Information was found on Defendant's computer, in Defendant's residence, and seized from her at the time of her arrest. To the extent the Government intends to use any of the Consumer Information "in its case-in-chief at trial," *id.*, the current procedure provides ample opportunity for Defendant to inspect the data and to test the veracity of the Government's claims. Under these circumstances, providing Defendant a copy of the Consumer Information to store outside the FBI's secure premises offers little practical benefit while significantly increasing the risk that the Consumer Information will be disseminated, causing the very harm that, until now, has been prevented.

Accordingly, we respectfully submit that the Government already has fully complied with its discovery obligations by making the Consumer Information available for inspection at the FBI's offices, and strongly object to the furnishing of a complete copy of that Information to Defendant. Capital One expressly reserves its rights under applicable laws, including but not limited to, the CVRA. *See, e.g.*, 18 U.S.C. § 3771(d).

Respectfully submitted,

*/s/ James J. Pastore, Jr.*

James J. Pastore, Jr.

cc:  Nicholas W. Brown, United States Attorney (by email)
     Aravind Swaminathan, co-counsel, Capital One (by email)