The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR19-159 RSL |
|---|---|
| Plaintiff | |
| | UNITED STATES' REPLY REGARDING MOTION FOR A PRETRIAL HEARING REGARDING THE ADMISSIBILITY OF EXPERT TESTIMONY, AND FOR NECESSARY RECESSES |
| v. | |
| PAIGE A. THOMPSON, | |
| Defendant. | |

The government agrees that the Court cannot compel pretrial discovery that is not authorized by Federal Rule of Criminal Procedure 16. Thompson's response does not acknowledge, however, that Rule 16 governs only pretrial discovery between the parties. Rule 16 does not govern the Court's broad discretion to exercise its gatekeeping function under *Daubert*, *Kumho*, and Federal Rule of Evidence 702, nor does it govern the Court's broad discretion over its trial schedule. Thompson's analysis of her Rule 16 disclosure obligations is beside the point.

The Court clearly has the authority to hold a pretrial hearing to evaluate and resolve the admissibility of expert testimony before trial. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Nothing requires the Court to bend its preferences and schedule to accommodate defense trial tactics or pretrial discovery practices. *Cf. United States v. Nobles*, 422 U.S. 225, 235 (1975) (observing that the Advisory Committee

REPLY RE: MOTION FOR A PRETRIAL HEARING
*United States v. Thompson* / CR19-159 RSL - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  "never once suggest[ed] that [Rule 16] was intended to constrict a district court's control
2  over evidentiary questions arising at trial."). Further, Thompson's response makes it
3  clear that the defense is withholding pretrial expert disclosure simply because Rule 16
4  permits it. The defense does not offer a compelling reason for the Court to endorse trial
5  by ambush, nor does it propose a way to avoid the trial delay its tactics will inevitably
6  cause.

7      The defense acknowledges that it will need to qualify any experts through a mid-
8  trial hearing, outside the presence of the jury. Dkt. 128, pp. 127-28. A mid-trial hearing
9  (or multiple mid-trial hearings) and related recesses will delay the trial schedule and
10 affect the length of the jury's service. The interest of the parties and the Court in
11 avoiding mid-trial delay is the primary reason that evidentiary issues involving experts
12 are typically resolved before a jury is impaneled. Additionally, it is common for
13 litigation regarding the admissibility of expert testimony to require briefing to assist the
14 Court in making an informed decision. Although evidentiary rulings can always be made
15 "on the fly," better decisions are made after a full and fair consideration of the facts and
16 issues, particularly when those facts and issues involve a highly technical or specialized
17 subject matter, as in this case.

18     Finally, even when Rule 16 does not require pretrial discovery disclosures, Local
19 Criminal Rule 23.3 still requires the defense to identify its exhibits and witnesses no later
20 than 10 days before trial. Given that the defense will have to identify its witnesses and
21 exhibits before trial anyway, there is every reason to resolve issues of expert admissibility
22 before trial as well.

23 //
24 //
25 //
26
27
28

REPLY RE: MOTION FOR A PRETRIAL HEARING
*United States v. Thompson* / CR19-159 RSL - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   The government reiterates its objection to the admission of expert testimony that
2   has not been properly vetted under *Daubert*, *Kumho*, and Rule 702, and requests a
3   reasonable amount of time to consider, investigate, and respond to surprise opinions
4   offered by people with scientific, technical, or specialized knowledge during trial.

6   DATED this 10th day of January, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s Andrew Friedman*
*/s Jessica M. Manca*
ANDREW FRIEDMAN
JESSICA M. MANCA
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-7970
Fax:              (206) 553-0882
E-mail:         Andrew.Friedman@usdoj.gov
                    Jessica.Manca@usdog.gov

REPLY RE: MOTION FOR A PRETRIAL HEARING
*United States v. Thompson* / CR19-159 RSL - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970