THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR19-159-RSL |
| ) | |
| Plaintiff, ) | |
| ) | **REPLY IN SUPPORT OF** |
| v. ) | **DEFENDANT'S MOTION TO** |
| ) | **DISMISS COUNTS 1, 9, AND 10** |
| PAIGE A. THOMPSON, ) | |
| ) | |
| Defendant. ) | |

The government's opposition to Paige Thompson's motion to dismiss Counts 1, 9, and 10 fails to meaningfully address any of the fatal deficiencies identified in the superseding indictment. (*See* Gov't Opposition ("Opp") Dkt. No. 131.) As such, the Court should dismiss those counts with prejudice or, at the very least, order a bill of particulars.

**I.   The Superseding Indictment and Discovery Provided to Date Fail to Describe a Cognizable Wire Fraud Scheme.**

Despite the government's claims to the contrary, neither the superseding indictment, the grand jury materials, nor the discovery explain how Ms. Thompson, with the intent to deceive and cheat, made materially false statements or omitted material facts to the alleged victims, which deprived them of money or property as is required to establish wire fraud. (*See* Opp.at 2-6.) The superseding indictment merely alleges Ms. Thompson used a proxy scanner to access publicly-accessible servers and

REPLY ISO DEFENDANT'S MOTION TO
DISMISS COUNTS 1, 9, AND 10
(*Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

subsequently downloaded available data and mined cryptocurrency—all of which is perfectly legal. (*See* Dkt. No. 102.)

The superseding indictment fails to allege the requisite intent. An essential element of the crime of wire fraud is the specific intent to deprive the victim of its money or property by means of deception. *United States v. Miller*, 953 F.3d 1095, 1102 (9th Cir. 2020); *see also United States v. Ciccone*, 219 F.3d 1078, 1082 (9th Cir. 2000) (holding that to prove wire fraud, "the government must prove beyond a reasonable doubt the element of specific intent"); *United States v. Holmes*, No. 18-CR-00258-EJD, 2020 WL 666563, at *20 (N.D. Cal. Feb. 11, 2020) (granting in part motion to dismiss wire fraud charges for failure to allege that defendants intended to deprive victims of money or property). Following *Miller*, the "government can[not] escape the burden of showing that some actual harm or injury [to the victim's money or property] was contemplated by the schemer." 953 F.3d at 1102 (internal citations omitted).

Although the superseding indictment alleges the nature of the data taken from Capital One, it and the discovery the government has produced to the defense fail to establish that she would have known the content of what was downloaded beforehand, and there is no evidence she monetized that data (or any other data) once it was copied. Thus, the government still has not provided any evidence of an intent to deceive and cheat Capital One, or any other entity, of money or property.

As discussed in the motion to dismiss, the superseding indictment also fails to state a wire fraud offense against Ms. Thompson because it does not allege that she made a material misrepresentation, concealment, or omission, as required to state an offense under 18 U.S.C. § 1343. (*See* Dkt. No. 122 at 3-6.) A misrepresentation or omission is material when it "has a natural tendency to influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed." *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008) (quoting *Kungys v.*

REPLY ISO DEFENDANT'S MOTION TO
DISMISS COUNTS 1, 9, AND 10
(*Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1   *United States*, 485 U.S. 759, 770 (1988)). Further, "each misstatement must be 'material' to form the basis of the wire fraud charges." *Holmes*, 2020 WL 666563 at *13 n.8 (citing *United States v. Woods*, 335 F.3d 993, 1000 (9th Cir. 2003)).

        The government is proceeding on a theory that Ms. Thompson "implicitly represented that commands to copy data that she sent using the accounts for which she had obtained security credentials were legitimate commands sent by users with permission to send such commands, rather than commands sent by a person who had stolen the security credentials and who lacked authority to use the accounts and send the commands." (Opp.at 6, *citing* Dkt. 102, ¶ 16.) The government also states that "accessing a server with stolen credentials itself is a materially false pretense or representation." (*Id.*) Yet the referenced "commands" are a common form of communication used by white hat hackers, are publicly available and, as admitted by the government, are considered "legitimate commands." (Dkt. 138 at 10.)

        As the government itself admits in the superseding indictment, the misconfigured servers allegedly accessed by Ms. Thompson granted authorization by design, rather than in response to any materially false representation or omission of a material fact. (*See* Dkt. 102.) The government further admits in a concurrently filed opposition to Ms. Thompson's motion to strike/sever that "the servers…provided[ed]," "IAM role(s)," and "iam/security credentials/[role]" in response to any generalized proxy scanner. (*See* Dkt. 138 at 4-5.) But an "implicit[]" and "general[ized]" computer representation ["proxy scanner"] which interacts with a "[]configuration" that grants authorization by design is insufficient to meet the materiality requirement. Because the superseding indictment fails to describe a viable wire fraud claim, the Court must dismiss Counts 1, 9, and 10.

