UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 2:20-cr-115-JLB-MRM

WILLIAM HARWIN

_____/

## ORDER

Defendant William Harwin was indicted and charged with one count of
conspiracy to restrain trade under section one of the Sherman Act. Although Dr.
Harwin decided not to seek reciprocal expert disclosures from the United States
pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G), the United States
nevertheless asks this Court to order Dr. Harwin to disclose any expert witnesses
he may call at trial. (Doc. 113.) Upon careful consideration, the request is
**DENIED**.

## BACKGROUND

On September 23, 2020, a federal grand jury returned a one-count Indictment
charging Dr. Harwin with participating in a conspiracy to restrain trade in violation
of 15 U.S.C. § 1. (Doc. 1.) Consistent with the Pretrial Criminal Scheduling Order,
on October 2, 2020, Dr. Harwin filed a notice indicating "that he does not request
disclosure under Rule 16(a)(1)(G) [of the Federal Rules of Criminal Procedure]
regarding expert witnesses and therefore is not under a reciprocal obligation." (Doc.
23; Doc. 15 at 1–2.) The United States agrees that "[b]ecause [Dr. Harwin] did not
request expert disclosures under Rule 16(a)(1)(G), he was not under a reciprocal

obligation to provide expert disclosures to the government pursuant to Rule 16(b)(1)(C)(i)." (Doc. 113 at 2.)

The United States nonetheless "moves the Court to set expert disclosures for November 19, 2022," and "for these disclosures to include [any] expert's name and qualifications, and a written summary of any testimony that either party intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence, to include the bases and reasons for those opinions sufficient to resolve relevance issues and <u>Daubert</u> challenges."[1]  (Doc. 113 at 1.)  The United States contends that the Court has the inherent authority to order disclosure of the requested information, and that disclosure is required "to ensure an efficient and orderly trial."  (<u>Id.</u> at 3–9.) Dr. Harwin has responded in opposition, contending that the Court lacks any such power.  (Doc. 114 at 4–9.)

## DISCUSSION

The Court finds that, in light of Rule 16, it lacks the discretion to order disclosure of the requested information.  And even if it had such discretion at this point in the litigation, the United States has not shown that ordering disclosure is warranted here.

At the outset, the parties agree that disclosure is not required under Rule 16(b)(1)(C).  Indeed, the text of Rule 16(b)(1)(C) plainly says this.  It provides that "[t]he defendant must, at the government's request, give to the government a

---

[1] <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).

written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, <u>if . . . the defendant requests disclosure under subdivision (a)(1)(G) and the government complies</u>."[2]  Fed. R. Crim. P. 16(b)(1)(C) (emphasis added).  Under the Rule, utilization of the word, "if," indicates that written summaries "must" be provided should two conditions precedent be satisfied.  Those two conditions precedent to the defendant's disclosure of summaries of expert witness reports are (1) reciprocal discovery is requested under Rule 16(a)(1)(G), and (2) the government complies with the defendant's request for reciprocal discovery.  In other words, a defendant's mandate, as evidenced by the Rule's inclusion of "must," to disclose expert reports pursuant to Rule 16(b)(1)(C) is triggered "if and only if" those two conditions precedent are satisfied.  <u>See</u> <u>United States v. Dailey</u>, 155 F.R.D. 18, 20 (D.R.I. 1994) (quotation omitted).  Simply put, those two conditions precedent were not satisfied here, as required by Rule 16(b)(1)(C)'s plain and unambiguous text.  Thus, because Dr. Harwin did not request disclosure under Rule 16(a)(1)(G), Rule 16(b)(1)(C) does not require that he "must" provide the United States the requested expert information.  Dr. Harwin can, of course, do so if he desires.  But there is nothing requiring him to disclose such at this point in the litigation in Rule 16, which is the undisputedly controlling authority here.

---

[2] Subdivision (a)(1)(G) provides that "[a]t the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial."  Fed. R. Crim. P. 16(a)(1)(G).

The United States maintains that, notwithstanding the plain language of Rule 16, this Court has the inherent authority to order disclosure. Essentially, the United States asserts that the Court can effectively ignore the controlling authority here, Rule 16. In support, the United States relies on other rules of Federal Criminal Procedure. First, the United States cites Rule 16.1(b), which provides that "[a]fter the discovery conference, one or both parties may ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial." Fed. R. Crim. P. 16.1(b). Second, it directs the Court to Rule 57(b) of the Federal Rules of Criminal Procedure as support that it "may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Fed. R. Crim. P. 57(b). This is true. But again, there are limits set forth in the plain and unambiguous text of Rule 57(b).

