THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

PAIGE A. THOMPSON,

        Defendant.

No. CR19-159-RSL

**DEFENDANT PAIGE THOMPSON'S OPPOSITION TO CAPITAL ONE BANK (USA), N.A./CAPITAL ONE FINANCIAL CORP.'S MOTION PURSUANT TO 18 U.S.C. § 3771**

Noted: January 21, 2022

The Court should reject non-party Capital One' unprecedented attempt to interfere and deny Paige Thompson critical discovery to which she is rightly entitled under the law to not only effectively confront her accusers but also to put on a complete defense.

The Court should strike the motion because it was filed without the Court's prior authorization (even though that was initially sought) and the Crime Victim Rights Act ("CVRA"), 18 U.S.C. § 3771, does not grant Capital One the right to intervene in a pending criminal discovery dispute between the defense and the government like it is trying to do. In light of Capital One's impermissible motion, the defense also requests that the Court enter an order that Capital One is not permitted file anything else in this case without the Court's prior authorization. Even if the Court was inclined to consider

OPPOSITION TO CAPITAL ONE MOTION
(*Paige Thompson*, CR19-159-RSL) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Capital One's motion for some reason (not that it should), the Court should deny it because, as explained in the defense's pending motion to compel filings, Ms. Thompson is entitled to inspect and copy the Capital One data.

Ms. Thompson engaged in no wrongdoing, and she vigorously disputes the government's and Capital One's allegations that claim otherwise. To prove her innocence at trial, Ms. Thompson needs the Capital One data. The Court should grant Ms. Thompson's pending motion to compel the government to provide it to her.

**1. The Court Should Reject Capital One's Letter and Motion Because It Never Received Permission from the Court to File.**

Without the Court's express permission, Capital One has filed a motion and a letter interjecting itself in litigation even though the government has presented its view to the Court in a separate filing. The Court should not consider either.

On December 22, 2021, Capital One's counsel submitted a two-page letter to the Court nominally seeking a briefing schedule on this matter. (Dkt. No. 130, Ex. A.) That turns out to have been a gratuitous proposal because shortly after and before the Court could rule, Capital One filed its motion anyway. Moreover, Capital One spent four fulsome paragraphs explaining why it believed the Court should deny Ms. Thompson's motion to compel the Capital One data in the government's possession. (*See id.*)

Capital One's letter is problematic for a number of reasons. First, Capital One failed to include a proposed order for its suggested briefing schedule. Second, Capital One failed to discuss a briefing schedule in advance with the defense, and its proposed dates interfered with holiday plans and overlapped extensively with ongoing substantive pretrial motion practice with the government. That Capital One's counsel later stipulated with the defense to a revised schedule does not excuse what occurred. (*See* Dkt. No. 159.) Third, and most importantly, the CVRA does not contemplate Capital One's intervention in connection with a discovery dispute with the government,

either on its own behalf or those individuals whose alleged information is contained in the disputed discovery, as discussed in more detail below.

Before the Court ruled on its request for a briefing schedule and only nine days later, Capital One filed a full-blown motion on Friday, December 31, 2021 (with a noting date consistent with its request). (Dkt. No. 147.) Capital One also filed its motion in the middle of the pending motion to compel practice between the defense and the government. The defense filed Ms. Thompson's motion to compel on December 17, 2021, the government filed its opposition on December 30, 2021, but the defense did not file its reply until January 7, 202. (*See* Dkt. Nos. 127 (Mot. to Compel), 145 (Opp.), 155 (Reply).) Failure to get the Court's prior permission alone is sufficient reason for the Court to strike the motion and not consider it. The Court should do so, and do the same with Capital One's letter since it contained substantive arguments.

### 2. The CVRA Does Not Grant Capital One the Right to Litigate Motions in a Criminal Matter.

The CVRA explicitly states that an alleged victim has the "right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4). Noticeably absent from this list is proceedings involving pretrial discovery.

