The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | NO. CR19-159 RSL <br><br> **UNITED STATES' SUPPLEMENTAL FILING RELATING TO DEFENDANT'S MOTION TO STRIKE CRYPTOJACKING ALLEGATIONS AND TO SEVER COUNT 8** |

Defendant, Paige Thompson, has filed a motion to strike from Count 1 the allegation that she engaged in cryptojacking and to sever Count 8, which charges her with damaging protected computers by engaging in cryptojacking and deleting records of that cryptojacking. *See* Docket No. 124. As part of her reply in support of her motion, Thompson argues that the Court should grant the motion because there supposedly is no evidence that Thompson used servers belonging to Victim 7 and Victim 8, both of which also were victims of Thompson's data theft, to perform cryptojacking. *See* Docket No. 163, at 6-8.

Thompson's filing misstates the record. First, as the exhibits to Thompson's reply make clear, Victim 7 had unauthorized virtual servers created on its account that resulted in it being billed more than $40,000 by Amazon Web Servers (AWS). *See* Docket No.

UNITED STATES' SUPPLEMENTAL FILING RELATNG TO
DEFENDANT'S MOTION TO STRIKE CRYPTOJACKING
ALLEGATIONS AND TO SEVER COUNT 8 - 1
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

163, Ex. 3, at 2. Although, Victim 7 was unable to determine that these were used for cryptocurrency mining (because Thompson's scripts deleted the unauthorized software and related logs), it is significant that this occurred during the timeframe in which Thompson was hacking AWS clients, including Victim 7. It also is significant that the unauthorized commands "came from an AWS IAM role" that was "associated with [Victim 7's] instance," *See id.* at 1. This is the exact attack vector used by Thompson. This obviously is evidence that Thompson used Victim 7's rented servers at AWS to conduct cryptocurrency mining.

Second, although Thompson's reply does not mention it, Thompson's counsel asked the government, in April 2021, to identify discovery supporting the allegation that Thompson used victim servers to engage in cryptocurrency mining. In response, the government provided a detailed summary of forensic evidence from Thompson's seized computers that showed that Thompson engaged in such activity. (That response is attached as Exhibit A to this filing.) The response identifies various computer scripts that Thompson used to conduct this activity. In particular, it identifies scripts used to plant cryptocurrency-mining software on Victim 8's rented servers at AWS.

As a result, there is (and Thompson has been provided) evidence that shows that she used servers of both Victim 7 and Victim 8 to conduct cryptocurrency mining. For

//

//

//


UNITED STATES' SUPPLEMENTAL FILING RELATNG TO
DEFENDANT'S MOTION TO STRIKE CRYPTOJACKING
ALLEGATIONS AND TO SEVER COUNT 8 - 2
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the foregoing reasons, as well as those stated in the government's original opposition to Thompson's motion, the Court should deny the motion.

DATED: January 14, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

 *s/ Andrew C. Friedman*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Fax: (206) 553-0882
E-mail: Andrew.Friedman@usdoj.gov
             Jessica.Manca@usdoj.gov

UNITED STATES' SUPPLEMENTAL FILING RELATNG TO
DEFENDANT'S MOTION TO STRIKE CRYPTOJACKING
ALLEGATIONS AND TO SEVER COUNT 8 - 3
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970