THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | No. CR19-159-RSL <br><br> **MOTION TO STRIKE GOVERNMENT'S SURREPLY (DKT. NO. 175)** <br><br> Noted: January 20, 2022 |

Paige Thompson moves the Court for an order striking the government's unauthorized January 14, 2022 "supplemental filing" (Dkt. No. 175)[1] that responds to Ms. Thompson's reply in support of her motion to strike the crypto mining allegations and sever Count 8 (Dkt. No. 163), and not permitting the government to re-file it.

The government did not bother to seek the Court's permission to file its purported "supplemental filing," which actually is a surreply. Although the government labels its filing as a "supplemental filing," it is in fact a surreply because it is solely focused on addressing points raised in Ms. Thompson's reply as the filing explains in the first two paragraphs. (*See* Dkt. No. 175 at 1.) The government's mislabeling of its filing should not change the Court's analysis here.

---

[1] The "supplemental filing" was accompanied by a lengthy under seal exhibit. Since it is part of the filing, it would be struck too.

MOTION TO STRIKE
(*Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

The Local Rules permit the filing of a surreply only to request to strike materials contained in a reply brief, and after notice is provided to the district court. (Local Rule 7(g).) The government's surreply does not seek to strike materials from Ms. Thompson's reply, and the government did not provide any advance notice. Rather, it only responds to Ms. Thompson's reply with additional argument and purported evidence, including a lengthy under seal exhibit, *i.e.,* a classic surreply.[2] (*See id.*)

The Court itself has repeatedly recognized that such filings should be stricken because they do not comply with Local Rule 7(g). For example, in *Hawthorne v. Mid-Continent Casualty Company,* the Court explained and held:

> Plaintiff submitted a surreply styled as a "Motion to File Response to Additional Authorities Cited by Oklahoma Surety company and Mid-Continent re: Personal Jurisdiction" (Dkt. # 20). Defendant objected to the surreply (Dkt. # 21). Local Civil Rule 7(g)(2) provides that a surreply "shall be strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered." Plaintiff's surreply does not seek to strike any submission by defendant, and so the Court will not consider the arguments therein.

No. C16-1948RSL, 2017 WL 1233116, at *1, n.1 (W.D. Wash. Apr. 4, 2017); *see also Lewis v. Everett High Sch.,* No. CV07-786RSL, 2007 WL 2712976, at *1 (W.D. Wash. Sept. 14, 2007) (Lasnik, J.) ("Plaintiff's surreply did not contain a request to strike material contained in defendants' reply brief and was therefore not authorized by the Local Rule 7(g)."); *French v. Providence Everett Med. Ctr.*, No. C07-0217RSL, 2009 WL 10676494, at *1 (W.D. Wash. Mar. 19, 2009) (Lasnik, J.) ("Plaintiff's surreply, however, does not request to strike materials. Instead, it presents more arguments. . .

---

[2] This is very different from filing a notice of supplemental authority (without argument) to bring legal authority that may control a decision to a court's attention. On January 11, 2022, the defense provided the Court with a district court ruling from Florida in connection with its opposition to the government's motion seeking to compel the disclosure of Ms. Thompson's expert, which included no argument and only the case attached as an exhibit. (Dkt. No. 165.)

MOTION TO STRIKE
(*Paige Thompson*, CR19-159-RSL) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Because the surreply did not comply with the Local Rules, the Court did not consider it.").[3]

The government's surreply simply piles on more government arguments (to which the defense has important counterpoints it would need to raise) in connection with a set of motions for which the government has already filed a 15-page opposition (not including exhibits) in response to a 10-page defense motion.[4] (*See* Dkt. Nos. 124 (Mot.), 138 (Opp.).) To be clear, the government's surreply is misleading for, among other reasons, failing to provide the full context, and thus providing further grounds for the evidentiary hearing Ms. Thompson's motion requested.[5] (*See* Dkt. No. 175.)

The Court should reject the government's attempt to get the last bite of the apple. The government did not obtain the Court's permission for its surreply, and it does not comply with Local Rule 7(g). Thus, the Court should strike and not consider the surreply. In light of the government's failure to follow the Local Rules, the need to conserve judicial resources and avoid repetitive briefing, and the fast-approaching March trial date, the Court also should not permit the government to belatedly request permission to file its surreply.

---

[3] Typically only three rounds of filing are recognized in this District. As the Court explained in a similar situation as here in *Sheet Metal Workers Int'l Ass'n, Loc. 66 v. Northshore Sheet Metal, Inc.*: "The parties do not dispute that, as a general rule, the Local Rules authorize only three rounds of filing: the moving party's initial filing, the nonmoving party's response, and the moving party's reply. Because the Contested Filing was a fourth-round filing, the issue presented is whether the Contested Filing fits within the sole exception in the Local Rules to the normal briefing schedule: a surreply under CR 7(g). For both procedural and substantive reasons, the Court finds the Contested Filing is not a proper surreply." No. CV12-01903RSL, 2013 WL 1412931, at *1 (W.D. Wash. Apr. 8, 2013) (Lasnik, J.).

[4] On December 23, 2021, the government filed a 15-page opposition to Ms. Thompson's motion to strike and sever, which included two exhibits. (Dkt. No. 138.)

[5] In its opposition, the government did not explicitly address the defense request's for an evidentiary hearing. (Dkt. No. 138.)

MOTION TO STRIKE
(*Paige Thompson*, CR19-159-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

| | | |
|---|---|---|
| 1 | DATED January 20, 2022 | Respectfully submitted, |

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

MOTION TO STRIKE
(*Paige Thompson*, CR19-159-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100