THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. PAIGE A. THOMPSON, Defendant. | No. CR19-159-RSL **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR EARLY RETURN OF TRIAL SUBPOENA TO AMAZON WEB SERVICES, INC.** |

AWS's arguments in opposition to Paige Thompson's motion for the early return of materials subject to a trial subpoena are meritless. The basis for AWS's opposition is rooted in its economic interests to protect "commercially sensitive and confidential terms negotiated between AWS and [the alleged victims.]" (*See* Dkt. No. 179 at 8.) But AWS's economic interests, which are not in danger due to this motion, do not trump Ms. Thompson's constitutional rights. The Court should not prevent Ms. Thompson from receiving materials that will assist her with meaningfully and effectively fighting the serious criminal charges she faces. The Court should thus grant Ms. Thompson's motion.

//



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

**A. The Subpoenaed Materials Should Not Be Withheld on AWS's Unsupported Claims of Confidentiality.**

AWS has not demonstrated a recognized privilege or provided a sufficient showing of confidentiality as to the materials sought by Ms. Thompson's subpoena. Instead, AWS has simply stated in conclusory fashion that the information sought is confidential; that is not enough to withstand production of documents pursuant to a subpoena. *See id.*; *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) (stating that privileges are to be construed narrowly because they "contravene[] the fundamental principal that the public has a right to every man's evidence); *United States v. Omidi*, No. CR 17-661(A)-DMG, 2020 WL 6600172, at *1 (C.D. Cal. Aug. 12, 2020) (finding that the party asserting a privilege has the "burden of establishing its existence"). Because AWS has failed to provide the Court with any facts supporting its assertion of confidentiality, it has failed to sustain its burden and the Court can decline to consider this argument in its entirety. *See In re eBay Seller Antitrust Litig.*, No. C09-0735RAJ, 2009 WL 10677051, at *2 (W.D. Wash. Aug. 17, 2009) (noting it is "troublesome" that Amazon left the court to rely on its own knowledge of Amazon's business to resolve a discovery dispute.) (Jones J.).

**B. Requests Nos. 8 and 9 Are Necessary, Relevant, and Targeted.**

Contrary to AWS's claim, Ms. Thompson is not on a fishing expedition and asking for everything under the sun. (*See* Dkt. No. 179 at 4.)[1] The requests are targeted and relevant to defenses she may raise at trial depending on how the government's case-in-chief is presented. Nor are the requests justified by a single "conclusory"

---

[1] "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by Nixon." *United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG), 2020 WL 86768, at *4 (S.D.N.Y. Jan. 6, 2020).



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

sentence provided by her defense counsel as AWS contends. (*See id.* citing U*nited States v. Kilgore*, No. CR17-0203-JCC, 2019 WL 6913522, at *1 (W.D. Wash. Dec. 19, 2019) (Coughenour J.) The motion, coupled with the under seal filing, include ample grounds for the Court granting the motion.

Moreover, the materials sought from AWS are not in the possession of the government as far the defense knows.[2] As such, AWS's citation to *United States v. Estrada-Contreras* is misplaced. No. CR17-301RSL, 2018 WL 2159438, at *2 (W.D. Wash. May 10, 2018) (quashing Rule 17 subpoena served to the Department of Homeland Security but noting that Rule 16 may require the government to disclose the material upon defendant's request.) (Lasnik J.) As reflected in her motions to dismiss, strike, and sever, Ms. Thompson tailored her subpoena requests to AWS to respond to allegations in the superseding indictment that suffer from fatal factual and legal deficiencies.[3] (Dkts. Nos. 122-124.) The requested materials are necessary because, among other reasons, the government's unprecedented legal theory is not "mitigated by the responsible exercise of prosecutorial discretion." *Cheney v. United States Dist. Court*, 542 U.S. 367, 386 (2004). Indeed, the prosecution of Ms. Thompson was only initiated after Capital One (potentially after communications with AWS) provided a dossier to the government accusing Ms. Thompson of unauthorized access (but not

//

---

[2] "The government [claims that it] has provided full discovery." (Dkt. No. 131 at 3.) None of the requested information has been disclosed to Ms. Thompson by the government.

[3] The recently-filed second superseding indictment does not change this analysis. (*See* Dkt. No. 166.)



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

fraud).[4] (*See* Dkt. No. 111 at 7 (Ms. Thompson requesting communications between AWS and Capital One).) The defense has not located a single fraud case, Computer Fraud and Abuse Act case, or identity theft case that has been criminally charged based on facts similar to those presented to the Court here in the government's filings. The unprecedented nature of Ms. Thompson's prosecution is only amplified by the fact that it targets a transgender woman who has historically suffered from mental health issues, and did so at the time of the alleged crimes.

