The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159 RSL<br><br>**UNITED STATES' MOTION FOR EXAMINATION OF DEFENDANT UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 12.2(c) AND MOTION TO COMPEL**<br><br>NOTING DATE: February 4, 2022 |

## I.  INTRODUCTION

On December 6, 2021, Defendant Paige Thompson, who has been indicted for computer crimes related to hacking and cryptojacking, filed a Notice of Intent to Present Expert Evidence of a Mental Condition Pursuant to Federal Rule of Criminal Procedure 12.2(b). The government asked that Thompson submit voluntarily to an examination by a government-retained psychologist, but Thompson's counsel indicated that she does not consent to this request.

Accordingly, the government moves the Court to order a government examination of Thompson under Rule 12.2(c)(1)(B). Thompson's Rule 12.2(b) notice triggered the government's right to move for such an examination. And, as the Supreme Court stated in *Kansas v. Cheever*, 571 U.S. 87, 94 (2013), "[w]hen a defendant presents evidence through a psychological expert who has examined [her], the government likewise is permitted to

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 1
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

use the only effective means of challenging that evidence: testimony from an expert who has also examined [her]." Thompson waived her right to remain silent in response to questions concerning her mental capacity to form the requisite intent to commit the crimes for which she is charged when she filed her Rule 12.2(b) notice and placed her mental condition at issue. *Id.* at 94–97. The Court should order Thompson to participate in a government exam so that the government will have a fair chance to respond to, and rebut, Thompson's mental-health defense. The Court should also order production of Thompson's mental-health records for review by the government's expert.

## II.   BACKGROUND

The underlying facts of this case are outlined in Part II of the United States' Opposition to Defendant's Motion to Strike Cryptojacking Allegations and to Sever Count 8, *see* Dkt. No. 138, and are incorporated herein by reference. As relevant to this motion, on December 6, 2021—four days after the deadline to file pretrial motions in this case, which also is the deadline for notices under Rule 12.2—Thompson filed a bare-bones Rule 12.2(b) notice. *See* Dkt. No. 126. Thompson's notice states only that she "inten[ds] to present expert evidence of a mental condition." It provides no information identifying the witnesses she intends to call, the nature of the mental condition from which she suffers, or how it is relevant to her guilt.

The government reached out to the defense by letter dated December 14, 2021. A copy of the government's December 14 letter is attached as Exhibit A. The government's letter pointed out that Thompson's notice not only was untimely, but, more importantly, that it failed to comply with Rule 16(b)(1)(C)(ii), which requires a defendant to provide a written summary of any testimony the defendant intends to introduce at trial under Rule 12.2(b). The government's letter reiterated the government's request for reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1), [1] and asked whether Thompson would consent to a mental-health evaluation by government experts.

---

[1] As the Court is aware, the defense has specifically declined to engage in reciprocal expert discovery. As a result, the government has moved the court for a pretrial hearing regarding the admissibility of expert testimony or

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 2
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Counsel for Thompson responded to the government via email the same day. A copy of that email is attached as Exhibit B. The defense disagreed that Thompson's notice was untimely and insufficient. Counsel referred the government to an August 2019 assessment of Thompson by Dr. Matthew Goldenberg, filed by the defense during pre-trial detention proceedings, *see* Dkt. 46, Exhibit 4 (sealed), but declined to provide any additional information regarding Thompson's mental condition or its relevance to her defense.[2] Thompson's counsel further indicated they were "available to discuss" the government's request for an evaluation by a government expert.

The following day, the government responded, again via letter. A copy of the government's December 15 letter is attached as Exhibit C. The government explained that Rule 16(b)(1)(C) requires the defense to provide a written summary of any testimony that the defendant intends to use if, as here, "the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition." Fed. R. Crim. P. 16(b)(1)(c)(ii). Accordingly, the government asked Thompson to confirm whether Dr. Goldenberg's August 2019 assessment constituted her full Rule 16 disclosure or whether she intended "to disclose additional opinions and/or additional expert witnesses."

The parties conferred by phone on the morning of December 21. During the call, Thompson's counsel confirmed that Dr. Goldenberg's written assessment was his full expert opinion and constituted Thompson's required disclosure under Rule 16(b)(1)(C). Thompson's counsel represented that Thompson did not intend to offer any expert opinions, other than those contained in Dr. Goldenberg's written evaluation.

Following this discussion, the government communicated with several psychiatrists and/or psychologists about the possibility of serving as an expert witness in the case. The

---

else for a schedule of necessary recesses at trial to allow the government to adequately evaluate the admissibility of defense expert testimony, effectively cross-examine Thompson's experts, and prepare appropriate rebuttal testimony. *See* Dkt. No. 125.

[2] The defense also provided a copy of Dr. Goldenberg's CV.

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 3
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government ultimately determined to hire Dr. Ken Muscatel, a licensed clinical and forensic psychologist who has served as an expert in numerous cases in this District and elsewhere.

