# EXHIBIT A

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Andrew C. Friedman*
*Assistant United States Attorney*
*Direct Line: (206) 553-2277*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle WA, 98101*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA  98402*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

December 14, 2021

**BY E-MAIL**

Brian Klein, Esq.
Melissa Meister, Esq.
Emily Stierwalt, Esq.
Waymaker
777 South Figueroa Street, Suite 2850
Los Angeles, California 90017

Mohammad Hamoudi, Esq.
Christopher Sanders, Esq.
Nancy Tenney, Esq.
Office of the Federal Public Defender
1601 5th Avenue, Suite 700
Seattle, Washington 98101

Re:  *United States v. Paige Thompson,* CR19-159 RSL

Dear Counsel:

We write in response to your Notice of Intent to Present Expert Evidence of a Mental Condition Pursuant to Federal Rule of Criminal Procedure 12.2(b), filed on December 6, 2021 (Dkt. 126).  Based on that notice, we are:  (1) reiterating our request for reciprocal defense discovery under Federal Rule of Criminal Procedure 16(b)(1), and (2) providing notice of our intent to pursue a mental health examination of your client pursuant to Rule 12.2(c)(1)(B).

1. **Discovery**

The notice you have provided under Rule 12.2(b) is untimely and insufficient.  Specifically, the notice must comply with Rule 16(b)(1)(C)(ii), which requires the defendant to provide a written summary of any testimony that the defendant intends to introduce at trial under Rule 12.2(b) and Federal Rule of Evidence 702, 703, or 705.  We

are therefore reiterating our request for expert discovery under Rule 16(b)(1)(C), which was first made in a letter to you on October 2, 2019.  We respectfully request that you make this disclosure as soon as possible to allow the government time to retain rebuttal experts and provide such experts sufficient time to review necessary materials and examine your client.  Any further delays in disclosure may necessitate continuance of the scheduled trial date.

2. **Mental Health Examination**

Federal Rule of Criminal Procedure 12.2(c)(1)(B) states, "If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court."  An examination is appropriate on these facts because it is necessary for the government to fairly rebut the defendant's expert evidence. *See United States v. Holmes*, No. 18-cr-258-EJD-1, 2020 WL 5414786 (N.D. Cal. Sept. 9, 2020); *United States v. Catalan Roman*, 376 F. Supp. 2d 108, 115 (June 7, 2005) (collecting cases); *United States v. White*, 21 F. Supp. 24 1197 (E.D. Cal. Oct. 15, 1998); *see also Kansas v. Cheever*, 571 U.S. 87 (2013) ("We hold that where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit a crime, the prosecution may offer evidence from a court-ordered psychological examination for the limited purpose or rebutting the defendant's evidence."); *United States v. Buchbinder*, 796 F.2d 910, 915 (7th Cir. 1986) (noting that the purpose of Rule 12.2 notice is to give the government an opportunity to prepare for cross-examination of defense experts and present rebuttal experts).

Please advise whether Ms. Thompson will consent to an examination by a government expert.  Although we cannot even retain an expert until we receive your disclosures, since it is impossible to select an appropriate expert in the abstract, we will be glad to discuss any preferences Ms. Thompson has regarding the time, place, and manner of an examination once we have an expert on board.

NICHOLAS W. BROWN
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*

ANDREW C. FRIEDMAN
JESSICA M. MANCA
Assistant United States Attorneys