# EXHIBIT 4

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*  
*Andrew C. Friedman*  
*Assistant United States Attorney*  
*Direct Line: (206) 553-2277*

*700 Stewart Street, Suite 5220*  
*Seattle WA, 98101-1271*  
*www.usdoj.gov/usao/waw*

*Tel:  (206) 553-7970*  
*Fax: (206) 553-0882*

August 8, 2020

**BY E-MAIL**

Brian Klein, Esq.
Melissa Meister, Esq.
Baker Marquart LLP
777 South Figueroa Street
Los Angeles, California  90017

Mohammad Hamoudi, Esq.
Christopher Sanders, Esq.
Nancy Tenney, Esq.
Office of the Federal Public Defender
1601 5th Avenue, Suite 700
Seattle, Washington  98101

      Re:    *United States v. Paige Thompson,* No. CR19-0159RSL (W.D. Wash.)

Dear Counsel:

      We write to respond to Brian's letter of July 23, 2020.  That letter asserts that our responses to two of your discovery requests (namely, the requests for (1) documents in the hands of four bank-regulatory agencies and (2) a copy of a Mandiant report provided by Capital One to those agencies as well as related correspondence) are incomplete.  The letter asserts that we have a duty to at least review these documents for exculpatory information.

      That position is incorrect.   As an initial matter, you have not explained why any of the materials that you seek are likely to contain information that is exculpatory and therefore would need to be produced pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  It seems unlikely that they would contain such information, given that your client has admitted hacking into Capital One and other companies' servers and that information taken during that hacking was recovered from her computer.  Even if any

of these materials could be considered exculpatory, however, under *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989), the scope of the government's discovery obligation

> turn[s] on the extent to which the prosecutor has knowledge of and access to the documents sought by the defendant . . . The prosecutor will be deemed to have such knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant.

As one district court in this Circuit has further explained, in applying this standard

> a reasonable balanced approach must be undertaken. To the extent that the agencies have supplied significant amounts of information to the prosecutor or investigators upon which the government will rely in the case, upon their request . . . such documents are in the possession of the government for the purposes of this case. However, to the extent that the prosecution and investigators have simply queried agencies . . . to confirm or dis-affirm leads, theories, facts, and have obtained a stray document or two, these agencies . . . are not within the government for purposes of this case. Nor are agencies which were, or have to be, subjected to formal processes to obtain information considered to be within the control of the "government" for purposes of this case.

*United States v. Salyer*, 271 F.R.D. 148, 156 (E.D. Ca. 2010).

In the present case, the Federal Bureau of Investigation's (FBI's) and our investigation have been entirely separate from the bank regulatory agencies from which you seek production. Neither we, nor the agents and analysts at the FBI involved in our criminal investigation, either have reviewed, or are in possession of, any of the documents being held by the four bank-regulatory agencies. Nor have we requested or obtained other documents from those agencies. As a result, the government cannot be considered to have "knowledge of and access to the[se] documents," *Bryan,* 868 F.2d at 1036, and we are neither able, nor required, to review them or to produce them to you.

Although your letter cites a number of cases, and broad language from those cases, in support of your position, it is important to note that none of those cases involved a situation like that in Ms. Thompson's case. In particular, none applies

*Bryan's* standards or addressed the scope of the government's general obligation to obtain information from unrelated regulatory agencies.

Indeed, three of the cases involve discovery of matters within the possession of the very police officers investigating the case at hand. *Kyles v. Whitley*, 514 U.S. 419 (1995); *Strickler v. Greene*, 527 U.S. 263 (1999); *Browning v. Baker*, 875 F.3d 444 (9th Cir. 2017). The fourth involved discovery of information possessed by the same prosecuting attorney's office that was prosecuting the case at hand. *Amado v. Gonzalez*, 758 F.3d 1119 (9th Cir. 20134). And, the fifth hinged entirely on the government's obligation to disclose evidence that impeached testifying informants, given the inherent untrustworthiness of such witnesses, and, even then, involved only information in the witness's Department of Corrections file, rather than that in the hands of a remote regulatory agency. *Carriger v. Stewart*, 132 F.3d 463 (9th Cir. 1997). As a result, none of these cases supports the position that the government is required to review or produce the materials you seek.

Finally, your letter asks that the Government confirm that it has produced not only correspondence between the FBI and Capital One (which we already have confirmed), but also between other law enforcement agencies, including the United States Attorney's Office, and Capital One. To the extent that there has been substantive correspondence involving the United States Attorney's Office that could be discoverable, we have produced it. We are unaware of any such correspondence with other law enforcement agencies, since no other law enforcement agencies are part of the prosecution team in this case.

          Sincerely,

          BRIAN T. MORAN
          United States Attorney


          *s/Andrew C. Friedman*
          ANDREW C. FRIEDMAN
          Assistant United States Attorney


          *s/Steven T. Masada*
          STEVEN T. MASADA
          Assistant United States Attorney