# EXHIBIT 6



**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Justin W. Arnold*
*Assistant United States Attorney*
*Direct Line: (206) 553-5558*

*700 Stewart Street, Suite 5220*   *Tel: (206) 553-7970*
*Seattle WA, 98101-1271*           *Fax: (206) 553-2502*
*www.usdoj.gov/usao/waw*

October 26, 2020

**BY E-MAIL**

Brian Klein, Esq.
Melissa Meister, Esq.
Emily Stierwalt, Esq.
Baker Marquart LLP
777 South Figueroa Street
Los Angeles, California 90017

Mohammad Hamoudi, Esq.
Christopher Sanders, Esq.
Nancy Tenney, Esq.
Office of the Federal Public Defender
1601 5th Avenue, Suite 700
Seattle, Washington 98101

      Re:  *United States v. Paige Thompson,* CR19-0159RSL

Dear Counsel:

      We write to follow up on our conversation of last week, and to address a number of topics raised during that conversation.



2. *Discovery*

  i. Bank Regulatory Materials

We already have exchanged multiple letters concerning your request that we obtain documents in the hands of four bank regulatory agencies. As we stated during our conversation, we reached our position after both extensive research and consultation with our Office's discovery expert. As a result, the position is one we believe is correct, and from which we will not depart.

We do not want to repeat points that we already have made in our letters. But, as we stated during our conversation, we do not believe that your proposal that we review these materials ourselves to determine whether they contain materials discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), makes sense. First, given that you claim that

you believe that our legal theories are invalid (a point with which we disagree) and yet are unwilling to explain why that supposedly is the case, it is difficult to see how we could evaluate the materials to identify portions that you would consider exculpatory. Second, if we were somehow able to obtain the materials and evaluate them, the records might well be found to be in our possession, custody, or control, such that we would be obliged to produce them to you, rather than merely review them.

For these reasons, as well as those contained in our prior letters, to the extent that you wish to obtain the materials you seek, we would suggest that you pursue whatever other options you have, rather than seeking to squeeze these materials within the framework of our discovery obligations.



Sincerely,

BRIAN T. MORAN
United States Attorney

  */s/ Andrew C. Friedman*
  */s/ Steven T. Masada*
_____
ANDREW C. FRIEDMAN
STEVEN T. MASADA
Assistant United States Attorneys