UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>PAIGE THOMPSON,<br><br>    Defendant. | Case No. CR19-159-RSL<br><br>ORDER DENYING MOTION FOR A PRETRIAL HEARING REGARDING THE ADMISSIBILITY OF EXPERT TESTIMONY |

This matter comes before the Court on the government's "Motion for a Pretrial Hearing Regarding the Admissibility of Expert Testimony, and for Necessary Recesses" (Dkt. # 125). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

The government moves the Court to (i) schedule a pretrial hearing regarding the admissibility of defense expert testimony, or, in the alternative, (ii) build recesses into the trial schedule so that the government may evaluate the admissibility of defense expert testimony under Fed. R. Evid. 702, effectively cross-examine surprise witnesses, and prepare rebuttal expert testimony. While the government frames the first request as a pretrial hearing, it is effectively asking the Court to require the defense to disclose its expert witnesses and the nature of their testimony before the trial.

ORDER DENYING MOTION FOR A PRETRIAL
HEARING REGARDING THE ADMISSIBILITY
OF EXPERT TESTIMONY - 1

## I. Request for Pretrial Hearing

Fed. R. Crim. P. 16 governs pretrial disclosure. In particular, Fed. R. Crim. P. 16(a)(1)(G) governs the government's obligation to make pretrial disclosure of expert witnesses to defendant. It states, in relevant part, "At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The rule works in tandem with Fed. R. Crim. P. 16(b)(1)(C), which governs defendant's obligation to make pretrial disclosure of expert witnesses to the government. It states:

> The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—
>
> (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies; or
>
> (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.[1]
>
> This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim. P. 16(b)(1)(C). Therefore, defendant is only required to make expert witness disclosures to the government under subsection (i) if defendant first requested such information from the government and the government complied with the request.

It is undisputed that defendant has not requested disclosure from the government regarding expert witnesses under Fed. R. Crim. P. 16(a)(1)(G). It is also undisputed that

---

[1] Defendant has given notice under Fed. R. Crim. P. 12.2(b). See Dkt. # 126. However, the government does not argue that satisfaction of subsection (ii) of Fed. R. Crim. P. 16(b)(1)(C) entitles it to disclosure regarding defendant's expert witnesses under subsection (i).

ORDER DENYING MOTION FOR A PRETRIAL
HEARING REGARDING THE ADMISSIBILITY
OF EXPERT TESTIMONY - 2

defendant is therefore not subject to a reciprocal obligation to provide expert disclosures pursuant to Fed. R. Crim. P. 16(b)(1)(C)(i).

The government argues that although Fed. R. Crim. P. 16 controls as to the scope of defendant's pretrial discovery obligations, it does not control the Court's discretion to manage trial procedures or exercise its expert witness gatekeeping function under Fed. R. Evid. 702, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999).  It is this discretion, the government argues, the Court should use to order a pretrial hearing.  The government contends that such an exercise of discretion is consistent with Fed. R. Crim. P. 57(b), which, in the absence of controlling law, gives the Court the authority to "regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."  Fed. R. Crim. P. 57(b).

However, contrary to the government's attempt to limit Fed. R. Crim. P. 16 to the *scope* of pretrial discovery, Fed. R. Crim. P. 16 is controlling law setting forth pretrial discovery *procedure*.  It sets forth not only the content of discovery, but the conditions under which it must be disclosed.  See Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C); cf. United States v. Dailey, 155 F.R.D. 18, 21–22 (D.R.I. 1994) (explaining that Fed. R. Crim. P 16 sets forth a conditional disclosure procedure and concluding that the court's inherent authority therefore could not provide a basis for upholding a standard order that removed the conditional element and made defendant's obligations automatic).  While the Court enjoys broad discretion to exercise its gatekeeping function, "the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." Dietz v. Bouldin, 579 U.S. 40, 45 (2016).  Fed. R. Crim. P. 57(b) mandates consistency with the Federal Rules of Criminal Procedure, but the pretrial order sought by the government would circumvent the conditional disclosure procedure set forth those rules.  Fed. R. Crim. P. 57(b) therefore does not permit such an order.

