UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>PAIGE THOMPSON,<br><br>   Defendant. | Case No. CR19-159RSL<br><br>ORDER DENYING MOTION FOR EARLY RETURN OF TRIAL SUBPOENA TO CAPITAL ONE |

This matter comes before the Court on defendant's "Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp." (Dkt. # 111). Having reviewed the submissions of defendant and Capital One and the remainder of the record, the Court finds as follows:

**I.     Threshold Matters**

As threshold matters, the Court first considers (A) defendant's motions to file overlength, and (B) Capital One's access to defendant's *ex parte* sealed affidavit.

**A.  Motions to File Overlength**

The Court grants defendant's "Motion to File Overlength Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp." (Dkt. # 110). Defendant may file a fourteen-page motion. The Court also grants defendant's "Motion to File Overlength Reply Re Defense Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp." (Dkt # 120). Defendant may file a seven-page reply.

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO CAPITAL
ONE - 1

### B. *Ex Parte* Sealed Affidavit

In support of her motion for early return of trial subpoena, defendant concurrently filed an *ex parte* sealed affidavit of counsel (Dkt. # 112). Defendant contends that filing the affidavit *ex parte* and under seal is appropriate because it discusses and reveals defense strategy. Dkt. # 111 at 1-2 n.1. Capital One asks the Court to order defendant to provide Capital One with access to the affidavit on the grounds that *ex parte* filing of the affidavit strips Capital One of its ability to review and respond to defendant's arguments regarding the relevancy of contracts and invoices requested by the defendant. Dkt. # 118 at 3, 6. Capital One further argues that it is not a party to the criminal case and should therefore be permitted access to the affidavit under an appropriate protective order if necessary. Dkt. # 118 at 6.

Parties may file motions for Rule 17(c) subpoenas *ex parte* and under seal to avoid disclosing defense strategy. See e.g., United States v. Tomison, 969 F. Supp. 587, 595 (E.D. Cal. 1997) (interpreting Rule 17(c) to allow *ex parte* sealed application to serve a subpoena on a third party where defendant could not make the showing required under Rule 17(c) without revealing trial strategy). The Court finds that the defendant has made a sufficient showing that the affidavit contains defense strategy, and therefore is permissibly filed *ex parte* and under seal.

"[T]here is no presumption of public access . . . that attaches to Rule 17(c) subpoena applications and their supporting materials. Accordingly, parties can only justify accessing sealed or in camera Rule 17(c) subpoenas, subpoena applications, and supporting documents by demonstrating a 'special need.'" United States v. Sleugh, 896 F.3d 1007, 1015 (9th Cir. 2018). The Court rejects Capital One's contention that its status as a non-party to the criminal case demonstrates a "special need." See Dkt. # 118 at 6.

Capital One's request for the Court to order defendant to provide Capital One the *ex parte* sealed affidavit is therefore denied.

### II. Early Return of Trial Subpoena

Issuance of subpoenas in a criminal proceeding is governed by Federal Rule of Criminal Procedure 17. Rule 17(c)(1) provides for the issuance of a subpoena for pretrial production of

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO CAPITAL
ONE - 2

documents, but "a Rule 17(c) subpoena is not intended to serve as a discovery tool." United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). The burden is on the party seeking production to show the relevance, admissibility, and specificity of the materials sought, see Sleugh, 896 F.3d at 1012 (citing United States v. Nixon, 418 U.S. 683, 700 (1974)), and conclusory allegations of relevance and admissibility are insufficient to meet the moving party's burden. United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981). The "specificity and relevance elements require more than the title of a document and conjecture as to its contents." United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996) (quoting United States v. Arditti, 955 F.2d 331, 345 (5th Cir. 1992), cert. denied, 506 U.S. 998 (1992)). Succinctly, a Rule 17(c) subpoena cannot be issued upon a "mere hope" that the desired documents would produce favorable evidence. See Hang, 75 F.3d at 1283 (quoting United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir.1980), cert. denied, 449 U.S. 1126 (1981)).

