UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE THOMPSON,<br><br>Defendant. | Case No. CR19-159-RSL<br><br>ORDER DENYING MOTION FOR EARLY RETURN OF TRIAL SUBPOENA TO AWS |

This matter comes before the Court on defendant's "Motion for Early Return of Trial Subpoena to Amazon Web Services, Inc." (Dkt. # 149). Defendant further filed a "Motion to File Overlength Reply in Support of Motion for Early Return of Trial Subpoena to Amazon Web Services, Inc." (Dkt. # 185). Having reviewed the submissions of defendant and Amazon Web Services, Inc. ("AWS") and the remainder of the record, the Court finds as follows:

**I.      Motion to File Overlength Reply**

As a threshold matter, the Court grants defendant's motion to file an overlength reply. (Dkt. # 185). Defendant may file a seven-page reply.

**II.     Motion for Early Return of Trial Subpoena**

Defendant argues that she is entitled to early return of a trial subpoena because the information sought goes to issues in dispute with the government and will assist with her defense at trial. Namely, defendant argues that the information goes to whether she accessed a computer without authorization and to her specific intent. Dkt. # 149 at 3-4, 7-8.

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO AWS - 1

Issuance of subpoenas in a criminal proceeding is governed by Federal Rule of Criminal Procedure 17.  Rule 17(c)(1) provides for the issuance of a subpoena for pretrial production of documents, but "a Rule 17(c) subpoena is not intended to serve as a discovery tool."  United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)).  The burden is on the party seeking production to show the relevance, admissibility, and specificity of the materials sought.  See United States v. Sleugh, 896 F.3d 1007, 1012 (9th Cir. 2018) (citing United States v. Nixon, 418 U.S. 683, 700 (1974)).  The moving party must demonstrate a "sufficient likelihood" that the documents sought are material to an issue in the case.  Nixon, 418 U.S. at 700.  The mere hope that the desired documents may contain favorable evidence is insufficient.  See United States v. Hang, 75 F.3d 1275, 1283 (8th Cir. 1996); United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980), cert. denied, 449 U.S. 1126 (1981); United States v. Bookie, 229 F.2d 130, 133 (7th Cir. 1956).

Defendant has not met her burden of showing that the materials in her request are relevant, admissible, and specific.  Defendant requests from AWS two categories of materials: (i) "Any contracts relating to cloud infrastructure and/or WAFs between the Company and one of the following parties: Capital One, [Victim 2], [Victim 3], [Victim 4], [Victim 5], [Victim 6], [Victim 7], and/or [Victim 8];" and (ii) "Any bills and invoices for providing cloud infrastructure from January 1, 2019 through December 31, 2020 sent from the Company to the following entities: AWS, Capital One, [Victim 2], [Victim 3], [Victim 4], [Victim 5], [Victim 6],[Victim 7], and/or [Victim 8]."  Dkt. # 145 at 7.

Contracts:  Defendant argues that the contacts will explain what cloud infrastructure the alleged victims were renting from AWS, may potentially inform defendant if AWS advised the alleged victims of any limitations or configuration weaknesses, may shed light on whether the alleged victims contemplated any type of "value" associated with the data stored on the AWS servers, and may potentially establish who was responsible for configuring and providing security features and/or enhancements for the AWS servers rented by the alleged victims.  Dkts. # 149 at 10, # 186 at 5.

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO AWS - 2

Defendant's contentions that the contracts may *potentially* inform her of limitations or configuration weaknesses, *may shed light* on any contemplated data value, and may *potentially* establish configuration responsibility are speculative and indicative of a mere hope that the contracts will include favorable evidence.

Even if the contracts contain the information that defendant seeks, her broad request is overinclusive, as it almost certainly sweeps in a great deal of irrelevant or inadmissible information. That defendant says her requests are "targeted" does not make it so. See Dkt. # 186 at 2.

Bills and Invoices: Defendant argues that the bills and invoices are relevant to the government's allegations of "cryptojacking" and concomitant damage to the alleged victims. Dkts. # 149 at 10, # 186 at 5-6. In support of this request, defendant states that the government has alleged over $5,000 in damages caused by her alleged cryptojacking but has produced no evidence of damage, and that these bills and invoices would show if her alleged activities caused damage to the victim entities by increasing their bills. Id. at 10-11.

Defendant tacitly concedes that she does not know what the bills and invoices would show, but merely hopes that they would indicate no uptick in costs related to her alleged activities. This request is therefore speculative.

Further, this request covers a two-year period (January 1, 2019 to December 31, 2020), while the indictment covers only an approximately six-month period (March 2019 to August 2019). Dkts. # 149 at 7, # 166 at ¶¶ 1, 31. Defendant does not explain her need for the additional eighteen months of bill and invoices. It is therefore also overinclusive, as it would likely sweep in a great deal of irrelevant and inadmissible information.

The Court therefore finds that defendant has not met her burden of justifying the issuance of a subpoena under Rule 17(c) for either the contracts or the bills and invoices.

This motion was between defendant and AWS. The Court, however, reminds the government that it has the burden of proving that the value of the information defendant allegedly obtained and the damages from defendant's alleged cryptojacking, respectively, exceeded $5,000. See Dkt. # 166 at ¶¶ 25, 27, 31. This Order in no way curtails the

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO AWS - 3

government's responsibility to turn over to the defense not only requested evidence supporting the charges, see Fed. R. Crim. P. 16(a), but any exculpatory evidence that the government has in its possession (or could have obtained from any victim) under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion for early return of trial subpoena (Dkt. # 149) is DENIED.
2. Defendant's motion to file overlength reply (Dkt. # 185) is GRANTED.

DATED this 21st day of March, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EARLY
RETURN OF TRIAL SUBPOENA TO AWS - 4