UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>PAIGE THOMPSON,<br><br>                Defendant. | Case No. CR19-159-RSL<br><br>ORDER GRANTING IN PART MOTION FOR EXAMINATION OF DEFENDANT |

This matter comes before the Court on the United States' "Motion for Examination of Defendant Under Federal Rule of Criminal Procedure 12.2(c) and Motion to Compel." (Dkt. # 190). The government further filed a "Motion to File a Reply Brief in Excess of Six Pages." (Dkt. # 194). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

    **I.**     **Motion to File Overlength Reply**

As a threshold matter, the Court grants the government's motion to file an overlength reply. (Dkt. # 194). The government may file an eleven-page reply.

    **II.**     **Motion for Examination of Defendant and to Compel**

The Government moves the Court (A) for a mental health examination of defendant under Fed. R. Crim. P. 12.2(c), and (B) to compel defendant to produce her mental health records for review by the government's expert.

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 1

**A. Mental Health Examination**

On December 6, 2021, counsel for defendant filed her "Notice of Intent to Present Expert Evidence of a Mental Condition Pursuant to Federal Rule of Criminal Procedure 12.2(b)." (Dkt. # 126). This notice states, "Ms. Thompson hereby provides notice to the United States Attorney's Office of her intent to present expert evidence of a mental health condition," and provided no further information regarding what this evidence might be. Dkt. # 126 at 1. Defense counsel later indicated to government counsel that defendant's expert evidence consisted of Dr. Matthew Goldenberg's August 2019 assessment of defendant, filed by the defense during pre-trial detention proceedings. Dkts. # 190 at 3, # 190-4 at 1.

Because defendant has provided notice under Fed. R. Crim. P. 12.2(b), the Court may, upon the government's motion, order defendant to be examined under procedures ordered by the Court. Fed. R. Crim. P. 12.2(c)(1)(B).

The defense does not object to the government's request to examine defendant. However, the parties dispute the procedures under which the examination should occur:

    1.    <u>Scope</u>: Defendant requests that the government's examination be limited in scope to the examination conducted by the defense expert, Dr. Goldenberg, which did not involve any discussion of the alleged offenses. Dkt. # 191 at 2. The government requests that its expert be permitted to ask any questions he deems necessary to form an expert opinion on defendant's mental state as relevant to her intent at the time of the charged offenses. Dkt. # 195 at 7.

    2.    <u>Test battery</u>: Defendant requests that the examination be limited to the battery of tests that Dr. Goldenberg administered to defendant. Dkt. # 191 at 2. The government requests that its expert be permitted to administer any tests he deems necessary to form an expert opinion on defendant's mental state as relevant to her intent at the time of the charged offenses. Dkt. # 195 at 7.

    3.    <u>Firewall</u>: Defendant requests that the government be required to appoint a "firewall" or "taint" prosecutor to oversee the government's examination and ensure that the examination results are not disclosed to the government's trial team until such time as defendant

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 2

elects to put on a mental health defense. Dkt. # 191 at 2. The government objects to this request. Dkt. # 195 at 9-10.

The government also requests the following undisputed procedures:

4. <u>Length</u>: The examination shall begin at 8am and occur over one day. Dkt. # 190 at 8.

5. <u>COVID-19 procedures</u>: The examination shall take place in an office or laboratory setting with COVID-19 precautions, and all persons in attendance must be fully vaccinated against COVID-19. <u>Id.</u>

6. <u>Evaluation administration</u>: The examination shall consist of an interview portion and a testing portion, both administered by the government's expert, Dr. Kenneth Muscatel. <u>Id.</u>; Dkt. # 195 at 8-9.

7. <u>Questions</u>: Dr. Muscatel shall prepare the questions for the interview portion of the examination and neither the government nor the defense shall review the interview questions in advance of the interview. Dkt. # 190 at 8.

8. <u>Observers</u>: One member of the defense counsel team shall accompany defendant during the interview portion of the examination. This person may be an attorney. Defendant shall be alone for the testing portion of the examination. No government attorneys or observers shall be present at the examination. Dkts. # 190 at 8, # 191 at 2, 10, # 195 at 8-9.[1]

9. <u>Recording</u>: The government's expert shall video record the interview. <u>Id.</u>

The Court examines the disputed procedures.

