Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159-RSL<br><br>**PROTECTIVE ORDER** |

Having reviewed the Defendant's Unopposed Motion for Entry of a Protective Order, the Court hereby enters the following Order:

## PROTECTIVE ORDER

1. Pursuant to Federal Rule of Criminal Procedure 16(d)(1), this Order governs all health records, including mental health records, and all materials relating to any mental health evaluation of Paige Thompson in any format (written or electronic) that is produced to the United States ("Government") in the above-captioned case and made subject to this Order by Paige Thompson. Any material produced by Ms. Thompson shall be used exclusively for the purpose of evaluating Ms. Thompson and rebutting Ms. Thompson's mental health defense.

2. The "**Government**," as used in this Order, shall be limited to attorneys of record for the United States and anyone working on this matter under the direct supervision of the attorneys of record, to include attorneys, Dr. Kenneth Muscatel, paralegals, law clerks, legal assistants, interns, and administrative staff and contractors. Government attorneys shall inform any person to whom disclosure of covered protected discovery materials is made of the existence and terms of this Order. Members of the Government team shall treat material designated as "DEFENSE CONFIDENTIAL" consistent with the requirements set forth in this Order, and shall not provide copies of, or access to, such material to any persons outside of the Government team other than those persons authorized in this Order to receive access to such materials.

3. **"Protected Material"** means any document or information that has been designated by Ms. Thompson as "DEFENSE CONFIDENTIAL" pursuant to this Order. Documents that quote, summarize, or contain such Protected Material (e.g., discovery responses, transcripts, correspondence, and court filings) must similarly be treated as Protected Material. Any person who receives access to any Protected Material shall be bound by this Order.

4. Receiving parties of Protected Material shall exercise at least the same degree of care in the storage, custody, or use of Protected Material as they would apply to their own material of the same or comparable confidentiality and sensitivity, storing and maintaining Protected Material in a manner designed to prevent loss, and misuse, and unauthorized access, disclosure, alteration, and destruction.

5. The defense shall designate Protected Material as DEFENSE CONFIDENTIAL by affixing a legend or stamp on such document, information, or material or otherwise designating such material in writing.

6. If the Government disagrees with the designation of any Protected Material, it shall notify the defense in writing of the disagreement, identify with particularity each document and file at issue, and state the basis for the challenge. The Government, at any time after attempting to resolve the matter by agreement with the defense, may apply to the Court for a ruling that information designated as DEFENSE CONFIDENTIAL is not entitled to protected treatment under this Order.

7. All Protected Material that is filed with the Court in connection with any pre-trial, trial, sentencing, or other proceedings, shall be filed under seal and shall remain sealed until otherwise ordered by this Court, unless otherwise agreed upon by the Government and the defense.

8. This Order shall remain in effect upon conclusion of this action, and any habeas proceeding filed within a year of the conclusion of this action, and any appeal from either. The Government must thereafter return to Ms. Thompson or destroy all Protected Material produced pursuant to this Order. In the event the Government believes that it needs to maintain the material for a longer period, this Protective Order shall remain in effect until the Government returns or destroys the material. The Government may provide the material to any attorney representing the United States in a timely habeas action filed by Ms. Thompson, provided that that attorney agrees to be bound by this Protective Order.

9. This Order may be modified, as necessary, by filing with the Court a Stipulated Order Modifying the Protective Order, or by order of the Court. In the event compliance with this Order imposes an unworkable burden on the Government, the Government shall bring any concerns about the terms of the Order to the attention of the defense. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, the Government shall bring any concerns about the scope or terms of the Order to the attention of the Court.

10. Nothing in this Order should be construed as imposing any obligations on the Government or the Defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

DATED this 15th day of April, 2022.

ROBERT S. LASNIK
United States District Judge

Presented by:

s/ Mohammad Ali Hamoudi
s/ Christopher Sanders
s/ Nancy Tenney
Assistant Federal Public Defenders
s/ Brian Klein
Baker Marquart LLP

Attorneys for Paige Thompson