THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | No. CR19-159-RSL <br><br> MOTION FOR ORDER EXCLUDING RULE 404(b) EVIDENCE OR TESTIMONY <br><br> **Noted: May 27, 2022** |

I.   **Introduction**

Ms. Thompson, through counsel, moves for an order prohibiting the government from presenting testimony or exhibits of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). The Court should exclude the proffered evidence related to crypto mining for these reasons: (1) the government's notice is inadequate; (2) the purported evidence is neither inextricably intertwined nor relevant on any admissible basis; and (3) the introduction of the purported evidence at trial would violate Federal Rule of Evidence 403. Put simply, the evidence the government proffered in its Rule 404(b) notices is little more than a sideshow of allegations against companies not listed as victims and at time periods outside of those identified in the second superseding indictment intended to paint Ms. Thompson as someone with a propensity to commit bad (if uncharged) acts. This purported evidence is improper, unnecessary, and should be excluded from trial.

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

II. **Relevant Facts**

The second superseding indictment ("Indictment") charges Ms. Thompson with two "diverg[ing]" allegations of fraud, which are alleged to rely on the same technical foundation. (Dkt. No. 229 at 5-6.) First, Ms. Thompson is alleged to have accessed cloud computing servers that she utilized—because they allowed her to do so—to mine cryptocurrency. (*Id.*) Second, Ms. Thomson is alleged to have accessed cloud computer servers and downloaded data from them (again, because the servers allowed her to do so). (*Id.*)

On March 11, 2022, the government submitted the first of four notices pursuant to Rule 404(b). (3/11/22 Ltr. from USAO to Defense, attached as Ex. A.) In the March 11 letter, the government represented it possessed evidence that Ms. Thompson "planted crypto-currency-mining software" on the Amazon Web Services ("AWS") servers of four different companies[1] and stated that such evidence was admissible "because it shows motive – namely that [Ms. Thompson] was seeking to monetize her crimes[.]" (*Id*. at 2.) The government further stated that it was currently in the process of identifying other "cryptocurrency-mining victims" and would supplement its notice by April 22, 2022. (*Id.* at 3.)

On April 22, 2022, the government provided a second a letter purporting to supplement its March 11, 2022 notice and which identified five additional companies that were alleged "cryptocurrency-mining victims."[2] (4/22/22 Ltr. from USAO to Defense, attached as Ex. B, 1-2.) Between the two letters, the government proposed to introduce evidence of other crimes, wrongs, or acts as to *nine* separate companies.

---

[1] Those companies were ███████████████████████████████████████
███████████. (Ex. A at 3.)

[2] The additional companies identified were ████████████████████
████████████████████████████████████████. (Ex. B at 2.)

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

However, that letter failed to identify the evidence the government intended to introduce at trial pursuant to Rule 404(b) and the non-propensity purpose for such evidence. The defense notified the government of such failures by way of letter on April 27, 2022. (4/2/22 Ltr. from Defense to USAO, attached as Ex. C at 1-2.)

The government responded to the April 27, 2022 letter on May 3, 2022. (5/3/22 Ltr. from USAO to Defense, attached as Ex. D.) First, the government revised its notice and stated that the government "currently expect[ed] to present specific evidence of cryptocurrency mining conducted between February 2019 and August 2019" against only five companies.³ (*Id.* at 3.) Second, rather than provide specific evidence it intended to use at trial (*i.e.,* dates, times, witnesses, and/or circumstances surrounding the other crimes, wrongs, or acts it intended to introduce as to these five companies), the government pointed to over a hundred pages of discovery that identified "IP address and account numbers," a huge amount of electronic data seized from Ms. Thompson (the "aws_hacking_shit" folder), and "Billing and ec2 instance records" for which the government provides no citation, whatsoever. (*See id.* at 5.) The notice is unclear, however, exactly what "crime, wrong, or act" it intends to introduce as to these five alleged victims because, by the government's own admission, it is not clear that Ms. Thompson actually successfully planted cryptocurrency mining software on each of the alleged victim servers. (*See id.* at 5 ["The code contained in those files *suggests* that [Ms. Thompson] planted, or at least attempted to plant, cryptocurrency mining software[.] [emphasis added].)

