**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Andrew C. Friedman*
*Assistant United States Attorney*
*Direct Line: (206) 553-2277*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle WA, 98101*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA  98402*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

March 11, 2022

**BY E-MAIL**

Brian Klein, Esq.
Melissa Meister, Esq.
Emily Stierwalt, Esq.
Waymaker
777 South Figueroa Street, Suite 2850
Los Angeles, California 90017

Mohammad Hamoudi, Esq.
Christopher Sanders, Esq.
Nancy Tenney, Esq.
Office of the Federal Public Defender
1601 5th Avenue, Suite 700
Seattle, Washington 98101

Re:  *United States v. Paige Thompson*, CR19-159 RSL (W.D. Wash.)

Dear Counsel:

We write to inform you of certain evidence that we intend to introduce at trial concerning additional victims, beyond the eight numbered victims referred to in the Second Superseding Indictment.  These include both data-theft victims and cryptocurrency-mining victims.

This evidence is admissible because it is "inextricably intertwined" with the crimes charged.  As the Ninth Circuit has held, "[e]vidence should not be considered 'other crimes' or 'other act' evidence . . .  if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'"  *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (*quoting United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)).  Under this doctrine, evidence will be admitted where it is "part of the transaction that serves as the basis for the criminal charge," or where it is "necessary to do so to permit the prosecutor to offer a coherent and comprehensible story

**Ex A, p. 1**

regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016) (*quoting United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1012-13 (9th Cir. 1995); *see also, e.g. United States v. Mundi,* 892 F.2d 817, 820 (9th Cir. 1989) (approving admission, in a wire fraud case in which indictment named only one travel agency as a victim of a broad scheme to defraud travel agencies, of testimony concerning fraud upon additional travel agencies not mentioned in the indictment).

The evidence of other victims in this case is inextricably intertwined. These other victims were victims of the same scheme in which your client designed a proxy scanner to scan millions of Amazon Web Service (AWS) clients' servers to identify clients with misconfigured web application firewalls. Your client then used the same attack vector to steal credentials for IAM roles belonging to the victims. And your client then stole data and/or planted cryptocurrency-mining software, depending upon what permissions the stolen roles possessed. In addition, the evidence from your client's devices relating to different victims is thoroughly intertwined, with IP addresses of different victims, commands used to attack different victims, and data stolen from different victims routinely intermixed or found in close proximity.

Even if the evidence were not inextricably intertwined, it also is admissible under Federal Rule of Evidence 404(b), and we also will offer it under that Rule. As you know, Rule 404(b) permits the introduction of "other acts" evidence to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Ninth Circuit has consistently held that Rule 404(b) is a rule of inclusion rather than exclusion, and that evidence of other acts is admissible "whenever relevant to an issue other than the defendant's criminal propensity." *United States v. Mehrmanesh*, 689 F.2d 822, 830 (9th Cir. 1982).

The evidence of other victims is admissible to prove your client's intent, preparation, plan, and absence of mistake or accident, because it shows that your client scanned millions of potential victims' computers seeking security flaws, rather than inadvertently discovering and/or taking information that she did not realize belonged to others. In addition, the number of victims is directly relevant to rebut any claim that your client intended to notify Capital One Financial Corporation, directly or indirectly, about the flaw in its security, since your client did not take action to notify other victims of flaws in their security. Furthermore, the existence of other cryptocurrency victims, in particular, is admissible because it shows motive – namely that your client was seeking to monetize her crimes (rather than acting without criminal intent and/or as a "white hat hacker").

The other data-theft victims for which we intend to introduce evidence are the entities that owned each of the more-than-40 sub-folders of stolen data contained in the following folder on your client's computer:

- (volume md126):/aws_dumps/

These include, among others,



Victim notifications to each of these victims, as well as other material relating to each of these companies (including copies of the data stolen from each), has been included in discovery.

The other cryptocurrency-mining victims for which we expect to introduce evidence include,



As you know, we recently served a search warrant on AWS to obtain billing, and other, records for these companies to identify cryptocurrency mining. The results of that search warrant were included in our most recent batch of discovery. We have now served additional process on AWS seeking to identify the account numbers of other cryptocurrency-mining victims. We will produce to you the resulting information that we obtain from AWS when we receive it and will identify to you any additional companies that we intend to show are cryptocurrency-mining victims by April 22 – that is, six weeks prior to trial.

NICHOLAS W. BROWN
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys