# EXHIBIT 1

## Friedman, Andrew (USAWAW)

| | |
|---|---|
| **From:** | Brian Klein <bklein@waymakerlaw.com> |
| **Sent:** | Tuesday, May 10, 2022 9:57 AM |
| **To:** | Friedman, Andrew (USAWAW); Mo Hamoudi; Nancy Tenney; Christopher Sanders; Melissa Meister; Emily Stierwalt |
| **Cc:** | Manca, Jessica (USAWAW); Culbertson, Tania (USAWAW) |
| **Subject:** | [EXTERNAL] RE: United States v. Paige Thompson, No. CR19-0159 (W.D. Wash.) |

Andrew-

We have discussed, and we continue to think a motion is unnecessary. To the extent you want to raise this issue, we again propose you raise it at the final pretrial conference. We will be ready to address it then, if the Court wishes to hear from us.

If you file something, please advise the Court:

- To the extent the Court wishes to address this issue, we propose it be done at the final pretrial conference.
- We are aware of our professional/ethical obligations and have properly handled them and will continue to do so (and you are not claiming otherwise).
- We request that any inquiry of defense counsel regarding this issue be conducted ex parte and in camera.

-Brian

Brian E. Klein
Waymaker LLP
+1 424-652-7814

**From:** Friedman, Andrew (USAWAW) <Andrew.Friedman@usdoj.gov>
**Sent:** Wednesday, May 4, 2022 9:58 AM
**To:** Brian Klein <bklein@waymakerlaw.com>; Mo Hamoudi <Mo_Hamoudi@fd.org>; Nancy Tenney <Nancy_Tenney@fd.org>; Christopher Sanders <Christopher_Sanders@fd.org>; Melissa Meister <mmeister@waymakerlaw.com>; Emily Stierwalt <estierwalt@waymakerlaw.com>
**Cc:** Manca, Jessica (USAWAW) <Jessica.Manca@usdoj.gov>; Culbertson, Tania (USAWAW) <Tania.Culbertson@usdoj.gov>
**Subject:** RE: United States v. Paige Thompson, No. CR19-0159 (W.D. Wash.)

Brian,

Thanks. We'll wait to hear from you.

Andrew

**From:** Brian Klein <bklein@waymakerlaw.com>
**Sent:** Wednesday, May 4, 2022 9:56 AM
**To:** Friedman, Andrew (USAWAW) <AFriedman@usa.doj.gov>; Mo Hamoudi <Mo_Hamoudi@fd.org>; Nancy Tenney <Nancy_Tenney@fd.org>; Christopher Sanders <Christopher_Sanders@fd.org>; Melissa Meister <mmeister@waymakerlaw.com>; Emily Stierwalt <estierwalt@waymakerlaw.com>
**Cc:** Manca, Jessica (USAWAW) <JManca@usa.doj.gov>; Culbertson, Tania (USAWAW) <TCulbertson@usa.doj.gov>
**Subject:** [EXTERNAL] RE: United States v. Paige Thompson, No. CR19-0159 (W.D. Wash.)

1

Andrew, let us discuss. We can get back to you on Monday.

Brian E. Klein
Waymaker LLP
+1 424-652-7814

**From:** Friedman, Andrew (USAWAW) <Andrew.Friedman@usdoj.gov>
**Sent:** Tuesday, May 3, 2022 3:08 PM
**To:** Brian Klein <bklein@waymakerlaw.com>; Mo Hamoudi <Mo_Hamoudi@fd.org>; Nancy Tenney <Nancy_Tenney@fd.org>; Christopher Sanders <Christopher_Sanders@fd.org>; Melissa Meister <mmeister@waymakerlaw.com>; Emily Stierwalt <estierwalt@waymakerlaw.com>
**Cc:** Manca, Jessica (USAWAW) <Jessica.Manca@usdoj.gov>; Culbertson, Tania (USAWAW) <Tania.Culbertson@usdoj.gov>
**Subject:** RE: United States v. Paige Thompson, No. CR19-0159 (W.D. Wash.)

Brian,

Thanks. We don't think that we can just bring this up at the pretrial conference without providing advance notice to the judge. As a result, absent some other suggestion on your part, we plan to file a motion asking Judge Lasnik to conduct an inquiry and to ensure that your client waives any actual or potential conflict on the record (whether in open court or in an *ex parte* proceeding).

Andrew


**From:** Brian Klein <bklein@waymakerlaw.com>
**Sent:** Tuesday, May 3, 2022 11:55 AM
**To:** Friedman, Andrew (USAWAW) <AFriedman@usa.doj.gov>; Mo Hamoudi <Mo_Hamoudi@fd.org>; Nancy Tenney <Nancy_Tenney@fd.org>; Christopher Sanders <Christopher_Sanders@fd.org>; Melissa Meister <mmeister@waymakerlaw.com>; Emily Stierwalt <estierwalt@waymakerlaw.com>
**Cc:** Manca, Jessica (USAWAW) <JManca@usa.doj.gov>; Culbertson, Tania (USAWAW) <TCulbertson@usa.doj.gov>
**Subject:** [EXTERNAL] RE: United States v. Paige Thompson, No. CR19-0159 (W.D. Wash.)

Andrew-

As we have previously explained to you, we are aware of our professional/ethical obligations and have properly handled them. We appreciate you confirming below that you are not suggesting otherwise.

By staying on the case and not asking for a hearing, we interpret Judge Lasnik as also having effectively ruled that he doesn't view there as being an issue with our continued representation of Paige Thompson that requires a hearing and that he needs to resolve.

