1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159 RSL |

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES' PROPOSED JURY INSTRUCTIONS (cited)**

DATED:  May 24, 2022

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*/s Andrew C. Friedman*
*/s Jessica M. Manca*
*/s Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 1
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Proposed Preliminary Instruction No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| | Duty of Jury | 1.1 | |
| | The Charge – Presumption of Innocence | 1.2 | |
| | What is Evidence | 1.3 | |
| | What is Not Evidence | 1.4 | |
| | Direct and Circumstantial Evidence | 1.5 | |
| | Ruling on Objections | 1.6 | |
| | Credibility of Witnesses | 1.7 | |
| | Conduct of the Jury | 1.8 | |
| | No Transcript Available to Jury | 1.9 | |
| | Taking Notes | 1.10 | |
| | Outline of Trial | 1.11 | |

| Proposed Final Instruction No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| | Duties of Jury to Find Facts and Follow Law | 6.1 | |
| | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | 6.2 | |
| | What is Evidence | 6.6 | |
| | What is Not Evidence | 6.7 | |
| | Direct and Circumstantial Evidence | 6.8 | |
| | Credibility of Witnesses | 6.9 | |
| | Defendant's Decision Not to Testify | 6.3 | |
| | Defendant's Decision to Testify | 6.4 | |
| | Reasonable Doubt | 6.5 | |
| | Separate Consideration of Multiple Counts – Single Defendant | 6.11 | |
| | On or About – Defined | 6.18 | |
| | Statements by Defendant | 3.1 | |
| | Charts and Summaries Not Admitted into Evidence | 3.16 | |
| | Charts and Summaries Admitted into Evidence | 3.17 | |
| | Other Crimes, Wrongs or Acts of Defendant | 3.3 | |

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 2
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | | |
|---|---|---|---|
| | Activities Not Charged | 6.10 | |
| | Opinion Evidence, Expert Witness | 3.14 | |
| | Wire Fraud | 15.35 | |
| | Obtaining Information by Computer – From Financial Institution or Government Computer | 15.23 | |
| | Obtaining Information by Computer – "Protected" Computer –Value of Information Exceeds $5,000 | 15.24 | |
| | Obtaining Information by Computer – "Protected" Computer | 15.24 | |
| | Intentional Damage to a Protected Computer | 15.27 | |
| | Access Devices – Unlawfully Possessing Fifteen or More | 15.12 | |
| | Attempt | 4.4 | |
| | Fraud in Connection with Identification Documents – Aggravated Identity Theft | 15.9 | |
| | Knowingly – Defined | 4.8 | |
| | Intent to Defraud – Defined | 4.13 | |
| | Without Authorization –Defined | 15.21 | |
| | Access Device – Defined | 15.16 | |
| | Duty to Deliberate | 6.19 | |
| | Consideration of Evidence – Conduct of the Jury | 6.20 | |
| | Use of Notes | 6.21 | |
| | Jury Consideration of Punishment | 6.22 | |
| | Verdict Form | 6.23 | |
| | Communication With Court | 6.24 | |

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 3
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY INSTRUCTIONS**

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 1
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 1

INSTRUCTION NO. _____

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Jury Instruction - 1.1 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 2
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 2

INSTRUCTION NO. _____

This is a criminal case brought by the United States government.  The government charges the defendant, Paige Thompson, with Wire Fraud, Computer Fraud and Abuse, Access Device Fraud, and Aggravated Identity Theft.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes that the government must prove to make its case:

For the charge of Wire Fraud, as charged in **Count 1**, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

*Second*, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

*Fourth*, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 3
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate or foreign wire communication must have actually occurred in furtherance of the scheme.

For the charge of Computer Fraud and Abuse, as charged in **Count 2**, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant intentionally accessed without authorization a computer;

*Second*, by accessing without authorization a computer, the defendant obtained information contained in a financial record of a financial institution or of a card issuer; and

*Third*, the value of the information obtained exceeded $5,000.

The term "financial institution" means an institution with deposits insured by the Federal Deposit Insurance Corporation.

The term "card issuer" means any person or organization that issues a credit card, or the agent of such person or organization with respect to such card.

For the charges of Computer Fraud and Abuse, as charged in **Counts 4 and 5**, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant intentionally accessed without authorization a computer; and

*Second*, by accessing without authorization a computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

*Third*, the value of the information obtained exceeded $5,000.

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 4
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

For the charges of Computer Fraud and Abuse, as charged in **Counts 6 and 7**, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant intentionally accessed without authorization a computer; and

*Second*, by accessing without authorization a computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication.

