The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159 RSL<br><br>**UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS (CITED)** |

The United States, by and through its undersigned counsel, submits these Proposed Forfeiture Jury Instructions for use, as necessary, in the forfeiture phase of trial conducted pursuant to Fed. R. Crim. P. 32.2(b)(1).

//

//

//

//

United States' Proposed Forfeiture Jury Instructions - 1
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 24th day of May, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
*s/ Krista K. Bush*
ANDREW C. FRIEDMAN
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
E-mail: Andrew.Friedman@usdoj.gov
Jessica.Manca@usdoj.gov
Tania.Culbertson@usdoj.gov
Krista.Bush@usdoj.gov

United States' Proposed Forfeiture Jury Instructions - 2
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1

Jurors: Now that you have found that Defendant Paige A. Thompson committed the offense of *Computer Fraud and Abuse*, as charged in Counts 2 and 4-8 of the Indictment, and *Access Device Fraud*, as charged in Count 9 of the Indictment, you have one more task to perform before you are discharged.

Under federal law, any person who is convicted of *Computer Fraud and Abuse* shall forfeit, to the United States, any property used, or intended to be used, to commit or to facilitate the offense.

Under federal law, any person who is convicted of *Access Device Fraud* shall forfeit, to the United States, any property used, or intended to be used, to commit the offense.

Certain property may be connected to more than one offense, and thus, be subject to forfeiture as to each of those offenses. You should make a determination as to each item of property and each offense.

With respect to Counts 2 and 4-9, the United States has alleged that two electronic devices seized from Defendant Thompson were used, or intended to be used, to commit or to facilitate these offenses, and are, therefore, subject to forfeiture in this case. These items are:

a. Dell Laptop S/N: JKQKJM2 with power cord; and

b. White Desktop Computer Custom Built.

You must now find whether these electronic devices are, in fact, forfeitable and return a special verdict reflecting your findings.

_____

18 U.S.C. § 1030(i) ("The Court, in imposing sentence on any person convicted of a violation of this section, or convicted of conspiracy to violate this section, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person forfeit to the United States – (A) such person's interest in any personal

United States' Proposed Forfeiture Jury Instructions - 3
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

property that was used or intended to be used to commit or to facilitate the commission of such violation . . .")

18 U.S.C. § 1029(c)(1)(C) ("Generally.  – The punishment for an offense under subsection (a) of this section is [includes] forfeiture to the United States of any personal property used or intended to be used to commit the offense.")

Fed. R. Crim. P. 32.2(b)(1)(A) ("As soon as practical after a verdict or finding of guilty … on any count in an indictment . . . regarding which criminal forfeiture is sought, the court [or jury] shall determine what property is subject to forfeiture under the applicable statute.").

United States' Proposed Forfeiture Jury Instructions - 4
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2

The burden of proof is different at the forfeiture phase of trial. Whereas the United States had the burden of proving Defendant Paige A. Thompson's guilt "beyond a reasonable doubt," the United States need only prove the identified items are forfeitable "by a preponderance of the evidence." This is a much lower burden.

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not.

You should base your decision on all of the evidence, regardless of which party presented it.

_____

Ninth Circuit Model Civil Jury Instruction – 1.6 (2017 Edition, last updated March 2022); *United States v. Garcia-Guizar*, 160 F. 3d 511, 523 (9th Cir. 1998) ("criminal forfeiture need only be proved by a preponderance of the evidence") (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989)); *United States v. Shryock,* 342 F.3d 948, 991 (9th Cir. 2003) (the Supreme Court's holding in *Apprendi* "does not disturb the rule that statutorily-prescribed forfeiture is constitutional when supported by the preponderance of the evidence").

United States' Proposed Forfeiture Jury Instructions - 5
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3

While deliberating on forfeiture, you may consider any evidence, including testimony, offered by the parties at any time during the trial.

_____

Fed. R. Crim. P. 32.2(b)(1)(B) ("The court's [or jury's] [forfeiture] determination may be based on evidence already in the record … and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); *United States v. Newman*, 659 F.3d 1235, 1244-45 (9th Cir. 2011) (recognizing Rule 32.2(b)(1)(B) allows the court, when making a forfeiture determination, to rely on evidence already in the record, including any admissions in written plea agreement); *United States v. Bornfield*, 145 F.3d 1123, 1134-36 (10th Cir. 1998), *cert. denied*, 538 U.S. 1139 (2000) (implicitly approving instruction that the jury, when deciding forfeiture, could "consider any evidence offered by the parties before [its] previous deliberations" on the substantive criminal charges).

United States' Proposed Forfeiture Jury Instructions - 6
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

When considering the evidence for forfeiture, the instructions you previously received regarding what is evidence, direct and circumstantial evidence, the credibility of witnesses, and reaching a unanimous verdict continue to apply.

---

Ninth Circuit Model Criminal Jury Instructions -1.3, 1.4, 1.5, 1.7, 3.7 & 7.1 (2022 Edition, last updated December 2021).

