THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | No. CR19-159-RSL <br><br> **DEFENDANT'S MOTION IN LIMINE #1 TO EXCLUDE USE OF THE TERMS "HACK," AND "CRYPTOJACKING"** |

Paige Thompson, through counsel, moves pursuant to Federal Rule of Evidence 403 for an order prohibiting the government from using the terms "cryptojacking" and "hacker" (and their linguistic variations) during all testimony, questioning, opening statement, and closing argument and in exhibits at trial.[1]

These two terms are pejorative, unnecessary, likely to sow confusion, and implicitly suggest that Ms. Thompson's actions were inherently illegal and criminal, causing her to suffer unfair prejudice. Regarding the term "cryptojacking," The defense requests that the government use the term "cryptomining" in lieu of "cryptojacking." As for the term "hack," the defense requests that the government be required to use the terms "black hat hacking" or "illegal hacking" and that a jury instruction be given that

---

[1] This motion *in limine* is made following the parties meeting and conferring on May 18, 2022 pursuant to Local Rule 23.2.

MOTION IN LIMINE #1
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

the term "hacking" is a neutral term in the cybersecurity industry that can include legal behavior.

Restricting the use of these two terms, with the other provisions proposed, does not limit the government from describing the behavior it believes constitutes federal offenses and given there are only two terms the defense seeks to restrict, does not make trial and witness preparations unduly burdensome or difficult. The Court should thus grant this motion in limine.

I. **Argument**

The Court can and should exercise discretion to exclude prejudicial evidence that will serve only to confuse the issues, mislead the jury, waste time, or unfairly prejudice the Defendant. Fed. R. Evid. 403. Under the Federal Rules of Evidence, only relevant evidence is admissible in that the evidence must have a tendency to make a fact in controversy more or less probable than it would be without the evidence. *See generally* Fed. R. Evid. 401 and 402. But relevance is not a free pass to admit pejorative terms and courts "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, the government's presentation of argument and evidence at trial should be limited to utilizing the terms "cryptomining" or "cryptocurrency mining" instead of the pejorative (and suggestive) term "cryptojacking" and to modifying the term "hack" or "hacker" with "illegal" or "black hat" to avoid confusion. Without such restrictions, the government will run afoul of Rule 403.

MOTION IN LIMINE #1
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

A. **The Court Should Exclude any Reference to "Cryptojacking." under Rule 403 Because the Term Is Unfairly Prejudicial.**

The term "cryptojacking" has been widely used by the government, both in its public filings and in the Indictment.[2] For example, the Indictment charges Ms. Thompson with "cryptojacking." (Dkt. No. 166 at 5.) The term "cryptojacking" was also used by the prosecution before the grand jury. (Cite to Grand Jury 6-17-2021 Exhibit A, slide 19.)[3] More recently, the government has used the term in its bill of particulars. (Dkt. No. 232-1 at 3-4.) The government's repeated invocation of the term "cryptojacking" at trial would be unfairly prejudicial and sow confusion because it evokes similarity to terms like "carjacking" and "hijacking," both of which have extremely negative connotations and ties to violence and use of force. Indeed, the word "jacking" is both pejorative and suggestive in that it is defined as to "take (something) illicitly; steal." *See* "Jacking," Oxford Languages, *available at* *https://www.google.com/search?q=jacking+definition&oq=jacking&aqs= chrome.2.69i57j0i512l5j46i199i291i512j46i512j0i512l2.3879j0j7&sourceid=chrome& ie=UTF-8* (last visited May 26, 2022). Use of the term "cryptojacking" is completely unnecessary, especially where terms such as "cryptomining" and "cryptocurrency mining" are equally apt and devoid of the kind of negative weight the term "cryptojacking" carries. The Court should thus prohibit the government from utilizing this term pursuant to Rule 403.

---

[2] The second superseding indictment is the operative indictment.

[3] The Court can contrast the prosecution's repeated use of "cryptojacking" with respect to Ms. Thompson with FBI Special Agent Joel Martini's use of the terms "cryptomining" and "cryptocurrency mining" in his grand jury testimony. (Cite to Grand Jury Transcript 14:14-21; 18:10-12, Exhibit B.) Martini's testimony demonstrates that the government will be more than able to make its case without the need to resort to pejorative and prejudicial terms like "cryptojacking."

MOTION IN LIMINE #1
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

B.  **The Court Should Exclude any Reference to "Hack," "Hacker," or "Hacking" Because the Terms, Without Modification, Are Misleading and Prejudicial**

The Indictment is properly devoid of the terms "hack", "hacker," and "hacking," but the government has repeatedly used the term in its filings and in its presentation before the grand jury, and is expected to use it at trial. (Dkt. No. 3 at 2; cite to Grand Jury Transcript 1-12-22 at 2:23-3:1, 3:10-12, 10:7-20, 11:3-18, Exhibit B.) The terms "hack," "hacker," or "hacking" are problematic because while the cybersecurity community views the words as neutral and referring to both legal and ethical behavior (*i.e.,* "white hat" hacking) and illegal behavior (*i.e.,* "black hat" hacking), the general public often views the words as only applying to illegal behavior. *See, e.g.*, *Hack*, Merriam-Webster, https://www.merriam-webster.com/ dictionary/hack, last accessed on May 23, 2022 (defined as "to gain illegal access" ); *Hack*, Oxford Learners, https://www.oxfordlearnersdictionaries.com/us/definition/ english/hack, last accessed on May 23, 2022 (defined as "to secretly find a way of looking at… information on somebody else's computer system without permission"). Reference to Ms. Thompson as a "hacker" or characterizing her behavior as "hacking" is unfairly prejudicial because it effectively asserts that Ms. Thompson was engaged in illegal or unauthorized conduct to a layperson.

Here, it is for the jury to decide whether Ms. Thompson's alleged conduct was unauthorized and they should not be influenced by a linguistic sleight-of-hand. The term "hacking" also implies intent and thus use of the term would unduly prejudice Ms. Thompson because the jury could supply intent from the term "hacking" alone, even if the government failed to provide sufficient evidence of intent. The defense thus requests that the government use the term "black hat hacking" or "illegal hacking" in lieu of simply "hack" or "hacking," and the Court provide a concomitant jury instruction that the term "hack" is a neutral term in the cybersecurity industry and can

MOTION IN LIMINE #1
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

refer to both legal and illegal behavior. After all, the government's trial brief is clear that it intends to introduce evidence that Ms. Thompson's conduct in this case was a specious of "black hat hacking" and forcing the government to utilize this more precise term is in keeping with both their presentation of evidence and notions of fairness. (Dkt. No. 255 at 21.) This would allow the government to argue its case to the jury but would prohibit its witnesses from making judgments that should be reserved for the ultimate finder of fact, the jury.

## II. Conclusion

For the reasons set forth above, Ms. Thompson requests the Court issue an order excluding use of the terms "cryptojacking" and "hack" (and their linguistic variations). The defense further requests that the Court order the government to use the term "cryptomining" in lieu of "cryptojacking," the government be required to use the terms "black hat hacking" or "illegal hacking," and that a jury instruction be given that the term "hacking" is a neutral term in the cybersecurity industry that can include legal behavior.

DATED: May 27, 2022          Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

MOTION IN LIMINE #1
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100