THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR19-159-RSL |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR ORDER EXCLUDING RULE 404(b) EVIDENCE OR TESTIMONY** |
| PAIGE A. THOMPSON, | |
| Defendant. | |

The government's opposition to defendant Paige Thompson's 404(b) motion only highlights *precisely* why such exclusion is necessary and appropriate. The Court should grant Ms. Thompson's motion.

At trial the government plans to claim that any line of code located above, below, or adjacent to a line of code allegedly utilized by Ms. Thompson to access the IAM Role or plant cryptomining servers on an alleged victim's rented AWS server is somehow inextricably intertwined with the charged wire fraud scheme, as its opposition makes clear. (Opp'n at 6.) The government goes so far as to argue that this purported evidence is necessary because "[Ms.] Thompson often first deployed new versions of her malware to attack unnamed victims" and thus, "unnamed victims, and evidence relating to them, is necessary to tell the full story of Thompson's criminal conduct." (*Id.* at 6.) This assertion is nonsensical in that it not only assumes (without evidentiary support) that Ms. Thompson knew the identity of the AWS clients who had

REPLY ISO RULE 404(b) MOTION
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

misconfigured web application firewalls ("WAFs") *before* deploying the code, but also that Ms. Thompson could prognosticate which companies the government would choose to include as alleged victims in the Indictment.[1]

If the government were only suggesting the introduction of evidence regarding one other uncharged victim to trace "the evolution of [Ms.] Thompson's scripts" (*see id.* at 6), the defense may not have filed its motion. The government, however, seeks to introduce evidence relating to *four* separate uncharged victims from a time period that is larger than that identified in the Indictment. (Mot. Ex. 4 at 4.) That is not seeking to explain the full story; that is simply piling on allegedly bad conduct in hopes of securing a guilty verdict by any means possible. Certainly, the government offers the Court no concrete evidence of how the evidence as to all four uncharged victims is necessary to show the "evolution of Thompson's scripts." (Opp'n at 8.)

Instead, the government alleges—without any factual or legal support—that it "is difficult to imagine how evidence could be more inextricably intertwined than lines of code interspersed with one another in a single computer file." (*Id.* at 9.) That would assume that a collection of musical notes arranged together would always make a symphony instead of cacophonous caterwauling; it all depends on the author.

The government's conclusory and self-serving statements have failed to show that the evidence sought to be admitted is either part and parcel of the "transaction that serves as the basis for the criminal charge" or offers a "coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1177-1178 (9th Cir. 2016) (internal citations and quotations omitted). It should thus be excluded. Indeed, no specific date or time as to when the "suggested" cryptomining occurred is identified in the government's response, which leaves the defense with

---

[1] The second superseding indictment is operative indictment for the forthcoming trial.

REPLY ISO RULE 404(b) MOTION
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 2

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1 | literally no means by which to prepare for, investigate, or confront the proposed
2 | evidence. (Mot. Ex. 4 at 5.)

3 |      Moreover, even assuming the evidence were admissible as inextricably
4 | intertwined or under Rule 404(b), the government's motion makes clear that it is
5 | substantially more prejudicial than probative and thus should be excluded under Federal
6 | Rule of Evidence 403. The government suggests that determining "whether evidence is
7 | sufficient to support a finding that Thompson was cryptojacking as part of her scheme
8 | to defraud" requires a "threshold lower than preponderance of the evidence." (Opp'n at
9 | 10.) Yet, the government has also charged Ms. Thompson separately with cryptomining
10 | in violation of the Computer Fraud and Abuse Act ("CFAA"), which would obviously
11 | require proof beyond a reasonable doubt before conviction. There is thus a *substantial*
12 | likelihood that the jury will become confused about which standard is to be applied
13 | where and for what evidence. This is particularly true because the substantive mining
14 | counts, themselves, suffer from proof problems. (*See* Dkt. No. 216 [Defense
15 | PowerPoint].)

16 |      This confusion is completely unnecessary and easily avoidable—the government
17 | has already charged Ms. Thompson with the same wire fraud scheme against multiple
18 | charged victims and has alleged cryptomining against multiple victims as well. There is
19 | thus no doubt that the government can "present a complete, cohesive, and accurate
20 | explanation" of Ms. Thompson's alleged scheme without the Rule 404(b) evidence. (*Id.*
21 | at 2.) Further, as evidenced by Exhibit 1, it would be easy to present the charged
22 | evidence separate and apart from the uncharged evidence The evidence does not
23 | identify any uncharged victim by concrete or discernible name such that the jury will be

REPLY ISO RULE 404(b) MOTION
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

left wondering about unpresented evidence; in fact, in many places in the code, only an Internet Protocol address is identified.[2]

Lastly, the government is correct that Ms. Thompson did not seek to exclude alleged data theft entities in this motion because the admissibility of the data is a separate matter. No representative from any of those companies is listed on the government's witness list. (Dkt. No. 253). The data should be found inadmissible under Federal Rules of Evidence 602 (requirement of personal knowledge) and 801(c) (hearsay).

*** 

For the reasons set forth above and those in the motion, Ms. Thompson requests the Court issue an order excluding all of the government's proffered Rule 404(b) evidence.

DATED: May 27, 2022.        Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

---

[2] Indeed, it at least some cases, it appears that the government could not even identify some of the uncharged victims from the information provided in the code. (*See, e.g.,* Opp'n at Ex. 1 at 8, 9.)

REPLY ISO RULE 404(b) MOTION
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100