The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159-RSL<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* #1 TO EXCLUDE USE OF THE TERMS "HACK" AND "CRYPTOJACKING" |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Andrew C. Friedman, Jessica M. Manca, and Tania M. Culbertson, Assistant United States Attorneys for said District, hereby submits its response to Defendant Paige A. Thompson's motion *in limine* in the above-captioned case, under local criminal rule 23.2.

The Court should reject Thompson's request to bar the government from using the terms "hacking" and "cryptojacking" (in all their linguistic variations) at trial.  The defense contends that its request is reasonable because it encompasses "only two terms."  Dkt. No. 272 at 2.  But this argument elides the fact that "hacking" and "cryptojacking" are two of the central terms describing Thompson's fraud; in fact, they are terms Thompson herself repeatedly used to describe her actions.  Prohibiting these terms at trial

1  would hamper the government's ability to present evidence to the jury of Thompson's

2  own statements.  And such a prohibition is unnecessary given that the terms are not

3  unfairly prejudicial.

4  The Court also should decline the defense's invitation to instruct the jury that "the

5  term 'hack' is a neutral term in the cybersecurity industry and can refer to both legal and

6  illegal behavior."  Dkt. No. 272 at 4–5.  The parties intend to present evidence to the jury

7  about "black hat hacking," "grey hat hacking," and "white hat hacking," *see*

8  Government's Redacted Trial Brief (Dkt. No. 267) at 20–21; Defendant's Trial Brief

9  (Dkt. No. 277) at 4, and the jury then can form its own conclusions about which category

10  Thompson's actions in this case fall into.  But the term "hacking," standing alone, is a

11  summary way of describing an aspect of the fraud alleged in the indictment and is a

12  commonly accepted term frequently used by courts in Computer Fraud and Abuse Act

13  (CFAA) cases.  *See, e.g.*, *United States v. Nosal*, 676 F.3d 854, 857 (9th Cir. 2012) (en

14  banc) (describing the CFAA as "an anti-hacking statute").  Thompson's requested

15  instruction is therefore not necessary and has the potential to confuse—rather than

16  clarify—the issues for the jury.

17  ## DISCUSSION

18  **A.    The term "hacking" is necessary, accurate, and not unfairly prejudicial**

19  The terms "hack," "hacker," and "hacking" permeate this case—to a large degree

20  because Thompson herself repeatedly used those terms to describe what she was doing.

21  For example, in a text message Thompson sent from her iPhone in March 2019, she

22  wrote:

23  //

24  //

25

26

27

28

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 2
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2


+12066029923
I have about 5,000 a month coming in now but its all in ethereum and i have to find a safe way to convert
Status: Sent
Delivered: 3/24/2019 9:01:50 PM(UTC-7)
3/24/2019 9:01:50 PM(UTC-7)

Source Info:
erratic's iPhone/var/mobile/Library/SMS/sms db : 0x86998 (Table: message, chat, Size: 1048576 bytes)


+12066029923
Because im hacking aws accounts to get it using ec2 gpu miners
Status: Sent
Delivered: 3/24/2019 9:02:36 PM(UTC-7)
3/24/2019 9:02:36 PM(UTC-7)

Source Info:
erratic's iPhone/var/mobile/Library/SMS/sms.db : 0x8671E (Table: message, chat, Size: 1048576 bytes)

She followed this up by sending a screenshot of a computer screen showing her Ethereum-wallet activity and explaining:


+12066029923
I cant make this stuff up though incase youre wondering what 5 grand a month in hacker money looks like :)
Status: Sent
Delivered: 3/24/2019 9:13:48 PM(UTC-7)
3/24/2019 9:13:48 PM(UTC-7)

Source Info:
erratic's iPhone/var/mobile/Library/SMS/sms db : 0x88BBD (Table: message, chat, Size: 1048576 bytes)

And in a direct message she sent via Twitter in June 2019, Thompson stated:


ERRATiC
@0xA3A97B6C

I spend most of my time baiting skids, using their names, collecting and using their dox and hacking shit my life was over 3 years ago

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 3
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In another Twitter message from June 2019, Thompson wrote:

```
"created_at" : "Sun Jun 16 08:16:54 +0000 2019",
"id" : 1140171379049766912,
"id_str" : "1140171379049766912",
"full_text" : "@fouroctets And then i hack into their ec2 instances, assume-role their iam instance
profiles, take over thr account and corrupt SSM, deploying my backdoor, mirror their s3 buckets, and
convert any snapshots i want to volumes and mirror the volumes i want via storage gateway",
```

