1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

PAIGE THOMPSON,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. CR19-159RSL

**DEFENDANT'S PROPOSED JURY
INSTRUCTIONS**

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**INTRODUCTION**

Paige Thompson, through counsel, submits the following proposed jury instructions:

| Proposed Inst. No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| 1 | The Charge – Presumption of Innocence | 1.2 | 5 |
| 2 | Questions to Witnesses by Jurors During Trial | 1.14 | 6 |
| 3 | Bench Conferences and Recesses | 1.16 | 7 |
| 4 | Cautionary Instructions – First Recess | 2.1 | 9 |
| 5 | Judicial Notice | 2.4 | 10 |
| 6 | Credibility of Law Enforcement Witnesses | 1.7 | 11 |
| 7 | Elements of Wire Fraud (Count 1) | 15.35 | 13 |
| 8 | Trade Secret Definition | | 14 |
| 9 | Independent Economic Value Definition | | 15 |
| 10 | Maintain Secrecy Definition | | 16 |
| 11 | Possession of Access Device Elements (Count 9) | 15.12 | 17 |
| 12 | Possession Definition | 6.15 | 18 |
| 13 | Fraud in Connection with Identification Documents – Aggravated Identity Theft (Count 10) | | 19 |
| 14 | Unlawfully Obtaining Information Elements (Count 2) | 15.23 | 20 |
| 15 | Without Authorization - Defined | | 21 |
| 16 | Unlawfully Obtaining Information from a Protected Computer Elements (Count 4 - Digital Ai (formerly Arxan Technologies, Inc.)) | 15.24 | 22 |
| 17 | Unlawfully Obtaining Information from a Protected Computer Elements (Count 5 - Enghouse Interactive, Inc.) | 15.24 | 23 |
| 18 | Unlawfully Obtaining Information from a Protected Computer Elements (Count 6 - Bitglass) | 15.24 | 24 |
| 19 | Unlawfully Obtaining Information from a Protected Computer Elements (Count 7 - 42 Lines, Inc.) | 15.24 | 25 |
| 20 | Transmitting to a Computer Elements (Count 8) | 15.27 | 26 |

These instructions are in addition to those the government proposed for which the defense does not have any objections at this time. (*See* Dkt. No. 256.)

The defense objects to these instructions that the government has proposed:

| Gov't Proposed Inst. No. | Description | 9th Circuit Model No. | Page No. |
|---|---|---|---|
| 2 | The Charge - Presumption of Innocence | 1.2 | 3 |
| 18 | Wire Fraud | 15.35 | 36-37 |
| 19 | Obtaining Information by Computer – From Financial Institution or Government Computer | 15.23 | 38 |
| 20 | Obtaining Information by Computer – "Protected" Computer –Value of Information Exceeds $5,000 | 15.24 | 39 |
| 21 | Obtaining Information by Computer – "Protected" Computer | 15.24 | 40 |
| 22 | Intentional Damage to a Protected Computer | 15.27 | 41 |
| 23 | Access Devices – Unlawfully Possessing Fifteen or More | 15.12 | 42 |
| 25 | Fraud in Connection with Identification Documents – Aggravated Identity Theft | 15.9 | 44 |
| 27 | Intend to Defraud – Defined | 4.13 | 46 |
| 28 | Without Authorization – Defined | 15.21 | 47 |

(*Id.*)  The defense notes that the government modified a number of these instructions or relied on an outdated version.  Regarding the former, as an example, for "Intent to Defraud – Defined," the government added the underlined portion: "An intent to defraud is an intent to deceive and cheat, that is, an intent to deprive a victim of money or property by deception."  That addition should be rejected because it excludes the concept of "cheating" be required as well.  Regarding the latter, for "Without Authorization – Defined," the government fails to acknowledge or address the fact that the Ninth Circuit instruction has not been updated to address *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180 (9th Cir. 2022) ("hiQ II") or *Van Buren v. United States*, 141 S. Ct. 1648 (2021), and thus relies on an outdated definition.

