UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | Case No. CR19-159-RSL<br><br>ORDER DENYING MOTION TO EXCLUDE RULE 404(b) EVIDENCE OR TESTIMONY |

This matter comes before the Court on defendant Paige Thompson's "Motion for Order Excluding Rule 404(b) Evidence or Testimony" (Dkt. # 242). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

## I. BACKGROUND

Defendant faces an upcoming trial for charges of wire fraud, violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), access device fraud, and aggravated identity theft. Dkt. # 166. The indictment alleges that defendant created proxy scanners that allowed her to identify Amazon Web Services ("AWS") servers with misconfigured web application firewalls that permitted outside commands to reach and be executed by the servers. Id. at ¶ 12. Defendant then allegedly sent commands to the misconfigured servers to obtain security credentials for particular accounts or roles belonging to the victims. Id. at ¶¶ 11-13, 16-18. Defendant allegedly used these "stolen credentials" to "copy data, from folders or buckets of data" in the victims' cloud storage space and set up cryptocurrency mining operations on the victims' rented servers. Id. at ¶¶ 14-15, 21.

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 1

## II. DISCUSSION

Defendant moves the Court for an order pursuant to Federal Rule of Evidence 404(b) prohibiting the government from presenting evidence of cryptomining against uncharged victims and outside of the indictment time period. "Rule 404 of the Federal Rules of Evidence prohibits evidence about a defendant's character trait to prove that the defendant committed the charged crime when [she] acted in accordance with that character trait." United States v. Charley, 1 F.4th 637, 640 (9th Cir. 2021). "The rule is rooted in the 'basic premise of our criminal justice system' that 'our law punishes people for what they do, not who they are.'" Id. (quoting Buck v. Davis, 137 S. Ct. 759, 778 (2017)). Rule 404(b) provides:

> (b) **Other Crimes, Wrongs, or Acts**.
> (1) **Prohibited Uses**. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> (2) **Permitted Uses**. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.
> (3) **Notice in a Criminal Case**. In a criminal case, the prosecutor must:
>    (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>    (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>    (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b).

Defendant asks the Court to exclude the proffered evidence for three reasons: the government's notice is inadequate under Rule 404(b)(3), the purported evidence is not inextricably intertwined, and the introduction of the purported evidence at trial would violate Federal Rule of Evidence 403. The Court considers defendant's arguments that (A) the purported evidence is not inextricably intertwined, and (B) introduction of the evidence would violate Rule 403 in turn. Because the Court concludes that the evidence is not Rule 404(b)

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 2

evidence, the Court does not consider defendant's arguments regarding sufficiency of notice under Rule 404(b).

### A. Inextricably Intertwined Evidence

Defendant argues that the Court should exclude the evidence because it is not inextricably intertwined or relevant on any admissible basis. Defendant seems to argue that if the evidence in question is not inextricably intertwined with the crime charged, it cannot be admitted pursuant to Rule 404(b). This, however, is a misstatement of the law. "Rule 404(b) applies solely to evidence of 'other' acts, not to evidence of the very acts charged as crimes in the indictment." United States v. Loftis, 843 F.3d 1173, 1176 (9th Cir. 2016). In Loftis, the Ninth Circuit considered two ways that evidence may fall outside of Rule 404(b)'s ambit: (1) where "the 'other' crime in question is in fact 'an element of the crime charged,'" id. at 1176 (citing 22B Kenneth W. Graham, Jr., Federal Practice and Procedure § 5239 (1st ed. 2016)), and (2) where the inextricably intertwined doctrine applies, id. at 1178. The Court considers each exemption from Rule 404(b) in turn.

#### 1. Element of Crime Charged

The first exemption from Rule 404(b) applies where the other crime, wrong, or act is in fact an element of the crime charged. Loftis is highly instructive on this point. Mr. Loftis, like Ms. Thompson, was charged with wire fraud. Each wire fraud count in the indictment pertained to a particular wire transfer in which a defrauded investor wired money to Mr. Loftis. See Loftis, 843 F.3d at 1175. These five charged uses of the wires involved a total of three investors and were all perpetrated in Montana. Id. At trial, the government sought to offer evidence of other investor victims not specifically named in the indictment, additional uses of wires, and aspects of the scheme carried out in states other than Montana. Id. The Ninth Circuit reasoned as follows:

> "The elements of wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud." United States v. Jinian, 725 F.3d 954, 960 (9th Cir. 2013). The crime charged in a wire fraud prosecution therefore includes not only the specific executions of the scheme alleged as the

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 3

      second element of the offense but also the overall scheme alleged as the first element of the offense.  As we recently explained, "the commission of . . . a mail fraud or wire fraud offense necessarily includes a fraudulent scheme as a whole . . . , including additional executions of the scheme that were not specifically charged."  United States v. Lo, 839 F.3d 777, 793 (9th Cir. 2016).  The uncharged transactions, therefore, are part of the charged offense—the fraudulent scheme as a whole—not "other" crimes or "other" acts evidence.  Rule 404(b) thus does not preclude the government from introducing evidence of uncharged transactions to prove the first element of wire fraud—the existence of a scheme to defraud.

