The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON, <br><br> Defendant. | NO. CR19-159-RSL <br><br> UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL UNREDACTED EMAILS |

Counsel for Defendant Paige A. Thompson cite no rules or cases in support of Thompson's motion to compel the government to produce unredacted email threads containing government-attorney work product. Nor could they. Federal Rule of Criminal Procedure 16(a)(2) clearly exempts from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Moreover, the government has repeatedly explained to the defense that the redacted portions of the emails the government produced on June 1, 2022, well in advance of the government's obligation to provide *Jencks* material,[1] contain non-discoverable, privileged attorney

---

[1] The government has provided the vast majority of its *Jencks* material in this case, consisting of witness 302s and other reports written by FBI personnel (including government expert witness Waymon Ho) to the defense on a regular and rolling basis since the inception of this prosecution. The materials at issue in Thompson's motion to

GOVERNMENT'S RESPONSE TO MOTION TO COMPEL - 1
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

work product. The government also explained to the defense specifically what kind of work-product information was redacted from the emails and why that information was not relied upon by the government's experts so as to make it discoverable.

Now, rather than explaining to this Court on what basis the defense is entitled to any of the redacted attorney work product, the defense speculates that the redacted portions "provide valuable context for understanding" the unredacted email statements of government expert witnesses Waymon Ho and John Strand. The government is well aware of its discovery obligations to the defense and has carefully adhered to them. The Court should deny Thompson's motion to compel.

First, it bears noting that when the government explained the basis for its redactions to the defense, the defense responded by claiming that "email threads with experts on them in [the government's *Jencks* production of June 1] are discoverable in their entirety, since the expert was relying on the contents of them." Exhibit 1 at 3 (June 2, 2022 email from Brian Klein received at 3:15 p.m.). The defense then asked the government to "[p]lease promptly produce unredacted *all* email threads with the government's experts contained in *all* government productions." *Id.* (emphasis added).

In turn, the government explained that "[a]lthough materials upon which an expert relied are discoverable, as you note, all communications with an expert are not automatically discoverable" and that the redacted portions of the emails here are not "materials upon which Mr. Ho relied in forming an opinion."[2] *Id.* at 2.

In its motion to compel, the defense now appears to have abandoned its position that all government-attorney communications with government experts are automatically discoverable. And for good reason. In a situation such as this, the work-product

---

compel are a small number of agent and witness emails, *see* Dkt. No. 298, Exhibits A–O (sealed), that the government indicated it would produce according to an agreed schedule to exchange *Jencks* material. After the defense failed to respond to two government requests to agree to a schedule for exchanging remaining government and all defense *Jencks* material, the government moved forward with producing this remaining *Jencks* material to avoid unnecessary delays at trial. To date, the defense has not produced any defense *Jencks* material.

[2] The government also followed up to confirm that the same was true of the redacted portions of its emails to government expert John Strand. *See id.* at 1.

GOVERNMENT'S RESPONSE TO MOTION TO COMPEL - 2
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

privilege only gives way where a party makes testimonial use of work product.  *See United States v. Nobles*, 422 U.S 225, 239–40 (1975).  Neither Mr. Ho nor Mr. Strand relied on the redacted work product the defense seeks in forming their opinions, therefore the government is not making testimonial use of that work product.

As for the defense's new argument that the redacted work product would "provide valuable context," the context of the expert witnesses' statements is clear from the unredacted portions of the email exchanges and from the extensive discovery the government has provided to date.  To take the example cited by the defense in its motion, Mr. Ho's statement at USA_00015527 that "I couldn't find specific references to cryptocurrency mining though" is clearly a reference to his review of the AWS Abuse Report PDF, a copy of which was provided to the defense by the government on March 2, 2022.  To the extent that the defense needs even more clarification of the context of Mr. Ho's statement, it has not asked the government for that clarification.[3]  Instead, it summarily demanded that the government "produce unredacted all email threads with the government's experts contained in all government productions," regardless of whether any of those email threads contain government-attorney work product.  They are not entitled to work product that the government's expert witnesses are not relying on in their

//
//
//

---

[3] The government is happy to discuss with the defense what additional context the defense feels it may need.

GOVERNMENT'S RESPONSE TO MOTION TO COMPEL - 3
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

testimony. Accordingly, the Court should deny the defense's motion to compel.

Dated: June 6, 2022

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-7970
Fax: (206) 553-0882
Email: andrew.friedman@usdoj.gov
          jessica.manca@usdoj.gov
          tania.culbertson@usdoj.gov

GOVERNMENT'S RESPONSE TO MOTION TO COMPEL - 4
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970