The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159-RSL<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S SUPPLEMENTAL FILING IN SUPPORT OF HER OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* #3 |

In asserting that "the prosecution team aided Capital One in their attempts to negotiate their OCC penalty," Dkt. No. 301 at 1, counsel for Defendant Paige A. Thompson mischaracterizes the email exchange between the FBI case agent assigned to the case and the Capital One cyber security professional tasked with collecting a copy of the stolen Capital One data from the FBI. That fact will be obvious to the Court upon its review of the email exchange the defense filed under seal along with its supplemental filing (Dkt. No. 302), but the government responds here to rebut any accusation of bias on the part of the FBI case agent or any notion that the FBI was "help[ing] . . . Capital One in its bid to resolve the OCC's investigation." Dkt. No. 301 at 2. Rather the FBI

GOVERNMENT'S RESPONSE TO SUPPLEMENTAL FILING - 1
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

was, in the normal course, communicating with one of the victims of a serious cyber-crime. The Court should reject any suggestion to the contrary.[1]

Counter to the defense's characterization, the email exchange in August and September of 2019 (consisting of nine messages) is almost entirely concerned with coordinating logistics for Capital One to retrieve a copy of its stolen data and troubleshooting its review of that data. That is, the FBI was communicating with a victim of the hacking scheme at issue in this case and assisting them in their attempts to understand exactly what was stolen from them. It was in that context that, on August 23, 2019, in response to a question about a computer error Capital One was experiencing when trying to uncompress the data provided by the FBI, the case agent wrote: "I will have to talk to our computer scientist guys and get back to you on most of your questions." Dkt. 301 at 1 (sealed).

Several weeks later the Capital One cyber security professional responded to the email thread to let the case agent know that the "OCC regulators asked today if the FBI would be providing us with a copy of your forensic report [and] I have to ask the question so we can write up a response to them and tell them we asked." *Id.* The case agent answered that "we are pretty far from finalizing any forensics reports and *would not typically be in a position to broadcast them even when completed*." *Id.* (emphasis added). He then explained that the FBI would be sharing "our threat alert documentation that covers TTPs, etc from our analysis to date." *Id.* Threat alerts, of course, are shared broadly in order to allow potential targets to avoid malicious activity. As a result, this information that the FBI indicated it would give was near-public, and certainly not indicative of bias. And this exchange is a far cry from "the prosecution team aid[ing] Capital One in their attempts to negotiate their OCC penalty."

---

[1] As the government explained in its Motions in *Limine* (Dkt. No. 282), the OCC regulatory investigation and consent order are not probative of any proposition of consequence in this case and any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. The defense's supplemental filing here simply illustrates the potential problems with allowing evidence regarding the OCC regulatory proceedings at trial—the defense is trying to use it to manufacture a narrative of government bias.

GOVERNMENT'S RESPONSE TO SUPPLEMENTAL FILING - 2
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government reiterates that the prosecution team in this case had and has no connection to the OCC regulatory investigation. Evidence of that investigation, and of its results, should be excluded at trial.

Dated: June 6, 2022

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-7970
Fax: (206) 553-0882
Email: andrew.friedman@usdoj.gov
           jessica.manca@usdoj.gov
           tania.culbertson@usdoj.gov

GOVERNMENT'S RESPONSE TO SUPPLEMENTAL FILING - 3
*U.S. v. Thompson*, CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970