UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAIGE THOMPSON,<br><br>    Defendant. | Case No. CR19-159-RSL<br><br>ORDER DENYING MOTION TO COMPEL UNREDACTED EMAILS |

This matter comes before the Court on defendant Paige Thompson's "Motion to Compel Unredacted Emails" (Dkt. # 297). Having reviewed the submissions of the parties and the remainder of the record, the Court finds as follows:

Defendant moves the Court to compel the government to disclose unredacted email threads involving two of its proposed expert witnesses, FBI Special Agent Waymon Ho and John Strand. The government objects on the ground that the redacted portions are non-discoverable government-attorney work product.

Federal Rule of Criminal Procedure 16(a)(2) exempts from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). Notwithstanding this work-product protection, "materials on which a proposed expert witness relies must be produced to Defendants in discovery." United States v. Fort, 472 F.3d 1106, 1121 (9th Cir. 2007).

ORDER GRANTING MOTION TO COMPEL
CAPITAL ONE DATA - 1

Defendant argues that the redacted material "provide[s] valuable context for understanding Ho's and Strand's responses and can communicate important information to them." Dkt. # 297 at 2.  Defendant provides an example: in one email, Special Agent Ho writes, "I couldn't find specific references to cryptocurrency mining though." Id. (quoting Dkt. # 298 at 8).  Defendant argues that "[b]ecause of the government's redactions, the defense is left to guess at what and where Ho reviewed to draw his conclusion, and therefore Ho's response is open to many possible meanings." Id.  Defendant's interpretation, however, is not supported by the record.  It is clear from the remainder of the email to which defendant refers that Special Agent Ho is discussing a list of AWS IDs from the "Abuse Report PDF." See Dkt. # 298 at 8.

The Court accepts the government's assurance that it is "well aware of its discovery obligations to the defense and has carefully adhered to them." Dkt. # 304.  Given that the defense has pointed to no example where it is apparent that an expert relied on a redacted portion of an email, the Court declines to compel the government to produce unredacted emails.

For all of the foregoing reasons, IT IS HEREBY ORDERED that defendant's Motion to Compel Unredacted Emails (Dkt. # 297) is DENIED.

DATED this 8th day of June, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO COMPEL
CAPITAL ONE DATA - 2