THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | Case No. CR19-159-RSL<br><br>**AMAZON WEB SERVICES, INC.'S MOTION TO QUASH DEFENDANT'S TRIAL SUBPOENA**<br><br>NOTE ON MOTION CALENDAR:<br>June 24, 2022 |

## INTRODUCTION

Amazon Web Services, Inc. ("AWS") respectfully moves the Court to quash Defendant's May 26, 2022 subpoena of records from AWS to the extent it seeks contracts between AWS and its customers related to cloud infrastructure and/or web application firewalls. *See* Dkt. 149-1, Ex. A. The Court already denied an earlier subpoena for the same types of records. Defendant cannot show that AWS's contracts with several of its customers—on whose AWS accounts Defendant is accused of installing cryptocurrency mining malware—are relevant. Moreover, Defendant does not need any information from AWS; she can easily access the contracts for all but two of the implicated customers because they use AWS's standard Customer Agreement, which is publicly available online. Accordingly, AWS respectfully requests that the Court again quash Defendant's subpoena for AWS's customer records.

## BACKGROUND

On November 24, 2021, Defendant issued to AWS a subpoena under Fed. R. Crim. P. 17(c), requesting nine categories of documents. *See* Dkt. 149-1, Ex. A. After a lengthy meet and confer process, AWS agreed to produce information responsive to seven of the nine requests, but objected

FENWICK & WEST LLP

to Defendant's request to produce (1) "[a]ny contracts relating to cloud infrastructure and/or WAFs between the Company and" Capital One or the anonymous victims, and (2) "[a]ny bills and invoices for providing cloud infrastructure from January 1, 2019 through December 31, 2020 sent from the Company to" AWS, Capital One, or the anonymous victims.  *See* Dkt. 149, 149-2, Ex. B. Defendant filed a Motion for Early Return of Trial Subpoena to AWS on January 12. Dkt. 149.

After full briefing, the Court denied Defendant's motion.  Dkt. 227 at 4.  The Court held that "Defendant's contentions that the contracts may *potentially* inform her of limitations or configuration weaknesses, *may shed light* on any contemplated data value, and may *potentially* establish configuration responsibility are speculative and indicative of a mere hope that the contracts will include favorable evidence." *Id.* at 3.  Further, the Court found that, "[e]ven if the contracts contain the information that defendant seeks, her broad request is overinclusive, as it almost certainly sweeps in a great deal of irrelevant or inadmissible information." *Id*.

Despite this ruling, Defendant's May 26 Subpoena seeks the same category of records. Declaration of Tyler G. Newby ISO Motion to Quash ("Newby Decl."), Ex. A.  In this subpoena, Defendant again requests "[a]ny contracts relating to cloud infrastructure and/or WAFs covering any portion of the time period of January 1, 2019 through December 31, 2019 between" AWS and certain victims.  *Id.*  Although the AWS customers listed in the May 26 Subpoena are different from those listed in the November 24 subpoena, the subpoena is similarly broad.  The May 26 subpoena also seeks billing records.  *Id.*  On June 7, 2022, AWS produced the relevant billing records requested under the May 26 subpoena for a more narrow, and relevant, time frame. Newby Decl., ¶ 3.  In its production letter, AWS again objected to producing the contracts because—as the Court previously decided—they are irrelevant and inadmissible.  *Id.*

On June 10, 2022, in a meeting with the Court outside the presence of the Government and AWS's counsel, Defendant apparently explained its renewed request for the AWS contracts.  *See* Dkt. 321.  After that meeting, Defendant's counsel informed AWS's counsel that the Court had agreed to take the matter under advisement.  Newby Decl., ¶ 4.  Later that day, Defendant also sent AWS an email with the names of twelve entities for which Defendant seeks AWS contracts.  *Id.*;

Newby Decl., Ex. B.  AWS now moves to quash Defendant's renewed request as irrelevant, overbroad, burdensome, and unnecessary.

