THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR19-159 RSL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM REGARDING |
| | ) | PROPOSED DEFENSE TESTIMONY |
| PAIGE A. THOMPSON, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I.     INTRODUCTION

The defense intends to introduce testimony from Timothy Carstens. His testimony will involve opinion testimony regarding Ms. Thompson's character traits, which include a tendency to make outrageous statements as a call for help and then retract the statement once someone reaches out to provide emotional support. In short, she has character traits that lead her to make statements she does not really mean. It will also include testimony that she has the reputation for having such character traits. The witness may also testify to specific incidents in which Ms. Thompson has acted in conformity with these traits.

## II.    MR. CARSTENS' TESTIMONY IS RELEVANT AND ADMISSIBLE UNDER FRE 405

The government has introduced a variety of Ms. Thompson's statements from social media and other platforms as proof of criminal intent. The fact that Ms.

MEMORANDUM REGARDING
PROPOSED DEFENSE TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 1

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Thompson has particular character traits – ones that lead her to make outrageous statements suggestive of an intent that she does not really hold – is directly relevant to whether the introduced statements, in fact, show a particular intent.

### A.     The proposed testimony involves character traits.

"*Character* is a generalized description of a person's disposition or a general trait, such as honesty, temperance, or peacefulness." 2 Weinstein's Fed. Evid. § 404.02 (2021) (emphasis in original). For example, whether someone is "prone to commit criminal activity" is admissible character evidence. *United States v. Diaz*, 961 F.2d 1417, 1419 (9th Cir. 1992). Here, the testimony will be that Ms. Thompson is "prone to" bluster and to make outrageous statements that she does not actually mean or intend to follow through with.

"[C]haracter trait' refers to elements of one's disposition . . . [C]haracter evidence typically involves personality traits, such as diligence, aggressiveness, honesty, and the like, that create a propensity for acting in certain ways under certain conditions." *United States v. Doe*, 149 F.3d 634, 638 (7th Cir. 1998) (citations omitted). Mr. Carstens will testify to Ms. Thompson's personality traits that create a propensity for her to utter statements she does not mean when she is feeling isolated and in need of social and emotional support.

### B.     Opinion and reputation testimony are admissible to prove character traits.

Mr. Carstens' testimony regarding Ms. Thompson's tendency to make outrageous statements and her reputation for doing so are admissible under Rule 405.

Rule 405, which governs "Methods of Proving Character," provides in part:

> When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.

MEMORANDUM REGARDING
PROPOSED DEFENSE TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 2

Fed. R. Evid. 405(a). Thus, Mr. Carstens will testify about Ms. Thompson's reputation for having these character traits and also give his opinion as to whether she, in fact, has these traits.

### III.   CHARACTER EVIDENCE IS NOT BARRED BY RULE 404(a).

Because Ms. Thompson is not seeking to introduce evidence of her character traits to prove that, on a particular occasion, she acted in accordance with that trait, Mr. Carstens' testimony is not precluded by Rule 404(a)(1).

Rule 404(a)(1) provides:

> Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.

In this case, there is no dispute that Ms. Thompson acted in a particular matter, namely sending the messages the government has introduced into evidence. Rather, she is offering contextual evidence to shine a light on *why* she might have sent those messages.

Even if this evidence were governed by Rule 404(a)(1), it would still be admissible. Rule 404(a)(2) provides in part:

> The following exceptions apply in a criminal case:

> (A) a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it[.]

*See also United States v. Keiser*, 57 F.3d 847, 854 (9th Cir. 1995) ("Rule 404(a)(2) provides one of the few instances in which character evidence is admissible to allow the jury to infer that a person acted on a specific occasion in conformity with his character.")  Mr. Carstens' proposed testimony is thus admissible under Rule 404(a)(2) as it will discuss relevant and pertinent traits of Ms. Thompson.

## IV.     TESTIMONY REGARDING SPECIFIC INCIDENTS OF MS. THOMPSON'S EXAGGERATED STATEMENTS IS ADMISSIBLE

Specific incidents of conduct are not allowed under Rule 405 by the proponent of the testimony as a means of justifying the opinion or reputation testimony. However, evidence that is not admissible under one Rule may still be admissible under another. "[T]here is no rule of evidence which provides that testimony admissible for one purpose and inadmissible for another purpose is thereby rendered inadmissible; quite the contrary is the case." *United States v. Sanchez-Robles*, 927 F.2d 1070, 1078 (9th Cir. 1991), *disapproved of on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (quoting *United States v. Abel*, 469 U.S. 45, 56 (1984)) (alteration in *Sanchez-Robles*).

