UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | Case No. CR19-159-RSL |
|---|---|
| Plaintiff, | COURT'S INSTRUCTIONS TO THE JURY |
| v. | |
| PAIGE A. THOMPSON, | |
| Defendant. | |

DATED this 16th day of June, 2022.

*Mr S Lasnik*

_____
Robert S. Lasnik
United States District Judge

**INSTRUCTION NO. 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 2**

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

1

**INSTRUCTION NO. 3**

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

1

**INSTRUCTION NO. 4**

2   Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant

3   is guilty.  It is not required that the government prove guilt beyond all possible doubt.

4   A reasonable doubt is a doubt based upon reason and common sense and is not based

5   purely on speculation.  It may arise from a careful and impartial consideration of all the

6   evidence, or from lack of evidence.

7   If after a careful and impartial consideration of all the evidence, you are not convinced

8   beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

9   guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you

10  are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the

11  defendant guilty.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 5**

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

**INSTRUCTION NO. 6**

The evidence you are to consider in deciding what the facts are consists of:

*First*, the sworn testimony of any witness;

*Second*, the exhibits received in evidence; and

*Third*, any facts to which the parties have agreed.

**INSTRUCTION NO. 7**

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

(1)     Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)     Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

(3)     Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

**INSTRUCTION NO. 8**

2      Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

3  as testimony by a witness about what that witness personally saw or heard or did.

4  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which

5  you can find another fact.

6      You are to consider both direct and circumstantial evidence.  Either can be used to prove

7  any fact.  The law makes no distinction between the weight to be given to either direct or

8  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 9**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

*First*, the opportunity and ability of the witness to see or hear or know the things testified to;

*Second*, the witness's memory;

*Third*, the witness's manner while testifying;

*Fourth*, the witness's interest in the outcome of the case, if any;

*Fifth*, the witness's bias or prejudice, if any;

*Sixth*, whether other evidence contradicted the witness's testimony;

*Seventh*, the reasonableness of the witness's testimony in light of all the evidence; and

*Eighth*, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

These factors apply equally to the testimony of law enforcement witnesses.  Their testimony is to be given no extra consideration or weight.  You are to evaluate and treat their testimony like you would any other witness.

COURT'S INSTRUCTIONS TO THE JURY - 10

**INSTRUCTION NO. 10**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 11**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NO. 12**

The indictment charges that the offenses alleged in Counts 1, 2, 4, 5, 6, 7, 9, and 10 were committed "on or about" certain dates.  The indictment charges that the offense alleged in Count 8 was committed "on or before" and "on or after" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in Counts 1, 2, and 4 through 10 of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

1

**INSTRUCTION NO. 13**

2      You have heard testimony that the defendant made statements.  It is for you to decide

3  (1) whether the defendant made the statements, and (2) if so, how much weight to give to them.

4  In making those decisions, you should consider all the evidence about the statements, including

5  the circumstances under which the defendant may have made them.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 14**

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, absence of accident, and for no other purpose.

**INSTRUCTION NO. 15**

You have heard testimony from persons who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NO. 16**

During the trial, charts and summaries were shown to you to help explain the evidence in the case.  Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Other charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NO. 17**

The defendant is charged in Count 1 of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning in or before March 2019, and continuing until on or about July 17, 2019, the defendant knowingly devised and intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property from the one who is deceived by means of false or fraudulent pretenses, representations, or promises;

*Second*, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

*Third*, the defendant acted with the intent to defraud; and

*Fourth*, on or about March 22, 2019, the defendant used, or caused to be used, an interstate or foreign wire communication to carry out an essential part of the scheme.

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that her acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements but also the circumstances in which they are used as a whole.

An intent to defraud is an intent to deceive and cheat, that is, an intent to deprive a victim of money or property by deception.

COURT'S INSTRUCTIONS TO THE JURY - 18

1     A wiring is caused when one knows that a wire will be used in the ordinary course of
2  business or when one can reasonably foresee such use.

3

4     It need not have been reasonably foreseeable to the defendant that the wire
5  communication would be interstate or foreign in nature.  Rather, it must have been reasonably
6  foreseeable to the defendant that some wire communication would occur in furtherance of the
7  scheme, and an interstate or foreign wire communication must have actually occurred in
8  furtherance of the scheme.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTIONS TO THE JURY - 19

**INSTRUCTION NO. 18**

The defendant is charged in Count 2 of the indictment with unlawfully obtaining information of Capital One in violation of Section 1030(a)(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, between on or about March 12, 2019, and on or about July 17, 2019, the defendant intentionally accessed without authorization a computer;

*Second*, by accessing without authorization a computer, the defendant obtained information contained in a financial record of a card issuer; and

*Third*, the value of the information obtained exceeded $5,000.


