The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159 RSL<br><br>**GOVERNMENT'S MEMORANDUM REGARDING RESTITUTION AND FORFEITURE HEARING**<br><br>Hearing: 12/1/22 at 9:00 a.m. |

## I.     INTRODUCTION

Defendant, Paige Thompson, was convicted at trial of wire fraud, in violation of 18 U.S.C. § 1343, and six counts of computer fraud and abuse, in violation of 18 U.S.C. § 1030, based upon her conduct in hacking into numerous companies' Amazon Web Services (AWS) accounts and using her access to steal data and cryptojack.  On October 4, 2022, this Court sentenced Thompson to time served and five years' probation.  The Court set the issues of restitution and forfeiture over to December 1, 2022.

The government previously filed a Motion for Entry of a Combined Preliminary Order of Forfeiture and Order of Forfeiture.  Docket No. 383.  That motion asks the Court to enter an order to forfeit $10,014 (proceeds that Thompson received from

GOVERNMENT'S MEMORANDUM REGARDING RESITUTION AND
FORFEITURE HEARING - 1
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

cryptojacking) and a preliminary order of forfeiture for two computers (that Thompson used to commit her crimes). The government will rely on that filing, and its attached proposed orders, in connection with forfeiture.

In addition to forfeiture, the Court also should order Thompson to pay restitution to Capital One in the amount of $40,745,000. The government previously submitted a Declaration from David Watts, an employee of Capital One, setting forth damages that Capital One suffered as a result of Thompson's conduct, which supports this award of restitution. Docket No. 377, Exhibit 4, Declaration of David Watts. At sentencing, Probation and the Court adopted the Watts Declaration as a reliable and accurate statement of Capital One's losses. *See* Transcript of Sentencing, at 49 (Docket No. 390); PSR ¶ 40. The government will continue to rely on that declaration in connection with the restitution portion of the hearing.

## II. RESTITUTION

### A. The Legal Framework

The Mandatory Victim Restitution Act of 1996 (the MVRA) requires courts to order that defendants convicted of covered crimes pay restitution to the victims of those crimes. 18 U.S.C. § 3663A(a)(1). The act applies to "offense[s] against property under [Title 18] . . . including any offense committed by fraud or deceit" in which "an identifiable victim or victims has suffered a . . . pecuniary loss." *Id.* § 3663A(c)(1)(A)(ii) & (B). The term victim means any "person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2).

Restitution should be awarded "'for actual losses caused by the defendant's criminal conduct.'" *United States v. Peterson,* 538 F.3d 1064, 1075 (9th Cir. 2008) (*quoting United States v. Gamma Tech Indus. Inc*., 265 F.3d 917, 927 (9th Cir. 2001).

GOVERNMENT'S MEMORANDUM REGARDING RESITUTION AND FORFEITURE HEARING - 2
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> Defendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct. The causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable.

*Id.* (quoting *Gamma Tech Indus., Inc.*, 265 F.3d at 928).

Regarding violations of the Computer Fraud and Abuse Act (the CFAA), codified by 18 U.S.C. § 1030, courts have looked to the statute itself to decide what losses must be included in a restitution award. Thus, in *United States v. Phillips*, 477 U.S. 215, 224 (5th Cir. 2007), the Fifth Circuit noted that "the CFAA . . . precisely defines the nature of the loss resulting from unauthorized access of a protected computer" in 18 U.S.C § 1030(e). That section provides that

> [t]he term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service . . . .

18 U.S.C. § 1030 (e)(11).

In addition, courts have specifically held that costs of credit monitoring which victims of computer hacks provide to customers whose personally identifiable information (PII) is stolen by a hacker fall within the ambit of proper restitution. For example, in *United States v. Janosko*, 642 F.3d 40, 41 (1st Cir. 2011), Justice Souter affirmed an award of $6,600 "for the cost of monitoring credit records of the individuals who suffered the privacy violations and consequent risk of identity theft."

//
//

GOVERNMENT'S MEMORANDUM REGARDING RESITUTION AND FORFEITURE HEARING - 3
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**B.      The Loss to Capital One**

David Watts' declaration lays out the following expenses incurred by Capital One as a result of Thompson's hacking:

- $120,000 to hire a cyberforensics firm
- $2,700,000 to store relevant log data and remediate breached buckets of data
- $425,000 to hire a third party to confirm the number of impacted individuals
- $2,500,000 to notify impacted individuals
- $5,000,000 to establish a call center to assist impacted individuals
- $30,000,000 to pay for credit monitoring for impacted individuals.

