The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | NO. CR19-159-RSL<br><br>**COMBINED PRELIMINARY ORDER OF FORFEITURE AND ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' motion for entry of a Combined Preliminary Order of Forfeiture and Order of Forfeiture, seeking to forfeit, to the United States, Defendant Paige A. Thompson's interest in the following property (collectively, the "Subject Property"):

1. A sum of money in the amount of approximately $10,014.00, reflecting the proceeds the Defendant obtained from the following two offenses:

    a. The *Wire Fraud* scheme, in violation of Title 18, United States Code, Section 1343 (Count 1). All proceeds of the *Wire Fraud* scheme are forfeitable pursuant to Title 18, United States Code,

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 1
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Sections 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c); and

b. The *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage* offense, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i) (Count 8). All proceeds of this offense are forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i).

Counts 1 and 8 cover the same time period and encompass the same proceeds. The United States seeks forfeiture of a single sum of money of approximately $10,014.00 ("Subject Property 1").

2. Any property used or intended to be used to commit or to facilitate the commission of *Unlawfully Obtaining Information of a Card Issuer (Capital One)*, in violation of Title 18, United States Code, Sections 1030(a)(2)(A) and (C), and (c)(2)(A) and (B)(iii) (Count 2); *Unlawfully Obtaining Information from a Protected Computer*, in violation of Title 18, United States Code, Sections 1030(a)(2)(C), and (c)(2)(A) and (B)(iii) (Counts 4-5); *Unlawfully Obtaining Information from a Protected Computer*, in violation of Title 18, United States Code, Section 1030(a)(2)(C), and (c)(2)(A) (Counts 6-7); and *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*, in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i) (Count 8). This property is forfeitable pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), and includes:

//

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 2
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.    A Dell Laptop S/N: JKQKJM2 with power cord ("Subject Property 2"); and

    b.    A white Desktop Computer Custom Built ("Subject Property 3").

## I. Order of Forfeiture

The Court FINDS entry of an Order of Forfeiture regarding the sum of money in the amount of $10,014.00, reflecting the proceeds of the Defendant's *Wire Fraud* scheme (Count 1) and *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage offense* (Count 8), is appropriate because:

A.    *Wire Fraud*:

- The proceeds of *Wire Fraud*, in violation of Title 18, United States Code, Section 1343, are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c);

B.    *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*:

- The proceeds of *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*, in violation of Title 18, United States Code, Section 1030(a)(5), are subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i);

C.    *Based on the evidence presented at trial*:

- The Defendant obtained proceeds of approximately $10,014.00 from the *Wire Fraud* scheme and the offense of *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*s;

- A sum of money in the amount of $10,014.00 reflects the proceeds received by the Defendant.

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 3
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. Preliminary Order of Forfeiture

The Court, having heard the United States' motion, as well as the evidence presented at trial, hereby FINDS entry of a Preliminary Order of Forfeiture regarding Subject Properties 2 and 3 is appropriate because:

A. *Unlawfully Obtaining Information of a Card Issuer (Capital One)*:

- The Defendant has been convicted of *Unlawfully Obtaining Information of a Card Issuer (Capital One)*, in violation of Title 18, United States Code, Section 1030(a)(2), as charged in Count 2 (Dkt. Nos. 166, 335);

- Property that was used or intended to be used to commit or to facilitate the commission of an *Unlawfully Obtaining Information of a Card Issuer (Capital One)* offense is subject to forfeiture pursuant to Title 18, United States Code, Sections 982 (a)(2)(B) and 1030(i)1)(C);

- The evidence presented at trial established that Subject Properties 2 and 3 are electronics used by the Defendant to commit or to facilitate the offense of *Unlawfully Obtaining Information of a Card Issuer (Capital One)*;

- The evidence in the record established the requisite nexus between Subject Properties 2 and 3 and the offense of conviction (*Unlawfully Obtaining Information of a Card Issuer (Capital One)*), pursuant to Fed. R. Crim. P. 32.2.(b)(1)(A)-(B).

