UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE A. THOMPSON,<br><br>Defendant. | Case No. CR19-159-RSL<br><br>ORDER OF RESTITUTION |

This matter comes before the Court following a hearing that took place on December 1, 2022, regarding the restitution obligations of defendant Paige Thompson. Having considered the arguments presented at the hearing, as well as the government's memoranda (Dkts. # 395 & 398), defendant's response (Dkt. # 396), and the balance of the record, the Court orders that defendant pay restitution in the amount of $40,745,000.

Defendant was convicted at trial of wire fraud, in violation of 18 U.S.C. § 1343, and six counts of computer fraud and abuse, in violation of 18 U.S.C. § 1030. Dkt. # 385. On October 4, 2022, this Court sentenced Thompson to time served and five years' probation, setting over the issues of restitution and forfeiture. Dkt. # 390.

Under the Mandatory Victims Restitution Act of 1996 (MVRA), courts are required to order defendants convicted of covered crimes to pay restitution to the victims of those crimes. 18 U.S.C. § 3663A(a)(1). The act applies to "offense[s] against property under [Title 18] . . . including any offense committed by fraud or deceit" in which "an identifiable victim or victims has suffered a . . . pecuniary loss." Id. § 3663A(c)(1)(A)(ii), (B). Restitution should be awarded

ORDER OF RESTITUTION - 1

"'for actual losses caused by the defendant's criminal conduct.'" United States v. Peterson, 538 F.3d 1064, 1075 (9th Cir. 2008) (quoting United States v. Gamma Tech Indus. Inc., 265 F.3d 917, 927 (9th Cir. 2001). "The government has the burden of establishing by a preponderance of the evidence that the victim's damages were caused by the conduct of which the defendant was convicted." Id. at 1075-76 (quoting United States v. Rice, 38 F.3d 1536, 1540 (9th Cir. 1994)). The MVRA requires that the Court impose restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).

In this case, the only victim requesting restitution is Capital One. See Dkt. # 395 at 4. Capitol One requests restitution for the following costs: (a) $120,000 to hire a cyberforensics firm; (b) $2,700,000 to store relevant log data and remediate breached buckets of data; (c) $425,000 to hire a third party to confirm the number of impacted individuals; (d) $2,500,000 to notify impacted individuals; (e) $5,000,000 to establish a call center to assist impacted individuals; and (f) $30,000,000 to pay for credit monitoring for impacted individuals. Id. The Court finds these costs were actual losses caused by the defendant's criminal conduct. Defendant is ordered to pay restitution to Capitol One in the amount of $40,745,000. Interest on the restitution is waived.

IT IS SO ORDERED.

DATED this 6th day of December, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER OF RESTITUTION - 2