UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE THOMPSON,<br><br>Defendant. | Case No. CR19-159RSL<br><br>ORDER DENYING MOTION TO PERMIT OUT-OF-DISTRICT TRAVEL |

This matter comes before the Court on defendant's "Motion to Permit Out-of-District Travel" (Dkt. # 409). The Court, having reviewed the motion, records, and files herein, DENIES defendant's motion.

Ms. Thompson asks the Court to "permit her to travel to Las Vegas from August 9, 2023 until August 13, 2023 so that she can attend the DefCon information security conference." Dkt. # 409 at 1. Both the probation office and government oppose this request, noting that "in the nine months that Thompson has been on supervision, she has not obtained employment, has resisted mental health treatment, has completed only a small percentage of the annual community service hours ordered by the Court (and fewer than the target number of hours per month she proposed to Probation as achievable for her), and has not paid any money toward her restitution obligations." Dkt. # 410 at 2. Defendant emphasizes that she "attended the conference last year without incident." Dkt. # 409 at 2. However, defendant's circumstances are materially different this year.

On November 4, 2019, defendant was released from pretrial detention on an appearance bond. *See* Dkt. # 68. On June 17, 2022, she was convicted of wire fraud, as well as numerous

ORDER DENYING MOTION TO PERMIT OUT-OF-
DISTRICT TRAVEL - 1

violations of the Computer Fraud and Abuse Act. Dkt. # 331; Dkt. # 335 (jury verdict). Following her conviction, the Court ordered that defendant would remain on bond pending sentencing. *Id.*; *see also* 18 U.S.C. § 3143 (governing release of a defendant pending sentencing). The appearance bond restricted defendant's travel "to the Western District of Washington, or as directed by Pretrial Services." Dkt. # 73 at 1.[1] Accordingly, when defendant traveled to DefCon last summer,[2] she did so subject to the terms of her appearance bond, which simply required her to seek and obtain the permission of Pretrial Services. *See* Dkt. # 377 at 12.

On October 4, 2022, defendant was sentenced to three years of home confinement. *See* Dkt. # 386. Specifically, defendant is "restricted to her residence at all times except for employment, religious services, medical or legal reasons, or as otherwise approved by the location monitoring specialist." *Id.* at 4-5.[3]

The Ninth Circuit has "recognized the different purposes of imprisonment in home confinement as a sentence compared to pre-trial in-house detention as a bond condition." *United States v. Daggao*, 28 F.3d 985, 988 (9th Cir. 1994), *overruled on other grounds by United States v. Sanchez-Rodriguez*, 161 F.3d 556 (9th Cir. 1998). Specifically, defendants who have been sentenced to home confinement "have been adjudicated guilty and are serving their sentence pursuant to" the Court's "discretion to determine the conditions of punishment." *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (citation omitted). "In, contrast, pre-sentence residents are not being punished; they are conditionally released . . . to protect the community and assure their presence at trial and sentencing." *Id.* (citation omitted). This distinction provides context for why Ms. Thompson's instant request must be treated differently from her request last year. Ms. Thompson is now a post-sentence defendant and her current term of home

---

[1] Defendant was not subject to location monitoring under the appearance bond. *See* Dkt. # 200 (amending appearance bond to remove location monitoring requirement).

[2] DefCon 2022 took place August 11-14, 2022. *Venue*, DEFCON, https://defcon.org/html/defcon-30/dc-30-venue.html (last visited July 5, 2023).

[3] Defendant is required to participate in a location monitoring program with radio frequency technology to ensure her compliance. Dkt. # 386 at 4.

ORDER DENYING MOTION TO PERMIT OUT-OF-
DISTRICT TRAVEL - 2

confinement carries a punitive purpose. As an alternative to incarceration, the Court has severely restricted Ms. Thompson's movements. Given that her requested travel is not for "employment, religious services, [or] medical or legal reasons," and has not been approved by the probation office, the Court DENIES defendant's motion.

IT IS SO ORDERED.

DATED this 6th day of July, 2023.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO PERMIT OUT-OF-DISTRICT TRAVEL - 3