```
                     UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

                                    )
UNITED STATES OF AMERICA,           ) CASE NO. CR19-00159-RSL
                                    )
                 Plaintiff,         ) Seattle, Washington
                                    )
v.                                  ) August 10, 2023
                                    )
PAIGE A. THOMPSON,                  ) 10:00 a.m.
                                    )
                 Defendant.         ) Initial Revocation of
                                    ) Supervised Release
_____

                    VERBATIM REPORT OF PROCEEDINGS
               BEFORE THE HONORABLE ROBERT S. LASNIK
                    UNITED STATES DISTRICT JUDGE
_____


APPEARANCES:


  For the Plaintiff:        ANDREW C. FRIEDMAN
                            TANIA M. CULBERTSON
                            United States Attorney's Office
                            700 Stewart Street, Suite 5220
                            Seattle, WA 98101

  For the Defendant:        NANCY TENNEY
                            Federal Public Defender's Office
                            1601 5th Avenue, Suite 700
                            Westlake Center Office Tower
                            Seattle, WA 98101

  United States
  Probation Officer:        NICOLE SPECKHALS

  Spanish Language
  Interpreter:              MARIA LUCAS, M.A.

  Reported by:              MARCI E.C. CHATELAIN, CCR, RPR, RMR,
                            CRR, Federal Court Reporter
                            700 Stewart Street, Suite 17205
                            Seattle, WA 98101
                            marci_chatelain@wawd.uscourts.gov
```

PROCEEDINGS

---

THE CLERK:  The United States District Court for the Western District of Washington is now in session, the Honorable Robert S. Lasnik presiding.

THE COURT:  Good morning.

Thank you.  Please be seated.

THE CLERK:  We are here on the matter of the United States versus Paige Thompson, cause number CR19-159, assigned to this Court.

If counsel could please rise and make their appearances for the record.

MR. FRIEDMAN:  Good morning, Your Honor.

Andrew Friedman and Tania Culbertson for the United States; and Nicole Speckhals is here for the probation office.

THE COURT:  Hi, Mr. Friedman, Ms. Culbertson, and Officer Speckhals.

MS. TENNEY:  Good morning, Your Honor.

Nancy Tenney for Paige Thompson.

THE COURT:  Hi, Ms. Thompson and Ms. Tenney.

Okay.  We have a violation report indicating that Ms. Thompson didn't comply with the requirements for computer monitoring, that she accessed a computer without getting the proper monitoring equipment installed, that she obtained some employment without giving notice to probation, and that she

