The Honorable Robert S. Lasnik

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

PAIGE A. THOMPSON,

Defendant.

NO. CR19-159 RSL

GOVERNMENT'S MEMORANDUM
REGARDING DISPOSITION OF
PROBATION VIOLATIONS

Hearing: October 19, 2023 at 10:30 a.m.

A little over one year ago, this Court sentenced Paige Thompson to five years of Probation for violations of the Computer Fraud and Abuse Act. Dkt. 385. As part of her sentence, the Court ordered Thompson to work full time (at least 30 hours per week) at a lawful type of employment, participate in mental health treatment, complete 50 hours of community service each year for the next five years (as approved by Probation), comply with Probation's Computer Monitoring Program, and pay restitution in monthly installments. *Id.* Thompson has ignored the Court's orders.

Probation is in an untenable position. The Probation Office is an extension of the Court's authority, and its mandate is to implement and oversee the Court's directives. When Thompson's Probation Officer has attempted to perform that duty in this case,

Government's Disposition Memorandum - 1
*United States v. Thompson* / CR 19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Thompson has both blatantly disregarded her Probation Officer's directives and refused to communicate with her Probation Officer altogether.

Thompson has violated the Court's condition regarding computer use (Violations 1 and 2). In her Sentencing Recommendation, Thompson's Probation Officer wrote, "Ms. Thompson made the conscious choice to use unapproved devices, accessed the internet, and signed a contract for an internet-based job all without the approval or knowledge of the probation office." Oct. 2023 Sentencing Recommendation, p. 3.

Thompson has violated the Court's condition regarding mental health treatment. Her Probation Officer wrote that Thompson "decided she was no longer going to attend sessions because she did not feel as though she needed treatment any longer." Oct. 2023 Sentencing Recommendation, p. 4. Not only has Probation not received "any verification" from Thompson or her treatment facility about Thompson's participation in mental health treatment, but Thompson also "has refused to provide further information about who [her Probation Officer] can contact to confirm participation." *Id.*

Thompson has also violated the Court's conditions regarding employment, community service, and restitution (Violations 3, 4, and 5). Probation rightly identifies restitution and community service as "the most significant restorative justice elements in this case." Oct. 2023 Sentencing Recommendation, p. 4. Yet Thompson has not obtained employment (other than, perhaps, the unapproved as-needed Internet-based job) or paid any restitution and, in fact, objected to a proposed modification of her conditions that would require her to pay $50.00 per month toward her restitution obligations. Dkt. 408, 422. Thompson also has not fulfilled the 50 community service hours that were required of her, nor has she completed the mere five hours per month that she herself proposed. The government agrees that this reflects a concerning lack of remorse and accountability.

Finally, Thompson has violated the Court's most fundamental condition regarding communicating with and reporting to her Probation Officer, the importance of which the Court has reiterated to Thompson twice during hearings in June and August 2023.

Government's Disposition Memorandum - 2
*United States v. Thompson* / CR 19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Thompson's Probation Officer reports that Thompson has not responded to her text messages and abruptly ends their phone calls. Oct. 2023 Sentencing Recommendation, p. 4.

A decision to revoke Probation would have serious ramifications for Thompson. Unlike revoking supervised release, if this probationary term is revoked, the Court would resentence Thompson for the underlying offenses. 18 U.S.C. § 3565(a)(2). Such a sentencing would require the Court to consider not only the Sentencing Guidelines range for the violations, but also the egregious facts of, and the Sentencing Guidelines range for Thompson's underlying offenses, which is 168 to 210 months in custody. *United States v. Olabanji*, 268 F.3d 636, 639 (9th Cir. 2001).

The government is not recommending revocation yet. For the time being, we are simply asking the Court to admonish Thompson regarding its directives and impress upon her the consequences of continuing to willfully disregard the Court's orders. The current dynamic between Probation and Thompson is unsustainable. We also ask the Court to modify Thompson's probation to require her to pay $50.00 per month, as proposed by the Probation Office on June 15, 2023 (a request upon which the Court deferred ruling). If Thompson continues to disregard Probation's directives and ignore the conditions of her

//

//

Government's Disposition Memorandum - 3
*United States v. Thompson* / CR 19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  sentence, the government will likely ask the Court to revoke probation and resentence her

2  for the original offenses of conviction. At a resentencing hearing, the government would

3  likely renew its recommendation of 84 months in custody.

4

5       DATED this 13th day of October, 2023.

6

7                                                  Respectfully submitted,

8                                                  TESSA M. GORMAN

9                                                  Acting United States Attorney

10                                                  *s/ Andrew C. Friedman*

11                                                  ANDREW C. FRIEDMAN

12                                                  *s/ Jessica M. Manca*

13                                                  JESSICA M. MANCA

14                                                  *s/ Tania M. Culbertson*

15                                                  TANIA M. CULBERTSON

16                                                  Assistant United States Attorneys

17                                                  700 Stewart Street, Suite 5220

18                                                  Seattle, WA 98101-1271

19                                                  Telephone:   (206) 553-7970

20                                                  Fax:         (206) 553-0882

21

22

23

24

25

26

27

Government's Disposition Memorandum - 4
*United States v. Thompson* / CR 19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970