The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> PAIGE A. THOMPSON <br><br> Defendant. | NO. CR19-159 RSL <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** |

## I.   BACKGROUND

Paige Thompson was convicted at trial of one count of wire fraud, in violation of 18 U.S.C. § 1343, and six counts of computer fraud and abuse, in violation of 18 U.S.C. § 1030, for perpetrating what was, at the time, the second largest hack in American history, a crime that caused victims tens of millions of dollars of damage and involved the theft of more than 100 million people's personally identifiable information. At sentencing, the Court found that Thompson's offense level was 35, and that Thompson's Criminal History Category was I, resulting in an advisory sentencing range of 168-210 months.[1]

---

[1] The Probation Office and the government had recommended that the Court find that Thompson's offense level was 37. The Court adopted the Guidelines calculation recommended by the Probation Office and the government,

GOVERNMENT'S SENTENCING MEMORANDUM - 1
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  In its Sentencing Memorandum, and its allocution at sentencing (copies of which are attached as Exhibits 1 and 2), the government recommended that the Court sentence Thompson to 84 months' (*i.e.*, seven years') imprisonment. The government's presentation emphasized the factors set forth in 18 U.S.C. § 3553(a), including Thompson's personal history and characteristics, the seriousness of Thompson's crimes, the need for the sentence to provide just punishment, the need for the sentence to afford deterrence, and the need to avoid unwarranted disparity with other defendants.

The Court sentenced Thompson to time served, approximately 100 days, and five years of probation. The government appealed this sentence, and the Ninth Circuit reversed. *See United States v. Thompson*, 130 F.4th 1158 (9th Cir. 2025). The Ninth Circuit found that a time-served sentence was substantively unreasonable, that the Court had made erroneous findings minimizing the seriousness of Thompson's offense, had overemphasized Thompson's personal history, including Thompson's transgender status, and had failed to give meaningful weight to other 3553(a) factors, including the need for deterrence and the risk of unwarranted disparity.

## II.  DEVELOPMENTS SINCE THOMPSON'S SENTENCING

### 1. Thompson's Performance on Supervised Release

Thompson's performance during the approximately three years Thompson has been on supervised release has been marginal. On May 15, 2023, the Probation Office filed a petition asking the Court to modify Thompson's judgment to require Thompson to pay at least $50 per month towards restitution. *See* Request for Summons and Modification of the Conditions or Term of Supervision (Docket No. 404). That request noted that Thompson had not attempted to obtain employment, provided proof of community service hours, or made any payments towards restitution.

---

except that the Court found that Thompson should receive a two-level downward adjustment for acceptance of responsibility.

GOVERNMENT'S SENTENCING MEMORANDUM - 2
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Between August 7, 2023, and April 22, 2024, the Probation Office filed three petitions or supplemental petitions alleging violations of Thompson's supervision. *See* Petition for Warrant or Summons for Person Under Supervision (Docket No. 412); Supplemental Violation (Docket No. 426); Petition for Warrant or Summons for Person Under Supervision (Docket No. 443). Those petitions alleged failure to comply with Thompson's computer monitoring, failure to obtain employment, failure to complete community service, and failure to pay restitution. Thompson ultimately did not contest the first two petitions, and the Court found the violations, but did not impose sanctions. *See* Minute Entry (Docket No. 433). After the Probation Office reported Thompson was making progress, the Probation Office recommended that the Court strike the third petition, and the Court did so. *See* Memorandum and Order (Docket No. 453).

The government consulted with the Probation Office in advance of Thompson's scheduled resentencing. Probation advised that Thompson was "not really progressing." According to the Probation Office's October 17 status report, Thompson's "performance on supervision has been marginal" and "displays the least amount of effort to suffice her current obligations." Thompson is employed by Thompson's roommate as a consultant and is paid approximately $50.00 per week. The Probation Office is not monitoring Thompson's computer use, because Thompson's roommate (and employer) has not provided consent to do so. Thompson is participating in required mental health treatment and is making $20-per-month payments towards a total $40,745,000 restitution obligation. Thompson has not completed the community service hours ordered by the Court. To date, Thompson has completed approximately 52.5 hours of the 250 hours that were imposed.