        Moreover, as set forth in the opening motion, the indictment fails to allege with any specificity that Ms. Thompson "deceived and cheated any of the victims of money

REPLY ISO DEFENDANT'S MOTION TO
DISMISS COUNTS 1, 9, AND 10
(*Paige Thompson*, CR19-159-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1   or property." (Dkt. 122 at 6.) In its opposition, the government states it is not money or
2   property at issue, but rather "intangible property" or "confidential business
3   information." (Opp. at. 8, fn. 4.) But the superseding indictment fails to allege that Ms.
4   Thompson harbored a specific intent to deprive Capital One or any other alleged entity
5   of intangible property for purposes of 18 U.S.C. § 1343. (*See* Dkt. No. 102.) The
6   Supreme Court has long held that, "for purposes of the [wire] fraud statute, the thing
7   obtained must be property in the hands of the victim." *Cleveland v. United States*, 531
8   U.S. 12, 15 (2000); *see Carpenter v. United States*, 484 U.S. 19, 26-27 (1987) (noting
9   that the statute is "limited in scope to the protection of property rights").[1]

10       Because the Supreme Court has not defined the "property" protected by the wire
11  fraud statutes, the question of whether information is property for purposes of wire
12  fraud, "must be determined by reference to applicable state laws." *Planned Parenthood*
13  *Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808, 822 (N.D. Cal. 2016)
14  (citing *United States v. Shotts*, 145 F.3d 1289, 1294 (11th Cir. 1998)), *aff'd*, 890 F.3d
15  828 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir.), *and aff'd*, 735 F. App'x 241 (9th Cir.
16  2018); *see also Borre v. United States*, 940 F.2d 215, 220 (7th Cir. 1991) ("It is logical,
17  therefore, for this court to look to state law in determining whether a cable television
18  franchise constitutes 'property' for purposes of the mail fraud statute."); *Ruckelshaus v.*
19  *Monsanto Co.*, 467 U.S. 986, 1001 (1984) (recognizing the "basic axiom that property
20  interests . . . are not created by the Constitution [but] stem from an independent source
21  such as state law.") (internal quotation marks omitted).

---

[1] Although § 1346 provides an exception to this rule in the case of honest services fraud, the scope of § 1343—i.e., "direct" wire fraud—remains limited to deprivations of property interests for allegations of wire fraud not premised on an honest services theory. *Miller*, 953 F.3d at 1103. In addition, while the Supreme Court in *Cleveland* analyzed the mail fraud statute, courts apply the same analysis to mail and wire fraud allegations. *See Carpenter*, 484 U.S. at 25 n.6.

REPLY ISO DEFENDANT'S MOTION TO
DISMISS COUNTS 1, 9, AND 10
(*Paige Thompson*, CR19-159-RSL) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The superseding indictment also does not allege that personal identifying information or the data allegedly taken from the other entities is property under Washington law. Under Washington law, "confidential [business] information" is property if it meets the definition of "trade secret" under the Washington Uniform Trade Secrets Act ("WUTSA"). *Precision Industrial Contractors Inc. v. Jack R. Gage Refrigeration Inc.*, No. C19-5810-TSZ, 2021 WL 3472377 *2 (W.D. Wash. 2021)(Zilly, J.). For property to be a trade secret, it "must derive independent economic value, actual or potential, from not being generally known and must be protected by reasonable efforts." *NW Monitoring LLC v. Hollander*, 534 F. Supp. 3d 1329, 1336 (W.D. Wash. 2021)(Martinez, C.J.) (internal quotations omitted).[2]

Here, the superseding indictment does not allege that the "confidential business information" that was allegedly obtained by Ms. Thompson constitutes trade secret information under WUTSA or any other provision of law. Because the superseding indictment fails to allege that Ms. Thompson had the specific intent to deprive Capital One or the other alleged entities of its money or its property under WUTSA or any other provision of law, it fails to state an offense of wire fraud against her.

## II. In the Alternative, the Court Should Exercise its Broad Discretion to Order a Bill of Particulars.

The government is wrong about a bill of particulars being unnecessary. (*See* Opp. at 10-11.) If the Court, for some reason, is not inclined to dismiss Counts 1, 9, and 10, despite their numerous fatal deficiencies, the Court should—at a minimum—

---

[2] Capital One itself has represented to the Honorable Anthony J. Trenga that the data in this case has no independent monetary value because it was never misused. *See* Capital One's Mem. of Law in Support of Its Mtn. to Dismiss the Rep. Consumer Class Action Compl. at 29, *In Re: Capital One Consumer Data Security Breach Litigation,* MDL No. 1:19-md-2915-AJT-JFA, (E.D.Va. April 10, 2020) (available at Dkt. 155-2.)

REPLY ISO DEFENDANT'S MOTION TO
DISMISS COUNTS 1, 9, AND 10
(*Paige Thompson*, CR19-159-RSL) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

exercise its broad powers to order of bill of particulars as Ms. Thompson requested in her opening motion. *See Holmes*, 2020 WL 666563 at *7-12 (ordering bill of particulars). The bill of particulars should provide, among other things, facts sufficient to evidence Ms. Thompson's alleged intent to both deceive *and* cheat the purported victims specified in Count 1, that is, facts sufficient to demonstrate that she intended to cause loss to each and every separate victim alleged in Count 1 of intangible property or confidential information.

For all the above reasons and those in the underlying motion to dismiss, the Court should grant the defense's motion, dismissing Counts 1, 9, and 10 with prejudice or, in the alternative, at the very least order a bill of particulars.

DATED: January 10, 2022

Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

REPLY ISO DEFENDANT'S MOTION TO
DISMISS COUNTS 1, 9, AND 10
(*Paige Thompson*, CR19-159-RSL) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100