Rule 57(b) states that a district court may regulate practice, in the absence of controlling law, as follows:

> (b) *Procedure When There Is No Controlling Law.* A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator was furnished with actual notice of the requirement before the noncompliance.

Fed. R. Crim P. 57(b).

Rule 57(b) confines the district court's regulation of its procedures where there is no controlling law and when such regulation is "consistent with," among other things, the Federal Rules of Criminal Procedure. Id. Additionally, "the

exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." <u>Dietz v. Bouldin</u>, 136 S. Ct. 1885, 1892 (2016). And in terms of Rule 57(b), there <u>is</u> "controlling law"—namely, Rule 16. And the United States asks this Court for relief that is contrary to the plain and unambiguous language of Rule 16. To do this would be <u>inconsistent</u> with Rule 57(b)'s text that requires that the Court may regulate practice if it is "<u>consistent</u>" with other Rules of Criminal Procedure, which this Court will not do. Fed. R. Crim. P. 57(b) (emphasis added).

Here, as previously explained, Rule 16 expressly requires certain disclosures when a defendant requests disclosures from the United States and, conversely, does not require a defendant to make disclosures when that defendant does not ask for the disclosure of similar information from the United States. The Court agrees with other district courts, including courts in this Circuit, that have found the Rules' plain language limits the Court's power to, outside the context of Rule 16, order a defendant to disclose information as to potential expert witnesses. <u>See, e.g.</u>, <u>Dailey</u>, 155 F.R.D. at 20–23; <u>United States v. Finley</u>, Crim. No. 12-16J, 2014 WL 3056022, at *4 (W.D. Pa. July 3, 2014); (Doc. 114-1 at 3; Doc. 125-1 at 3–4).

As other courts have noted, if Congress believed that "disclosures as to expert witnesses creates a unique situation that mandates providing the government with such information," Congress "could have easily carved out an exception in Rule 16 as to expert[s]." (Doc. 114-1 at 3.) Even more, there are constitutional implications to compelling such criminal discovery. <u>See, e.g.</u>, <u>Wardius v. Oregon</u>, 412 U.S. 470

(1973); United States v. Bump, 605 F.2d 548, 552 (10th Cir. 1979) (finding disclosures pursuant to Rule 16(b) constitutional in part because "the prosecutor's right of discovery arises only after the defendant seeks discovery of similar evidence from the government").

The cases relied on by the United States are distinguishable. First, as Dr. Harwin observes, a statutory basis independent of Rule 16 allows discovery—and, as a result, notice of any expert testimony to be presented—as to the penalty phase in capital cases. (Doc. 114 at 11–12); 21 U.S.C. § 848(j) (repealed 2006); 18 U.S.C. § 3593. And its remaining cases do not cite any statute or persuasive caselaw supporting the exercise of a court's inherent authority to compel disclosures by a defendant. See, e.g., United States v. Schwier, No. 3:17-CR-00095, 2021 WL 2785323, at *2 (D. Alaska July 2, 2021) (citing case related to government disclosure); (Doc. 113-1 (no authority cited)).

Lastly, even if the Court had the discretion to order Dr. Harwin to disclose the requested information this far in advance of trial, the United States has not shown that it is necessary at this stage to do so. Indeed, even when a court has inherent authority, the exercise of that authority "must be a reasonable response to the problems and needs confronting the court's fair administration of justice." Dietz, 136 S. Ct. at 1892 (quotation omitted). Although the United States raises concerns as to the timing of a potential Daubert challenge, (Doc. 113 at 7–9), other courts have found that such issues are insufficient to warrant early disclosure. There are, after all, alternative "gatekeeping" methods to alleviate any practical

concerns.  See, e.g., United States v. Impastato, 535 F. Supp. 2d 732, 743 (E.D. La. 2008) (ordering "in camera submission from the Defendant of the identity and subject matter of any potential expert witnesses").[3]  In summary, it is inappropriate, at least at this stage of litigation, to order Dr. Harwin to disclose information relating to any expert witnesses he may call at trial.

## CONCLUSION

Accordingly, the United States' Motion for Disclosure of Anticipated Expert Testimony (Doc. 113) is **DENIED**.

**ORDERED** in Fort Myers, Florida, on October 29, 2021.

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE

---

[3] That having been said, neither party has expressly requested in camera review as to any matter relating to potential expert witnesses, and the Court finds that at this stage none is required.  (See Doc. 125-1 at 3.)