Despite citing to no case law, Capital One suggests that it has the right to be heard under the broad provision in the CVRA of a "right to be treated with fairness and with respect for the victim's dignity and privacy" (§ 3771(a)(8)) or the "right to be reasonably protected from the accused" (§ 3771(a)(1)). (Dkt. No.147 at 7.)

Under Capital One's novel theory, an alleged victim would have the right to be heard in court any time a party seeks to do anything that alleged victim thought did not treat them with dignity, including the specific questions asked during trial testimony. This cannot be and is not so. Where Congress has spoken explicitly about which

proceedings entitle a victim to be heard in 18 U.S.C. § 3771(a)(4), the general language of these other provisions should not be read to create a loophole that essentially could engulf all other stages of litigation. Capital One's reading of the CVRA would transform every aspect of a criminal case into at least a three-party, rather than a two-party, proceeding. (In this case, there are many other purported victims beyond Capital One – indeed, Capital One states that each of the 100 million individuals whose information Ms. Thompson allegedly possessed are victims.) Entertaining Capital One's motion will only serve to open the floodgates to alleged crime victims filing motions in criminal discovery disputes around the country, entangling courts in all sorts of unnecessary and time-consuming litigation.

In other situations, where victims sought rights that could arguably be justified under the "fairness and respect" clause or the "reasonably protected" clause (the same clauses Capital One is relying on here), but were not among the specific enumerated rights within the CVRA, courts have rejected their position. For example, in *United States v. Sacane*, the victim investments funds were seeking restitution and moved for an order directing defendant to provide more detailed financial disclosures. No. 305-CR-325(AHN), 2007 WL 951666 (D. Conn. Mar. 28, 2007). The district court there rejected the request, noting that "[t]he Durus Funds do not identify a specific statutory provision of the CVRA that authorizes the discovery they seek." *Id.* at *1. More important, "[t]he court added that, if the funds wanted a position brought to the court, 'then pursuant to the CVRA they may enlist the assistance of the government[.]'" *Id.* at *2; *see also In re Kenna*, 453 F.3d 1136, 1137 (9th Cir. 2006) ("[f]ailing to find support for Kenna's argument in either the language of the statute or the legislative history," the court rejected victim's request to obtain presentence report).

Here, the government has assisted Capital One by presenting its view to the Court. (Dkt. 145 at 7.) The government has zealously advocated on behalf of Capital

OPPOSITION TO CAPITAL ONE MOTION
(*Paige Thompson*, CR19-159-RSL) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

One in numerous filings and public proceedings. (*See* Dkt. Nos. 13, 24, 28, 31, 49, 62, 71, 74.) The *only* district court that arguably suggested broadening rights to the extent suggested by Capital One involved a type of harm (sexual misconduct) that requires unique considerations not involved in this case. *See United States v. Heaton*, 458 F. Supp. 2d 1271 (D. Utah 2006). But even in that context, that district court did not contemplate a motion filed by the alleged victim's counsel arguing the merits of an issue. Rather, the district court required the government to consult with the alleged victim and make the alleged victim's position known which has already occurred here. *Id.* at 1273.

Although Capital One claims it is "loath to burden the Court with unnecessary litigation," it is has done just that. (*See* Dkt. No. 130, Ex. A.) If the Court accepts Capital One's unprecedented interpretation of the CVRA, it should, at a minimum, grant Ms. Thompson her Sixth Amendment right to confront her accusers by holding a pretrial hearing with knowledgeable Capital One witnesses. *See United States v. Mitchell*, No. 2:08-cr-125-DAK, 2009 WL 3181938, at *8, fn. 3 (D. Utah Sept. 28, 2009)(interpreting the CVRA broadly enough to allow an alleged victim of sexual misconduct to testify at a competency hearing while recognizing that testimony would be confronted and be subject to the rules of evidence.)