As the Court knows, the Sixth Amendment, "guarantees [Ms. Thompson]…a meaningful opportunity to present a complete defense," *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). So, too, does the Due Process clause of the Fifth Amendment. *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *see United States v. Evans*, 728 F.3d 953, 960 (9th Cir. 2013) (recognizing broad right to obtain and present evidence even if evidence lacks credibility). To give meaning to these rights, all "relevant evidence is admissible," Fed. R. Evid. 402, "if it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action." Fed. R. Evid. 401. The documents sought are admissible as business records under Fed. R. Evid. 803(6) and any person from AWS familiar with them can testify as to their admissibility, *United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993), even if the records involve or are generated by a third-party. *Id.; see United States v. Jawara*, 474 F.3d 565, 585 (9th Cir. 2007) ("[W]e would have no trouble concluding that a college in the United States was a proper custodian of its'

[4] Neither Capital One nor AWS has provided Ms. Thompson with any information claiming to show that she knew the nature of the data allegedly downloaded beforehand. And neither has the government.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

students' SAT results, even though the SAT results were actually prepared by another entity").

Request No. 8 seeks specific, relevant, and admissible evidence in the form of contracts that could potentially establish who was responsible for configuring the rented AWS servers, making decisions as to what data was kept on AWS's servers, the security strengths and limitations of the servers, and whether the alleged victim entities directly contracted with AWS to provide security features and/or enhancements. This information is directly relevant to establishing that access was authorized (or unauthorized) based on decisions made by those who were charged with owning and/or maintaining the servers. Stated differently, the contracts may reveal whether the AWS servers were operating as designed when accessed by Ms. Thompson, thus negating any suggestion that Ms. Thompson's access was unauthorized under the CFAA or possessed the requisite intent to deceive and cheat victims out of their property rights pursuant to the wire fraud statute. (*See* Dkt. No. 131 at 11.)

Request No. 9 seeks specific, relevant, and admissible evidence in the form of billing information that bears directly on the government's newly disclosed "central [cryptomining] theory" and any alleged damages stemming therefrom. (*See* Dkt. No. 138 at 10.). The invoices are necessary to establish whether the alleged victim entities were ever charged for Ms. Thompson's alleged cryptomining activities which, according to the government, use an extraordinary amount of electricity and computing power. Further, the invoices may help the defense establish that the government's cryptomining theory is a red-herring designed to confuse the jury into conflating two

//

//



**FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100**

disparate allegations to Ms. Thompson's detriment.[5] Indeed, nowhere in its opposition does AWS suggest that these particular documents would not be admissible in Ms. Thompson's criminal trial nor could they. The Court should thus order production of the documents.

**C. Ms. Thompson's Requests are Not Unreasonable nor Oppressive.**

AWS's singular citation to one out-of-district case in which a court found a defendant's request unreasonable or oppressive under Rule 17 is easily distinguished. *See* Dkt. No. 179 at 6 (citing *United States v. Xiaoquing Zheng*, No. 1:19-CR-156, 1:20-MC-57 (MAD), 2020 WL 6287481 (N.D.N.Y. Oct. 27, 2020)). In *Xiaoquing Zheng*, the court found one subpoena request was found to be "unreasonable" because the company did not possess the documents. *Id.* at *9. That is clearly not the case here. The court in *Xiaoquing Zheng* found another subpoena request to create a "significant burden" because it sought documents that had "nothing to do with the trade secrets at issue" in the indictment. *Id.* at *11. Again, that is clearly not the case here. Ms. Thompson's requests seek documents that are in Amazon's possession, custody, and control and which are specifically tailored to the charges she is facing and the alleged victim entities charged in the first and second superseding indictments. Thus, not only is *Xiaoquing Zheng* not binding on the court, it is simply not relevant.

AWS further argues that even if the Court does grant Ms. Thompson's request, it should not order it to provide the evidence to Ms. Thompson within seven days

[5] Ms. Thompson currently intends to authenticate the sought records by offering Fed. R. Evid. 902(11) certifications rather than live testimony. Fed. R. Evid. 902(11) provides that a party may authenticate a business record through a signed certification of records custodian if the proponent of the evidence gives the adverse party adequate notice of its intent to offer the record.



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

following entry of the order because "compliance with Requests Nos. 8 and 9 would take weeks and is virtually impossible to complete in the timeframe suggested by [her.]" (Dkt. 180 at 3.) This statement is perplexing given that Ms. Thompson seeks contracts and invoices during a relatively limited time frame from a corporation that has an operating budget that is roughly the size of a first-world country. Ms. Thompson is not asking AWS to look for a proverbial needle in a haystack, but to provide routine billing records and contracts; AWS's representation as to the significant time period it would take to retrieve such run of the mill records should thus be seriously questioned by the Court. Ms. Thomson's trial is scheduled for March 12, 2021, leaving AWS with ample time (before trial is set to begin) to comply with the subpoena even if seven days is not feasible. Ms. Thompson is open to allowing a reasonable amount of time, but believes that a couple of weeks is more than sufficient.

***

For all the reasons discussed in the underlying motion and this reply, Ms. Thompson's motion for the early return of AWS documents subject to a trial subpoena should be granted.

DATED: January 20, 2022.

Respectfully submitted,

*/s/ Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
*/s/ Christopher Sanders*
CHRISTOPHER SANDERS
*/s/ Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

*/s/ Brian Klein*
BRIAN KLEIN
*/s/ Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson



**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**