In advance of another telephone conference scheduled for January 25, 2022, the government emailed information to the defense about its proposed examination of Thompson by a government expert. A copy of the government's January 25 email is attached as Exhibit D. During the subsequent phone conference, Thompson's counsel asked for additional information about the government's proposal. The government provided that information in an email on January 26, and a follow-up email on January 27. Copies of those emails are attached as Exhibit E and Exhibit F. The parties then spoke by phone on January 27, and counsel for Thompson stated that Thompson would not consent to the examination and that the government would need to file a motion with the Court.

### III. ARGUMENT

**A. The government is entitled to have Thompson examined by its own expert**

Federal Rule of Criminal Procedure 12.2 sets forth the framework that governs cases in which a defendant wishes to introduce evidence of a mental condition. Rule 12.2(b) requires a defendant who is not asserting an insanity defense, but who nevertheless intends to introduce expert evidence of a mental condition with respect to the issue of guilt, to provide advance notice to the government of her intention to do so. Once a defendant provides notice under Rule 12.2(b), as Thompson has done here, Rule 12.2(c) permits the court to order a defendant to submit to an examination by a government expert. Fed. R. Crim. P. 12.2(c)(1)(b); *see also United States v. Lewis*, 53 F.3d 29, 35 n.9 (4th Cir. 1995) (finding no error in a district court's order compelling a government mental health examination in light of the defendant's 12.2(b) notice); *United States v. Phelps*, 955 F.2d 1258, 1263 (9th Cir. 1992) (a defendant who places his sanity or mental state at issue "can be compelled to submit to psychiatric examinations" on motion by the government); *United States v. Fell*, 2017 WL 9938051, at *2 (D. Vt. June 1, 2017) ("[Rule 12.2(b)] notice triggers the prosecution's right to conduct an exam of its own."). Such an order is necessary

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 4
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

for the government to be able to rebut expert mental-health evidence offered by the defendant. *See Cheever*, 571 U.S. at 94.

The very purpose of requiring notice under Rule 12.2(b) is to "alert[] the Government to a defendant's intention to introduce expert mental-health evidence, thereby giving the Government a chance to prepare its own mental-health evidence in rebuttal." *LeCroy v. United States*, 739 F.3d 1297, 1305 n.6 (11th Cir. 2014). Providing the government, the opportunity to examine the defendant is therefore a matter of fundamental fairness; indeed, "the *only effective means* of challenging" testimony by a defendant's mental-health expert is testimony from a government "expert who has also examined [her]." *Cheever*, 571 U.S. at 94 (emphasis added). "Any other rule would undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of [her] mental state at the time of the alleged crime." *Id.*; *see also United States v. Holmes*, 2020 WL 5414786, at *2 (N.D. Cal. Sept. 9, 2020) ("Rule 12.2 . . . serves this interest in an adversarial presentation on a defendant's Rule 12.2(b) defense."); *United States v. Harding*, 219 F.R.D. 62, 63 (S.D.N.Y. 2003) ("Rule 12.2 implicitly recognizes that fairness virtually requires that the government have an opportunity to have the defendant examined by appropriate experts in order that it may prepare properly for trial.").

The importance of Rule 12.2(c)'s provision for a court-ordered government expert exam is further underscored by Rule 12.2(d)(1)(B), which permits a court to *exclude* "any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition . . . if the defendant fails to . . . submit to an examination when ordered under Rule 12.2(c)." *United States v. Telles*, 18 F.4th 290, 301 (9th Cir. 2021) (quoting Fed. R. Crim. P. 12.2(d)(1)(B) and concluding the district court acted within its discretion in excluding the testimony of the defendant's mental health expert where the defendant's malingering during the exam left the government "unable to rebut [defendant's expert's] conclusions with its own expert's diagnosis"). The government's expert cannot meaningfully address the defense expert's conclusions unless

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 5
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the government's expert is "given similar access to the 'basic tool' of his or her area of expertise: an independent review with and examination of the defendant." *United States v. Haworth*, 942 F. Supp. 1406, 1408 (D.N.M. 1996). The government therefore has a compelling need to conduct its own examination of Thompson.

Moreover, when a defendant places her own mental health at issue by filing a Rule 12.2 notice, she waives the right to remain silent and creates the need for the government expert's examination so essential to the review and consideration of the defendant's assertions. *See, e.g.*, *United States v. Curtis*, 328 F.3d 141, 144–45 (4th Cir. 2003) ("When a defendant asserts a mental status defense and introduces psychiatric testimony in support of that defense . . . he may be required to submit to an evaluation conducted by the prosecution's own expert. That defendant has no Fifth Amendment protection . . .[T]he defendant waives his right to remain silent . . . by indicating that he intends to introduce psychiatric testimony." (quoting *Savino v. Murray*, 82 F.3d 593, 604 (4th Cir. 1996) and citing *Buchanan v. Kentucky*, 483 U.S. 402, 422–23 (1987))). The Supreme Court reaffirmed this principle in *Cheever*. In reversing the Kansas State Supreme Court, the Court explained that, where a defendant "offer[s] expert testimony about [her] inability to form the requisite *mens rea*," the Fifth Amendment does not bar the government from admitting defendant's statements to the government's expert during a court-ordered government exam. 571 U.S. at 95.