The government also argues that because CrR 23.3 requires the defense to identify its exhibits and witnesses no later than ten days before trial regardless of any obligations (or lack

ORDER DENYING MOTION FOR A PRETRIAL
HEARING REGARDING THE ADMISSIBILITY
OF EXPERT TESTIMONY - 3

thereof) under Fed. R. Crim. P. 16, there is no reason to delay pretrial resolution of expert testimony admissibility.  The Supreme Court addressed a similar argument in Williams.  In that case, the Supreme Court upheld Florida's notice-of-alibi rule, which required defendants to provide the government pretrial notice of an alibi defense and related information.  The Supreme Court concluded that the notice-of-alibi rule did not violate due process or the Fifth Amendment, reasoning, "At most, the rule only compelled petitioner to accelerate the timing of his disclosure, forcing him to divulge at an earlier date information that the petitioner from the beginning planned to divulge at trial."  Williams v. Florida, 399 U.S. 78, 85 (1970).  However, the case at hand is not analogous to Williams.  First, Williams evaluated a statute for constitutionality, while the government here asks the Court to act outside the bounds of the written rules in reliance on its inherent authority.  That the Court's actions might be constitutional is therefore insufficient if they are also in conflict with the governing law.  Second, CrR 23.3 requires only a list of witnesses, while Fed. R. Crim. P. 16(b)(1)(C) requires a description of "the witnesses' opinions, the bases and reasons for those opinions, and the witness's qualifications."  Compare Local Rules W.D. Wash. CrR 23.3 with Fed. R. Crim. P. 16(b)(1)(C).  The argument that the government is merely requesting an acceleration of the defense's obligations under CrR 23.3 therefore fails, as the government seeks significantly more information than the local rule requires.  The government is therefore constrained to the procedure of Fed. R. Crim. P. 16 to obtain (or not) the information it seeks pretrial, and the Court reiterates its earlier conclusion that it lacks the authority to alter the procedure set forth in that rule.

Additionally, even if the Court possessed the inherent authority to grant the pretrial hearing, it is not compelled to do so.  See United States v. Alatorre, 222 F.3d 1098, 1100 (9th Cir. 2000) ("[N]either the Supreme Court's trilogy of cases [Daubert, Kumho, and General Elec. Co. v. Joiner, 522 U.S. 136 (1997)] nor any of our own compels trial courts to conduct separate, pretrial hearings to discharge their gatekeeping duties.").  The exercise of the Court's authority "must be a reasonable response to the problems and needs confronting the court's fair

ORDER DENYING MOTION FOR A PRETRIAL
HEARING REGARDING THE ADMISSIBILITY
OF EXPERT TESTIMONY - 4

administration of justice." Dietz, 579 U.S. at 45 (quotation omitted).  While the government raises concerns that the Court's exercise of its gatekeeping function during trial may cause significant delays, ordering early disclosure would be an unreasonable response to this problem. Cf. United States v. Harwin, Case No. 2:20-cr-115-JLB-MRM, 2021 WL 5707579 (M.D. Fl. 2021) (concluding that even if the court had the discretion to order defendant to disclose expert witnesses despite making no such request to the government under Fed. R. Crim. P. 16, it was nonetheless unnecessary, given availability of alternative gatekeeping methods); United States v. Impastato, 535 F. Supp. 2d 732, 743 (E.D. La. 2008) (finding that the court's gatekeeping procedures "must be crafted in a way that respects the fact that the Defendant has no obligation to present a defense until the Government has established its case," and ordering *in camera* submission of the identity and subject matter of defense expert witnesses).

## II.     Request for Trial Recesses

Regarding the government's request for trial recesses, the Court agrees that such trial procedure is within its discretion if appropriate.  See United States v. Chin, 476 F.3d 144, 146 (2d Cir. 2007) (finding trial court acted prudently in granting a one-day continuance where government called surprise witness); see also Hernandez v. United States, 352 F.2d 240, 240 (9th Cir. 1965) (finding trial court did not err in failing to recess the trial for defendant to get three witnesses where no surprise during the trial required such a course).  However, it is unclear what specific relief the government seeks at this time.  The Court will consider the propriety of recesses when appropriate.  Cf. United States v. Janati, 374 F.3d 263, 273, 275 (4th Cir. 2004) (concluding district court had not abused its discretion where, in absence of any particular evidence chart on which to rule, the district court issued a general ruling that charts may be used but left specified rulings until later).

ORDER DENYING MOTION FOR A PRETRIAL
HEARING REGARDING THE ADMISSIBILITY
OF EXPERT TESTIMONY - 5

### III. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that the government's Motion for a Pretrial Hearing Regarding the Admissibility of Expert Testimony, and for Necessary Recesses (Dkt. # 125) is DENIED.

DATED this 21st day of March, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR A PRETRIAL
HEARING REGARDING THE ADMISSIBILITY
OF EXPERT TESTIMONY - 6