Defendant has not met her burden of showing that the materials in her request are relevant, admissible and specific. Defendant requests from Capital One three categories of materials: (i) "Any communications involving anyone in the Company's Office of the Chief Information Security Officer or any Executive Officers (e.g., CEO, CFO, GC, and CIO) of the Company with anyone at Amazon Web Services [("AWS")] relating to the Incident." Dkt. # 111 at 7; (ii) "Any contracts between the Company and AWS relating to cloud infrastructure." Dkt. # 111 at 7; and (iii) "Any bills and invoices sent from AWS to the Company for providing cloud infrastructure from January 1, 2019 through December 31, 2020." Dkt. # 111 at 7.

Communications:[1] Defendant submits that the communications will show how Capital One characterized her alleged actions "and if (and when) that characterization changed." Dkt.

---

[1] Capital One asserts the common interest privilege over the communications in question. Dkt. # 118 at 2, 3-5. Defendant argues that the common interest privilege does not apply because (i) the presumption that communications between attorneys are privileged does not apply to in-house counsel, and all parties on the emails were in-house counsel; (ii) the common interest privilege only applies when parties have a common legal interest, whereas Capital One and AWS may have a common business

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO CAPITAL
ONE - 3

1 # 111 at 11. Defendant offers only a conjecture as to the contents of these communications, and this is insufficient to fulfill her burden of showing specificity and relevance. See Hang, 75 F.3d at 1283.

Contracts: Defendant submits that the contacts will explain what cloud infrastructure Capital One was renting from AWS and may inform defendant if AWS advised Capital One of any limitations or configuration weaknesses. Dkt. # 111 at 11. Defendant's broad request is overinclusive, and likely sweeps in a great deal of irrelevant or inadmissible information. Defendant's contention that the contracts may inform her of limitations or weaknesses is speculative and indicative of a "mere hope" that the contracts will include favorable evidence. See Hang, 75 F.3d at 1283.

Bills and Invoices: Defendant submits that the bills and invoices are relevant to the government's allegations of "cryptojacking" and concomitant damage to Capital One. Dkt. # 111 at 11. In support, defendant explains that AWS' publicly available pricing structure indicates that number EC2 instances and volume of data transfer affect invoice pricing, and these items would have been impacted by defendant's alleged activities. Dkt. # 121 at 6. This request is likewise overinclusive. Further, while defendant supports that AWS pricing is typically influenced by actions of the sort that defendant is alleged to have taken, her supposition that the Capital One invoices in particular will include information relevant to her alleged actions is speculative. See Hang, 75 F.3d at 1283. The Court also notes that according to the Bill of Particulars, which the government filed after briefing for the instant motion had been submitted, defendant is not alleged to have cryptojacked Capital One. See Dkt. # 210 at 3-4; see also Dkt. # 166 at ¶31.

---

interest; and (iii) the common interest privilege does not apply to communications made to further a government investigation. Dkt. # 121 at 2-4. Because the Court concludes defendant has not made the threshold showing for issuing a pretrial subpoena for documents under Rule 17(c), the Court need not reach those questions.

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO CAPITAL
ONE - 4

The Court therefore finds that defendant has not met her burden of justifying the issuance of a subpoena under Rule 17(c).  The instant motion was between defendant and Capital One. The Court, however, reminds the government, as it is surely aware, that this Order does not abridge its responsibility to turn over to the defense not only requested evidence supporting the charges, see Fed. R. Crim. P. 16(a), but any exculpatory evidence that the government has in its possession (or could have obtained from any victim) under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

For all of the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendant's Motion to File Overlength Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp. (Dkt. # 110) is GRANTED.
2. Defendant's Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp. (Dkt. # 111) is DENIED.
3. Capital One's request for the Court to order defendant to provide Capital One the *ex parte* sealed affidavit (Dkt. # 118) is DENIED.
4. Defendant's Motion to File Overlength Reply Re Defense Motion for Early Return of Trial Subpoena to Capital One Bank (USA), N.A./Capital One Financial Corp. (Dkt # 120) is GRANTED.

DATED this 21st day of March, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EARLY RETURN OF TRIAL SUBPOENA TO CAPITAL ONE - 5