---

[1] The parties initially disputed whether defendant was entitled to be accompanied by counsel during the interview portion of the examination. Dkts. # 190 at 8, # 190-6 at 2, # 191 at 10. However, the government later indicated that it had learned, contrary to its original understanding, that Dr. Muscatel did not object to a defense attorney serving as the observer. The government further clarified that defendant would be alone during the testing portion, rather than supervised by a third-party test administrator, as the tests are designed to be taken alone and are validated only for that situation. Dkt. # 195 at 8-9.

Because the government conceded that defendant may be accompanied by defense counsel during the interview portion of the examination, the Court finds that this condition is no longer disputed.

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 3

**1. Scope**

Defendant argues that the scope of the government's examination should not exceed the scope of Dr. Goldenberg's examination. In particular, defendant argues that the government examination should inquire only into Dr. Goldenberg's diagnoses of defendant and that the government's expert should not ask defendant any questions regarding the alleged offenses, as Dr. Goldenberg did not do so. Defendant argues that the government's examination must be limited in this way, as her waiver of her Fifth Amendment right against self-incrimination implicit in putting on a mental health defense is limited only to allowing the government rebuttal, and Fed. R. Crim. P. 12.2(c)(4)(A) limits the government to the scope of defendant's proffered Fed. R. Crim. P. 12.2 testimony. Dkt. # 191 at 8-10.

The government counterargues that its expert should be permitted to ask any questions he deems necessary to form an expert opinion on defendant's mental state as relevant to her intent at the time of the charged offenses. To this end, the government argues that its expert must be permitted to ask defendant questions about the alleged offenses. The government hangs this argument on its contention that "the only subject on which Dr. Goldenberg's testimony is arguably relevant" is defendant's mental state at the time of the charged offenses. The government, however, notes that the defense has not explained defendant's intended purpose for her mental health evidence. Dkt. # 195 at 7-8.

The Court agrees with defendant that the scope of the government's examination must be limited to the scope of Dr. Goldenberg's examination. A compelled mental condition examination implicates defendant's Fifth Amendment right against self-incrimination. See Estelle v. Smith, 451 U.S. 454, 467 (1981) ("The considerations calling for the accused to be warned [of her 'right to remain silent' and that 'anything said can and will be used against the individual in court'] prior to custodial interrogation apply with no less force to the pretrial psychiatric examination at issue here."). While defendant's Fifth Amendment rights are waived when she initiates a mental condition defense at trial, that waiver is not limitless. Rather, this waiver only allows the prosecution to use its examination to rebut the defense. See Buchanan v. Kentucky, 483 U.S. 402, 422–24 (1987) ("The introduction of [a psychiatric report that does not