---

³ The government withdrew its notice as to ▇▇▇▇▇▇▇▇ and stated its intention to proceed only as to ▇▇▇▇▇▇▇▇. Previously, the government had identified ▇▇▇▇▇▇▇▇ as separate alleged victims, but the government stated it had "learned that two of the companies are linked to the same AWS victim account." (Ex. D at 3.)

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1   The defense met-and-conferred with the government on April 29, 2022, as to
2   these issues, but the government did not provide any additional information to the
3   defense. It is troubling that mere weeks from trial, the government is seemingly unable
4   to determine which Rule 404(b) evidence it wants to introduce, as to which alleged
5   victims, and whether such evidence constitute an *actual* other alleged crime, wrong, or
6   act or simply a *potential* other alleged crime, wrong, or act. It is especially troubling
7   since the government has had since 2019—a period of almost three years—to properly
8   identify the evidence it wanted to introduce at trial. The government should know how
9   to obtain and properly identify the information requested by the defense; their failure to
10  do so at this late juncture should preclude the admission of the evidence.

### III.  Legal Argument

Rule 404(b), as amended in 2020, requires the government to provide notice of any "other crime, wrong, or act" it intends to offer a trial "so that the defendant has a fair opportunity to meet it," to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence" and "the reasoning that supports the purpose." Fed. R. Evid. 404(b). The government must provide sufficient "details" of other acts evidence so that the Court may "discern" and narrowly circumscribe the use of such evidence. *See United States v. Charley*, 1 F.4th 637, 648 (9th Cir. 2021); *United States v. Padilla-Galarza*, No. 15-633 (SCC), 2022 WL 1153465 (D.P.R. April 18, 2022) (prohibiting the government from putting on uncharged acts evidence because notice did not provide specifics, dates, place, and the nature of the conduct).

**A.  The Court Should Exclude the Government's Proposed Rule 404(b) Evidence Because It Fails to Meet the Rule's Notice Requirements.**

The government did not meet Rule 404(b)'s notice requirement. This failure alone should result in the exclusion of the purported evidence.

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

As early as 2019, the government possessed information relevant to the companies identified in its Rule 404(b) notices, and yet in the span of three years, has not managed to provide the defense with notice of (a) exactly which companies are alleged victims for which it will offer Rule 404(b) evidence; (b) specifically where in the hundreds of terabytes of data this information can be found; nor (c) whether even the alleged behavior that occurred was an *actual* other act or merely an *attempted* other act. Such lack of specificity runs afoul of Rule 404(b)'s strictures and fails to provide Ms. Thompson with "reasonable notice" of such evidence such that she can effectively meet it at trial. The proposed Rule 404(b) evidence here is far too much of a sideshow on far too little notice, and the Court should exclude it.

**B.     The Court Should Exclude the Government's Proposed Rule 404(b) Evidence Because It Is Not Inextricably Intertwined Nor Relevant on Any Admissible Basis.**

Even assuming the government provided proper notice (it did not), the proffered evidence needs to excluded because it is not inextricably intertwined or relevant on any admissible basis, despite the government's claims to the contrary.

Although the Ninth Circuit stated 40 years ago that Rule 404(b) is generally a rule of inclusion, *see United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982), Rule 404(b) has been amended significantly over time and courts have narrowed its use over the intervening years. *See, e.g., Charley*, 1 F.4th at 645; *United States v. Rezapour*, No. 18-CR-236-RSL, 2019 WL 6117347, at *3 (W.D. Wash. Nov. 18, 2019). In its most recent notice, the government claims the proffered evidence is "inextricably intertwined" with the crimes charged and even if not, goes to Ms. Thompson's "intent preparation, plan, and absence of mistake or accident." (Ex. D at 2-3.) Neither claim is legally meritorious.

First, to establish that other, uncharged acts are intertwined, the government must show (1) they constitute "part of the transaction that serves as the basis for the

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

criminal charge" or (2) they are necessary "to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1177-1178 (9th Cir. 2016) (internal citations and quotations omitted). Neither is true here, even on the limited set of information the government has provided the defense in its notices.