We do not think a hearing is necessary (and you chose to not bring this up at the last hearing we had), and even if there is one, we will oppose anything that isn't ex parte and in camera. To the extent you still want to raise this with Judge Lasnik (again), we think you should raise this issue the next time we are all before him, and he can make a decision then about how he wants to proceed, presumably this would be at the pretrial hearing. We will be ready to address any questions he has at that time.

-Brian

Brian E. Klein

2

Waymaker LLP
+1 424-652-7814

**From:** Friedman, Andrew (USAWAW) <Andrew.Friedman@usdoj.gov>
**Sent:** Monday, May 2, 2022 3:08 PM
**To:** Mo Hamoudi <Mo_Hamoudi@fd.org>; Nancy Tenney <Nancy_Tenney@fd.org>; Christopher Sanders <Christopher_Sanders@fd.org>; Brian Klein <bklein@waymakerlaw.com>; Melissa Meister <mmeister@waymakerlaw.com>; Emily Stierwalt <estierwalt@waymakerlaw.com>
**Cc:** Manca, Jessica (USAWAW) <Jessica.Manca@usdoj.gov>; Culbertson, Tania (USAWAW) <Tania.Culbertson@usdoj.gov>
**Subject:** United States v. Paige Thompson, No. CR19-0159 (W.D. Wash.)

Counsel,

We are writing to follow up on Friday's conversation concerning your client waiving any potential conflict of interest in the case.

In January, we filed a Notice of Possible Conflicts (Docket No. 171) that noted that PII of some members of the prosecution team (and/or their spouses) was among the data that your client is charged with stealing from Capital One. That Notice stated that the government had consulted with the General Counsel's Office at the Executive Office of United States Attorneys, which had concluded that the conflict did not rise to the level that recusal was required, based upon the large number of victims in the case, the limited nature of the stolen information, and the lack of particular impact upon the members of the prosecution team as compared to the general population.

The Notice also alerted the Court that Judge Lasnik's wife's PII was included among the information your client is charged with stealing. It did not ask Judge Lasnik to recuse himself, but merely provided this information to the Court. By staying on the case, Judge Lasnik has effectively ruled that the conflict does not rise to a level that his recusal is required.

Finally, the Notice stated that the government was willing to assist the defense team in learning whether any of its members' PII was among the information taken from Capital One, and stated that the government believed that, even if it was, any conflict would be waivable. The Notice stated that the government would coordinate with defense counsel to confirm on the record that your client in fact waived any actual or potential conflict.

Since filing that document, we have followed up with you in writing and during telephone conversations asking whether you would agree to have your client waive any actual or potential conflict. We also have made it clear, in our Notice and in subsequent conversations, that we believe any conflict is waivable. You have told us that you have fulfilled all of your professional/ethical duties with respect to the representation, but have not been willing (so far) to agree to a formal colloquy in which your client waives any actual or potential conflict on the record. Our request for an on-the-record inquiry is not meant to suggest that you have not fulfilled your professional/ethical obligations. As we indicated Friday, we believe that a waiver on the record (preferably at a hearing, but possibly in a filing and affidavit subscribed to by your client) is required to ensure that any convictions that may come out of your client's trial are not subject to challenge based on a dispute regarding what your client heard or understood or waived during privileged attorney-client discussions.

You asked several questions on Friday:

- First, you asked us to explain the conflict. The conflict arises from the fact that your client is alleged to have stolen PII that may include members of the defense team's PII. If it does include defense team members' PII, those members of the defense team are victims of the charged crimes, and so would have an actual conflict representing your client. If it is uncertain whether the data includes defense team members' PII (as is the case

because you so far have declined our offer to seek Capital One's assistance in determining those facts), there remains a potential conflict.

- Second, you asked whether we contemplated that we would be present at a hearing to establish your client's waiver. We do not see any harm that would result if we were, since we do not believe that the hearing would involve more than the Court explaining the actual or potential conflict and asking whether your client understood it and agreed to waive it. That said, we have no objection to the hearing being conducted *ex parte* if you prefer and the Court is willing.

- Third, you raised concerns about "hauling your client into court" again. We do not believe that this requires an additional in-person hearing. The hearing could be conducted at your client's next actual appearance (likely, the pretrial hearing in the case), or it could be conducted virtually. We have no objection to either process.

Defendants have a constitutional right to assistance of counsel that is unimpaired, which requires representation by an attorney free from conflicts of interest. *See Glasser v. United States,* 315 US. 60, 70 (1942); *Strickland v. Washington,* 466 U.S. 668, 688 (1984). The government has an interest in ensuring that defendants receive such counsel, in part to ensure that any convictions are not subject to challenge on the ground that a defendant did not receive effective assistance. As a result, courts in this district regularly entertain government motions for inquiry into potential conflicts of interest in criminal cases; and they commonly resolve such motions by accepting waivers of waivable conflicts (such as that in this case). For example, in *United States v. Troy Kelley,* Judge Leighton held that the fact that the defense established, through affidavits, that "Mr. Kelley has knowingly, intelligently, and voluntarily waived any conflict of interest" arising from facts at issue in the case was sufficient (in connection with the other facts of the case) to resolve any conflict of interest. *See United States v. Troy Kelley,* No. CR15-5198 (W.D. Wash.) (Docket No. 80 at 4).

Please let us know whether you will agree to have you client waive, as part of the record, any actual or potential conflict in this case resulting from that fact that one or more members of the defense teams' PII may be included among the information that your client is alleged to have stolen. If you will not agree to a procedure for such a waiver, we will move for a hearing at which the Court conducts an appropriate waiver inquiry.

Andrew, Jessica & Tania