For the charge of Computer Fraud and Abuse, as charged in **Count 8**, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant knowingly caused the transmission of a program, information, code, or command to a computer;

*Second*, as a result of the transmission, the defendant intentionally impaired without authorization the integrity or availability of data, a program, a system, or information;

*Third*, the computer was used in or affected interstate or foreign commerce or communication; and

*Fourth*, the offense caused loss to one or more persons, during a one-year period, including loss from a related course of conduct, aggregating at least $5,000 in value.

For the charge of Access Device Fraud, as charged in **Count 9**, the government must prove each of the following beyond a reasonable doubt:

*First*, the defendant knowingly possessed or attempted to possess at least fifteen unauthorized access devices at the same time;

*Second*, the defendant knew that the devices were unauthorized;

*Third*, the defendant acted with the intent to defraud; and

*Fourth*, the defendant's conduct in some way affected commerce between one state and another state or states, or between a state of the United States and a foreign country.

An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 5
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  A defendant acts with the intent to defraud if she had the intent to deprive a victim

2  of money or property by deception.

3  For the charge of Aggravated Identify Theft, as charged in **Count 10**, the

4  government must prove each of the following beyond a reasonable doubt:

5  *First*, the defendant knowingly possessed without legal authority a means of

6  identification of another person;

7  *Second*, the defendant knew that the means of identification belonged to a real

8  person; and

9  *Third*, the defendant did so during and in relation to the access device fraud as

10  alleged in the indictment.

11  The term "means of identification" means any name or number that may be used,

12  alone or in conjunction with any other information, to identify a specific individual.  The

13  term includes any name, social security number, or date of birth.

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Jury Instruction - 1.2, 15.35, 15.23 (Modified), 15.24 (Modified),
28  15.27 (Modified), 15.12 (*Revised Mar. 2022*), 15.9 (Modified) (2022 Edition – *Approved Dec. 2021*); 18 U.S.C. § 1028(d); 18 U.S.C. § 1030(d)(4); 15 U.S.C. § 1602(e), (o).

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 6
*United States v. Thompson*, CR19-159 RSL

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 3

INSTRUCTION NO. _____

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Ninth Circuit Model Jury Instruction - 1.3 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 7
*United States v. Thompson*, CR19-159 RSL

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 4

INSTRUCTION NO. _____

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Jury Instruction - 1.4 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 8
*United States v. Thompson*, CR19-159 RSL

1
2

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 5

INSTRUCTION NO. _____

3
4
5
6
7

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

8
9
10
11

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ninth Circuit Model Jury Instruction - 1.5 (2022 Edition – *Approved Dec. 2021*)

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 6

INSTRUCTION NO. ____

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Jury Instruction - 1.6 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 10
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 7

INSTRUCTION NO. ____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Jury Instruction - 1.7 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 11
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 8

INSTRUCTION NO. ____

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 12
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  not make any investigation or in any other way try to learn about the case on your own.
2  Do not visit or view any place discussed in this case, and do not use the Internet or any
3  other resource to search for or view any place discussed during the trial.  Also, do not do
4  any research about this case, the law, or the people involved—including the parties, the
5  witnesses or the lawyers—until you have been excused as jurors.  If you happen to read
6  or hear anything touching on this case in the media, turn away and report it to me as soon
7  as possible.

8      These rules protect each party's right to have this case decided only on evidence
9  that has been presented here in court.  Witnesses here in court take an oath to tell the
10  truth, and the accuracy of their testimony is tested through the trial process.  If you do
11  any research or investigation outside the courtroom, or gain any information through
12  improper communications, then your verdict may be influenced by inaccurate,
13  incomplete or misleading information that has not been tested by the trial process.  Each
14  of the parties is entitled to a fair trial by an impartial jury, and if you decide the case
15  based on information not presented in court, you will have denied the parties a fair trial.
16  Remember, you have taken an oath to follow the rules, and it is very important that you
17  follow these rules.

18      A juror who violates these restrictions jeopardizes the fairness of these
19  proceedings, and a mistrial could result that would require the entire trial process to start
20  over.  If any juror is exposed to any outside information, please notify the court
21  immediately.