United States' Proposed Forfeiture Jury Instructions - 7
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5

You have already found that Defendant Paige A. Thompson committed the offense of Computer Fraud and Abuse, as charged in Counts 2 and 4-8 of the Indictment, and Access Device Fraud, as charged in Count 9 of the Indictment. When deliberating on forfeiture, you are bound by these previous findings and must not reconsider or revise these findings.

---

*United States v. Bornfield*, 145 F.3d 1123, 1138 n.12 (10th Cir. 1998), *cert. denied*, 538 U.S. 1139 (2000) (because forfeiture is imposed following conviction, as part of the sentence, it "does not affect … [a Defendant's] substantive conviction"); *United States v. Cauble,* 706 F.2d 1322, 1348 (5th Cir. 1983) (bifurcating forfeiture in a second phase of a trial "prevents the potential penalty of forfeiture from influencing the jurors' deliberations about guilt or innocence").

United States' Proposed Forfeiture Jury Instructions - 8
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6

When deliberating on forfeiture, you should not consider what might happen to the electronic devices if they are forfeited. The ultimate disposition of forfeited property is a matter for the Court to decide. Nor should you consider, when deliberating, whether anyone other than Defendant Paige A. Thompson may have an interest in the electronic devices. Any third-party interests will be addressed by the Court in a separate proceeding.

---

Fed. R. Crim. P. 32.2(c) (the court enters a final order of forfeiture after any third-party claims are adjudicated in post-sentencing ancillary proceedings).

United States' Proposed Forfeiture Jury Instructions - 9
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |
|---|---|
| 1 | UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7 |

You have found Defendant Paige A. Thompson committed the offense of Computer Fraud and Abuse, as charged in Counts 2 and 4–8 of the Indictment. Pursuant to Section 1030(i) of Title 18 of the United States Code, any property used, or intended to be used, to commit or to facilitate the offense of Computer Fraud and Abuse, is subject to forfeiture to the United States.

To reach a verdict on forfeiture, with respect to Counts 2 and 4-8, you must determine whether the electronic devices were used, or intended to be used, to commit or to facilitate Defendant Paige A. Thompson's commission of the offense of Computer Fraud and Abuse.

_____

18 U.S.C. § 1030(i) ("The Court, in imposing sentence on any person convicted of a violation of this section, or convicted of conspiracy to violate this section, shall order, in addition to any other sentence imposed and irrespective of any provision of State law, that such person forfeit to the United States – (A) such person's interest in any personal property that was used or intended to be used to commit or to facilitate the commission of such violation . . .").

United States' Proposed Forfeiture Jury Instructions - 10
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 8

You have found Defendant Paige A. Thompson committed the offense of Access Device Fraud, as charged in Count 9 of the Indictment. Pursuant to Section 1029(c)(1)(C) of Title 18 of the United States Code, any property used, or intended to be used, to commit the offense of Access Device Fraud is subject to forfeiture to the United States.

To reach a verdict on forfeiture, with respect to Count 9, you must determine whether the electronic devices and other identified items were used, or intended to be used, to commit Defendant Paige A. Thompson's commission of the offense of Access Device Fraud.

---

18 U.S.C. § 1029(c)(1)(C) ("Generally. – The punishment for an offense under subsection (a) of this section is [includes] forfeiture to the United States of any personal property used or intended to be used to commit the offense.")

United States' Proposed Forfeiture Jury Instructions - 11
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 9

Property "facilitates" a criminal offense if it makes that offense easier to commit or more difficult to detect. To be forfeitable, there must be a substantial connection between the facilitating property and the illegal activity. The facilitating property need not be indispensable to the commission of the offense, but there must be more than an incidental or fortuitous connection between that property and the illegal activity.

---

*United States v. Wyly,* 193 F.3d 289, 302 (5th Cir. 1999) ("Facilitation occurs when the property makes the prohibited conduct less difficult or more or less free from obstruction or hindrance.") (citing *United States v. Tencer,* 107 F.3d 1120, 1134 (5th Cir. 1997)); *United States v. All Monies ($477,048.62) in Account No. 90-3617-3,* 754 F. Supp. 1467, 1473 (D. Hawai'i 1991) (a "substantial connection" exists when there is "more than an incidental or fortuitous connection between the property and the illegal activity, but the property need not be indispensable to the commission of the offense") (citing *United States v. Schifferli,* 895 F.2d 987, 989-90 (4th Cir. 1990) and *United States v. 3639-2nd St., N.E.,* 869 F.2d 1093, 1096 (8th Cir. 1989)).

United States' Proposed Forfeiture Jury Instructions - 12
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 10

A Special Verdict Form for Forfeiture has been prepared for you to record your forfeiture verdict. You may record your verdict by putting an "X" or check mark in the space provided next to the words "YES" or "NO." The foreperson must then sign and date the form.

Items of property may be subject to forfeiture on multiple grounds. You need not be concerned with "overlapping" of properties.

_____

Fed. R. Crim. P. 32.2(b)(5)(B) (when the jury determines forfeiture, the government must submit a Special Verdict Form for that purpose).

United States' Proposed Forfeiture Jury Instructions - 13
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 11

You must reach a unanimous verdict as to each question on the special verdict form. Everyone must agree to any "YES" or "NO" answer.

United States' Proposed Forfeiture Jury Instructions - 14
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970