The following month, Thompson wrote:

```
"id" : 1146822579618926596,
"text" : "Just living with friend and hacking ec2 instances and getting access to some aws accounts and using them to mine crypto :(",
"sender_id" : 1136835740380192768,
"recipient_id" : 3004269184,
"created_at" : "Thu Jul 04 16:46:24 +0000 2019",
```

And Thompson used an Internet Relay Chat (IRC) protocol to send these messages:

```
2019-07-28.log

61  [01:33:31] <erratic> like I've straight up gone to my counselor, told her that I was hacking shit and
    stealing cpu time to mine crypto and buying new things for myself and wearing new designer clothes etc
62  [01:34:18] <erratic> "yes thats nice well everything we talk about is strictly between us ;) ;) ;)" which
    says to me "not that I believe you but I will play along"
63  [01:35:31] <erratic> its pretty funny how clueless they are Ive never spent this much time working with
    community healthcare because its usually fucking pointless to
```

Given Thompson's repeated use of the words "hack," "hacker," and "hacking" to describe what she was doing, the defense's suggestion that the government must insert the words "illegal" or "black hat" into each of Thompson's own statements is problematic because it alters the words she actually wrote. Thompson has not provided any authority that requires the Court to alter her own statements, and the government is not aware of any. In addition, inserting the words "illegal" or "black hat" into Thompson's own statements would not have the salutary effect the defense no doubt seeks.

Nor does it make sense in this context to instruct the jury that the term "hacking" can be understood to be neutral when that is apparently not how Thompson was using the term in her own communications. Such an instruction would confuse and mislead the jury, *see* Fed. R. Evid. 403, who—after they are presented with all the evidence at trial— will make their own determinations about what Thompson was doing when she hacked into AWS customers' cloud servers. The jury will make that determination after hearing expert testimony from both sides about what constitutes "black hat hacking," "grey hat

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 4
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    hacking," and "white hat hacking."  *See* Dkt. No. 267 at 20–21; Dkt. No. 277 at 4

2    (describing the anticipated testimony of experts on this topic).  Requiring the government

3    to further qualify every use of the term "hacking" at trial would be unwieldy and

4    confusing and is unnecessary in this case.

5    Finally, the term "hacking" is not unfairly prejudicial, and the defense has cited no

6    case concluding that it is (nor has the government been able to identify any).  To the

7    contrary, the term "hacking" is commonly used as a summary way to describe an

8    intentional intrusion onto someone else's computer.  *See, e.g.*, *Van Buren v. United

9    States*, 141 S. Ct. 1648, 1658 (2021); *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180,

10   1196 (9th Cir. 2022); *Nosal*, 676 F.3d at 857.  Whether Thompson's intrusions here were

11   made in good faith or in bad faith is for the jury to decide, but the use of the term

12   "hacking" to describe what she did does not have "an undue tendency to suggest a

13   decision on an improper basis such as emotion or character rather than evidence

14   presented on the crime charged."  *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir.

15   1991) (citing Fed. R. Evid. 403).  Accordingly, the Court should deny the defense's

16   request for a vague instruction on how the term "hacking" is understood in the

17   cybersecurity industry and it should not otherwise qualify the government's use of the

18   term at trial.

19   **B.    The term "cryptojacking" is necessary, accurate, and not unfairly prejudicial,
20           and the defense's suggested replacement for the term does not accurately
             describe what Thompson did**

21

22   Just as with the term "hacking," Thompson's own statements dictate the use of the

23   term "cryptojacking" at trial.  Thompson repeatedly used the term to describe her illegal

24   cryptocurrency-mining scheme. For example, in a message Thompson posted to Slack in

25   July 2019, she wrote about her "cryptojacking enterprise":

26
```
[2019-07-19 22:27:59] [<Slack API Tester> bot] whatever I'll be employed again soon and if I had a partner I could have them take over my cryptojacking enterprise and be a stay at home
[2019-07-19 22:28:07] [<Slack API Tester> bot] haha
[2019-07-19 22:28:09] [<Slack API Tester> bot] will give me more motivation to work harder
[2019-07-19 22:28:13] [<Slack API Tester> bot] stay-at-home waifu haxor
[2019-07-19 22:28:26] [<Slack API Tester> bot] exactly!
[2019-07-19 22:28:30] [<Slack API Tester> bot] now you're speaking my language
[2019-07-19 22:29:27] [<Slack API Tester> bot] speaking of which I need to figure out a way to automate my shit 100%
```
27