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 3

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1    The defense reserves the right to submit additional or modified requests at or

2  near the close of evidence.  The government's case continues to evolve as trial gets

3  closer.  For example, on May 24, 2022, the government announced in its trial brief that

4  it intends to dismiss Count 3.  (Dkt. No. 255 at 16.)  Further, additional discovery is

5  constantly being served, as recently as last Friday, May 27, 2022.  It is therefore

6  impossible for the defense to foresee exactly what charges to the jury may be

7  appropriate at trial.

8         DATED: May 31, 2022              Respectfully submitted,

9

10                                         /s/ *Mohammad Ali Hamoudi*
                                           MOHAMMAD ALI HAMOUDI
11                                         /s/ *Christopher Sanders*
                                           CHRISTOPHER SANDERS
12                                         /s/ *Nancy Tenney*
                                           NANCY TENNEY
13                                         Assistant Federal Public Defenders

14

15                                         /s/ *Brian Klein*
                                           BRIAN KLEIN
16                                         /s/ *Melissa Meister*
                                           MELISSA MEISTER
17                                         Waymaker LLP

18                                         Attorneys for Paige Thompson

19

20

21

22

23

24

25

26

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1
2

**DEFENDANT'S REQUESTED INSTRUCTION NO. 1**

**INSTRUCTION NO. _____**

3
4
5
6
7
8

This is a criminal case brought by the United States government.  The government charges the defendant with Wire Fraud, Computer Fraud and Abuse Act, Access Device Fraud, and Aggravated Identity Theft.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

9
10
11
12

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or present any evidence.

13
14
15
16
17
18
19
20
21
22
23
24
25
26

Ninth Circuit Model Jury Instruction – 1.2. (2022)

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 5

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**DEFENDANT'S REQUESTED INSTRUCTION NO. 2**

**INSTRUCTION NO. _____**

*Option 1*

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  [*Specific reasons for not allowing jurors to ask questions may be explained.*]  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*Option 2*

When attorneys have finished their examination of a witness, you may ask questions of the witness.  [*Describe procedure to be used*.]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.

Ninth Circuit Model Jury Instruction – 1.14 (2022)

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 3**

**INSTRUCTION NO. _____**

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Jury Instruction – 1.16 (2022)

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 4**

**INSTRUCTION NO. _____**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.]

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1    [ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned

2    about or shared any information about this case outside of this courtroom? . . . Thank

3    you for your careful adherence to my instructions.]

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    Ninth Circuit Model Jury Instruction – 2.1 (2022)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 5**

**INSTRUCTION NO. _____**

I have decided to accept as proved the fact that [*insert fact noticed*], even though no evidence was presented on this point [,] [because this fact is of such common knowledge].  You may accept this fact as true, but you are not required to do so.

Ninth Circuit Model Jury Instruction – 2.4 (2022)

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 6**

**INSTRUCTION NO. _____**


As I previously discussed with you, in considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

These factors apply equally to the testimony of law enforcement witnesses. Their testimony is to be given no extra consideration or weight.  You are to evaluate and treat their testimony like you would any other witness.

Ninth Circuit Model Jury Instruction – 1.7 (2022)

1
2

**DEFENDANT'S REQUESTED INSTRUCTION NO. 7**

**INSTRUCTION NO. _____**

3  The defendant is charged in Count 1 of the indictment with wire fraud in
4  violation of Section 1343 of Title 18 of the United States Code.

5  For the defendant to be found guilty of that charge, the government must prove
6  each of the following elements beyond a reasonable doubt:

7  First, the defendant knowingly [participated in] [devised] [intended to devise] a
8  scheme or plan to defraud, or a scheme or plan for obtaining money or property by
9  means of false or fraudulent pretenses, representations, or promises.

10  Second, the statements made were material; that is, they had a natural tendency
11  to influence, or were capable of influencing, a person to part with money or property;

12  Third, the defendant acted with the intent to defraud, that is, the intent to deceive
13  and cheat; and

14  Fourth, the defendant used, or caused to be used, an interstate wire
15  communication to carry out or attempt to carry out an essential part of the scheme.

16  In determining whether a scheme to defraud exists, you may consider not only
17  the defendant's words and statements but also the circumstances in which they are used
18  as a whole.  The government must show that some actual harm or injury was
19  contemplated to the victim's property by the defendant.  In making that determination,
20  the harm or injury contemplated must be towards Capital One, Michigan State
21  University, Ohio Department of Public Safety, Digital Ai (formerly Arxan
22  Technologies, Inc.), Enghouse Interactive, Inc., Bitglass, or 42 Lines, Inc.  Amazon
23  Web Services is not a victim.