Id. at 1177.

      The same logic applies here.  The evidence at issue purports to show that defendant carried out the same course of conduct towards other, uncharged, victims, and refined her technique as she did so.  See Dkt. # 249 at 1-2.  In other words, it goes to additional executions of the scheme that were not specifically charged.  The evidence, therefore, goes to the existence of a scheme to defraud – an element of wire fraud – and is not subject to Rule 404(b).

## 2. Inextricably Intertwined Doctrine

      The second exemption from Rule 404(b) is available where the inextricably intertwined doctrine applies.  Because the Court concludes above that the evidence in question goes to an element of wire fraud, the government is not required to rely on the inextricably intertwined doctrine to avoid Rule 404(b).  See Loftis, 843 F.3d at 1177.  Nonetheless, the Court finds that the inextricably intertwined doctrine likewise applies.

      Under the inextricably intertwined doctrine, "evidence should not be considered 'other crimes' or 'other act' evidence within the meaning of Rule 404(b) if 'the evidence concerning the "other" act and the evidence concerning the crime charged are inextricably intertwined.'"  Id. at 1177 (quoting United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012)).  There are generally two categories of cases in which "other act" evidence is inextricably intertwined with the crime charged.  Id. (citing United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995)).  First, where the evidence "constitutes a part of the transaction that serves as the basis for the criminal charge."  Id. at 1177-78 (citing Vizcarra-Martinez, 66 F.3d at 1012).  Second,

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 4

where it is necessary to admit the evidence "to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime," such as to "explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime." Id. at 1178 (citing Vizcarra-Martinez, 66 F.3d at 1012-13).

In the context of wire fraud, the Ninth Circuit has held that "uncharged transactions that are part of an overall scheme are 'part of the same transaction' as the charged transactions, such that evidence of the uncharged transactions falls under the first inextricably intertwined exception." Id.; see also United States v. Mundi, 892 F.2d 817, 818 (9th Cir. 1989) (concluding that where defendant was charged with a broad scheme to defraud travel agencies, the court properly allowed testimony regarding travel agencies not named in the indictment and defendant's scheme with respect to them).

Defendant argues that the offered evidence cannot be "part of the same transaction" because it is more expansive than the indictment. To this point, defendant highlights that the evidence goes to an uncharged event, involves five AWS customers not referenced in the indictment that the government does not intend to call at trial, and spans February 2019 to August 2019, while the cryptomining allegations in the indictment span March 2019 to July 2019.[1] See Dkt. # 244 at 6.

Defendant's arguments do not prevail. The Ninth Circuit has rejected the conclusion that "part of the same transaction" evidence must directly parallel the indictment. See Loftis, 843 F.3d at 1178 ("In the context of mail and wire fraud, we have held that uncharged transactions that are part of an overall scheme are 'part of the same transaction' as the charged transactions, such that evidence of the uncharged transactions falls under the first inextricably intertwined exception."). Additionally, the evidence relating to charged and uncharged victims is commingled in the files and file directories throughout defendant's computer, see Dkt. # 250-1,

---

[1] Defendant argues that the offered evidence goes to events that "took place at a completely different point in time." Dkt. # 244 at 6. The Court notes that, per defendant's explanation, the offered evidence covers the same five months as the charged crimes, plus one additional month. Id. Given the large overlap, it is not accurate to say the events took place at a completely different point in time.

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 5

and, as the government explains, defendant's statements do not differentiate between charged and uncharged victims, see Dkt. # 249 at 9. While defendant compares the government's argument that the proffered evidence is inextricably intertwined because it consists of lines of code interspersed throughout the same computer file with an absurd conclusion that any collection of musical notes arranged together must make a symphony rather than a cacophonous sound, see Dkt. # 274 at 2, defendant fails to explain why this is true in this case. This stands in stark contrast to the government's labeled exhibits demonstrating the commingling of the evidence. See generally Dkt. # 250. In sum, the proffered cryptomining evidence is "part of the same transaction" as the charged transaction. The inextricably intertwined doctrine, therefore, affords an alternative basis for concluding that the evidence should not be treated as "other" crimes, wrongs, or acts evidence under Rule 404(b). See Loftis, 843 F.3d at 1178.