## ARGUMENT

Federal Rule of Criminal Procedure 17(c) "was not intended as a discovery device," or to "allow a blind fishing expedition seeking unknown evidence." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).  Under Rule 17(c), criminal subpoenas "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). This is an "exacting" standard and the burden falls on the party requesting the information. *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 386 (2004).  "[E]ach element must be shown with particularity and conclusory allegations are insufficient." *United States v. Estrada-Contreras*, No. CR17-301RSL, 2018 U.S. Dist. LEXIS 79302, at *2 (W.D. Wash. May 10, 2018) (citing *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981)).  The Court may quash a subpoena for documents if their production would be "unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *see also Nixon*, 418 U.S. at 698 (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)).

This Court has already found that Defendant's request to obtain AWS's contracts with certain victims is irrelevant, speculative, and overbroad. Dkt. 227 at 2-3.  In its March 21, 2022 order, the Court found that "Defendant's contentions that the contracts may *potentially* inform her of limitations or configuration weaknesses, *may shed light* on any contemplated data value, and may *potentially* establish configuration responsibility are speculative and indicative of a mere hope that the contracts will include favorable evidence." *Id.* (emphasis in original).  The Court similarly found that the requests were "overinclusive, as it almost certainly sweeps in a great deal of irrelevant or inadmissible information." *Id.*  Now, Defendant seeks the exact same contracts but related to different entities. *Compare* Dkt. 149-1 ("Any contracts relating to cloud infrastructure and/or WAFs between [AWS and certain entities].") *with* Newby Decl., Ex. A ("Any contracts relating to cloud infrastructure and/or WAFs covering any portion of the time period of January 1, 2019 through December 31, 2019 between [AWS and certain entities].").  Because this issue has already been argued and resolved, the Court should quash Defendant's request.

Defendant's current subpoena seeks contracts related to even more entities than the November 24 subpoena. Defendant now requests contracts between AWS and twelve separate entities, *see* Newby Decl., Ex. B, more than the November 24 subpoena the Court already found to be overbroad. As a result, Defendant's request is even more overinclusive than it already was, and it is likely to result in even less relevant information being produced. *See* Dkt. 179 at 8-10; Dkt. 227 ("[Defendant's] broad request is overinclusive, as it almost certainly sweeps in a great deal of irrelevant or inadmissible information."). Therefore, the request is "oppressive" and "unreasonable," and it should be quashed.

Furthermore, production of these contracts is unnecessary because most of the contracts are publicly available. All but two of the companies Defendant identified entered into AWS's standard Customer Agreement, which is publicly available online. Newby Decl., ¶ 6; Newby Decl., Ex. C. AWS's right to investigate potential fraud or misuse of AWS accounts is also governed by its publicly available Acceptable Use Policy, *see* Newby Decl., Ex. D, and it's right to collect and use information received as a result of interactions with AWS service offerings is governed by its public Privacy Notice, *see* Newby Decl., Ex. E. As such, for the large majority of the implicated customers, Defendant does not need AWS to produce anything.

The other two customer's bespoke agreements with AWS are subject to confidentiality provisions that prohibit AWS from disclosing the contracts to third parties without those customers' consent. Production of those two customers' contracts would pose an undue burden on AWS and would slow proceedings, as AWS would be required to notify the customers and allow them to seek to quash the subpoena. Newby Decl., ¶ 9. Therefore, this request should be quashed.

## CONCLUSION

For the reasons set forth above, AWS respectfully requests that the Court quash Defendant's May 26 subpoena seeking contracts between AWS and the entities identified by Defendant.

| | | |
|---|---|---|
| 1 | Dated: June 12, 2022 | Respectfully submitted, |
| 2 | | FENWICK & WEST LLP |
| 4 | | By: */s/ Brian D. Buckley*<br>Brian D. Buckley, WSBA No. 26423 |
| 5 | | 1191 Second Avenue, 10th Floor<br>Seattle, WA 98101 |
| 6 | | Telephone: 206.389.4510<br>Facsimile: 206.389.4511 |
| 7 | | Email:   bbuckley@fenwick.com |
| 8 | | Tyler G. Newby (*pro hac vice*) |
| 9 | | FENWICK & WEST LLP<br>555 California Street, 12th Floor |
| 10 | | San Francisco, CA 94104<br>Telephone: 415.875.2300 |
| 11 | | Facsimile: 415.281.1350<br>E-mail:   tnewby@fenwick.com |
| 12 | | *Counsel for Amazon Web Services, Inc.* |