Rule 402 makes relevant evidence admissible unless barred by the Constitution, a statute, another rule of evidence, or other rules prescribed by the Supreme Court. The only rule that would even arguably apply to bar this evidence is Rule 404(b). Rule 404(b)(1) provides:

> **(1) Prohibited Uses**. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). As discussed above, Ms. Thompson is not offering evidence of her character "to show that on a particular occasion [she] acted in accordance with the character." Instead, she is offering it to shed light on whether she meant what she said. And in fact, Rule 404(b)(2) specifically addresses that situation:

> **(2) *Permitted Uses*.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

MEMORANDUM REGARDING
PROPOSED DEFENSE TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

Fed. R. Evid. 404(b)(2). That is precisely what Ms. Thompson is doing here. She is offering specific incidents of her actions to show what her intent was when she made the statements in question.[1]

As noted, Ms. Thompson's specific instances of conduct are not admissible to prove that the opinions of the witness, or the reputation they testify to, are valid. But they are admissible as direct evidence of her intent when the theory of relevance is based, not on her having a particular character trait, but on the fact that her making such statements with a particular intent in the past has "some tendency" to show that she made the statements introduced by the government with that same intent.

The Ninth Circuit has a "low threshold test of sufficien[cy]" for proving other acts evidence, under which a party "'need not prove Rule 404(b) evidence by a preponderance of the evidence,'" but "need only lay a factual foundation from which a 'jury could reasonably conclude that [the defendant] committed the allegedly-similar bad acts,' and that he possessed the requisite intent in committing those bad acts." *United States v. Lague*, 971 F.3d 1032, 1040 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1695 (2021) (quoting *United States v. Dhingra*, 371 F.3d 557, 566 (9th Cir. 2004), in first quotation and *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012), for other two) (alterations in *Lague*). The defense does not anticipate any dispute that Ms. Thompson made the prior statements the witness will testify to, but as reflected in this passage, the "reasonably conclude" test applies equally to whether her prior acts were made with the intent the defense suggests, namely a call for help or similar intent, one other than that manifested in her literal words.

In deciding whether "'other act' evidence is relevant to prove intent, [the Ninth Circuit] defer[s] to the 'district judge's own experience, general knowledge, and understanding of human conduct and motivation." *Lague*, 971 F.3d at 1040 (quoting

---

[1] Rule 404(b)(3) contains a notice requirement for Rule 404(b) evidence, but it is applicable only to the prosecutor, not the defense.

MEMORANDUM REGARDING
PROPOSED DEFENSE TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 5

*United States v. Curtin*, 489 F.3d 935, 948 (9th Cir. 2007)) (en banc), in turn quoting McCormick on Evidence § 185 (6th ed. 2006)). The issue of relevance is governed by Rule 401's "low bar of relevance," *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir.), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021), namely whether the evidence has "any tendency to make a fact more or less probable than it would be without the evidence." The fact that Ms. Thompson on numerous occasions made outlandish statements – with no intent to act on them – indeed has some tendency to make it more probable that she acted with similar intent on the occasions for which the government has introduced evidence. *See, e.g., Lague*, 971 F.3d at 1040 (there was a reasonable inference that physician's assistant's multiple prior prescriptions, "in enormous quantities, and in dangerous combinations" – and issued with an intent other than a legitimate medical purpose – was probative of a similar intent in the charged acts). Such testimony will assist the trier of fact and should be permitted.

## V.       CONCLUSION

Based on the foregoing, Ms. Thompson respectfully requests the Court allow Mr. Carstens to testify as to Ms. Thompson's character traits that lead her to make outrageous statements when she is in need of emotional support, and her reputation in the community for making such statements, as well as specific examples of exaggerated statements made to signal that she was in distress and needed support.

DATED: June 13, 2022

Respectfully submitted,

/s/ *Mohammad Ali Hamoudi*
MOHAMMAD ALI HAMOUDI
/s/ *Christopher Sanders*
CHRISTOPHER SANDERS
/s/ *Nancy Tenney*
NANCY TENNEY
Assistant Federal Public Defenders

MEMORANDUM REGARDING
PROPOSED DEFENSE TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 6

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**

/s/ *Brian Klein*
BRIAN KLEIN
/s/ *Melissa Meister*
MELISSA MEISTER
Waymaker LLP

Attorneys for Paige Thompson

MEMORANDUM REGARDING
PROPOSED DEFENSE TESTIMONY
(*U.S. v. Paige Thompson*, CR19-159-RSL) - 7

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**