A person accesses a computer "without authorization" when (1) the computer is protected by a generally applicable rule regarding access permissions, such as a username and password requirement, credential requirement, or other authentication system that prevents the general public from accessing the computer, and (2) the person circumvents that rule regarding access permissions to gain access to the computer.


The term "card issuer" means any person who issues a credit card, or the agent of such person with respect to such card.

COURT'S INSTRUCTIONS TO THE JURY - 20

**INSTRUCTION NO. 19**

The defendant is charged in Count 4 of the indictment with unlawfully obtaining information from Apperian's protected computer in violation of Section 1030(a)(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about March 7, 2019, the defendant intentionally accessed without authorization Apperian's computer; and

*Second*, by accessing without authorization Apperian's computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

*Third*, the value of the information obtained exceeded $5,000.


A person accesses a computer "without authorization" when (1) the computer is protected by a generally applicable rule regarding access permissions, such as a username and password requirement, credential requirement, or other authentication system that prevents the general public from accessing the computer, and (2) the person circumvents that rule regarding access permissions to gain access to the computer.

1

**INSTRUCTION NO. 20**

2  The defendant is charged in Count 5 of the indictment with unlawfully obtaining

3  information from Survox's protected computer in violation of Section 1030(a)(2) of Title 18 of

4  the United States Code.  For the defendant to be found guilty of that charge, the government

5  must prove each of the following elements beyond a reasonable doubt:

6  *First*, on or about March 12, 2019, the defendant intentionally accessed without

7  authorization Survox's computer; and

8  *Second*, by accessing without authorization Survox's computer, the defendant obtained

9  information from a computer that was used in or affecting interstate or foreign commerce or

10  communication; and

11  *Third*, the value of the information obtained exceeded $5,000.

12

13  A person accesses a computer "without authorization" when (1) the computer is protected

14  by a generally applicable rule regarding access permissions, such as a username and password

15  requirement, credential requirement, or other authentication system that prevents the general

16  public from accessing the computer, and (2) the person circumvents that rule regarding access

17  permissions to gain access to the computer.

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 21**

The defendant is charged in Count 6 of the indictment with unlawfully obtaining information from Bitglass' protected computer in violation of Section 1030(a)(2) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, on or about March 5, 2019, the defendant intentionally accessed without authorization Bitglass' computer; and

*Second*, by accessing without authorization Bitglass' computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication.


A person accesses a computer "without authorization" when (1) the computer is protected by a generally applicable rule regarding access permissions, such as a username and password requirement, credential requirement, or other authentication system that prevents the general public from accessing the computer, and (2) the person circumvents that rule regarding access permissions to gain access to the computer.

1

**INSTRUCTION NO. 22**

2     The defendant is charged in Count 7 of the indictment with unlawfully obtaining

3 information from 42 Lines' protected computer in violation of Section 1030(a)(2) of Title 18 of

4 the United States Code.  For the defendant to be found guilty of that charge, the government

5 must prove each of the following elements beyond a reasonable doubt:

6     *First*, on or about March 28, 2019, the defendant intentionally accessed without

7 authorization 42 Lines' computer; and

8     *Second*, by accessing without authorization 42 Lines' computer, the defendant obtained

9 information from a computer that was used in or affecting interstate or foreign commerce or

10 communication.

11

12     A person accesses a computer "without authorization" when (1) the computer is protected

13 by a generally applicable rule regarding access permissions, such as a username and password

14 requirement, credential requirement, or other authentication system that prevents the general

15 public from accessing the computer, and (2) the person circumvents that rule regarding access

16 permissions to gain access to the computer.

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTIONS TO THE JURY - 24

1

**INSTRUCTION NO. 23**

2       The defendant is charged in Count 8 of the indictment with transmitting a program,

3   information, code, or command to a computer, intending to cause damage, in violation of

4   Section 1030(a)(5) of Title 18 of the United States Code.  For the defendant to be found guilty

5   of that charge, the government must prove each of the following elements beyond a reasonable

6   doubt:

7       *First*, beginning on or before March 10, 2019, and continuing until on or after August 5,

8   2019, the defendant knowingly caused the transmission of a program, information, code, or

9   command to a computer;

10      *Second*, as a result of the transmission, the defendant intentionally impaired without

11  authorization the integrity or availability of data, a program, a system, or information;

12      *Third*, the computer was used in or affected interstate or foreign commerce or

13  communication; and

14      *Fourth*, the offense caused loss to one or more persons, during a one-year period,

15  including loss from a related course of conduct, aggregating at least $5,000 in value.