*See* Docket No. 377, Exhibit 4, Declaration of David Watts; *see also* PSR ¶ 40. These costs – which total $40,745,000 – are only some of the costs incurred by Capital One as a result of Thompson's crimes. They do not include the value of the time that Capital One employees sent remediating the hack. *See id.* They do not include the cost of defending against lawsuits brought against Capital One based on the hack. *See id.* They do not include the cost of participating in the prosecution of Thompson's crimes. *See id.* And, notably, they do not include the largest cost incurred by Capital One – that is, $190,000,000 that Capital One paid to settle a class action lawsuit brought against it following Thompson's hack. *See id.*

The defense may argue that the government has not provided sufficient proof of the $40,745,000 loss amount. That is not the case. The government supplied a sworn declaration from David Watts, which attached the actual $30,000,000 invoice from the provider of credit-monitoring services to Capital One, in order further to document the largest component of the $40,745,000 restitution claim. *See* Docket No. 377, Exhibit 4, Declaration of David Watts. And, the government offered to fly David Watts to sentencing so that the defense could cross examine him, should it so wish. (The

GOVERNMENT'S MEMORANDUM REGARDING RESITUTION AND FORFEITURE HEARING - 4
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government did this to ensure that it satisfied Thompson's right to confront the witnesses against her, and to allow the defense to ask Mr. Watts any questions it might wish to ask him.) The defense declined this offer. As a result, the government has presented sworn, and uncontroverted, testimony that establishes the nature and amount of each of the components of the $40,745,000. The Court can, and should, accept that evidence.

The Court already found, at sentencing, that the Probation Office correctly calculated Thompson's loss amount as approximately $40,565,000. *See* Transcript of Sentencing, at 49 (Docket No. 390); Presentence Report ¶ 54.[1] Significantly, that calculation reflected a provision in the Guidelines commentary that defines the loss for offenses under 18 U.S.C. § 1030 to include items in terms nearly identical to the definition in 18 U.S.C. § 1030(e). *Compare* U.S.S.G. § 2B1.1 comment n.3(a)(v)(III) *with* 18 U.S.C. § 1030(e). As a result, the Court has essentially decided the issue now before it.

The Probation Office and the Court's prior findings were correct. Thompson's actions directly and proximately harmed Capital One. The amounts included in the $40,745,000 that the government is seeking for restitution reflect reasonable costs to Capital One of responding to Thompson's offense, conducting a damage assessment, restoring Capital One's data to its prior condition, and providing support and credit monitoring to individual victims whose PII was stolen. The Court therefore should award restitution in this amount.

A restitution award of $40,745,000 may appear large in this case. But, the MVRA requires that the Court impose restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3663A(f)(1)(A). And, even if it is unlikely

---

[1] The Probation Office's calculation was based upon the information provided by David Watts. *See* PSR ¶¶ 40, 54. The loss amounts relied upon by the Probation Office total $40,745,000. *See* PSR ¶ 40. The Probation Office's calculation of the loss as $40,565,000 for purposes of the Guidelines is a simple mathematical error that went unnoticed before sentencing because it did not affect the Guidelines calculation. *See* PSR ¶ 54.

GOVERNMENT'S MEMORANDUM REGARDING RESITUTION AND FORFEITURE HEARING - 5
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that Thompson ever will pay the full amount, it is important that the award be in place in case she does make a substantial sum of money, perhaps by profiting from her crimes and selling her story, perhaps by winning a lottery, or perhaps through her own employment.

### III. CONCLUSION

For the foregoing reasons, the Court should enter orders forfeiting $10,014 and the two computers that Thompson used to commit her crimes, and it should order that Thompson pay $40,745,000 in restitution to Capital One.

DATED:  November 23, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
E-mail: Andrew.Friedman@usdoj.gov
         Jessica.Manca@usdoj.gov
         Tania.Culbertson@usdoj.gov

GOVERNMENT'S MEMORANDUM REGARDING RESITUTION AND FORFEITURE HEARING - 6
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970