B. *Unlawfully Obtaining Information from a Protected Computer*:

- The Defendant has been convicted of *Unlawfully Obtaining Information from a Protected Computer*, in violation of Title 18, United States Code, Section 1030(a)(2), as charged in Counts 4-7 (Dkt. Nos. 166, 335);

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 4
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |   |
|---|---|---|
| 1 | | • Property that was used or intended to be used to commit or to facilitate the commission *Unlawfully Obtaining Information from a Protected Computer* is subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i); |
| 5 | | • The evidence presented at trial established that Subject Properties 2 and 3 are electronics used by the Defendant to commit or to facilitate one or more of the offenses of *Unlawfully Obtaining Information from a Protected Computer*; |
| 9 | | • The evidence in the record established the requisite nexus between Subject Properties 2 and 3 and the offense of conviction (*Unlawfully Obtaining Information from a Protected Computer*), pursuant to Fed. R. Crim. P. 32.2.(b)(1)(A)-(B). |
| 13 | C. | *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*: |
| 15 | | • The Defendant has been convicted of *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*, in violation of Title 21, United States Code, Section 1030(a)(5), as charged in Count 8 (Dkt. Nos. 166, 335); |
| 19 | | • Property that was used or intended to be used to commit or to facilitate the commission of *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage* is subject to forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i); |
| 24 | | • The evidence presented at trial established that Subject Properties 2 and 3 are electronics used or intended to be used to commit or to facilitate the Defendant's *Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage* offense; |

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 5
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The evidence in the record established the requisite nexus between Subject Properties 2 and 3 and the offense of conviction (*Transmitting a Program, Information, Code, or Command to a Computer, Intending to Cause Damage*), pursuant to Fed. R. Crim. P. 32.2.(b)(1)(A)-(B).

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2641(c), Title 18, United States Code, Section 982(a)(2)(B), and Title 18, United States Code, Section 1030(i), the Defendant's interest in Subject Property 1 is fully and finally forfeited, in its entirety, to the United States;

2. No right, title, or interest in the above-identified sum of money in the amount of $10,014.00 exists in any party other than the United States;

3. Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $10,014.00;

4. The forfeiture of the $10,014.00 sum of money is separate and distinct from any restitution that is ordered in this case.

5. The forfeiture of the $10,014.00 sum of money is personal to the Defendant and, pursuant to Fed. R. Crim. P. 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

6. Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), the Defendant's interest in Subject Properties 2 and 3 is fully and finally forfeited, in its entirety, to the United States;

//

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 6
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n), the United States shall publish notice of this Order and the United States' intent to dispose of the electronics designated as Subject Properties 2 and 3 as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least 30 days.  For any person known to have alleged an interest in the electronics designated as Subject Properties 2 and 3, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in this property must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last date of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in this property;

    b. shall be signed by the petitioner under penalty of perjury; and

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in this property, as well as any facts supporting the petitioner's claim and the specific relief sought;

8. If no third-party petition is filed within the allowable time period, the United States shall have clear title to this property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

9. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues that it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held.  Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and Title 21, United States Code, Section 853(n), reflecting that adjudication;

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 7
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Combined Preliminary Order and Order will become final as to the Defendant at the time she is sentenced, it will be made part of the sentence, and it will be included in the judgment;

11. The United States Department of Justice, the United States Marshals Service, and/or its authorized agents or representatives, shall maintain the Subject Property in its custody and control until further order of this Court;

12. The Court will retain jurisdiction for the purpose of enforcing the Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary or Final Order as necessary under Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this   6th   day of   December  , 2022.

*[signature]*
THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

 s/ Krista K. Bush
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
KRISTA K. BUSH
Assistant United States Attorneys
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
Telephone: (206) 553-7970
Andrew.Friedman@usdoj.gov
Jessica.Manca@usdoj.gov
Tania.Culbertson@usdoj.gov
Krista.Bush@usdoj.gov

Combined Preliminary Order of Forfeiture and Order of Forfeiture - 8
*United States v. Thompson,* CR19-159-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970