|   |   |
|---|---|
| 1 | still hasn't made any progress on paying restitution, so I |
| 2 | wanted to do sort of a status conference on that. |
| 3 | And, Ms. Tenney, is there any change in the status quo |
| 4 | here? |
| 5 | MS. TENNEY:  There is not, Your Honor. |
| 6 | THE COURT:  Okay.  And, Mr. Friedman, do you want to |
| 7 | pursue these as violations and have Ms. Thompson arraigned on |
| 8 | them or do you... |
| 9 | MR. FRIEDMAN:  Your Honor, I guess I hadn't talked |
| 10 | about that possibility -- the possibility of not doing that with |
| 11 | the probation office.  They filed these -- they filed them |
| 12 | before they actually spoke to us. |
| 13 | THE COURT:  Sure. |
| 14 | MR. FRIEDMAN:  So I presume they do, and so we do, and |
| 15 | so I think that's probably the appropriate process. |
| 16 | THE COURT:  Okay.  Let's go ahead; let's proceed in |
| 17 | that way. |
| 18 | Go ahead. |
| 19 | MR. FRIEDMAN:  Your Honor, Ms. Thompson is charged |
| 20 | with three violations of the terms of her supervision.  The |
| 21 | Court just outlined them, but the first is failing to comply |
| 22 | with the requirements of computer monitoring by accessing a |
| 23 | computer without having computer-monitoring software on it; |
| 24 | second is failing to notify the probation office of the change |
| 25 | in her employment status; and the third is failing to pay |

```
         1  restitution.
         2       Ms. Thompson is on -- not on supervision.  There's no
         3  supervision on Count 1.  She is on probation.  And because it's
         4  a probation sentence, the maximums are actually -- what the
10:02:32 5  Court is doing is resentencing for the original offense.  So the
         6  maximum penalty is a term of five years' imprisonment on each of
         7  Counts 2, 4, and 5; a one-year term of imprisonment on each of
         8  Counts 6 and 7; a ten-year term of imprisonment on Count 8.  And
         9  there is a three-year term of supervision on four of those
10:02:50 10 counts; that is, Counts 2, 4, 5, and 8, and up to a one-year
         11 term of supervision on Counts 6 and 7.
         12           THE COURT:  Okay.  And, Ms. Tenney, does Ms. Thompson
         13 at the present time just simply deny that those occurred?
         14           MS. TENNEY:  She is not contesting that the
10:03:10 15 allegations are accurate.  Of course, she does have some
         16 explanation regarding them, but...
         17           THE COURT:  But do you want to proceed to sort of the
         18 disposition on them and have Ms. Thompson admit, or do you want
         19 to set it for, you know, like September 7th or so and give some
10:03:33 20 time to...
         21           MS. TENNEY:  I think that would be more productive,
         22 Your Honor.
         23           THE COURT:  Okay.  Let's set it for September 7th at?
         24           THE CLERK:  10:30?
10:03:46 25           THE COURT:  How about 9:30?
```

```
                    THE CLERK:  Okay, 9:30.
                    THE COURT:  And I'll still make it upstairs for the
      10:00.
              So September 7th at 9:30 in the morning, okay?
              All right.  And let me just talk to Ms. Thompson on the
      record for a second.
              Hacker convention this past weekend or next weekend?
                    THE DEFENDANT:  It's current.  Maxine, my girlfriend,
      is actually in Las Vegas until Monday.
                    THE COURT:  Okay.  It's happening now.
                    THE DEFENDANT:  Correct.
                    THE COURT:  Yeah.  And, you know, obviously, I didn't
      let you go.  And I'm trying to impress upon you the difference
      between when you were on pretrial and had not been found guilty
      to when you're on probation having been found guilty.
              And I know that, like you say, how am I supposed to get a
      job if I'm not using a computer to access potential jobs.  I get
      that.  And there's a way to get there and still be within the
      conditions of probation.  But I sense, Ms. Thompson, a certain
      resistance to, you know, the deep state, the Court, the
      government, whatever, you know, still trying to control your
      life in some way, instead of giving you the freedom to be who
      you are and who you can be and, you know, annoying you with all
      this monitoring, and have to pay restitution, and have to inform
      probation whenever I do this, this, or this.
```

         And I'm not trying to micromanage your life, really, but I do need you to meet me at least part of the way.  You don't have to say anything right now, talk to Ms. Tenney, get ready for the September 7th thing, but I just wanted to deliver that message to you, okay?

         I'm not threatening to send you to jail or prison or anything like that, I'm just asking you to -- so when you're dealing with Officer Speckhals and she seems to you to be a little unreasonable, try to impose my visage on her and treat her as if you would be talking to me, okay?

         THE DEFENDANT:  Yes, Your Honor.

         THE COURT:  Okay.  I don't want to stop you from saying anything that you want to say if you want to say something now; it's up to you.

         THE DEFENDANT:  No.  I wanted to say meeting you halfway was something that I'd be happy to discuss.  And I just -- I -- it will just -- it will have to be a discussion, I'm sure.

         But if -- if you'd prefer, we can wait until September; that's fine.

         THE COURT:  Yeah.  I think it's a good idea for all of us to think about it, wait a little bit.

         And, you know, when I say "meet me halfway," I'm not going to negotiate with you in court about it, but if you, you know, say, hey, this computer-monitoring equipment costs this much

1  money, I have a job, give me a couple of weeks to earn the money
2  to put the computer monitoring on, that's the kind of thing I'd
3  be open to, okay?  That kind of thing, all right?
4          All right.  I'll see everybody on September 7th at 9:30 in
5  the morning.
6          Thank you.
7          We'll be adjourned.
8              THE CLERK:  Please rise.
9                  (Court adjourned 10:07 a.m.)
10                     C E R T I F I C A T E
11      I certify that the foregoing is a correct transcript from
12      the record of proceedings in the above-entitled matter.
13                     /s/ Marci E.C. Chatelain
14                     Marci E.C. Chatelain, CCR, RPR, RMR, CRR
                       Federal Court Reporter

10:07:14 (at line 5)