GOVERNMENT'S SENTENCING MEMORANDUM - 3
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## 2. Current Status of Transgender Inmates at the Bureau of Prisons

The Bureau of Prisons (BOP) has changed its policies and practices regarding the incarceration of transgender inmates. The following is a summary of pending litigation regarding the treatment of transgender inmates in BOP custody that the government provides for the Court's awareness.

On January 20, 2025, President Donald Trump signed an Executive Order that provides, in pertinent part, that "The Attorney General shall ensure that the Bureau of Prisons revises its policies concerning medical care to be consistent with the order, and shall ensure that no Federal funds are expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex." Executive Order 14168, Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government § 4(c), 90 Fed. Reg. 8615 (Jan. 20, 2025). The order also provided that it was to be "implemented consistent with applicable law." *See id.* § 8(b).

After the issuance of this executive order, the Bureau of Prisons (BOP) initially suspended hormone therapy treatment to inmates at some facilities. Some of the affected inmates since have filed a class action. *See Kingdom v. Trump*, No. 25-cv-691-RCL (D.D.C.). As recognized in the resulting litigation, in February 2025, BOP issued two implementing memoranda. *See Kingdom v. Trump*, 2025 U.S. Dist. LEXIS 105237, at *5-6, ___ F.4th ___, ___ (June 3, 2025). One prohibited the use of appropriated funds to purchase items that aligned with transgender ideology and the granting of requests for clothing accommodations for transgender inmates. *See id.* at *5. The other provided that no funds were to be "expended for any medical procedure, treatment or drug for the purpose of conforming an inmate's appearance to that of the opposite sex," but stated that the policy was "to be implemented in a manner consistent with applicable law including the Eighth Amendment." *See id.* at *5-6.

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

BOP subsequently resumed providing hormone therapy treatment for the inmates who filed the class action and for other inmates whose hormone treatment had been halted. *See id.* at *8-12. Following that resumption, BOP was providing hormone therapy to roughly 628 inmates with gender dysphoria (out of the roughly 1,028 with that diagnosis) for whom it deemed such treatment medically necessary rather than merely "designed to conform inmate[s'] appearance to that of the opposite sex." *See id.* at *21-22. BOP continued not to provide clothing accommodations.

The *Kingdom* plaintiffs sought a preliminary injunction staying BOP implementation of the executive order during the pendency of their litigation. The government argued that a preliminary injunction was not necessary, in part because BOP already was providing hormone therapy treatment to inmates in appropriate circumstances. On June 3, 2025, the *Kingdom* court issued a preliminary injunction holding that the defendants in the case

> (i) are enjoined from enforcing Executive Order 14168 as applied to medical hormone therapy and social accommodation for people in the custody of the BOP and from enforcing the BOP's memoranda implementing Executive Order 14168, and (ii) shall provide and continue providing Plaintiff and members of the class gender-affirming hormone therapy and social accommodation in accordance with BOP policy and practice in effect immediately prior to Defendant Trump's issuance of Executive Order 14168 on January 20, 2025.

*Kingdom v. Trump*, Ord. at 2 (June 3, 2025). The court subsequently renewed that injunction through November 30, 2025. *See Kingdom v. Trump*, Ord. (Aug. 20, 2025). Briefing on discovery matters is ongoing.

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. CONCLUSION

The same considerations that applied at the time of Thompson's original sentencing, *see* Exhibits 1 and 2, continue to apply and govern the appropriate sentence in this case. Thompson committed an extremely serious crime, one that requires a sentence that includes a substantial term of imprisonment to punish Thompson's crime, to provide adequate deterrence to others, and to avoid unwarranted disparity with other cases. As a result, the Court should impose the same sentence that the government originally recommended, an 84-month term of imprisonment, to be followed by a three-year term of supervised release.

DATED: October 22, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Andrew C. Friedman*
*s/ Jessica M. Manca*
*s/ Tania M. Culbertson*
ANDREW C. FRIEDMAN
JESSICA M. MANCA
TANIA M. CULBERTSON
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
E-mail: Andrew.Friedman@usdoj.gov
　　　　Jessica.Manca@usdoj.gov
　　　　Tania.Culbertson@usdoj.gov

GOVERNMENT'S SENTENCING MEMORANDUM - 6
*United States v. Thompson*, CR19-159 RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970