Such a hearing is particularly necessary because Capital One has failed to disclose inconsistent positions it took before another district court that seriously downplay the sensitivity of the data at issue despite its motion's claims to the contrary. In April 2020, Capital One stated in an Eastern District of Virginia class action concerning the same cyber incident before this Court that "only a small fraction of the approximately 100 million consumers impacted . . . had their SSNs and bank account information stolen." *Capital One's Memorandum of Law in Support of Its Motion to Dismiss the Representative Consumer Class Action Complaint* at 16, In Re: Capital One

OPPOSITION TO CAPITAL ONE MOTION
(*Paige Thompson*, CR19-159-RSL) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Consumer Data Security Breach Litigation, MDL No. 1:19-md-2915-AJT-JFA, (E.D.Va. April 10, 2020) (Dkt. No. 387). It also explained that the "other roughly 99.8% of the affected population had less sensitive information impacted" that "cannot alone be used to commit identity theft." (*Id.*) Thus, even Capital One (at least before another judge) tacitly concedes that there is little to no real risk to producing the data to the defense, as the defense noted in its recent reply in support of its motion to compel. (*See* Dkt. No. 155 at 5.)

In sum, the Court should reject Capital One's motion because the CVRA does not authorize an alleged victim to litigate substantive legal issues as a third-party intervener. In the event the Court does entertain the motion, Ms. Thompson requests the opportunity to confront factual allegations made in that motion.

### 3. The Court Should Grant Ms. Thompson's Pending Motion to Compel the Capital One Data Because She Has a Right to Inspect and Copy It.

For reasons already before the Court in the pending motion compel to the government, Ms. Thompson should be permitted to inspect and copy the Capital One data in the government's possession. (*See* Dkt. Nos.  127, 155.)[1] This is data that the government claims it seized from Ms. Thompson's residence and that it intends to use at trial in its case-in-chief (at least a subset of it).

Neither the government nor Capital One can credibly claim that the data is factually (F.R.E. 401) or legally irrelevant (F.R.E. 403) at Ms. Thompson's trial or irrelevant with respect to the multiple motions pending before the Court. (Dkt. Nos. 122, 123, 124.) They cannot because Capital One has taken inconsistent positions about the nature of the data and its value, *see supra*, both of which are issues germane to the charges Ms. Thompson faces and therefore the forthcoming trial.

---

[1] The defense incorporates by reference the arguments in its motion to compel and reply. (*See* Dkt. Nos. 127, 155.)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Capital One argues the defense has "giv[en] no justification for its demand." (Dkt. No. 147 at 2.) Not true. The defense has explained in detail why its needs the Capital One data.[2] (*See, e.g.,* Dkt. No 155 at 2.) As but one example, Ms. Thompson is charged in Count 10 with aggravated identity theft in connection with the Capital One data. (Dkt. No. 102 ¶ 34-35.)[3] To effectively defend against that charge (as well as the others), the defense needs to inspect and copy the data, and not be subject to the oversight and whims of the FBI for access. (*See* Dkt. No. 155 at 6-7.) As the Court is well aware, the Sixth Amendment, "guarantees [Ms. Thompson]…a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), and so does the Due Process clause. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *see United States v. Evans*, 728 F.3d 953, 960 (9th Cir. 2013)(recognizing broad right to obtain and present evidence even if evidence lacks credibility).

Capital One's claim that the "[g]overnment has already discharged its Rule 16 obligations," is also wrong. The reasons for that are laid out in detail in the defense's motion to compel briefing. (*See* Dkt. Nos. 127, 155.) This includes why reliance on *United States v. Pacific Gas & Electric Co.*, No. 14-CR-00175-THE, 2015 WL 3958111, at *14 (N.D. Cal. June 29, 2015) is misplaced. (Dkt. No. 155 at 5-7.)

Capital One further argues that ordering the government to produce the data to the defense is "dangerous" and "unreasonable." (Dkt. No. 147 at 2.) Again, untrue. Capital One has failed to show why the defense's plan to safeguard the materials— storing them on a computer with no access to the Internet and safely ensconced behind

---

[2] Capital One make a series of unsubstantiated and inaccurate claims in its motion.  Part of the reason is that Capital One "jumped the gun" and filed its motion on December 31 without the Court's authorization and before the defense had filed its reply in support of its motion to compel on January 7, 2022. (*See* Dkt. Nos. 147, 159.) If Capital One had not been impatient, its motion might not have suffered from so many defects.