Accordingly, to ensure compliance with Rule 12.2, and to provide for fundamental fairness and protect the "core truth-seeking function of the trial, *id.*, the United States respectfully requests that the Court issue an order directing Thompson to submit to a mental-health examination by the government's expert, in accordance with the procedures and schedule set forth below in section C.

### B. The United States' mental-health expert should have access to the notes and test data of Thompson's expert as well as Thompson's mental-health records

The government also moves to compel production of the medical records from three of Thompson's health care providers that Thompson provided to Dr. Goldenberg and that he reviewed, as well as the test results, raw testing data, and any notes from Dr.

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 6
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Goldenberg's examination of Thompson. *See* Dkt. No. 46, Exhibit 4 (sealed) at 1–2. Thompson has waived the privilege associated with these records by putting her psychological state in issue. *See Jaffee v. Redmond*, 518 U.S. 1, 15 n.14 (1996) ("Like other testimonial privileges, the patient may of course waive the protection" of the psychotherapist-patient privilege.); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *Kronenberg v. Baker & McKenzie LLP*, 747 F. Supp. 2d 983, 989 (N.D. Ill. 2010) ("[W]aiver is based upon the obvious principle of fairness that a party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information related to those issues."); *United States v. Wilson*, 2012 WL 3890951, at *7 (E.D.N.Y. Sept. 7, 2012) (applying the waiver rule in a criminal case where the defendant put his mental state at issue). *See also United States v. Ives*, 609 F.2d 930, 932 (9th Cir. 1978) (disagreeing with trial court's exclusion of medical records as "too remote in time" and explaining that the records were relevant to determining the "continuing mental state" of a defendant who had placed his mental condition at issue in his defense). A party cannot on the one hand "advance[e] a claim to a court . . . while relying on its privilege to withhold from a litigation adversary materials that the adversary might need to effectively contest or impeach the claim." *John Doe Co. v. United States*, 350 F.3d 299, 303 (2d Cir. 2003).

Fairness dictates that the government's expert must be given the opportunity to review such records in preparation for rebutting Thompson's Rule 12.2 defense at trial. *See also* Fed R. Crim. P. 16(b)(1)(B), advisory committee notes (1966 amendment) ("In cases where both prosecution and defense have employed experts to conduct tests such as psychiatric examinations, it seems as important for the government to be able to study the results reached by defense experts which are to be called by the defendant as it does for the defendant to study those of government experts.")

In sum, the United States respectfully requests that the Court's order directing Thompson to undergo a mental-health examination by the government's experts also direct her to produce all of the mental health records examined by Dr. Goldenberg, as well as

UNITED STATES' MOTION FOR EXAMINATION OF DEFENDANT UNDER RULE 12.2(c) - 7
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

records created as part of his examination of Thompson, so that they may be reviewed by the government's expert. Such a review is vital to the government's ability to respond to, and rebut, Thompson's mental-health defense.

### C. The Court should order the following procedures for the government expert's examination of Thompson

The government requests the Court order the examination under Rule 12.2(c)(l)(B) to be completed on or before March 7, 2022, under the following conditions:

- The examination will occur over one day and will be scheduled to begin at 8:00 a.m.

- The examination will take place in an office or laboratory setting with COVID-19 precautions. All persons present must be fully vaccinated against COVID-19.

- The examination will consist of an interview portion, conducted by Dr. Ken Muscatel, and a testing portion conducted by a third-party psychologist chosen by Dr. Muscatel.

- Dr. Muscatel will prepare the questions for the interview portion of the examination and neither the government nor the defense will review the interview questions in advance of the interview.

- The government will not be present during the examination. An observer representing the defense may be present during the interview portion of the examination, but only Thompson and the third-party test administrator will be present during the testing portion.

- Dr. Muscatel will record the interview. *See United States v. Fell*, 2015 WL 13781291, at *2 (D. Vt. Oct. 9, 2015) (video recording the examination is "consistent with the American Bar Association's Guidelines on Criminal Justice Mental Health Standards").

### D. Conclusion

For the foregoing reasons, the government requests the Court issue an order directing Thompson to (1) produce no later than February 9, 2022, (a) all health care records, and any other records provided to Dr. Goldenberg, and (b) all testing data, test results, notes, reports produced during Dr. Goldenberg's examination of Thompson; and

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 8
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  (2) submit no later than February 28, 2022, to a government examination to be led by Dr.
2  Ken Muscatel.
3      DATED: January 27, 2022.

            Respectfully submitted,

            NICHOLAS W. BROWN
            United States Attorney

             *s/ Andrew C. Friedman*
            ANDREW C. FRIEDMAN
            JESSICA M. MANCA
            TANIA M. CULBERTSON
            Assistant United States Attorneys
            700 Stewart Street, Suite 5220
            Seattle, Washington 98101
            Phone: (206) 553-7970
            Fax: (206) 553-0882
            E-mail: andrew.Friedman@usdoj.gov
                    jessica.Manca@usdoj.gov
                    tania.Culbertson@usdoj.gov

UNITED STATES' MOTION FOR EXAMINATION
OF DEFENDANT UNDER RULE 12.2(c) - 9
*United States v. Thompson,* CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970