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 4

1  describe any statements made by the accused dealing with the crimes charged] for this limited
2  rebuttal purpose does not constitute a Fifth Amendment violation."). The applicable Federal
3  Rule of Criminal Procedure also supports defendant's position, as it limits mental condition
4  evidence introduced against defendant to those issues where she has introduced evidence. Fed.
5  R. Crim. P. 12.2(c)(4)(A). As the government is limited to rebuttal, it has no proper need for an
6  examination larger in scope than that conducted by Dr. Goldenberg.
7       The principal case the government cites in its favor, United States v. Holmes, 2020 WL
8  5414786, at *5 (N.D. Cal. 2020), neither binds the Court nor supports the government's
9  position. In Holmes, the court rejected the government's argument that its examination should
10 be tied more generally to the scope of Holmes' defense. The court noted that "the examination
11 is for rebuttal purposes only," and limited the scope of the examination to the topics identified in
12 Holmes' Fed. R. Crim. P. 12.2(b) notice. Id. While the government is correct that defendant's
13 threadbare Fed. R. Crim. P. 12.2(b) notice does not identify specific topics, see Dkt. # 126, it
14 already has in its possession Dr. Goldenberg's report, and can appropriately limit its
15 examination to its scope.
16      In contrast, defendant cites multiple persuasive cases supporting her argument that the
17 government's examination should be limited in scope because the Fifth Amendment limits the
18 government to rebuttal. See, e.g., United States v. Johnson, 383 F. Supp. 2d 1145, 1162, 1164-
19 65 (N.D. Iowa 2005) (finding that where defendant's mental health evidence was not offense
20 specific, allowing the government's experts to ask her offense-specific questions would arguably
21 "exceed the scope of the defendant's 'limited' waiver of her Fifth Amendment right against self-
22 incrimination, because they would exceed the scope of what is necessary for the government's
23 experts to rebut the defendant's mental condition evidence"); United States v. Williams, 731 F.
24 Supp. 2d 1012, 1017 (D. Haw. 2010) ("[T]he Government's experts are limited to rebutting
25 Defendant's mental status evidence, not ascertaining another possible motive for Defendant's
26 actions."); United States v. Sampson, 335 F. Supp. 2d 166, 243-246 (D. Mass. 2004) ("The
27 overarching purpose of Rule 12.2 is to place the parties on a level playing field regarding the
28 development of mental health evidence.").

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 5

Accordingly, the government's examination may not exceed the scope of Dr. Goldenberg's examination. The government's expert may not inquire regarding the alleged offenses or related conduct and must limit his examination to the diagnoses included in Dr. Goldenberg's report.

### 2. Test battery

Defendant argues that, for the same reasons that the government's examination should be limited to the scope of Dr. Goldenberg's examination, it should also be limited to the same test battery utilized by Dr. Goldenberg. Dkt. # 191 at 9.

The government counterargues that, as Dr. Muscatel explained in his declaration, the tests Dr. Goldenberg administered do not include "most of the tests that [Dr. Muscatel] consider[s] most important to evaluating" defendant. Dkt. # 195 at 6 (quoting Dkt. # 195-1 at ¶ 5). The government contends that Dr. Muscatel must be allowed to administer the psychological tests that he deems relevant, as is standard practice in forensic psychology. In particular, Dr. Muscatel declares that all of Dr. Goldenberg's tests are based on self-reporting and lack a validity scale, while Dr. Muscatel would mainly utilize tests with validity scales. Id. at 6-7. Dr. Muscatel's declaration lists the tests that he wishes to perform. Dkt. # 191-1 at ¶ 7.

The Court finds that limiting Dr. Muscatel's test battery to precisely those tests utilized by Dr. Goldenberg encroaches too far into matters of his professional discretion and is unnecessary to control the scope of the examination as set forth above. Dr. Muscatel may utilize any test he deems appropriate within this scope. Accord Holmes, 2020 WL 5414786, at *5 (permitting the government's experts "to administer any tests and ask any questions they deem necessary to form an expert opinion on" the in-scope rebuttal topics); United States v. Taylor, 320 F.Supp.2d 790, 794 (N.D. Ind. 2004) (holding in capital case that where defendant's experts performed only substance abuse tests, the government could utilize only substance abuse tests).

### 3. Firewall prosecutor

Defendant argues that as she will not know whether she is calling Dr. Goldenberg to testify until the close of the government's case-in-chief, the government should be required to appoint a firewall prosecutor to receive Dr. Muscatel's report. She argues this is necessary to

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 6

avoid any prejudice that she might suffer if the government's trial attorneys have knowledge of her statements to its expert during its case-in-chief, including making derivative use of these statements to argue her intent. While defendant acknowledges that such procedures are only required in capital cases, she asserts that the government has previously made inconsistent arguments regarding her mental state, and that this procedure would remediate any advantage the government gained due to this unexpected change in trial strategy. Dkt. # 191 at 10-12.