None of the vague evidence cited by the government in its notices is "part of the transaction that serves as the basis for the criminal charge." *Id.* Rather, in the government's notice, the alleged evidence of "cryptocurrency mining," that may (or may not) have occurred, spanned between February 2019 and August 2019 and related to five random AWS customers not referenced in the Indictment. (Ex. D at 3.) The Indictment, however, alleges Ms. Thomson conducted cryptocurrency mining on or about and between March 2019 and July 17, 2019 in Count One, (Dkt. No. 166 at 1), and on or about and between March 10, 2019 and August 5, 2019 in Count Eight. (*Id.* at 8.)

The time period the government identified in its notice is more expansive than that identified in the Indictment, and it cannot, as a matter of logic, be part of the same transaction that serves as the basis for the criminal charges against Ms. Thompson. Indeed, this is precisely why Rule 404(b) requires the government to identify the other acts evidence it wishes to introduce with specificity—including dates, transactions, etc. Such requirement ensures the government cannot make up for its woeful lack of evidence by using an (a) uncharged event; (b) that took place at a completely different point in time, (c) against a witness the government has no intent to call to the stand at trial, (d) as proof of Ms. Thompson's guilt as to charged offenses committed in an entirely different event in July 2019 against another alleged victim. *See United States v. Bailey*, 696 F.3d 794, 799-802 (9th Cir. 2012) (finding "inconclusive allegations of prior similar behavior" inadmissible under Rule 404(b)); *see also Charley*, 1 F.4th at

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

647 (advising against the "danger that the jury will punish" the accused for offenses other than those charged).

Second, the other acts are not necessary "to offer a coherent and comprehensible story regarding the commission of the crime." *United Loftis*, 843 F.3d at 1177-1178. Here, the government has filed two superseding indictments and a bill of particulars outlining Ms. Thompson's alleged cryptocurrency mining of multiple alleged victims. Had there been but one allegation of crypto mining against one alleged victim, the government's position that the "other acts" evidence—assuming it was temporally relevant—was necessary to demonstrate "intent, preparation, plan, and absence of mistake or accident" might have held sway. (*See* Ex. D at 3.) However, the government has charged Ms. Thompson with crypto mining multiple victims and stated that crypto mining was one of the aims of her alleged wire fraud scheme against other victims. The government is thus not trying to prove the absence of mistake, but to try to prove propensity; Rule 404(b) prohibits such use. *See United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007); *United States v. Bracy*, 67 F.3d 1421, 1432 (9th Cir. 1985). The proffered Rule 404(b) evidence should be excluded.

    **C.**    **The Court Should Exclude the Government's Proffered Rule 404(b) Evidence Because its Admission Would Violate Rule 403 in that it is Substantially More Prejudicial Than Probative.**

In addition to running afoul of Rule 404(b), the government's proffered evidence would also run afoul of Rule 403, and it is separately excludable on this basis.

Rule 403 provides that the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Curtin*, 489 F.3d at 958; *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993). This is one of the unique situations in which the proffered evidence should be excluded because its introduction

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 7

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

would demonstrate *all* of the reasons for exclusion under Rule 403. As highlighted above, the notices proffer evidence from time periods outside those charged in the Indictment, present evidence not charged in the Indictment for impermissible reasons, are impermissibly cumulative of allegations adduced in the Indictment (which already charge Ms. Thompson with crypto mining as against multiple victims), and would thus result in unfair prejudice, undue delay, wasting time, not to mention confuse the issues, mislead the jury and present cumulative evidence for the sole purpose of throwing enough shade at Ms. Thompson that the jury is convinced she must have done *something* wrong. As a result, the Court should exclude the proffered evidence from admission at trial.

## IV.   Conclusion

For the reasons set forth above, Ms. Thompson respectfully requests the Court issue an order excluding all of the government's proffered Rule 404(b) evidence.

DATED: May 13, 2022.          Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

MOTION FOR ORDER EXCLUDING
404(b) EVIDENCE OR TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 8

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100