22

23

24

25

26

27

28  Ninth Circuit Model Jury Instruction - 1.8 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 13
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 9

2    INSTRUCTION NO. _____

3

4        At the end of the trial, you will have to make your decision based on what you

5    recall of the evidence.  You will not have a written transcript of the trial.  I urge you to

6    pay close attention to the testimony as it is given.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction - 1.9 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 14
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 10

2

INSTRUCTION NO. _____

3

4

   If you wish, you may take notes to help you remember the evidence.  If you do

5

take notes, please keep them to yourself until you and your fellow jurors go to the jury

6

room to decide the case.  Do not let note-taking distract you from being attentive.  When

7

you leave court for recesses, your notes should be left in the [courtroom] [jury room]

8

[envelope in the jury room].  No one will read your notes.

9

   Whether or not you take notes, you should rely on your own memory of the

10

evidence.  Notes are only to assist your memory.  You should not be overly influenced by

11

your notes or those of your fellow jurors.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ninth Circuit Model Jury Instruction - 1.10 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 15
*United States v. Thompson*, CR19-159 RSL

1     GOVERNMENT'S PROPOSED PRELIMINARY INSTRUCTION NO. 11

2                 INSTRUCTION NO. _____

3

4       The next phase of the trial will now begin.  First, each side may make an opening

5 statement.  An opening statement is not evidence.  It is simply an outline to help you

6 understand what that party expects the evidence will show.  A party is not required to

7 make an opening statement.

8       The government will then present evidence and counsel for the defendant may

9 cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the

10 government may cross-examine.

11       After the evidence has been presented, I will instruct you on the law that applies

12 to the case and the attorneys will make closing arguments.

13       After that, you will go to the jury room to deliberate on your verdict.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 Ninth Circuit Model Jury Instruction - 1.11 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 16
*United States v. Thompson*, CR19-159 RSL

1
2
3
4
5
6
7
8
9

**INSTRUCTIONS AT CLOSE OF CASE**

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 17
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 1

INSTRUCTION NO. ____

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction - 6.1 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 18
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 2

INSTRUCTION NO. _____

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction - 6.2 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 19
*United States v. Thompson*, CR19-159 RSL

1   GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 3

2   INSTRUCTION NO. _____

3

4   The evidence you are to consider in deciding what the facts are consists of:

5       First, the sworn testimony of any witness;

6       Second, the exhibits received in evidence; and

7       Third, any facts to which the parties have agreed.

28   Ninth Circuit Model Jury Instruction - 6.6 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 20
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 4

INSTRUCTION NO. _____

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction - 6.7 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 21
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 5

INSTRUCTION NO. ____

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction - 6.8 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 22
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 6

INSTRUCTION NO. _____

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 23
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Jury Instruction - 6.9 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 24
*United States v. Thompson*, CR19-159 RSL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 7

INSTRUCTION NO. _____


A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

Ninth Circuit Model Jury Instruction - 6.3 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 25
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 8

INSTRUCTION NO. _____


The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Jury Instruction - 6.4 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 26
*United States v. Thompson*, CR19-159 RSL

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 9

INSTRUCTION NO. ____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction - 6.5 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 27
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

GOVERNMENT'S REQUESTED INSTRUCTION NO. 10

2

INSTRUCTION NO. ____

3

4          A separate crime is charged against the defendant in each count.  You must decide

5    each count separately.  Your verdict on one count should not control your verdict on any

6    other count.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Ninth Circuit Model Jury Instruction - 6.11 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 28
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 11

INSTRUCTION NO. _____

The indictment charges that the offenses alleged in Counts 1, 2, and 4 through 10 were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts 1, 2, and 4 through 10 of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Jury Instruction - 6.18 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 29
*United States v. Thompson*, CR19-159 RSL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 12

INSTRUCTION NO. ____

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Jury Instruction – 3.1 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 30
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 13

2

INSTRUCTION NO. \_\_\_\_

3

4      During the trial, certain charts and summaries were shown to you to help explain

5   the evidence in the case.  These charts and summaries were not admitted into evidence

6   and will not go into the jury room with you.  They are not themselves evidence or proof

7   of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in

8   the case, you should disregard these charts and summaries and determine the facts from

9   the underlying evidence.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Ninth Circuit Model Jury Instruction – 3.16 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 31
*United States v. Thompson*, CR19-159 RSL

1  GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 14

2  INSTRUCTION NO. _____

3

4  Certain charts and summaries have been admitted into evidence.  Charts and

5  summaries are only as good as the underlying supporting material.  You should,

6  therefore, give them only such weight as you think the underlying material deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Ninth Circuit Model Jury Instruction – 3.17 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 32
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOVERNMENT'S REQUESTED INSTRUCTION NO. 15

INSTRUCTION NO. _____

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident, and for no other purpose.