28

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 5
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

She also talked about turning her "crypto jacking op into a full fledged enterprise" in an IRC chat:

```
2019-07-28.log
96  [02:34:56] <erratic>  dude I could turn my fuckin crypto jacking op into a full fledged enterprise I just
    dont have the motivation
97  [02:35:30] <erratic> because I don't dont know how to articulate myself well enough to send an a lulzsec
    grade message
98  [02:36:25] <erratic> I've got all the tools that I need to take on some worthy shit
```

And in a July 2019 text-message exchange with a friend, Thompson sent a GitHub link for the computer script she used to install cryptocurrency-mining malware on victim servers, stating:

> But seriously tho i need to get a god damn job, then you can have my whole entire cryptojacking enterprise, someone needs to carry this torch if not me, ridiculous what the world has come to

The defense's request to replace the term "cryptojacking" with "cryptomining" or "cryptocurrency mining" is thus unworkable for the same reason as its request to modify the term "hacking."  Thompson herself used the term and the government will be presenting her statements as evidence.  Thompson has not provided any authority that would require the Court to alter Thompson's use of the name of the crime of which she is accused in her own statements, and the government is not aware of any such authority. To the extent the term may be seen as "pejorative" or "suggestive" as the defense suggests, Dkt. No. 272 at 2, it is not unfairly prejudicial under Fed. R. Evid. 403, and it is also the term Thompson chose to describe what she was doing.

The defense argues that "cryptojacking" is problematic because it encompasses the word "jacking," which it defines as to "take (something) illicitly; steal."  Dkt. No. 272 at

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 6
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.  But that is what Thompson is <u>accused of doing</u>—the evidence shows that she stole the computing power of others to generate cryptocurrency for herself.  She also stole other peoples' data; in her words, she "jacked" it:

**ERRATIC**
@0xA3A97B6C

 Jacked gist.github.com/paigeadelethom... all avail s3 buckets, certs

Jun 17, 2019, 11:49 PM

Moreover, even when the evidence at issue is testimony of other witnesses, rather than Thompson's own statements, requiring the government to describe Thompson's cryptojacking as "cryptomining" would be akin to requiring the government to describe a bank robbery as a "withdrawal of funds."  To be sure, the term "robbery" may imply a wrongful act, but it is not unfairly prejudicial under Rule 403 where it necessarily and accurately describes the nature of the crime.  The same is true here.

"Cryptomining" or "cryptocurrency mining" are not equally apt terms for describing cryptojacking.  They do not convey the use of someone else's computing power to mine cryptocurrency for personal gain, which is what Thompson is accused of doing here.  The importance of using an accurate term to describe Thompson's actions— even a term that, like "robbery," suggests the wrongfulness of those actions—is not substantially outweighed by the danger of unfair prejudice.  *Cf. United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1985) ("All evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to that defendant, but that does not mean that such evidence should be excluded.").

Certainly, when the context calls for it, the government will also use the terms "cryptomining" or "cryptocurrency mining" at trial.  For example, the government intends to present testimony to the jury explaining what cryptocurrency is and how it is mined.  That testimony will be necessary so that the jury can understand what

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 7
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

cryptojacking is:  the use of stolen computing power to mine cryptocurrency.  In that respect, the testimony at trial will resemble the government's presentation of evidence to the grand jury, during which FBI Special Agent Joel Martini used (contrary to the defense's representations in its motion) not just the terms "cryptomining" and "cryptocurrency mining," but also the term "cryptojacking."  *See, e.g.*, Dkt. No. 273, Ex. B (sealed) at 15:7.  But where the context calls for the government to give an accurate description of what Thompson stands accused of doing—and, particularly, where the government is showing the jury Thompson's own descriptions of what she did—the Court should permit use of the term "cryptojacking" at trial.

## I.    CONCLUSION

For all the above-stated reasons, the Court should deny Thompson's motion *in limine* to modify or exclude the terms "hack" and "cryptojacking" and should not give Thompson's requested jury instruction about hacking.

Dated:  May 30, 2022

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney


*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-7970
Fax: (206) 553-0882
Email: andrew.friedman@usdoj.gov
          jessica.manca@usdoj.gov
          tania.culbertson@usdoj.gov

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* - 8
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970