24  To convict a defendant of wire fraud based on omissions of material facts,
25  you must find that a defendant had a duty to disclose the omitted facts arising out of
26  a relationship of trust.  That duty can arise either out of a formal fiduciary

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 12

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1   relationship, or an informal, trusting relationship in which one party acts for the

2   benefit of another and induces the trusting party to relax the care and vigilance that

3   it would ordinarily exercise.

4        A wiring is caused when one knows that a wire will be used in the ordinary

5   course of business or when one can reasonably foresee such use.

6        It need not have been reasonably foreseeable to the defendant that the wire

7   communication would be interstate [or foreign] in nature. Rather, it must have been

8   reasonably foreseeable to the defendant that some wire communication would occur

9   in furtherance of the scheme, and an interstate [or foreign] wire communication

10  must have actually occurred in furtherance of the scheme.

22  Ninth Circuit Model Jury Instruction – 15.35 (2022); *see United States v. Miller*, 953

23  F.3d 1095, 1102 (9th Cir. 2020)("the government can[not] escape the burden of
    showing that some actual harm or injury [to the victim's property] was contemplated by

24  the schemer."); *United States v. Lew*, 875 F.2d 219, 221-222 ("One of Bonallo's
    arguments on appeal was [lack of convergence], while it was the bank that was

25  deceived, the intent was to obtain money from bank customers who were charged, not

26  the bank, and thus there was no intent to defraud the bank.")

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 13

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## DEFENDANT'S REQUESTED INSTRUCTION NO. 8

## INSTRUCTION NO. _____

For purposes of the wire fraud statute, the government must establish beyond a reasonable doubt that the data obtained was property in the hands of the victim. Data is property if it meets the definition of "Trade secret." "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:

> (1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

> (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

*Cleveland v. United States*, 531 U.S. 12, 15 (2000); *see Carpenter v. United States*, 484 U.S. 19, 26-27 (1987) (noting that the statute is "limited in scope to the protection of property rights"). The question of whether information is property for purposes of wire fraud, "must be determined by reference to applicable state laws." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 214 F. Supp. 3d 808, 822 (N.D. Cal. 2016) (citing *United States v. Shotts*, 145 F.3d 1289, 1294 (11th Cir. 1998), aff'd, 890 F.3d 828 (9th Cir.), amended, 897 F.3d 1224 (9th Cir.), and aff'd, 735 F. App'x 241 (9th Cir. 2018); *see also Borre v. United States*, 940 F.2d 215, 220 (7th Cir. 1991) ("It is logical, therefore, for this court to look to state law in determining whether a cable television franchise constitutes 'property' for purposes of the mail fraud statute."); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1001 (1984) (recognizing the "basic axiom that property interests . . . are not created by the Constitution [but] stem from an independent source such as state law.") (internal quotation marks omitted); 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 (7th ed.); WPI 351.02 Trade Secret—Definition

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 14

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 9**

2

**INSTRUCTION NO. _____**

3      Information has "independent economic value" if it gives the owner of the

4 information a competitive advantage over others who do not know the information.

5 In determining whether information derives "independent economic value" from not

6 being generally known or readily ascertainable, you may consider, among other factors,

7 the following:

8          (1) The value of the information to the owner and to the owner's competitors;

9          (2) The amount of effort or money that the owner expended in developing the

10      information;

11          (3) The extent of measures that the owner took to guard the secrecy of the

12      information;

13          (4) The ease or difficulty of acquiring or duplicating the information by proper

14      means;

15          (5) The degree to which third parties have placed the information in the public

16      domain or rendered the information readily ascertainable.