Because satisfaction of the "part of the same transaction" element is sufficient to conclude that the inextricably intertwined doctrine applies, the Court need not consider defendant's arguments that the proffered evidence is not necessary to offer a coherent and comprehensible story regarding the commission of the crime. The Court, however, notes that defendant's argument on this point appears to confuse the inextricably intertwined doctrine, which is an *exemption* to Rule 404(b)'s requirements, with Rule 404(b)'s *exception* admitting evidence for purposes such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). If evidence is exempt from Rule 404(b)'s ambit, it is inconsequential if it is also appropriately excepted under the Rule.[2]

---

[2] Defendant's citations to Bailey and Charley are inapposite for two reasons. First, neither case involves the inextricably intertwined doctrine – the evidence at issue in both was undisputedly Rule 404(b) evidence. See generally United States v. Bailey, 696 F.3d 794, 799-802 (9th Cir. 2012); United States v. Charley, 1 F.4th 637, 647-51 (9th Cir. 2021). Second, both cases are readily distinguished from the case at hand.

In Bailey, in order to show that Mr. Bailey knew that his conduct was unlawful, the prosecution offered into evidence a years-old civil complaint brought against Mr. Bailey that alleged violation of the same securities rule with which he was criminally charged. See Bailey, 696 F.3d at 796. The Ninth

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 6

### B. Federal Rule of Evidence 403

Finally, defendant argues that the government's proffered evidence is separately excludable because it runs afoul of Rule 403. Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant argues that the "introduction of the proffered evidence would demonstrate *all* of the reasons for exclusion under Rule 403," because the evidence is from time periods outside those charged in the indictment, goes to events not charged in the indictment, and is cumulative of the allegations charged in the indictment. Dkt. # 244 at 8. The government counterargues that the evidence passes Rule 403's balancing test because it is highly probative of defendant's motives and intent, which are expected to be hotly contested issues at trial. Dkt. # 249 at 11. In her reply, defendant argues that the evidence is substantially more prejudicial than probative because the government admits "[t]hat in determining whether evidence is sufficient to support a finding that Thompson was cryptojacking as part of her scheme to defraud—a threshold lower than preponderance of the evidence—a court must consider the totality of the evidence," and the

---

Circuit concluded that the complaint was improperly admitted because Rule 404(b) requires evidence that is sufficient to support a finding that the defendant committed the other act, and "a complaint is merely an accusation of conduct and not, of course, proof that the conduct alleged occurred." Id. at 799, 801. Here, the government seeks to introduce proof of the events in question in the form of computer files and defendant's statements. This is inapposite to Bailey, as the complaint was not proof of anything.

In Charley, in order to show motive and intent for assault of her boyfriend in the face of a claim of self-defense, the prosecution introduced evidence that Ms. Charley had previously assaulted her stepmother and sister. See Charley, 1 F.4th at 648. The Ninth Circuit concluded that there was "no logical connection between those prior incidents and the charged assault other than the implication that Charley has a propensity for violence and was therefore the aggressor on the occasion here—an impermissible inference under Rule 404(b) and an improper consideration when determining whether self-defense was established." Id. In contrast, the logical connection between the offered evidence and defendant's charged conduct is strong.

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 7

jury may therefore be misled when considering the cryptomining-related Count 8, which requires proof beyond a reasonable doubt.  Dkts. # 249 at 10, # 274 at 3.

The Court agrees with the government.  The Court recognizes that the evidence may indeed be cumulative, in that defendant is also charged with cryptomining conduct, but defendant does not offer a persuasive argument that this presentation of cumulative evidence is "needless."  See Fed. R. Evid. 403.  Finally, defendant's reply relies on the Court first concluding that the proffered evidence is Rule 404(b) evidence.  See Huddleston v. United States, 485 U.S. 681, 689 (1988) ("In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor.").  Because the Court concludes above that the evidence is *not* Rule 404(b) evidence, this argument is inapplicable.

### III. CONCLUSION

For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant's Motion for Order Excluding Rule 404(b) Evidence or Testimony (Dkt. # 242) is DENIED.

DATED this 2nd day of June, 2022.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO EXCLUDE RULE
404(b) EVIDENCE OR TESTIMONY - 8