16

17      An act is done knowingly if the defendant is aware of the act and does not act through

18  ignorance, mistake, or accident.  The government is not required to prove that the defendant

19  knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's

20  words, acts, or omissions, along with all the other evidence, in deciding whether the defendant

21  acted knowingly.

22

23      The term "person" means any individual, firm, corporation, educational institution,

24  financial institution, governmental entity, or legal or other entity.

25

26

27

28

COURT'S INSTRUCTIONS TO THE JURY - 25

**INSTRUCTION NO. 24**

For purposes of Counts 4, 5, 6, 7, and 8, a computer is "used in or affecting interstate or foreign commerce or communication" if it is connected to the Internet.

**INSTRUCTION NO. 25**

The defendant is charged in Count 9 of the indictment with unlawful possession and attempted unlawful possession of unauthorized access devices in violation of Section 1029(a)(3) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning on or about March 12, 2019, and continuing until on or about July 17, 2019, the defendant knowingly possessed or attempted to possess at least fifteen unauthorized access devices at the same time;

*Second*, the defendant knew that the devices were unauthorized;

*Third*, the defendant acted with the intent to defraud; and

*Fourth*, the defendant's conduct in some way affected commerce between one state and another state or states, or between a state of the United States and a foreign country.


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.


A defendant attempts to commit a crime when:

*First*, she intends to commit the crime, and

*Second*, she does something that is a substantial step toward committing the crime and that strongly corroborates her intent to commit the crime.

Mere preparation is not a substantial step toward committing the crime.  To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances.

1    Jurors do not need to agree unanimously as to which particular act or actions constituted

2 a substantial step toward the commission of a crime.

3

4    An "access device" means any card, plate, code, account number, electronic serial

5 number, mobile identification number, personal identification number, or other

6 telecommunications service, equipment, or instrument identifier, or other means of account

7 access, that can be used alone or in conjunction with another access device, to obtain money,

8 goods, services, or any other thing of value, or that can be used to initiate a transfer of funds

9 (other than a transfer originated solely by paper instrument).

10

11    An "unauthorized access device" means any access device that is lost, stolen, expired,

12 revoked, canceled, or obtained with intent to defraud.

13

14    An intent to defraud is an intent to deceive and cheat, that is, an intent to deprive a victim

15 of money or property by deception.

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTIONS TO THE JURY - 28

**INSTRUCTION NO. 26**

The defendant is charged in Count 10 of the indictment with aggravated identity theft in violation of Section 1028A(a)(1) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, beginning on or about March 12, 2019, and continuing until on or about July 17, 2019, the defendant knowingly possessed without legal authority a means of identification of another person;

*Second*, the defendant knew that the means of identification belonged to a real person; and

*Third*, the defendant did so during and in relation to Access Device Fraud, as charged in Count 9.


An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that her acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.


The term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual.  The term includes any name, social security number, or date of birth.

COURT'S INSTRUCTIONS TO THE JURY - 29

**INSTRUCTION NO. 27**

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

COURT'S INSTRUCTIONS TO THE JURY - 30

**INSTRUCTION NO. 28**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

1

**INSTRUCTION NO. 29**

2       Some of you have taken notes during the trial.  Whether or not you took notes, you

3   should rely on your own memory of what was said.  Notes are only to assist your memory.  You

4   should not be overly influenced by your notes or those of your fellow jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 30**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the clerk.)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by the foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.

Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

COURT'S INSTRUCTIONS TO THE JURY - 33

**INSTRUCTION NO. 31**

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION NO. 32**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

1

**INSTRUCTION NO. 33**

2    If it becomes necessary during your deliberations to communicate with me, you may send

3    a note through the clerk, signed by any one or more of you.  No member of the jury should ever

4    attempt to communicate with me except by a signed writing, and I will respond to the jury

5    concerning the case only in writing or here in open court.  If you send out a question, I will

6    consult with the lawyers before answering it, which may take some time.  You may continue

7    your deliberations while waiting for the answer to any question.  Remember that you are not to

8    tell anyone—including me—how the jury stands, numerically or otherwise, on any question

9    submitted to you, including the question of the guilt of the defendant, until after you have

10   reached a unanimous verdict or have been discharged.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28