[3] On January 12, 2022, the government filed a second superseding indictment. (Dkt. No. 166.) Although the defense is still analyzing this latest version of the indictment, it does not appear to change this analysis.

OPPOSITION TO CAPITAL ONE MOTION
(*Paige Thompson*, CR19-159-RSL) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  multiple firewalls at the Federal Public Defender's offices in Seattle—provides any less
2  protection than its plan to house the data with the FBI. The protective orders and
3  proposed safeguards more than "reasonably protect" the Capital One data.

4          Moreover, Capital One's characterization of Ms. Thompson's actions and
5  culpability is without merit. Ms. Thompson engaged in no criminal activity and
6  vigorously contests the government's and Capital One's allegations of wrongdoing.
7  Despite Capital One's citation to Ms. Thompson's purported online exchanges—during
8  a time when she was suffering from mental illness—she never did disclose the data
9  publicly. (*See id.* at 3.) There is also no credible evidence she ever tried to monetize it.
10  And there is plainly no risk that she would attempt to do so now pending trial when
11  under the defense proposal she would not have direct access to the Capital One data.
12  Despite the government's representations to multiple courts and to the public at large,
13  Ms. Thompson has shown through over two years of pretrial release that she is fully
14  capable of following court orders and not a danger to the community. The safeguards
15  the defense has already agreed to undertake as outlined in its motion to compel briefing
16  and the protective orders more than satisfy the concerns Capital One raises. (*See, e.g.,*
17  Dkt. No. 155 at 8.).

18          Additionally, the Capital One data is not "contraband," as Capital One claims.
19  (*See* Dkt. No. 147 at 8.) And the data is definitely not like child porn and drugs, which
20  are generally the only contraband that courts do not permit to be provided to the
21  defense. Thus, the pending defense discovery request for the Capital One data is readily
22  distinguishable from the two cases Capital One cites, *Benzer* and *Husband*. (*See id.* at
23  8.) *Benzer* involved a newspaper's right to access discovery in a case where the
24  defendant had already pleaded guilty. *United States v. Benzer*, No. 2:13-CR-00018-
25  JCM-GWF, 2015 WL 9200365, at *7 (D. Nev. Dec. 15, 2015). In *Husband*, the district
26  court found that the government fulfilled its Rule 16 obligations by allowing access to

OPPOSITION TO CAPITAL ONE MOTION
(*Paige Thompson*, CR19-159-RSL) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

the pornographic evidence in a private viewing facility. *United States v. Husband,* 246 F. Supp. 2d 467, 469 (E.D.Va. 2003); *but see United States v. Hill,* 322 F. Supp. 2d 1081, 1091 (C.D.Cal. 2004)(ordering disclosure of sensitive material with a protective order.)

Lastly, it is worth noting that the same individuals Capital One claims it is seeking to protect now are, in fact, the plaintiffs in that Eastern District of Virginia case. And none of those individuals or their counsel have sought to intervene in the pending discovery dispute. Moreover, Capital One's recently agreed to a $190 million settlement[4] that speaks for itself in terms of Capital One's culpability, as does the related $80 million civil money penalty Capital One agreed to pay to the Office of Comptroller of the Currency.[5] Capital One's attempts at blame-shifting are belied by its own actions and huge monetary settlements with the government and the individuals it now claims it is seeking to protect from Ms. Thompson.

\*\*\*

For all the above reasons and those in Ms. Thompson's pending motion to compel filings, the Court should reject Capital One's motion. Further, the Court should enter an order that Capital One is not permitted file anything else in this case without the Court's prior authorization.

DATED: January 14, 2022.      Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

---

[4] https://www.bloomberg.com/news/articles/2021-12-23/capital-one-agrees-to-190-million-settlement-in-cyber-lawsuit
[5] https://www.occ.gov/news-issuances/news-releases/2020/nr-occ-2020-101.html

OPPOSITION TO CAPITAL ONE MOTION
(*Paige Thompson*, CR19-159-RSL) - 9

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

1

2

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**