The government contends that defendant's arguments are without merit. First, the government argues that as defendant has been indicted for specific-intent crimes since August 2019, it was no surprise that the government's strategy included proving she had the requisite mental state at the time of the alleged offenses.[2] Second, the government argues that its prior statements regarding defendant's mental health were made in the context of a pre-trial detention hearing upon a government motion under 18 U.S.C. § 3142(f)(2)(A) to determine "whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). However, the government never argued that defendant's mental health precluded her from having the requisite mental state at the time of the alleged offenses, and its arguments that she presented a danger and a risk of flight were not inconsistent with proving she had the requisite mental state to commit the alleged offenses. Dkt. # 195 at 2-4.

The Court finds that defendant is not entitled to appointment of a firewall prosecutor. First, as defendant acknowledges, Fed. R. Crim. P. 12.2(c)(2) only requires that results and reports of examinations are sealed from the trial attorneys of the government (and the defense) until the penalty phase of the trial if and after the defendant has been found guilty in a *capital case*. See Fed. R. Crim. P. 12.2(c)(2) (emphasis added). This is not a capital case, and these procedures therefore do not apply. Defendant points to no caselaw invoking these procedures in the context at hand.

---

[2] Defendant has been charged with wire fraud. The elements of this crime include "a specific intent to defraud." United States v. Jinian, 725 F.3d 954, 960 (9th Cir. 2013).

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 7

Second, having reviewed the hearing transcripts (Dkts. # 191-1, # 191-2), the Court finds that the defense's assertion that the government has made inconsistent arguments regarding defendant's mental state is an inaccurate attempt to reframe the government's arguments. This assertion is therefore completely without merit. The government's arguments focused on defendant's history of mental health issues, erratic and unpredictable behavior, drug use, threats and attempts to harm herself, and threats to harm others. The government did not discuss her state of mind at the time of the alleged offenses. There is no inconsistent position to remediate.

The defense team's assertion that they were surprised by the government's so-called "change in trial strategy" is equally without merit. Defendant has been charged with wire fraud, which is a specific intent crime, since August 2019. See Dkt. # 33 at ¶¶1-18. Given that the defense team has been on notice that the government will seek to prove defendant's specific intent at trial for two and a half years, the defense's argument that the government has engaged in "flip-flopping" on this position is disingenuous at best.

Finally, even if the government had made any inconsistent arguments regarding defendant's mental state (which it has not), it is unclear how utilizing a firewall prosecutor would remedy this situation. The government acknowledges that it is entirely defendant's choice whether to put on expert evidence of her mental condition at trial, and that if she chooses not to do so, then under the Federal Rules of Criminal Procedure, neither the fact that she issued a notice of her intent to raise such defense nor "any statement made by [her] in the course of any examination conducted under [Fed. R. Crim. P. 12.2] (whether conducted with or without the defendant's consent)," "testimony by the expert based on the statement," or "other fruits of the statement may be admitted into evidence against" her. Fed. R. Crim. P. 12.2(c)(4), (e); see also Dkt. # 195 at 4. The Court expects the government to abide by the mandate of the Federal Rules of Criminal Procedure without imposing guardrails.

### B. Mental Health Records

The report prepared by the defense's expert, Dr. Goldenberg, indicates that he reviewed three sets of health care records and lists the battery of tests that he administered to defendant. The government moves the Court to compel defendant to produce: (i) all health care records,

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 8

and any other records, provided to Dr. Goldenberg (including all health care records provided to Dr. Goldenberg from the three treatment providers listed in Dr. Goldenberg's report), and (ii) all testing data, test results, notes, and reports produced during Dr. Goldenberg's examination of defendant. Dkt. # 190 at 6-9.  The government argues that defendant has waived the privilege associated with these records by putting her psychological state at issue and that fairness dictates that the government's expert witness must be given the opportunity to review these records such that the government may respond to, and rebut, defendant's mental-health defense. Id.; Dkt. # 195 at 5-6.

At oral arguments conducted on March 15, 2022, the defense indicated that it no longer objects to producing to the government defendant's health care records provided to Dr. Goldenberg.  However, defendant objects to the remainder of this request on the grounds that (i) the Federal Rules of Criminal Procedure do not support the government's request, as defendant has not yet decided to include any of these records in her potential case-in-chief or call any authors as witnesses at trial, and (ii) defendant's Sixth Amendment right to effective assistance of counsel could be compromised if defense counsel were to reveal strategy or disclose materials that defendant provided to her expert. Dkt. # 191 at 7-8.