Ninth Circuit Model Jury Instruction – 3.3 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 33
*United States v. Thompson*, CR19-159 RSL

1  GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 16

2  INSTRUCTION NO. _____

3

4      You are here only to determine whether the defendant is guilty or not guilty of the

5  charges in the indictment.  The defendant is not on trial for any conduct or offense not

6  charged in the indictment.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Ninth Circuit Model Jury Instruction – 6.10 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 34
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 17

INSTRUCTION NO. ____

You have heard testimony from persons who testified to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Jury Instruction – 3.14 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 35
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S REQUESTED INSTRUCTION NO. 18

INSTRUCTION NO. ___

The defendant is charged in Count 1 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

Beginning in or before March 2019 and continuing until on or about July 17, 2019, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, on or about March 22, 2019, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate or foreign in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 36
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | furtherance of the scheme, and an interstate or foreign wire communication must have
2 | actually occurred in furtherance of the scheme.

28 | Ninth Circuit Model Jury Instruction – 15.35 (2022 Edition – *Approved Dec. 2021*) (Modified)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 37
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S REQUESTED INSTRUCTION NO. 19

INSTRUCTION NO. ___

The defendant is charged in Count 2 of the indictment with unlawfully obtaining information of a financial institution and of a card issuer in violation of Section 1030 of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about March 12, 2019, and on or about July 17, 2019, the defendant intentionally accessed without authorization a computer;

Second, by accessing without authorization a computer, the defendant obtained information contained in a financial record of a financial institution or of a card issuer; and

Third, the value of the information obtained exceeded $5,000.

The term "financial institution" means an institution with deposits insured by the Federal Deposit Insurance Corporation.

The term "card issuer" means any person or organization that issues a credit card, or the agent of such person or organization with respect to such card.

Ninth Circuit Model Jury Instruction – 15.23 (2022 Edition – *Approved Dec. 2021*) (Modified); 18 U.S.C. § 1030(d)(4); 15 U.S.C. § 1602(e), (o).

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 38
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S REQUESTED INSTRUCTION NO. 20

INSTRUCTION NO. ___

The defendant is charged in Counts 4 and 5 the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030 of Title 18 of the UnitedStates Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates listed in the table below, the defendant intentionally accessed without authorization a computer; and

Second, by accessing without authorization a computer,the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

Third, the value of the information obtained exceeded $5,000.

| **Count** | **Date** | **Entity** |
|---|---|---|
| 4 | March 7, 2019 | Apperian |
| 5 | March 12, 2019 | Survox |

Ninth Circuit Model Jury Instruction – 15.24 (2022 Edition – *Approved Dec. 2021*) (Modified)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 39
*United States v. Thompson*, CR19-159 RSL

GOVERNMENT'S REQUESTED INSTRUCTION NO. 21

INSTRUCTION NO. ___

The defendant is charged in Counts 6 and 7 the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030 of Title 18 of the UnitedStates Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about the dates listed in the table below, the defendant intentionally accessed without authorization a computer; and

Second, by accessing without authorization a computer,the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication.

| **Count** | **Date** | **Entity** |
|-----------|----------|------------|
| 6 | March 5, 2019 | Bitglass |
| 7 | March 28, 2019 | 42 Lines, Inc. |

Ninth Circuit Model Jury Instruction – 15.24 (2022 Edition – *Approved Dec. 2021*) (Modified)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 40
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S REQUESTED INSTRUCTION NO. 22

INSTRUCTION NO. ___

The defendant is charged in Count 8 of the indictment with transmitting a program, information, code, or command to a computer or system, intending to cause damage, in violation of Section 1030 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about March 10, 2019, and continuing until on or after August 5, 2019, the defendant knowingly caused the transmission of a program, information, code, or command to a computer;

Second, as a result of the transmission, the defendant intentionally impaired without authorization the integrity or availability of data, a program, a system, or information;

Third, the computer was used in or affected interstate or foreign commerce or communication; and

Fourth, the offense caused loss to one or more persons, during a one-year period, including loss from a related course of conduct, aggregating at least $5,000 in value.

Ninth Circuit Model Jury Instruction – 15.27 (2022 Edition – *Approved Dec. 2021*) (Modified)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 41
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S REQUESTED INSTRUCTION NO. 23

INSTRUCTION NO. ___

The defendant is charged in Count 9 of the indictment with unlawful possession and attempted unlawful possession of access devices in violation of Section 1029 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about March 12, 2019, and continuing until on or about July 17, 2019, the defendant knowingly possessed or attempted to possess at least fifteen unauthorized access devices at the same time;

Second, the defendant knew that the devices were unauthorized;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and another state or states, or between a state of the United States and a foreign country.