17

18

19

20

21

22

23

24

25 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 (7th ed.); WPI 351.05

26 Independent Economic Value—Definition

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 15

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEFENDANT'S REQUESTED INSTRUCTION NO. 10**

**INSTRUCTION NO. _____**

In determining whether information is "the subject of efforts that are reasonable under the circumstances to maintain its secrecy," you may consider, among other factors, the following:

(1) The extent to which the information is known outside the owner's business;

(2) The extent to which employees and others in the owner's business know the information;

(3) The nature and extent of the measures the owner took to guard the secrecy of the information;

(4) The existence or absence of an express agreement restricting disclosure; and

(5) The extent to which the circumstances under which the information was disclosed to others indicate that further disclosure without the owner's consent was prohibited.

6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 351.01 (7th ed.); WPI 351.08 Reasonable Efforts to Maintain Secrecy—Definition

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 16

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 11**

**INSTRUCTION NO. _____**

The defendant is charged in Count 9 the indictment with unlawful possession of access devices in violation of Section 1029(a)(1) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed [or attempted to possess] at least fifteen [counterfeit] [unauthorized] access devices at the same time;

Second, the defendant knew that the devices were [counterfeit] [unauthorized];

Third, the defendant acted with the intent to deceive and cheat; and

Fourth, the defendant's conduct in some way affected commerce between one state and [an]other state[s], or between a state of the United States and a foreign country.  [An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.] [A "counterfeit access device" is any device that is counterfeit, fictitious, altered or forged, or an identifiable component of an access device or a counterfeit access device.]

Ninth Circuit Model Jury Instruction – 15.12 (2022); *United States v. Saini,* 23 F.4th 1155, 1163 (9th Cir. 2022)("intend to defraud" modified to "intent to deceive and cheat.")

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 17

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### DEFENDANT'S REQUESTED INSTRUCTION NO. 12

### INSTRUCTION NO. _____

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

Ninth Circuit Model Jury Instruction – 6.15 (2022) (modified)

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 18

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 13**

2

**INSTRUCTION NO. _____**

3

4          The defendant is charged in Count 10 of the indictment with aggravated identity

5     theft in violation of Section 1028A of Title 18 of the United States Code. For the

6     defendant to be found guilty of that charge, the government must prove each of the

7     following elements beyond a reasonable doubt:

8          First, the defendant knowingly [transferred] [possessed] [used] without legal

9     authority [a means of identification of another person] [a false identification document];

10    [and]

11         Second, the defendant knew that the means of identification belonged to a real

12    person; [and]

13         [Third], the defendant did so during and in relation to Counts 1 and 9.

14         The term "means of identification" means any name or number that may be

15    used, alone or in conjunction with any other information, to identify a specific

16    individual, including name, social security number, date of birth, official State or

17    government issued driver's license or identification number, alien registration number,

18    government passport number, employer or taxpayer identification number.

19

20

21

22

23

24

25    Ninth Circuit Model Jury Instruction – 15.9 (2022); 18 U.S.C. §1028(d)(7)(A).

26

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 19

1

2

**DEFENDANT'S REQUESTED INSTRUCTION NO. 14**

**INSTRUCTION NO. _____**

3

4      The defendant is charged in Count 2 the indictment with unlawfully obtaining

5  information of a [financial institution] [card issuer] in violation of Section 1030(a)(2) of

6  Title 18 of the United States Code.

7      For the defendant to be found guilty of that charge, the government must prove

8  each of the following elements beyond a reasonable doubt:

9      First, the defendant intentionally [accessed without authorization] a computer;

10      [Second, by [accessing without authorization] a computer, the defendant

11  obtained information contained in a financial record of [specify financial institution or

12  card issuer].]; and

13      Third, the value of the information obtained exceeded $5,000.

14

15

16

17

18

19

20

21

22  Ninth Circuit Model Jury Instruction – 15.23; (2022) (modified); 15.21 Without
    Authorization—Defined (include $5,000 element which is part of Section 1030(a)(2));
23  *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1197 (9th Cir. 2022) ("hiQ II") (" We
    therefore look to whether the conduct at issue is analogous to "breaking and entering.")

24

25

26

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 20

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## DEFENDANT'S REQUESTED INSTRUCTION NO. 15

## INSTRUCTION NO. _____

For Counts 2 and 4-8, a person does something "without authorization" when the network is password-protected or is otherwise not publicly accessible, but the person accesses or uses the computer or computer network anyway.

*hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1197 (9th Cir. 2022) ("hiQ II"); *Van Buren v. United States*, 141 S. Ct. 1648 (2021).