Defendant is correct that the Federal Rules of Criminal Procedure do not support the government's broad pre-examination disclosure request.  Under Fed. R. Crim. P. 16(b)(1), subpart (A) only requires production if defendant intends to use the item in her case-in-chief at trial, and defendant has yet to determine what, if any, mental health evidence she will use in her case-in-chief, to the extent she elects to present a case-in-chief at all.  Fed. R. Crim. P. 16(b)(1)(A).  Subpart (B) only requires defendant to produce the results or report of the mental examination, and defendant has already provided Dr. Goldenberg's report to the prosecution.  Further, under this rule, defendant is only required to produce the report if she intends to use it in her case-in-chief at trial or intends to call Dr. Goldenberg as a witness, both choices she indicates she has yet to make.  Fed. R. Crim. P. 16(b)(1)(B).  The government has therefore already received more disclosure than it is entitled to at this time.  Finally, subpart (C) only requires defendant to produce a written summary of the intended expert testimony.  Fed. R.

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 9

Crim. P. 16(b)(1)(C).  The rule therefore does not authorize the broad disclosure the government seeks prior to examination when defendant has yet to determine that she will use the items in question in her case-in-chief at trial.[3]

While the government argues waiver of psychotherapist-patient privilege and its need to prepare its expert, it does not explain how this waiver and this want, respectively, trump the procedure set forth in the rules.  Therefore, the Court will not at this time order defendant to produce the materials the government requests beyond those that defendant has agreed to produce.

### III. Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The government's motion to file overlength reply (Dkt. # 194) is GRANTED.
2. The government's motion for examination of defendant and to compel (Dkt. # 190) is GRANTED IN PART and DENIED IN PART.

The government's motion, insofar as it requests examination of defendant, is GRANTED, under the procedures laid out herein.  Defendant shall submit to an examination under Fed. R. Crim. P. 12.2(c)(1)(B) no later than Friday, May 20, 2022, under the following procedures:

1. <u>Scope</u>: The examination shall be limited in scope to the August 2019 examination conducted by the defense expert, Dr. Matthew Goldenberg.  The examination shall be limited to the diagnostic impressions provided by Dr. Goldenberg and shall not involve any discussion of the alleged offenses.

2. <u>Test battery</u>: The government's expert shall be permitted to administer any tests and ask any questions he deems necessary to form an expert opinion within the scope set forth in item 3 above.

3. <u>Firewall</u>: The government shall not be required to appoint a "firewall" or "taint" prosecutor.

---

[3] Because the procedural rules are dispositive, the Court need not consider defendant's Sixth Amendment argument.

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 10

4.  <u>Length</u>: The examination shall begin at 8am and occur over one day.

5.  <u>COVID-19 procedures</u>: The examination shall take place in an office or laboratory setting with COVID-19 precautions, and all persons in attendance shall be fully vaccinated against COVID-19.

6.  <u>Evaluation administration</u>: The examination shall consist of an interview portion and a testing portion, both administered by Dr. Kenneth Muscatel.

7.  <u>Questions</u>: Dr. Muscatel shall prepare the questions for the interview portion of the examination and neither the government nor the defense shall review the interview questions in advance of the interview.

8.  <u>Observers</u>: One member of the defense counsel team may be present with defendant during the interview portion of the examination. To the extent that an examiner is not physically present in the room with defendant during the testing portion of the examination, defense counsel shall also leave the room. No government attorneys or observers shall be present at the examination.

9.  <u>Recording</u>: The government's expert shall video record the interview and make the recording available to both the government and defense.

The government's motion, insofar as it requests production of the health care records provided to Dr. Goldenberg from the three treatment providers listed in Dr. Goldenberg's report, is GRANTED. The government's motion, insofar as it requests the Court to compel defendant to produce any other disclosure, is DENIED.

DATED this 21st day of March, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION FOR
EXAMINATION OF DEFENDANT - 11