A defendant acts with the intent to defraud if she had the intent to deprive a victim of money or property by deception.

Ninth Circuit Model Jury Instruction – 15.12 (2022 Edition – *Approved Dec. 2021, Revised Mar. 2022*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 42
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOVERNMENT'S REQUESTED INSTRUCTION NO. 24

INSTRUCTION NO. ____

A defendant attempts to commit a crime when:

First, she intends to commit the crime, and

Second, she does something that is a substantial step toward committing the crime and that strongly corroborates her intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

Ninth Circuit Model Jury Instruction – 4.4 (2022 Edition – *Approved Dec. 2021*) (Modified).

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 43
*United States v. Thompson*, CR19-159 RSL

1

GOVERNMENT'S REQUESTED INSTRUCTION NO. 25

2

INSTRUCTION NO. ___

3

4

The defendant is charged in Count 10 of the indictment with aggravated identity

5

theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code. For the

6

defendant to befound guilty of that charge, the government must prove each of the

7

following elements beyond a reasonable doubt:

8

First, beginning on or about March 12, 2019, and continuing until on or about July

9

17, 2019, the defendant knowingly possessed without legal authority a means of

10

identification of another person;

11

Second, the defendant knew that the means of identification belonged to a real

12

person; and

13

Third, the defendant did so during and in relation to Access Device Fraud, as

14

charged in Count 9.

15

The term "means of identification" means any name or number that may be used,

16

alone or in conjunction with any other information, to identify a specific individual.  The

17

term includes any name, social security number, or date of birth.

18

19

20

21

22

23

24

25

26

27

28

Ninth Circuit Model Jury Instruction – 15.9 (2022 Edition – *Approved Dec. 2021*)
(Modified); 18 U.S.C. § 1028(d).

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 44
*United States v. Thompson*, CR19-159 RSL

GOVERNMENT'S REQUESTED INSTRUCTION NO. 26

INSTRUCTION NO. ____

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instruction – 4.8 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 45
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2          GOVERNMENT'S REQUESTED INSTRUCTION NO. 27

3                      INSTRUCTION NO. _____

4

5          An intent to defraud is an intent to deceive and cheat, that is, an intent to deprive a

6    victim of money or property by deception.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Ninth Circuit Model Jury Instruction – 4.13 (2022 Edition – *Approved Dec. 2021*)
     (modified based on *United States v. Saini*, 23 F.4th 1155, 1160 (9th Cir. 2022)).

     UNITED STATES' PROPOSED JURY INSTRUCTIONS - 46              UNITED STATES ATTORNEY
     *United States v. Thompson*, CR19-159 RSL                  700 STEWART STREET, SUITE 5220
                                                                 SEATTLE, WASHINGTON 98101
                                                                      (206) 553-7970

1    GOVERNMENT'S REQUESTED INSTRUCTION NO. 28

2    INSTRUCTION NO. _____

3

4        A person uses a computer "without authorization" when the person has not

5    received permission from the owner, person who, or entity which controls the right of

6    access to the computer for any purpose.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Ninth Circuit Model Jury Instruction – 15.21 (2022 Edition – *Approved Dec. 2021*)
     (Modified)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 47
*United States v. Thompson*, CR19-159 RSL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GOVERNMENT'S REQUESTED INSTRUCTION NO. 29

INSTRUCTION NO. _____


An "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access, that can be used alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.

Ninth Circuit Model Jury Instruction – 15.16 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 48
*United States v. Thompson*, CR19-159 RSL

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 30

INSTRUCTION NO. _____

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

//

//

//

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 49
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    It is your duty as jurors to consult with one another and to deliberate with one
2    another with a view towards reaching an agreement if you can do so.  During your
3    deliberations, you should not hesitate to reexamine your own views and change your
4    opinion if you become persuaded that it is wrong.

28   Ninth Circuit Model Jury Instruction – 6.19 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 50
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

INSTRUCTION NO. _____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Jury Instruction – 6.20 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 51
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 32

INSTRUCTION NO. _____

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Jury Instruction – 6.21 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 52
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 33

INSTRUCTION NO. _____


The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction – 6.22 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 53
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 34

INSTRUCTION NO. ____

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Jury Instruction – 6.23 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 54
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

GOVERNMENT'S PROPOSED FINAL INSTRUCTION NO. 35

INSTRUCTION NO. _____

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Jury Instruction – 6.24 (2022 Edition – *Approved Dec. 2021*)

UNITED STATES' PROPOSED JURY INSTRUCTIONS - 55
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970