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 21

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

1

**DEFENDANT'S REQUESTED INSTRUCTION NO. 16**

2

**INSTRUCTION NO. _____**

3

4        The defendant is charged in Count 4 of the indictment with unlawfully obtaining

5    information from a protected computer in violation of Section 1030(a)(2) of Title 18 of

6    the United States Code.

7        For the defendant to be found guilty of that charge, the government must prove

8    each of the following elements beyond a reasonable doubt:

9        First, the defendant intentionally [accessed without authorization] a computer;

10    and

11        Second, by [accessing without authorization] a computer, the defendant obtained

12    information from a computer that was [used in or affecting interstate or foreign

13    commerce or communication]; and

14        Third, the value of the information obtained exceeded $5,000.

15

16

17

18

19

20

21

22

23    Ninth Circuit Model Jury Instruction – 15.23; (2022) (modified); 15.21 Without
Authorization—Defined (include $5,000 element which is part of Section 1030(a)(2));

24    *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1197 (9th Cir. 2022) ("hiQ II") (" We
therefore look to whether the conduct at issue is analogous to "breaking and entering.")

25

26

**DEFENDANT'S REQUESTED INSTRUCTION NO. 17**

**INSTRUCTION NO. _____**


The defendant is charged in Count 5 of the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030(a)(2) of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally [accessed without authorization] a computer; and

Second, by [accessing without authorization] a computer, the defendant obtained information from a computer that was [used in or affecting interstate or foreign commerce or communication]; and

Third, the value of the information obtained exceeded $5,000.

Ninth Circuit Model Jury Instruction – 15.23; (2022) (modified); 15.21 Without Authorization—Defined (include $5,000 element which is part of Section 1030(a)(2)); *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1197 (9th Cir. 2022) ("We therefore look to whether the conduct at issue is analogous to "breaking and entering.")

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 23

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 18**

**INSTRUCTION NO. _____**


The defendant is charged in Count 6 of the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030(a)(2) of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally accessed without authorization a computer; and

Second, by accessing without authorization a computer, the defendant obtained information from a computer that was used in or affecting interstate commerce or communication.

Ninth Circuit Model Jury Instruction – 15.23; (2022) (modified); 15.21 Without Authorization—Defined (include $5,000 element which is part of Section 1030(a)(2)); *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1197 (9th Cir. 2022) ("hiQ II") (" We therefore look to whether the conduct at issue is analogous to "breaking and entering.")

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 24

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 19**

**INSTRUCTION NO. \_\_\_\_\_**

The defendant is charged in Count 7 of the indictment with unlawfully obtaining information from a protected computer in violation of Section 1030(a)(2) of Title 18 of the United States Code.

For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally accessed without authorization a computer; and

Second, by accessing without authorization a computer, the defendant obtained information from a computer that was used in or affecting interstate commerce or communication.

Ninth Circuit Model Jury Instruction – 15.23; (2022) (modified); 15.21 Without Authorization—Defined (include $5,000 element which is part of Section 1030(a)(2)); *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1197 (9th Cir. 2022) ("hiQ II") ("We therefore look to whether the conduct at issue is analogous to "breaking and entering.")

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 25

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**

**DEFENDANT'S REQUESTED INSTRUCTION NO. 20**

**INSTRUCTION NO. _____**

The defendant is charged in [Count 8 of] the indictment with transmitting [a program] [information] [a code] [a command] to a computer [system], intending to cause damage, in violation of Section 1030(a)(5) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly caused the transmission of [a program] [information] [a code] [a command] to a computer;

Second, as a result of the transmission, the defendant intentionally impaired without authorization the [integrity] [availability] of [data] [a program] [a system] [information]; and

Third, the computer was [used in or affected interstate or foreign commerce or communication]; and

Fourth, the amount of loss exceed $5,000.

Ninth Circuit Model Jury Instruction – 15.27; (2022) (modified to include $5,000 element which is part of Section 1030(c)(4)(B)(i))

MS. THOMPSON'S REQUESTED
JURY INSTRUCTIONS
(*United States v. Thompson*, CR19-0159-RSL) - 26

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, WA 98101**
**(206) 553-1100**